APPEAL,CASREF,STRK1

# U.S. District Court
# Eastern District of Oklahoma (Muskogee)
# CIVIL DOCKET FOR CASE #: <u>6:19–cv–00302–JFH–JAR</u>

Ezell v. Hininger et al
Assigned to: District Judge John F. Heil, III
Referred to: Magistrate Judge Jason A. Robertson
Case in other court:  OKED, 12–00133
                                    10th Circuit, 19–07065
                                    10th Circuit, 20–07007
                                    10th Circuit, 22–07024
                                    Circuit Court, 23–07007
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 09/09/2019
Date Terminated: 01/25/2023
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**James Ezell, III**
*also known as*
James R. Ezell

represented by **James Ezell, III**
237370
Lawton Correctional Facility
8607 SE Flower Mound Rd
Lawton, OK 73501
PRO SE

V.

**Defendant**

**Damon Hininger**
*CEO of Core Civic*

represented by **Darrell L. Moore**
J. Ralph Moore, PC
PO Box 368
Pryor, OK 74362
918–825–0332
Fax: 918–825–7730
Email: <u>darrellmoore@jralphmoorepc.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**James Yates**
*Warden, Davis Correctional Facility*

represented by **Darrell L. Moore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gentry**
*Deputy Warden*

represented by **Darrell L. Moore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Perez**
*Deputy Warden, Davis Correctional
Facility*

represented by **Darrell L. Moore**
(See above for address)
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Defendant**

**Terry Underwood**
*Grievance Coordinator, Davis
Correctional Facility*

represented by **Darrell L. Moore**
(See above for address)
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Defendant**

**Jessica Patterson**
*Law Library Supervisor, Davis
Correctional Facility*

represented by **Darrell L. Moore**
(See above for address)
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Defendant**

**Tiffany Ade**
*Echo Maximum Unit Manager, Davis
Correctional Facility*

represented by **Darrell L. Moore**
(See above for address)
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Defendant**

**S. Pfaff**

represented by **Darrell L. Moore**
(See above for address)
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Defendant**

**Carla Hoover**
*also known as*
Carl Hoover

represented by **Darrell L. Moore**
(See above for address)
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Defendant**

**Scott Crow**
*Interim Director, Oklahoma Department
of Corrections*
*TERMINATED: 04/11/2022*

represented by **Desiree Singer**
Office of the Attorney General (OKC)
313 NE 21st St
Oklahoma City, OK 73105
405−521−3921
Fax: 405−521−6246
Email: desiree.singer@oag.ok.gov
*TERMINATED: 11/03/2021*
*LEAD ATTORNEY*

**Jessica Andrea Wilkes**

Oklahoma Attorney General (OKC)
313 NE 21st St
Oklahoma City, OK 73105
405−521−3921
Fax: 405−521−4518
Email: jessica.wilkes@oag.ok.gov
*TERMINATED: 04/11/2022*

**Kari Y. Hawkins**
Office of the Attorney General (OKC)
313 NE 21st St
Oklahoma City, OK 73105
405−522−2976
Fax: 405−521−4518
Email: kari.hawkins@doc.ok.gov
*TERMINATED: 04/11/2022*

**Defendant**

**Mark Knutson**                          represented by   **Desiree Singer**
*Designee, Oklahoma Department of*                          (See above for address)
*Corrections*                                               *TERMINATED: 11/03/2021*
*TERMINATED: 04/11/2022*                                    *LEAD ATTORNEY*

                                                            **Jessica Andrea Wilkes**
                                                            (See above for address)
                                                            *TERMINATED: 04/11/2022*

                                                            **Kari Y. Hawkins**
                                                            (See above for address)
                                                            *TERMINATED: 04/11/2022*

**Defendant**

**David Cincotta**                        represented by   **Desiree Singer**
*General Counsel, Oklahoma Department*                      (See above for address)
*of Corrections*                                            *TERMINATED: 11/03/2021*
*TERMINATED: 04/11/2022*                                    *LEAD ATTORNEY*

                                                            **Jessica Andrea Wilkes**
                                                            (See above for address)
                                                            *TERMINATED: 04/11/2022*

                                                            **Kari Y. Hawkins**
                                                            (See above for address)
                                                            *TERMINATED: 04/11/2022*

**Defendant**

**Jason Bryant**                          represented by   **Desiree Singer**
*Warden, Joseph Harp Correctional*                          (See above for address)
*Center*                                                    *TERMINATED: 11/03/2021*
*TERMINATED: 04/11/2022*                                    *LEAD ATTORNEY*

<table>
<tr><td></td><td>Jessica Andrea Wilkes<br>(See above for address)<br><em>TERMINATED: 04/11/2022</em></td></tr>
<tr><td></td><td>Kari Y. Hawkins<br>(See above for address)<br><em>TERMINATED: 04/11/2022</em></td></tr>
</table>

**Defendant**

| R. Hodgson<br>*Captain, James Crabtree Correctional Center*<br>*TERMINATED: 04/11/2022* | represented by | **Desiree Singer**<br>(See above for address)<br>*TERMINATED: 11/03/2021*<br>*LEAD ATTORNEY* |
|---|---|---|
| | | **Jessica Andrea Wilkes**<br>(See above for address)<br>*TERMINATED: 04/11/2022* |
| | | **Kari Y. Hawkins**<br>(See above for address)<br>*TERMINATED: 04/11/2022* |

**Defendant**

| Austin Parks<br>*Lt., James Crabtree Correctional Center*<br>*TERMINATED: 04/11/2022* | represented by | **Desiree Singer**<br>(See above for address)<br>*TERMINATED: 11/03/2021*<br>*LEAD ATTORNEY* |
|---|---|---|
| | | **Jessica Andrea Wilkes**<br>(See above for address)<br>*TERMINATED: 04/11/2022* |
| | | **Kari Y. Hawkins**<br>(See above for address)<br>*TERMINATED: 04/11/2022* |

**Defendant**

| Sgt. Walker<br>*Correctional Officer, James Crabtree Correctional Center*<br>*TERMINATED: 04/11/2022* | represented by | **Desiree Singer**<br>(See above for address)<br>*TERMINATED: 11/03/2021*<br>*LEAD ATTORNEY* |
|---|---|---|
| | | **Jessica Andrea Wilkes**<br>(See above for address)<br>*TERMINATED: 04/11/2022* |
| | | **Kari Y. Hawkins**<br>(See above for address)<br>*TERMINATED: 04/11/2022* |

**Defendant**

**James Nall**
*Captain, James Crabtree Correctional
Center*
*TERMINATED: 04/11/2022*

represented by **Desiree Singer**
(See above for address)
*TERMINATED: 11/03/2021*
*LEAD ATTORNEY*

**Jessica Andrea Wilkes**
(See above for address)
*TERMINATED: 04/11/2022*

**Kari Y. Hawkins**
(See above for address)
*TERMINATED: 04/11/2022*

**Defendant**

**Ms. Pierce**
*Correctional Officer*

represented by **Darrell L. Moore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mr. Vance**
*Correctional Officer*
*TERMINATED: 09/29/2020*

**Defendant**

**Mr. Bullock**
*Correctional Officer*

represented by **Darrell L. Moore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mr. Keys**
*Correctional Officer*

represented by **Darrell L. Moore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mr. Adkins**
*Correctional Officer*
*TERMINATED: 09/29/2020*

**Defendant**

**Andrew Smith**

represented by **Darrell L. Moore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|

| 09/09/2019 | 1 | COMPLAINT against All Defendants by James Ezell (acg, Deputy Clerk) (Entered: 09/09/2019) |
|---|---|---|
| 09/09/2019 | 2 | MOTION for Leave to Proceed in Forma Pauperis by James Ezell Responses due by 9/23/2019(acg, Deputy Clerk) (Entered: 09/09/2019) |
| 09/09/2019 | 3 | MINUTE ORDER by District Judge James H. Payne, referring case to Magistrate Judge Steven P. Shreder for all further proceedings in accordance with jurisdiction pursuant to 28 USC § 636. All future filings shall bear the case number CIV−19−302−JHP−SPS. (acg, Deputy Clerk) (Entered: 09/09/2019) |
| 09/09/2019 | 4 | MINUTE ORDER by Magistrate Judge Steven P. Shreder: Directing plaintiff to submit within fourteen (14) days a Statement of Institutional Accounts form for a six−month period completed by the appropriate facility official. Failure to submit a proper Statement of Institutional Accounts as directed will result in dismissal of this action. The Court Clerk is directed to send plaintiff and the trust fund officer at his facility copies of this minute order and of the court's Statement of Institutional Accounts form.(acg, Deputy Clerk) (Entered: 09/09/2019) |
| 09/16/2019 | 5 | MOTION for Leave to Proceed in Forma Pauperis by James Ezell, III Responses due by 9/30/2019(acg, Deputy Clerk) (Entered: 09/16/2019) |
| 09/17/2019 | 6 | ORDER by District Judge James H. Payne : Granting 5 Motion for Leave to Proceed in Forma Pauperis, partial Filing Fee due by 10/8/2019 in the amount of $33.72. Finding as moot 2 motion for Leave to Proceed in Forma Pauperis. (acg, Deputy Clerk) (Entered: 09/17/2019) |
| 10/03/2019 | | PARTIAL FILING FEES Paid on 10/3/2019 in the amount of $33.72, receipt number 17290 by James Ezell, III (pjw, Deputy Clerk) (Entered: 10/03/2019) |
| 10/03/2019 | 7 | LETTER from OKED to Plaintiff re: 285 forms(acg, Deputy Clerk) (Entered: 10/03/2019) |
| 10/15/2019 | 8 | MINUTE ORDER by Magistrate Judge Steven P. Shreder, directing the Clerk of Court to issue Civil Summons for the named defendants and to forward the issued Summons to the U.S. Marshal for service. The plaintiff has been granted In Forma Pauperis status. (Re: 1 Complaint ) (acg, Deputy Clerk) (Entered: 10/15/2019) |
| 10/15/2019 | 9 | SUMMONS Issued by Court Clerk as to Tiffany Ade (acg, Deputy Clerk) (Entered: 10/15/2019) |
| 10/15/2019 | 10 | SUMMONS Issued by Court Clerk as to Scott Crow (acg, Deputy Clerk) (Entered: 10/15/2019) |
| 10/15/2019 | 11 | SUMMONS Issued by Court Clerk as to Gentry (acg, Deputy Clerk) (Entered: 10/15/2019) |
| 10/15/2019 | 12 | SUMMONS Issued by Court Clerk as to Damon Hininger (acg, Deputy Clerk) (Entered: 10/15/2019) |
| 10/15/2019 | 13 | SUMMONS Issued by Court Clerk as to Carla Hoover (acg, Deputy Clerk) (Entered: 10/15/2019) |
| 10/15/2019 | 14 | SUMMONS Issued by Court Clerk as to James Nall (acg, Deputy Clerk) (Entered: 10/15/2019) |
| 10/15/2019 | 15 | |

| | | SUMMONS Issued by Court Clerk as to Jessica Patterson (acg, Deputy Clerk) (Entered: 10/15/2019) |
|---|---|---|
| 10/15/2019 | 16 | SUMMONS Issued by Court Clerk as to Perez (acg, Deputy Clerk) (Entered: 10/15/2019) |
| 10/15/2019 | 17 | SUMMONS Issued by Court Clerk as to Terry Underwood (acg, Deputy Clerk) (Entered: 10/15/2019) |
| 10/15/2019 | 18 | SUMMONS Issued by Court Clerk as to Sgt. Walker (acg, Deputy Clerk) (Entered: 10/15/2019) |
| 10/15/2019 | 19 | SUMMONS Issued by Court Clerk as to James Yates (acg, Deputy Clerk) (Entered: 10/15/2019) |
| 10/15/2019 | 20 | SUMMONS Issued by Court Clerk as to Jason Bryant (acg, Deputy Clerk) (Entered: 10/15/2019) |
| 10/15/2019 | 21 | SUMMONS Issued by Court Clerk as to David Cincotta (acg, Deputy Clerk) (Entered: 10/15/2019) |
| 10/15/2019 | 22 | SUMMONS Issued by Court Clerk as to R. Hodgson(acg, Deputy Clerk) (Entered: 10/15/2019) |
| 10/15/2019 | 23 | SUMMONS Issued by Court Clerk as to Mark Knutson (acg, Deputy Clerk) (Entered: 10/15/2019) |
| 10/15/2019 | 24 | SUMMONS Issued by Court Clerk as to Austin Parks (acg, Deputy Clerk) (Entered: 10/15/2019) |
| 10/15/2019 | 25 | SUMMONS Issued by Court Clerk as to S. Pfaff (acg, Deputy Clerk) (Entered: 10/15/2019) |
| 11/06/2019 | 26 | SUMMONS Returned Executed re: Damon Hininger – Served on 10/25/2019. (acg, Deputy Clerk) (Entered: 11/07/2019) |
| 11/07/2019 | 27 | MOTION to Amend (Re: 1 Complaint ) (amended complaint not included in mailing) by James Ezell, III Responses due by 11/21/2019(acg, Deputy Clerk) (Entered: 11/07/2019) |
| 11/07/2019 | 28 | MINUTE ORDER by Magistrate Judge Steven P. Shreder : Denying 27 without prejudice Plaintiffs motion to amend for his failure to comply with Local Civil Rule 9.2(c). Plaintiff has failed to clearly set forth the reasons for requesting permission to file an amended complaint, and he has failed to submit a proposed amended complaint with the motion. The Court Clerk is directed to send Plaintiff a copy of Local Civil Rule 9.2(c). (acg, Deputy Clerk) (Entered: 11/07/2019) |
| 11/08/2019 | 29 | ATTORNEY APPEARANCE by Desiree Singer on behalf of David Cincotta, Scott Crow, Mark Knutson (Singer, Desiree) (Entered: 11/08/2019) |
| 11/08/2019 | 30 | MOTION to Stay Proceedings and Request Order for Special Report by David Cincotta, Scott Crow, Mark Knutson Responses due by 11/22/2019(Singer, Desiree) (Entered: 11/08/2019) |
| 11/12/2019 | 31 | MOTION for Appointment of Counsel by James Ezell, III Responses due by 11/26/2019(acg, Deputy Clerk) (Entered: 11/12/2019) |
| 11/14/2019 | 32 | |

| | | |
|---|---|---|
| | | ORDER by District Judge James H. Payne : Denying 31 plaintiff's Motion for Appointment of Counsel. Plaintiff is directed to file within fourteen (14) days a motion to amend the complaint, setting forth the reasons for requesting permission to file an amended complaint, along with the proposed amended complaint on the Courts form, as directed in this Order. Failure to comply with this Order will result in dismissal of this action without further notice. (acg, Deputy Clerk) (Entered: 11/14/2019) |
| 11/19/2019 | 33 | SUMMONS Returned Executed re: Gentry – Served on 10/30/2019. (acg, Deputy Clerk) (Entered: 11/20/2019) |
| 11/19/2019 | 34 | SUMMONS Returned Executed re: Terry Underwood – Served on 10/25/2019. (acg, Deputy Clerk) (Entered: 11/20/2019) |
| 11/19/2019 | 35 | SUMMONS Returned Executed re: James Yates – Served on 10/30/2019. (acg, Deputy Clerk) (Entered: 11/20/2019) |
| 11/19/2019 | 36 | SUMMONS Returned Executed re: Perez – Served on 10/25/2019. (acg, Deputy Clerk) (Entered: 11/20/2019) |
| 11/19/2019 | 37 | SUMMONS Returned Executed re: Jessica Patterson – Served on 10/25/2019. (acg, Deputy Clerk) (Entered: 11/20/2019) |
| 11/19/2019 | 38 | SUMMONS Returned Executed re: Tiffany Ade – Served on 10/30/2019. (acg, Deputy Clerk) (Entered: 11/20/2019) |
| 11/19/2019 | 39 | SUMMONS Returned Executed re: S. Pfaff – Served on 10/30/2019. (acg, Deputy Clerk) (Entered: 11/20/2019) |
| 11/19/2019 | 40 | SUMMONS Returned Executed re: Carla Hoover – Served on 10/28/2019. (acg, Deputy Clerk) (Entered: 11/20/2019) |
| 11/22/2019 | 41 | OBJECTION (Re: 28 Ruling on Motion to Amend, ) by James Ezell, III (acg, Deputy Clerk) (Entered: 11/22/2019) |
| 11/22/2019 | 42 | Second MOTION to Amend (Re: 1 Complaint ) by James Ezell, III Responses due by 12/6/2019(acg, Deputy Clerk) (Entered: 11/22/2019) |
| 11/22/2019 | 43 | ATTORNEY APPEARANCE by Darrell L. Moore on behalf of Tiffany Ade, Gentry, Carla Hoover, Jessica Patterson, Perez, S. Pfaff, Terry Underwood, James Yates (Moore, Darrell) (Entered: 11/22/2019) |
| 11/22/2019 | 44 | MOTION to Stay and for Special Report by Tiffany Ade, Gentry, Carla Hoover, Jessica Patterson, Perez, S. Pfaff, Terry Underwood, James Yates Responses due by 12/6/2019(Moore, Darrell) (Entered: 11/22/2019) |
| 12/02/2019 | 45 | MOTION to strike 42 amended request and move for motion to supplement the original complaint by James Ezell, III Responses due by 12/16/2019(acg, Deputy Clerk) (Main Document 45 replaced on 12/13/2019) (acg, Deputy Clerk). (Entered: 12/02/2019) |
| 12/02/2019 | 46 | OBJECTION (Re: 32 Ruling on Motion for Appointment of Counsel ) by James Ezell, III (acg, Deputy Clerk) (Entered: 12/02/2019) |
| 12/02/2019 | 47 | NOTICE OF APPEAL to Circuit Court (Interlocutory) (Re: 32 Ruling on Motion for Appointment of Counsel ) by James Ezell, III (acg, Deputy Clerk) (Entered: 12/02/2019) |

| 12/02/2019 | 48 | MINUTE ORDER by Magistrate Judge Steven P. Shreder: Upon review of the file in this case, the Court finds that the plaintiff has not submitted a proper motion for leave to proceed in forma pauperis for appeal purposes or paid the $505.00 filing fee. The plaintiff is directed to submit a properly executed motion for leave to proceed in forma pauperis for the appeal, with original signature and have the Trust Fund Officer at his/her facility complete (with an original signature) the Required Certification of Statement of Institutional Accounts and provide a current 6−month financial accounting statement and return the completed motion to the Office of the Clerk or pay the filing fee of $505.00 within 20 days or by 12/23/19. The Clerk is directed to provide the plaintiff with a motion for leave to proceed in forma pauperis form and an instruction sheet.(acg, Deputy Clerk) (Entered: 12/02/2019) |
|---|---|---|
| 12/02/2019 | 49 | Transmission of Notice of Appeal and Docket Sheet to U.S. Court of Appeals. Pro Se Appeal Packet mailed to Petitioner (Re: 47 Notice of Appeal − Interlocutory ) (With attachments)(jcb, Deputy Clerk) (Entered: 12/02/2019) |
| 12/02/2019 | 50 | APPEAL NUMBER INFORMATION from Circuit Court assigning Case Number 19−7065 (Re: 47 Notice of Appeal − Interlocutory ) (jcb, Deputy Clerk) (Entered: 12/02/2019) |
| 12/02/2019 | 51 | OBJECTION (Re: 32 Ruling on Motion for Appointment of Counsel and ruling on amended complaint) by James Ezell, III (acg, Deputy Clerk) (Entered: 12/11/2019) |
| 12/17/2019 | 52 | MOTION to Supplement and MOTION to Amend or added exhibits (Re: 1 Complaint ) by James Ezell, III Responses due by 12/31/2019(acg, Deputy Clerk) (Entered: 12/17/2019) |
| 12/18/2019 | 53 | MINUTE ORDER by District Judge James H. Payne :Granting in part and denying in part Plaintiff's "motion to strike amended request and move for motion to supplement the original complaint" 45 . The Court construes the motion as a request to strike Plaintiff's second motion to amend complaint 42 and grants that part of the motion. However, his request to supplement the original complaint is denied, because pursuant to Local Civil Rule 9.2(c), an amended complaint must be complete in itself without reference to materials outside the amended complaint. (acg, Deputy Clerk) (Entered: 12/18/2019) |
| 12/18/2019 | 54 | MINUTE ORDER by District Judge James H. Payne : On December 10, 2019, the Court received in two envelopes Plaintiff's "second motion to supplement and amend or added exhibits," dated November 29, 2019 52 , with a proposed amended complaint and numerous exhibits. Because the proposed amended complaint appears to be proper, the motion to amend 52 is granted, and the Court Clerk is directed to file Plaintiff's proposed amended complaint and send a copy of the filed complaint to Plaintiff (acg, Deputy Clerk) (Entered: 12/18/2019) |
| 12/18/2019 | 55 | MINUTE ORDER by Magistrate Judge Steven P. Shreder : Denying without prejudice Defendants' motions to stay 30 44 , with leave to re−urge the motions after service of the amended complaint 53 . (acg, Deputy Clerk) (Entered: 12/18/2019) |
| 12/18/2019 | 56 | AMENDED COMPLAINT against All Defendants (Re: 1 Complaint ) by James Ezell, III (With attachments)(acg, Deputy Clerk) (Entered: 12/18/2019) |
| | | *Main Document* |
| | | Attachment # 1 *Exhibit 1a−1* |
| | | Attachment # 2 *Exhibit 2−7* |

|  |  | Attachment # 3 *Exhibit 8–12* |
|--|--|--|
|  |  | Attachment # 4 *Exhibit 13–16* |
| 12/26/2019 | 57 | MOTION for Leave to Appeal in Forma Pauperis (Re: 47 Notice of Appeal – Interlocutory ) by James Ezell, III (With attachments) Responses due by 1/9/2020(lal, Deputy Clerk) (Entered: 12/26/2019) |
| 01/02/2020 | 58 | MOTION to Stay proceedings and Request Order for Special Report by David Cincotta, Scott Crow, Mark Knutson Responses due by 1/16/2020(Singer, Desiree) (Entered: 01/02/2020) |
| 01/07/2020 | 59 | DECISION from Circuit Court dismissing the Appeal (Re: 47 Notice of Appeal – Interlocutory ) (With attachments)(acg, Deputy Clerk) (Entered: 01/07/2020) |
| 01/08/2020 | 60 | MINUTE ORDER by Magistrate Judge Steven P. Shreder, directing the Clerk of Court to issue Civil Summons for the named defendants and to forward the issued Summons to the U.S. Marshal for service. The plaintiff has been granted In Forma Pauperis status.(acg, Deputy Clerk) (Entered: 01/08/2020) |
| 01/08/2020 | 61 | SUMMONS Issued by Court Clerk as to Mr. Adkins (acg, Deputy Clerk) (Entered: 01/08/2020) |
| 01/08/2020 | 62 | SUMMONS Issued by Court Clerk as to Ms. Pirece (acg, Deputy Clerk) (Entered: 01/08/2020) |
| 01/08/2020 | 63 | SUMMONS Issued by Court Clerk as to Mr. Bullock (acg, Deputy Clerk) (Entered: 01/08/2020) |
| 01/08/2020 | 64 | SUMMONS Issued by Court Clerk as to Mr. Keys (acg, Deputy Clerk) (Entered: 01/08/2020) |
| 01/08/2020 | 65 | SUMMONS Issued by Court Clerk as to Andrew Smith (acg, Deputy Clerk) (Entered: 01/08/2020) |
| 01/08/2020 | 66 | SUMMONS Issued by Court Clerk as to Mr. Vance (acg, Deputy Clerk) (Entered: 01/08/2020) |
| 01/17/2020 | 67 | SUMMONS Returned Executed re: Scott Crow – Served on 10/23/2019. (acg, Deputy Clerk) (Entered: 01/21/2020) |
| 01/17/2020 | 68 | SUMMONS Returned Executed re: Sgt. Walker – Served on 11/1/2019. (acg, Deputy Clerk) (Entered: 01/21/2020) |
| 01/17/2020 | 69 | SUMMONS Returned Executed re: R. Hodgson – Served on 11/1/2019. (acg, Deputy Clerk) (Entered: 01/21/2020) |
| 01/17/2020 | 70 | SUMMONS Returned Executed re: Austin Parks – Served on 11/1/2019. (acg, Deputy Clerk) (Entered: 01/21/2020) |
| 01/17/2020 | 71 | SUMMONS Returned Executed re: James Nall – Served on 11/1/2019. (acg, Deputy Clerk) (Entered: 01/21/2020) |
| 01/17/2020 | 72 | SUMMONS Returned Executed re: Jason Bryant – Served on 1/6/2020. (acg, Deputy Clerk) (Entered: 01/21/2020) |
| 01/17/2020 | 73 | SUMMONS Returned Executed re: David Cincotta – Served on 10/23/2019. (acg, Deputy Clerk) (Main Document 73 replaced on 1/21/2020) (acg, Deputy Clerk). |

| | | (Entered: 01/21/2020) |
|---|---|---|
| 01/17/2020 | 74 | SUMMONS Returned Executed re: Mark Knutson – Served on 10/23/2019. (acg, Deputy Clerk) (Entered: 01/21/2020) |
| 01/21/2020 | 75 | ATTORNEY APPEARANCE by Darrell L. Moore on behalf of Mr. Bullock, Damon Hininger, Mr. Keys, Ms. Pirece, Andrew Smith (Moore, Darrell) (Entered: 01/21/2020) |
| 01/21/2020 | 76 | Second MOTION to Stay and for Special Report by Tiffany Ade, Mr. Bullock, Gentry, Damon Hininger, Carla Hoover, Mr. Keys, Jessica Patterson, Perez, S. Pfaff, Ms. Pirece, Andrew Smith, Terry Underwood, James Yates Responses due by 2/4/2020(Moore, Darrell) (Entered: 01/21/2020) |
| 01/27/2020 | 77 | Second MOTION for Appointment of Counsel (Re: 32 Ruling on Motion for Appointment of Counsel) by James Ezell, III (titled "Motion to Reconsider") Responses due by 2/10/2020(acg, Deputy Clerk) Modified on 2/7/2020 to edit event and text (dma, Deputy Clerk). (Entered: 01/27/2020) |
| 01/31/2020 | 78 | SUMMONS Returned Executed re: Mr. Bullock – Served on 1/21/2020. (acg, Deputy Clerk) (Entered: 02/03/2020) |
| 01/31/2020 | 79 | SUMMONS Returned Executed re: Mr. Keys – Served on 1/21/2020. (acg, Deputy Clerk) (Entered: 02/03/2020) |
| 01/31/2020 | 80 | SUMMONS Returned Executed re: Ms. Pirece – Served on 1/21/2020. (acg, Deputy Clerk) (Entered: 02/03/2020) |
| 01/31/2020 | 81 | SUMMONS Returned Executed re: Andrew Smith – Served on 1/21/2020. (acg, Deputy Clerk) (Entered: 02/03/2020) |
| 01/31/2020 | 82 | SUMMONS Returned Unexecuted re: Mr. Adkins, (acg, Deputy Clerk) (Entered: 02/03/2020) |
| 01/31/2020 | 83 | SUMMONS Returned Unexecuted re: Mr. Vance, (acg, Deputy Clerk) (Entered: 02/03/2020) |
| 02/07/2020 | 84 | OPINION AND ORDER by District Judge James H. Payne: Denying 77 Second Motion for Appointment of Counsel. (acg, Deputy Clerk) (Entered: 02/07/2020) |
| 02/18/2020 | | PARTIAL FILING FEES Paid on 2/18/2020 in the amount of $19.24, receipt number 17739 by James Ezell, III (pjw, Deputy Clerk) (Entered: 02/18/2020) |
| 02/21/2020 | 85 | OBJECTION (Re: 84 Ruling on Motion for Appointment of Counsel ) by James Ezell, III (acg, Deputy Clerk) (Entered: 02/21/2020) |
| 02/21/2020 | 86 | NOTICE OF APPEAL to Circuit Court (Interlocutory) (Re: 84 Ruling on Motion for Appointment of Counsel ) by James Ezell, III (acg, Deputy Clerk) (Entered: 02/21/2020) |
| 02/21/2020 | 87 | MINUTE ORDER by Magistrate Judge Steven P. Shreder: Upon review of the file in this case, the Court finds that the plaintiff has not submitted a proper motion for leave to proceed in forma pauperis for appeal purposes or paid the $505.00 filing fee. The plaintiff is directed to submit a properly executed motion for leave to proceed in forma pauperis for the appeal, with original signature and have the Trust Fund Officer at his/her facility complete (with an original signature) the Required Certification of Statement of Institutional Accounts and provide a current 6–month |

|  |  | financial accounting statement and return the completed motion to the Office of the Clerk or pay the filing fee of $505.00 within 20 days or by 3/13/20. The Clerk is directed to provide the plaintiff with a motion for leave to proceed in forma pauperis form and an instruction sheet.(acg, Deputy Clerk) (Entered: 02/21/2020) |
| 02/21/2020 | 88 | Transmission of Notice of Appeal and Docket Sheet to U.S. Court of Appeals. Pro Se Appeal Packet mailed to Petitioner (Re: 86 Notice of Appeal – Interlocutory ) (With attachments)(jcb, Deputy Clerk) (Entered: 02/21/2020) |
| 02/21/2020 | 89 | APPEAL NUMBER INFORMATION from Circuit Court assigning Case Number 20–7007 (Re: 86 Notice of Appeal – Interlocutory ) (jcb, Deputy Clerk) (Entered: 02/24/2020) |
| 02/24/2020 | 90 | DECISION from Circuit Court dismissing the Appeal (Re: 86 Notice of Appeal – Interlocutory) (With attachments)(acg, Deputy Clerk) Modified on 2/26/2020 to delete link (dma, Deputy Clerk). (Entered: 02/24/2020) |
| 02/24/2020 | 91 | MINUTE ORDER by Court Clerk: At the direction of the Court, this case is hereby reassigned to Judge Ronald A. White. All documents filed in this case in the future shall reflect the new case number CIV–19–302–RAW–SPS (dma, Deputy Clerk) (Entered: 02/24/2020) |
| 03/09/2020 | 92 | LETTER from plaintiff to OKED re: USM Forms and addresses by James Ezell, III (acg, Deputy Clerk) (Entered: 03/09/2020) |
| 03/31/2020 | 93 | LETTER from Circuit Court stating that the Petition for Writ of Certiorari has been filed on 3/9/20 (U.S. Supreme Court Case Number: 19–8134) (acg, Deputy Clerk) (Entered: 04/03/2020) |
| 04/20/2020 | 94 | MOTION for Reconsideration by James Ezell, III Responses due by 5/4/2020(acg, Deputy Clerk) (Entered: 04/20/2020) |
| 04/21/2020 | 95 | MINUTE ORDER by Magistrate Judge Steven P. Shreder: Denying without prejudice Plaintiff's motion to reconsider 94 . The motion fails to clearly set forth which ruling he is challenging. If Plaintiff wants to file another motion on this issue, he must reference the docket number of the ruling he wants to have reconsidered. The Court Clerk is directed to send Plaintiff a copy of the docket sheet for this case. (acg, Deputy Clerk) (Entered: 04/21/2020) |
| 05/04/2020 | 96 | MOTION for Reconsideration to amend complaint (Re: 28 Ruling on Motion to Amend, ) by James Ezell, III Responses due by 5/18/2020(acg, Deputy Clerk) (Entered: 05/04/2020) |
| 05/15/2020 | 97 | Order to show cause for a MOTION for Preliminary Injunction and Order eventually an Permanent Injunction by James Ezell, III Responses due by 5/29/2020(acg, Deputy Clerk) (Entered: 05/15/2020) |
| 05/29/2020 | 98 | ATTORNEY APPEARANCE by Desiree Singer on behalf of Jason Bryant, R. Hodgson, James Nall, Austin Parks, Sgt. Walker (Singer, Desiree) (Entered: 05/29/2020) |
| 05/29/2020 | 99 | RESPONSE in Opposition to Motion (Re: 97 MOTION for Preliminary Injunction MOTION for Permanent Injunction ) by Jason Bryant, David Cincotta, Scott Crow, R. Hodgson, Mark Knutson, James Nall, Austin Parks, Sgt. Walker ;(Singer, Desiree) (Entered: 05/29/2020) |

| 06/01/2020 | 100 | MINUTE ORDER by Judge Ronald A. White: Denying plaintiff's 57 Motion for Leave to Appeal in Forma Pauperis as moot. (acg, Deputy Clerk) (Entered: 06/01/2020) |
|---|---|---|
| 06/01/2020 | 101 | MINUTE ORDER by Magistrate Judge Steven P. Shreder: Directing Plaintiff to show cause in writing within fourteen (14) days why Defendants Mr. Vance and Mr. Adkins should not be dismissed from this action for Plaintiff's failure to serve them within 90 days after filing the complaint, pursuant to Fed. R. Civ. P. 4(m). Failure to show cause as directed will result in dismissal of Defendants Vance and Adkins from this action. (acg, Deputy Clerk) (Entered: 06/01/2020) |
| 06/08/2020 | 102 | LETTER from Circuit Court stating that the Petition for Writ of Certiorari has been denied (Re: [ 86 Notice of Appeal) (lal, Deputy Clerk) (Entered: 06/08/2020) |
| 06/12/2020 | 103 | REPLY to Response to Motion (Re: 97 MOTION for Preliminary Injunction MOTION for Permanent Injunction ) by James Ezell, III ;(acg, Deputy Clerk) (Entered: 06/15/2020) |
| 06/15/2020 | 104 | THIRD MOTION for Appointment of Counsel by James Ezell, III Responses due by 6/29/2020(acg, Deputy Clerk) (Entered: 06/15/2020) |
| 06/15/2020 | 105 | RESPONSE to Order to Show Cause (Re: 101 Minute Order Directing Party to Show Cause) by James Ezell, III (acg, Deputy Clerk) (Entered: 06/15/2020) |
| 06/24/2020 | 106 | AMENDED REPLY to Response to Motion (Re: 97 MOTION for Preliminary Injunction MOTION for Permanent Injunction) by James Ezell, III ; (With attachments)(tls, Deputy Clerk) (Entered: 06/24/2020) |
| | | *Main Document* |
| | | Attachment # 1 *Envelope* |
| 06/29/2020 | 107 | RESPONSE to Motion (Re: 104 MOTION for Appointment of Counsel ) by Tiffany Ade, Gentry, Damon Hininger, Carla Hoover, Mr. Keys, Jessica Patterson, Perez, S. Pfaff, Ms. Pierce, Andrew Smith, Terry Underwood, James Yates ;(Moore, Darrell) (Entered: 06/29/2020) |
| 07/08/2020 | 108 | MINUTE ORDER by Court Clerk: At the direction of the Court, this case is hereby reassigned to District Judge John F. Heil, III. All documents filed in this case in the future shall reflect the new case number CIV–19–302–JFH–SPS (dma, Deputy Clerk) (Entered: 07/08/2020) |
| 07/17/2020 | 109 | MINUTE ORDER by Magistrate Judge Steven P. Shreder : Denying 96 Plaintiff's motion to reconsider. On November 7, 2019, the Court denied Plaintiff's motion to amend his complaint 27 because of his failure to comply with Local Civil Rule 9.2(c) 28 . Plaintiff failed to clearly set forth the reasons for requesting permission to file an amended complaint, and he failed to submit a proposed amended complaint with the motion. Id. To the extent Plaintiff intended his motion to amend the complaint 27 to be a supplement to the complaint pursuant to Fed. R. Civ. P. 15(d), the Court is not required to permit supplementation. Plaintiff must follow the Federal Rules of Civil Procedure, the Courts Local Civil Rules, and the Court's orders. (acg, Deputy Clerk) (Entered: 07/17/2020) |
| 07/17/2020 | 110 | MINUTE ORDER by Magistrate Judge Steven P. Shreder: On June 1, 2020, the Court directed Plaintiff to show cause why Defendants Mr. Vance and Mr. Adkins should not dismissed from this action for Plaintiff's failure to serve them within 90 |

| | | days after filing the complaint, pursuant to Fed. R. Civ. P. 4(m) 101 . Plaintiff has filed a response, alleging these defendants "fled" Davis Correctional Facility when the other defendants were served 105 . He further asserts he has been denied access to the courts, and he received a retaliatory misconduct. He does not explain how this denial prevented him from serving Defendants Vance and Adkins. Nonetheless, the Court finds Plaintiff has shown cause for his failure to serve these defendants, because he is unable to locate them. Therefore, the Court will order the United States Marshals Service to attempt to determine the last known addresses for Defendants Vance and Adkins. (acg, Deputy Clerk) (Entered: 07/17/2020) |
|---|---|---|
| 07/17/2020 | 111 | MINUTE ORDER by Magistrate Judge Steven P. Shreder: Directing the United States Marshals Service for the Eastern District of Oklahoma is to contact the warden of Davis Correctional Facility (DCF) in Holdenville, Oklahoma, and obtain the last known addresses for (1) Correctional Officer Vance and Correctional Officer Adkins, both former DCF employees. The Marshals Service shall advise the Court Clerk within fourteen (14) days of the results of the attempts to obtain the last known addresses for these defendants. Plaintiff's copies of the USM–285 Forms shall not include the defendants' last known addresses. In addition, after service is attempted, the Court Clerk is directed to file the returned USM–285 Forms under seal. The Court Clerk is directed to send Plaintiff USM–285 Forms for Defendant Vance and Defendant Adkins, and Plaintiff is directed to sign and return the forms to the Court within fourteen (14) days of the entry of this Order. (acg, Deputy Clerk) (Entered: 07/17/2020) |
| 07/20/2020 | 112 | MOTION the court pursuant to FED.R.C.P. by James Ezell, III Responses due by 8/3/2020(acg, Deputy Clerk) (Entered: 07/20/2020) |
| 07/30/2020 | | ***Remark: In compliance with the Minute Order 111 , the Marshal's Service has advised the Court Clerk that it has obtained the last known addresses for Defendants Vance and Adkins (Re: 111 Minute Order) (dma, Deputy Clerk) (Entered: 07/30/2020) |
| 07/30/2020 | 113 | MOTION for Summary Judgment by James Ezell, III Responses due by 8/13/2020(acg, Deputy Clerk) (Entered: 08/03/2020) |
| 08/03/2020 | 114 | SUMMONS Issued by Court Clerk as to Mr. Adkins (acg, Deputy Clerk) (Entered: 08/03/2020) |
| 08/03/2020 | 115 | SUMMONS Issued by Court Clerk as to Mr. Vance (acg, Deputy Clerk) (Entered: 08/03/2020) |
| 08/13/2020 | 116 | RESPONSE in Opposition to Motion (Re: 113 MOTION for Summary Judgment ) by Jason Bryant, David Cincotta, Scott Crow, R. Hodgson, Mark Knutson, James Nall, Austin Parks, Sgt. Walker ;(Singer, Desiree) (Entered: 08/13/2020) |
| 08/13/2020 | 117 | RESPONSE in Opposition to Motion (Re: 113 MOTION for Summary Judgment ) by Tiffany Ade, Mr. Bullock, Gentry, Damon Hininger, Carla Hoover, Mr. Keys, Jessica Patterson, Perez, S. Pfaff, Ms. Pirece, Andrew Smith, Terry Underwood, James Yates ;(Moore, Darrell) (Entered: 08/13/2020) |
| 08/26/2020 | 118 | REPLY to Response to Motion (Re: 113 MOTION for Summary Judgment ) by James Ezell, III ;(acg, Deputy Clerk) (Entered: 08/26/2020) |
| 09/04/2020 | 119 | SUMMONS Returned Unexecuted re: Mr. Adkins, (acg, Deputy Clerk) Modified on 9/8/2020 to edit file date (dma, Deputy Clerk). (Entered: 09/08/2020) |

| 09/04/2020 | 120 | SUMMONS Returned Unexecuted re: Mr. Vance, (acg, Deputy Clerk) (Entered: 09/08/2020) |
|---|---|---|
| 09/10/2020 | 121 | Fourth MOTION for Appointment of Counsel by James Ezell, III Responses due by 9/24/2020(acg, Deputy Clerk) (Entered: 09/10/2020) |
| 09/21/2020 | 122 | LETTER from plaintiff to Judge re: library access by James Ezell, III (acg, Deputy Clerk) (Entered: 09/21/2020) |
| 09/24/2020 | 123 | Plaintiff first Issuance for Preliminary Injunction and MOTION for Order to Show Cause why permanent injunction should not issue pursuant to Fed. R Civ.P. Rule 65a by James Ezell, III Responses due by 10/8/2020(acg, Deputy Clerk) (Additional attachment(s) added on 9/24/2020: # 1 Exhibits) (acg, Deputy Clerk). (Entered: 09/24/2020) |
| | | *Main Document* |
| | | Attachment # 1 *Exhibits* |
| 09/24/2020 | 124 | RESPONSE in Opposition to Motion (Re: 121 MOTION for Appointment of Counsel ) by Tiffany Ade, Mr. Bullock, Gentry, Damon Hininger, Carla Hoover, Mr. Keys, Jessica Patterson, Perez, S. Pfaff, Ms. Pierce, Andrew Smith, Terry Underwood, James Yates ;(Moore, Darrell) (Entered: 09/24/2020) |
| 09/28/2020 | 125 | SUPPLEMENT (Re: 123 MOTION for Preliminary Injunction MOTION for Order to Show Cause ) by James Ezell, III (acg, Deputy Clerk) (Entered: 09/28/2020) |
| 09/29/2020 | 126 | OPINION AND ORDER by District Judge John F. Heil, III : Dismissing Defendant, Mr. Adkins and Mr. Vance without prejudice from this action. (acg, Deputy Clerk) (Entered: 09/29/2020) |
| 09/29/2020 | 127 | ORDER by Magistrate Judge Steven P. Shreder: Granting 58 76 Motion to Stay, Stay Review Deadline set for 11/28/2020. All pending motions are STRICKEN. (acg, Deputy Clerk) (Entered: 09/29/2020) |
| 10/15/2020 | 128 | OBJECTION (Re: 126 Opinion and Order) by James Ezell, III (acg, Deputy Clerk) (Entered: 10/15/2020) |
| 11/18/2020 | 129 | MOTION to Extend Deadline for the Special Report and Dispositive Motions by Jason Bryant, R. Hodgson, James Nall, Austin Parks, Sgt. Walker (With attachments) Responses due by 12/2/2020(Singer, Desiree) (Entered: 11/18/2020) |
| 11/18/2020 | 130 | MINUTE ORDER by Magistrate Judge Steven P. Shreder: Granting 129 defendant's Motion to Extend Deadlines for the Special Report and Dispositive Motions due by 12/18/2020(acg, Deputy Clerk) (Entered: 11/18/2020) |
| 11/24/2020 | 131 | MOTION for Extension of Time to Answer and Brief in Support (Re: 56 Amended Complaint) by Tiffany Ade, Mr. Bullock, Gentry, Damon Hininger, Carla Hoover, Mr. Keys, Jessica Patterson, Perez, S. Pfaff, Ms. Pierce, Andrew Smith, Terry Underwood, James Yates Responses due by 12/8/2020(Moore, Darrell) (Entered: 11/24/2020) |
| 11/30/2020 | 132 | MINUTE ORDER by Magistrate Judge Steven P. Shreder: Granting 131 defendant's Motion for Extension of Time to Answer. Special Report is due 11/28/20(acg, Deputy Clerk) (Entered: 11/30/2020) |
| 12/04/2020 | 133 | |

| | | |
|---|---|---|
| | | OBJECTION (Re: 129 MOTION to Extend Deadline for the Special Report and Dispositive Motions) by James Ezell, III (With attachments)(lal, Deputy Clerk) (Entered: 12/04/2020) |
| 12/07/2020 | 134 | OBJECTION (Re: 131 MOTION for Extension of Time to Answer ) by James Ezell, III (acg, Deputy Clerk) (Entered: 12/07/2020) |
| 12/18/2020 | 135 | SPECIAL REPORT by Jason Bryant, R. Hodgson, James Nall, Austin Parks, Sgt. Walker (With attachments)(Singer, Desiree) (Entered: 12/18/2020) |
| 12/18/2020 | 136 | MOTION to Dismiss or in the alternative MOTION for Summary Judgment by Jason Bryant, David Cincotta, Scott Crow, R. Hodgson, Mark Knutson, James Nall, Austin Parks, Sgt. Walker Responses due by 1/4/2021(Singer, Desiree) (Entered: 12/18/2020) |
| 12/21/2020 | 137 | MOTION to Extend Deadline(s) by Tiffany Ade, Mr. Bullock, Gentry, Damon Hininger, Carla Hoover, Mr. Keys, Jessica Patterson, Perez, S. Pfaff, Ms. Pierce, Andrew Smith, Terry Underwood, James Yates Responses due by 1/4/2021(Moore, Darrell) (Entered: 12/21/2020) |
| 12/22/2020 | 138 | MINUTE ORDER by Magistrate Judge Steven P. Shreder granting 137 Defendants Ade, Bullock, Gentry, Hininger, Hoover, Keys, Patterson, Perez, Pfaff, Pierce, Smith, Underwood, and Yates' Second Motion for Extension of Time to File Special Report and Answer or Dispositive Motion. The Special Report and Answer or Dispositive Motion are due Tuesday, January 12, 2021. (pmb, Deputy Clerk) (Entered: 12/22/2020) |
| 01/04/2021 | 139 | MOTION for extension of time to amend pleadings with brief in support by James Ezell, III Responses due by 1/19/2021(acg, Deputy Clerk) (Entered: 01/04/2021) |
| 01/07/2021 | 140 | OBJECTION to second extension of time to file Special Report (Re: 138 Ruling on Motion to Extend Deadline) by James Ezell, III (acg, Deputy Clerk) (Entered: 01/07/2021) |
| 01/12/2021 | 141 | SPECIAL REPORT by Tiffany Ade, Mr. Bullock, Gentry, Damon Hininger, Carla Hoover, Mr. Keys, Jessica Patterson, Perez, S. Pfaff, Ms. Pierce, Andrew Smith, Terry Underwood, James Yates (With attachments)(Moore, Darrell) (Entered: 01/12/2021) |
| 01/12/2021 | 142 | ANSWER to Amended Complaint (Re: 56 Amended Complaint) by Tiffany Ade, Mr. Bullock, Gentry, Damon Hininger, Carla Hoover, Mr. Keys, Jessica Patterson, Perez, S. Pfaff, Ms. Pierce, Andrew Smith, Terry Underwood, James Yates (Moore, Darrell) (Entered: 01/12/2021) |
| 01/14/2021 | 143 | MINUTE ORDER by Magistrate Judge Steven P. Shreder, lifting the stay (Re: 127 Ruling on Motion to Stay ) (acg, Deputy Clerk) (Entered: 01/14/2021) |
| 01/14/2021 | 144 | MINUTE ORDER by Magistrate Judge Steven P. Shreder :Denying 139 Plaintiff's motion for extension of time, because the motion presents multiple requests for relief. Each request for relief must be a separate pleading, pursuant to Local Civil Rule 7.1(b). Plaintiff apparently is asking for an extension of time, to amend unspecified pleadings, and for appointment of counsel. He is advised that he must follow Local Civil Rule 9.2(c) for any amended pleadings. (acg, Deputy Clerk) (Entered: 01/14/2021) |
| 01/14/2021 | 145 | |

|  |  | MINUTE ORDER by Magistrate Judge Steven P. Shreder : Setting deadlines to include the following: (1) Exchange and file Witness and Exhibit Lists by April 15, 2021; (2) Discovery completed by May 15, 2021; (3) Dispositive motions due by June 15, 2021. Additional deadlines to be set upon disposition of dispositive motions.(acg, Deputy Clerk) (Entered: 01/14/2021) |
|---|---|---|
| 01/25/2021 | 146 | MOTION to Amend/supplement as justice so required Fed. R. Civ P.15(a)2(d), (Re: 56 Amended Complaint ) by James Ezell, III Responses due by 2/8/2021(acg, Deputy Clerk) (Entered: 01/25/2021) |
| 02/18/2021 | 147 | MOTION to Amend (Re: 56 Amended Complaint ) to add defendants. Titled as a Motion for extension of time to file pursuant to Rule 7.1(b) as it relates to Rule 9.2(c). by James Ezell, III Responses due by 3/4/2021(acg, Deputy Clerk) (Entered: 02/18/2021) |
| 02/18/2021 | 148 | FIFTH MOTION for Appointment of Counsel by James Ezell, III Responses due by 3/4/2021(acg, Deputy Clerk) (Entered: 02/18/2021) |
| 02/18/2021 | 149 | NOTICE for the Magistrate Judge to take Judicial Notice pursuant to Fed. R. Evd. 201 by James Ezell, III (acg, Deputy Clerk) (Entered: 02/18/2021) |
| 02/27/2021 | 150 | RESPONSE in Opposition to Motion (Re: 148 MOTION for Appointment of Counsel ) by Tiffany Ade, Mr. Bullock, Gentry, Damon Hininger, Carla Hoover, Mr. Keys, Jessica Patterson, Perez, S. Pfaff, Ms. Pirece, Andrew Smith, Terry Underwood, James Yates ;(Moore, Darrell) (Entered: 02/27/2021) |
| 03/08/2021 | 151 | MOTION to Amend (Re: 56 Amended Complaint ) by James Ezell, III Responses due by 3/22/2021(acg, Deputy Clerk) (Entered: 03/08/2021) |
| 03/10/2021 | 152 | OBJECTION (Re: 150 Response in Opposition to Motion, ) by James Ezell, III (acg, Deputy Clerk) (Entered: 03/10/2021) |
| 03/15/2021 | 153 | LETTER from plainitff to Judge Heil re: appointment of counsel by James Ezell, III (acg, Deputy Clerk) (Entered: 03/15/2021) |
| 03/24/2021 | 154 | BRIEF in Support of Motion (Re: 148 MOTION for Appointment of Counsel ) by James Ezell, III ;(acg, Deputy Clerk) (Entered: 03/24/2021) |
| 04/09/2021 | 155 | MOTION for Extension of Time to Respond to Motion (Re: 136 MOTION to Dismiss MOTION for Summary Judgment ) by James Ezell, III Responses due by 4/23/2021(acg, Deputy Clerk) (Entered: 04/09/2021) |
| 04/14/2021 |  | PARTIAL FILING FEES Paid on 4/14/2021 in the amount of $289.82, receipt number 19034 by James Ezell, III (jcb, Deputy Clerk) (Entered: 04/19/2021) |
| 04/15/2021 | 156 | EXHIBIT LIST by Tiffany Ade, Mr. Bullock, Gentry, Damon Hininger, Carla Hoover, Mr. Keys, Jessica Patterson, Perez, S. Pfaff, Ms. Pirece, Andrew Smith, Terry Underwood, James Yates (Moore, Darrell) (Entered: 04/15/2021) |
| 04/15/2021 | 157 | WITNESS LIST by Tiffany Ade, Mr. Bullock, Gentry, Damon Hininger, Carla Hoover, Mr. Keys, Jessica Patterson, Perez, S. Pfaff, Ms. Pirece, Andrew Smith, Terry Underwood, James Yates (Moore, Darrell) (Entered: 04/15/2021) |
| 04/20/2021 | 158 | WITNESS AND EXHIBIT LIST by James Ezell, III (acg, Deputy Clerk) (Entered: 04/20/2021) |
| 04/20/2021 | 159 |  |

| | | |
|---|---|---|
| | | MOTION to Depose Incarcerated Plaintiff and Brief in Support by Tiffany Ade, Mr. Bullock, Gentry, Damon Hininger, Carla Hoover, Mr. Keys, Jessica Patterson, Perez, S. Pfaff, Ms. Piece, Andrew Smith, Terry Underwood, James Yates Responses due by 5/4/2021(Moore, Darrell) (Entered: 04/20/2021) |
| 04/20/2021 | 160 | MINUTE ORDER by Magistrate Judge Steven P. Shreder: Granting <u>159</u> defendant's Motion to depose plaintiff(acg, Deputy Clerk) (Entered: 04/20/2021) |
| 05/10/2021 | <u>161</u> | OBJECTION (Re: 160 Ruling on Motion to depose ) by James Ezell, III (acg, Deputy Clerk) (Entered: 05/10/2021) |
| 05/10/2021 | <u>162</u> | MOTION for Stay on defendants motion to depose by James Ezell, III Responses due by 5/24/2021(acg, Deputy Clerk) (Entered: 05/10/2021) |
| 05/10/2021 | <u>163</u> | **STRICKEN**Plaintiff's first set of interrogatories to defendants by James Ezell, III (acg, Deputy Clerk) Modified on 5/12/2021 (acg, Deputy Clerk). (Entered: 05/10/2021) |
| 05/12/2021 | 164 | MINUTE ORDER by Magistrate Judge Steven P. Shreder: Granting <u>155</u> Plaintiff's motion for additional time to respond to Defendants Crow, Knutson, Cincotta, Bryant, Hodgson, Parks, Walker and Nall's motion to dismiss or for summary judgment <u>136</u> . Plaintiff is granted an additional twenty–one (21) days from the entry of this Order to file his response. (SPS) (acg, Deputy Clerk) (Entered: 05/12/2021) |
| 05/12/2021 | 165 | MINUTE ORDER by Magistrate Judge Steven P. Shreder : Directing Defendants Ade, Bullock, Gentry, Hininger, Hoover, Keys, Patterson, Perez, Pfaff, Pierce, Smith, Underwood, and Yates to file within seven (7) days an expedited response to Plaintiff's motion for stay of the Court's Order allowing the defendants to depose Plaintiff 160 <u>162</u> . Plaintiff alleges he in the process of engaging an attorney, and he wants the attorney to assist him at the deposition. (acg, Deputy Clerk) (Entered: 05/12/2021) |
| 05/12/2021 | 166 | MINUTE ORDER by Magistrate Judge Steven P. Shreder: Striking Plaintiff's first set of interrogatories to Defendants <u>163</u> . Pursuant to Local Civil Rule 26.1, discovery material is not to be filed with the Court. Plaintiff must follow the Federal Rules of Civil Procedure and the corresponding local rules with regard to discovery issues (acg, Deputy Clerk) (Entered: 05/12/2021) |
| 05/12/2021 | 167 | MINUTE ORDER by Magistrate Judge Steven P. Shreder : Denying <u>146</u> <u>147</u> <u>151</u> Plaintiffs three motions to amend or supplement his amended complaint for his failure to submit a proposed amended complaint with each motion, as required by Local Civil Rule 9.2(c). (acg, Deputy Clerk) (Entered: 05/12/2021) |
| 05/12/2021 | 168 | MINUTE ORDER by District Judge John F. Heil, III : Denying <u>148</u> Plaintiff's fifth motion for appointment of counsel. While unclear, he apparently is claiming that, based on his G.E.D. test scores, counsel should be appointed. He further claims he is unable to investigate crucial facts and speak with his witness. As advised by the Court in its previous orders denying appointment of counsel <u>32</u> <u>84</u> , the Court has carefully reviewed the merits of Plaintiff's claims, the nature of factual issues raised in his allegations, and his ability to investigate crucial facts, pursuant to McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985). The Court again finds the issues are not complex, and Plaintiff appears capable of presenting the facts and arguments(acg, Deputy Clerk) Modified on 5/12/2021 (acg, Deputy Clerk). (Entered: 05/12/2021) |
| 05/14/2021 | <u>169</u> | |

| | | |
|---|---|---|
| | | MOTION to Extend Deadline(s) by Tiffany Ade, Mr. Bullock, Gentry, Damon Hininger, Carla Hoover, Mr. Keys, Jessica Patterson, Perez, S. Pfaff, Ms. Pirece, Andrew Smith, Terry Underwood, James Yates Responses due by 5/28/2021(Moore, Darrell) (Entered: 05/14/2021) |
| 05/14/2021 | 170 | ERRATA/CORRECTION (Re: 169 MOTION to Extend Deadline(s) ) by Tiffany Ade, Mr. Bullock, Gentry, Damon Hininger, Carla Hoover, Mr. Keys, Jessica Patterson, Perez, S. Pfaff, Ms. Pirece, Andrew Smith, Terry Underwood, James Yates (Moore, Darrell) (Entered: 05/14/2021) |
| 05/17/2021 | 171 | MINUTE ORDER by Magistrate Judge Steven P. Shreder: Granting 169 Defendants Ade, Bullock, Gentry, Hininger, Hoover, Keys, Patterson, Perez, Pfaff, Pierce, Smith, Underwood, and Yatess motion for a 90–day extension of time to complete discovery and to file a dispositive motion due 8/15/21.(acg, Deputy Clerk) (Entered: 05/17/2021) |
| 05/19/2021 | 172 | MOTION to Compel discovery by James Ezell, III Responses due by 6/2/2021(acg, Deputy Clerk) (Entered: 05/19/2021) |
| 05/20/2021 | 173 | RESPONSE in Opposition to Motion (Re: 172 MOTION to Compel ) by Jason Bryant, David Cincotta, Scott Crow, R. Hodgson, Mark Knutson, James Nall, Austin Parks, Sgt. Walker ;(Singer, Desiree) (Entered: 05/20/2021) |
| 05/20/2021 | 174 | RESPONSE in Opposition to Motion (Re: 172 MOTION to Compel ) by Tiffany Ade, Mr. Bullock, Gentry, Damon Hininger, Carla Hoover, Mr. Keys, Jessica Patterson, Perez, S. Pfaff, Andrew Smith, Terry Underwood, James Yates ;(Moore, Darrell) (Entered: 05/20/2021) |
| 05/26/2021 | 175 | OBJECTION (Re: 166 Minute Order Striking Document) by James Ezell, III (acg, Deputy Clerk) (Entered: 05/26/2021) |
| 05/26/2021 | 176 | OBJECTION (Re: 167 Ruling on Motion to Amend ) by James Ezell, III (acg, Deputy Clerk) (Entered: 05/26/2021) |
| 05/26/2021 | 177 | OBJECTION (Re: 171 Ruling on Motion to Extend Deadline, Resetting Scheduling Order Dates) by James Ezell, III (acg, Deputy Clerk) (Entered: 05/26/2021) |
| 06/01/2021 | 178 | SECOND MOTION for Extension of Time to Respond to Motion (Re: 136 MOTION to Dismiss MOTION for Summary Judgment ) by James Ezell, III Responses due by 6/15/2021(acg, Deputy Clerk) (Entered: 06/01/2021) |
| 08/13/2021 | 179 | MINUTE ORDER by Magistrate Judge Steven P. Shreder: Granting 178 Plaintiff's second motion for extension of time to file a response to Defendants' motion to dismiss or for summary judgment 136 . Plaintiff is granted an additional twenty–one (21) days until September 3, 2021, to file the response. NO ADDITIONAL EXTENSIONS OF TIME WILL BE GRANTED.(acg, Deputy Clerk) (Entered: 08/13/2021) |
| 08/16/2021 | 180 | SIXTH MOTION for Appointment of Counsel by James Ezell, III Responses due by 8/30/2021(acg, Deputy Clerk) (Entered: 08/16/2021) |
| 08/18/2021 | 181 | OPINION AND ORDER by District Judge John F. Heil, III: Denying 180 Sixth Motion for Appointment of Counsel. (acg, Deputy Clerk) (Entered: 08/18/2021) |
| 09/01/2021 | 182 | OBJECTION (Re: 181 Ruling on Motion for Appointment of Counsel ) by James Ezell, III (acg, Deputy Clerk) (Entered: 09/01/2021) |

| 09/01/2021 | 183 | OBJECTION (Re: 179 Ruling on Motion for Extension of Time to Respond to Motion, ) by James Ezell, III (acg, Deputy Clerk) (Entered: 09/01/2021) |
|---|---|---|
| 09/09/2021 | 184 | RESPONSE to Motion (Re: 136 MOTION to Dismiss MOTION for Summary Judgment ) by James Ezell, III ; (With attachments)(acg, Deputy Clerk) (Entered: 09/09/2021) |
| 09/21/2021 | 185 | MINUTE ORDER by Magistrate Judge Steven P. Shreder: Denying Plaintiff's motion for stay of deposition 162 . The Court has denied Plaintiff's numerous motions for appointment of counsel (Dkts. 32, 84, 168, 181), and no attorney has entered an appearance for Plaintiff. (acg, Deputy Clerk) (Entered: 09/21/2021) |
| 09/21/2021 | 186 | MINUTE ORDER by Magistrate Judge Steven P. Shreder: Denying without prejudice Plaintiff's motion to compel discovery regarding unspecified video footage 172 . According to the DOC's special report, there was no camera in use at the May 3, 2018, incident at James Crabtree Correctional Center (Dkt. 135–18 at 8). Plaintiff has not advised the Court of the subject matter of the requested video, and he has failed to include the certification required by Fed. R. Civ. P. 37(a)(1). (acg, Deputy Clerk) (Entered: 09/21/2021) |
| 09/21/2021 | 187 | SCHEDULING ORDER by Magistrate Judge Steven P. Shreder: Resetting deadlines to include the following: (1) Exchange and file Witness and Exhibit Lists by November 22, 2021; (2) Discovery completed by December 22, 2021; (3) Dispositive motions due by January 24, 2022. Additional deadlines to be set upon disposition of dispositive motions.(acg, Deputy Clerk) (Entered: 09/21/2021) |
| 10/08/2021 | 188 | OBJECTION (Re: 185 Ruling on Motion to Stay) by James Ezell, III (acg, Deputy Clerk) (Entered: 10/08/2021) |
| 10/08/2021 | 189 | OBJECTION (Re: 186 Ruling on Motion to Compel) by James Ezell, III (acg, Deputy Clerk) (Entered: 10/08/2021) |
| 11/01/2021 | 190 | LETTER from Plaintiff to Court re: Discovery mailed to defendants by James Ezell, III (acg, Deputy Clerk) (Entered: 11/01/2021) |
| 11/02/2021 | 191 | ATTORNEY APPEARANCE by Kari Y. Hawkins on behalf of Jason Bryant, David Cincotta, Scott Crow, R. Hodgson, Mark Knutson, James Nall, Austin Parks, Sgt. Walker (Hawkins, Kari) (Entered: 11/02/2021) |
| 11/02/2021 | 192 | MOTION to Substitute Attorney by Jason Bryant, David Cincotta, Scott Crow, R. Hodgson, Mark Knutson, James Nall, Austin Parks, Sgt. Walker Responses due by 11/16/2021(Hawkins, Kari) (Entered: 11/02/2021) |
| 11/03/2021 | 193 | MINUTE ORDER by Magistrate Judge Steven P. Shreder: Granting 192 Motion to Substitute Attorney. Added attorney Kari Y. Hawkins for Jason Bryant, David Cincotta, Scott Crow, R. Hodgson, Mark Knutson, James Nall, Austin Parks, Sgt. Walker. Attorney Desiree Singer terminated. (acg, Deputy Clerk) (Entered: 11/03/2021) |
| 11/22/2021 | 194 | WITNESS LIST by Tiffany Ade, Mr. Bullock, Gentry, Damon Hininger, Carla Hoover, Mr. Keys, Jessica Patterson, Perez, S. Pfaff, Ms. Pierce, Andrew Smith, Terry Underwood, James Yates (Moore, Darrell) (Entered: 11/22/2021) |
| 11/22/2021 | 195 | EXHIBIT LIST by Tiffany Ade, Mr. Bullock, Gentry, Damon Hininger, Carla Hoover, Mr. Keys, Jessica Patterson, Perez, S. Pfaff, Ms. Pierce, Andrew Smith, Terry Underwood, James Yates (Moore, Darrell) (Entered: 11/22/2021) |

| 11/22/2021 | 196 | ATTORNEY APPEARANCE by Jessica Andrea Wilkes on behalf of Jason Bryant, David Cincotta, Scott Crow, R. Hodgson, Mark Knutson, James Nall, Austin Parks, Sgt. Walker (Wilkes, Jessica) (Entered: 11/22/2021) |
|---|---|---|
| 11/22/2021 | 197 | EXHIBIT LIST by Jason Bryant, David Cincotta, Scott Crow, R. Hodgson, Mark Knutson, James Nall, Austin Parks, Sgt. Walker (Hawkins, Kari) (Entered: 11/22/2021) |
| 11/22/2021 | 198 | WITNESS LIST by Jason Bryant, David Cincotta, Scott Crow, R. Hodgson, Mark Knutson, James Nall, Austin Parks, Sgt. Walker (Hawkins, Kari) (Entered: 11/22/2021) |
| 12/06/2021 | 199 | Exhibit List by James Ezell, III (acg, Deputy Clerk) (Entered: 12/06/2021) |
| 12/06/2021 | 200 | MOTION to Extend Scheduling Order Dates by James Ezell, III Responses due by 12/20/2021(acg, Deputy Clerk) (Entered: 12/06/2021) |
| 12/06/2021 | 201 | MINUTE ORDER by Magistrate Judge Steven P. Shreder: Granting Plaintiff's motion for extension of deadlines 200 in the scheduling order 187 . The discovery deadline is extended to January 21, 2022, and the deadline for dispositive motions is extended to February 23, 2022. (acg, Deputy Clerk) (Entered: 12/06/2021) |
| 12/13/2021 | 202 | Plaintiff's WITNESS LIST by James Ezell, III (acg, Deputy Clerk) (Entered: 12/13/2021) |
| 01/28/2022 | 203 | MOTION to Extend Scheduling Order Dates by James Ezell, III Responses due by 2/11/2022(acg, Deputy Clerk) (Entered: 01/28/2022) |
| 02/02/2022 | 204 | MOTION for Summary Judgment and Brief in Support by Tiffany Ade, Mr. Bullock, Gentry, Damon Hininger, Carla Hoover, Mr. Keys, Jessica Patterson, Perez, S. Pfaff, Ms. Pierce, Andrew Smith, Terry Underwood, James Yates (With attachments) Responses due by 2/16/2022(Moore, Darrell) (Entered: 02/02/2022) |
| 02/04/2022 | 205 | MINUTE ORDER by Magistrate Judge Steven P. Shreder : Granting Plaintiff's motion to extend scheduling order dates 203 to the extent the discovery deadline is extended to February 21, 2022, and the deadline for dispositive motions is extended to March 23, 2022. No additional extensions will be granted. (acg, Deputy Clerk) (Entered: 02/04/2022) |
| 02/22/2022 | 206 | THIRD MOTION to Extend Scheduling Order Dates by James Ezell, III Responses due by 3/8/2022(acg, Deputy Clerk) (Entered: 02/22/2022) |
| 02/28/2022 | 207 | MINUTE ORDER by Magistrate Judge Steven P. Shreder: Directing Defendants to respond within fourteen (14) days to Plaintiff's allegations of restricted access to legal materials at his facility in his third request for extension of time 206 . (acg, Deputy Clerk) (Entered: 02/28/2022) |
| 03/02/2022 | 208 | RESPONSE to Motion (Re: 206 MOTION to Extend Scheduling Order Dates ) by Tiffany Ade, Mr. Bullock, Gentry, Damon Hininger, Carla Hoover, Mr. Keys, Jessica Patterson, Perez, S. Pfaff, Ms. Pierce, Andrew Smith, Terry Underwood, James Yates ;(Moore, Darrell) (Entered: 03/02/2022) |
| 03/14/2022 | 209 | RESPONSE in Opposition to Motion (Re: 206 MOTION to Extend Scheduling Order Dates ) by Jason Bryant, David Cincotta, Scott Crow, R. Hodgson, Mark Knutson, James Nall, Austin Parks, Sgt. Walker ; (With attachments)(Wilkes, Jessica) (Entered: 03/14/2022) |

| 03/15/2022 | 210 | MINUTE ORDER by Magistrate Judge Steven P. Shreder : According to the Defendants' responses 208 209 to the Court's Order entered on February 28, 2022 207 , Plaintiff was transferred to Lawton Correctional Facility in Lawton, Oklahoma, on May 20, 2021. Plaintiff is advised that he must promptly notify the Court of any future change in his address, pursuant to Local Civil Rule 5.6(a). (acg, Deputy Clerk) (Entered: 03/15/2022) |
| --- | --- | --- |
| 03/15/2022 | 211 | MINUTE ORDER by Magistrate Judge Steven P. Shreder: Granting Plaintiff's third motion for extension of time 206 to the extent the discovery deadline is extended to April 15, 2022, and the deadline for dispositive motions is extended to May 15, 2022. According to Defendants' response 209 to the Court's Order entered on February 28, 2022 207 , the law library at his current facility was effectively closed for five days in February 2022, because of a lockdown. However, the law library staff continued to visit the housing units. The Court finds Plaintiff has adequate access to the prison law library to meet the deadlines. This is Plaintiff's final extension of time for these matters. (acg, Deputy Clerk) (Entered: 03/15/2022) |
| 03/18/2022 | 212 | REPLY (Re: 209 Response) by James Ezell, III (acg, Deputy Clerk) Modified on 4/19/2022 (acg, Deputy Clerk). (Entered: 03/18/2022) |
| 03/22/2022 | 213 | MINUTE ORDER by Court Clerk referring case to Magistrate Judge Jason A. Robertson for all further proceedings in accordance with jurisdiction pursuant to 28 USC § 636. All future filings shall bear the case number CIV–19–302–JFH–JAR (sms, Deputy Clerk) (Entered: 03/22/2022) |
| 04/11/2022 | 214 | OPINION AND ORDER by District Judge John F. Heil, III: Granting 136 DOC Defendants Motion to Dismiss and Motion for Summary Judgment. (acg, Deputy Clerk) (Main Document 214 replaced on 4/11/2022) (acg, Deputy Clerk). (Entered: 04/11/2022) |
| 04/19/2022 | 215 | MINUTE ORDER by Magistrate Judge Jason A. Robertson: On March 15, 2022, the Court entered an Order 211 granting Plaintiff's third motion for an extension of time 206 . On March 18, 2022, the Court received Plaintiff's reply 212 to Defendant's response 209 to the third motion for extension of time. Plaintiff alleges in his reply that on February 17, 2022, his housing unit went on lockdown, which prevented him from physically attending the law library from February 17, 2022, to March 7, 2022 [ 212 at 3] According to the defendants, during lockdown, the library staff continues to make rounds to each of the housing units, including Plaintiff's unit 209 . As stated in the Court's Order entered on March 15, 2022 211 , Plaintiff has adequate access to the prison law library through visits by the law library staff. To the extent, however, that Plaintiff is requesting additional time for his deadlines, the discovery deadline is extended to May 19, 2022, and the deadline for dispositive motions is extended to June 19, 2022. No additional extensions will be granted.(acg, Deputy Clerk) (Entered: 04/19/2022) |
| 04/21/2022 | 216 | OBJECTION (Re: 214 Order and Opinion ) by James Ezell, III (With attachments)(acg, Deputy Clerk) (Entered: 04/21/2022) |
| 05/02/2022 | 217 | LETTER from Plaintiff to Court Clerk re: attorney fees by James Ezell, III (acg, Deputy Clerk) (Entered: 05/02/2022) |
| 05/13/2022 | 218 | LETTER from Plaintiff to Court re: attorney by James Ezell, III (acg, Deputy Clerk) (Entered: 05/13/2022) |
| 06/10/2022 | 219 | |

| | | NOTICE OF APPEAL to Circuit Court (Interlocutory) (Re: 214 Ruling on Motion to Dismiss, Ruling on Motion for Summary Judgment ) by James Ezell, III (acg, Deputy Clerk) (Entered: 06/10/2022) |
|---|---|---|
| 06/10/2022 | 220 | ACCOUNT STATEMENT of Prisoner Trust Fund by James Ezell, III (acg, Deputy Clerk) (Entered: 06/10/2022) |
| 06/10/2022 | 221 | Transmission of Notice of Appeal and Docket Sheet to U.S. Court of Appeals. Pro Se Appeal Packet mailed to Petitioner (Re: 219 Notice of Appeal – Interlocutory ) (With attachments)(jcb, Deputy Clerk) (Entered: 06/10/2022) |
| 06/10/2022 | 222 | APPEAL NUMBER INFORMATION from Circuit Court assigning Case Number 22–7024 (Re: 219 Notice of Appeal – Interlocutory ) (jcb, Deputy Clerk) (Entered: 06/10/2022) |
| 06/14/2022 | 223 | ORDER from Circuit Court (Re: 219 Notice of Appeal – Interlocutory ) (acg, Deputy Clerk) (Entered: 06/15/2022) |
| 07/07/2022 | 224 | DECISION from Circuit Court dismissing the Appeal (awaiting mandate) (Re: 219 Notice of Appeal – Interlocutory ). (jls, Deputy Clerk) (Entered: 07/07/2022) |
| 07/07/2022 | 225 | MANDATE Issued Letter from Circuit Court (Re: 224 USCA Decision ). (jls, Deputy Clerk) (Entered: 07/07/2022) |
| 01/25/2023 | 226 | OPINION AND ORDER by District Judge John F. Heil, III: Summary judgment is granted to Defendants Damon Hininger, James Yates, Gentry, Perez, Terry Underwood, Jessica Patterson, Tiffany Ade, S. Pfaff, Carla Hoover; Pierce, Bullock, Keys, and Andrew Smith, pursuant to Fed. R. Civ. P. 56(a). (acg, Deputy Clerk) (Entered: 01/25/2023) |
| 01/25/2023 | 227 | JUDGMENT by District Judge John F. Heil, III entering judgment (terminates case) (acg, Deputy Clerk) (Entered: 01/25/2023) |
| 02/06/2023 | 228 | NOTICE OF APPEAL to Circuit Court (Re: 226 Ruling on Motion for Summary Judgment, 227 Judgment ) by James Ezell, III (acg, Deputy Clerk) (Entered: 02/06/2023) |
| 02/06/2023 | 229 | MINUTE ORDER by Magistrate Judge Jason A. Robertson: Upon review of the file in this case, the Court finds that the plaintiff has not submitted a proper motion for leave to proceed in forma pauperis for appeal purposes or paid the $505.00 filing fee. The plaintiff is directed to submit a properly executed motion for leave to proceed in forma pauperis for the appeal, with original signature and have the Trust Fund Officer at his/her facility complete (with an original signature) the Required Certification of Statement of Institutional Accounts and provide a current 6–month financial accounting statement and return the completed motion to the Office of the Clerk or pay the filing fee of $505.00 within 20 days or by 2/27/23. The Clerk is directed to provide the plaintiff with a motion for leave to proceed in forma pauperis form and an instruction sheet.(acg, Deputy Clerk) (Entered: 02/06/2023) |
| 02/06/2023 | 230 | Transmission of Notice of Appeal and Docket Sheet to U.S. Court of Appeals. Pro Se Appeal Packet mailed to Petitioner. (Re: 228 Notice of Appeal – Final Judgment) (With attachments)(adw, Deputy Clerk) (Entered: 02/06/2023) |
| 02/06/2023 | 231 | APPEAL NUMBER INFORMATION from Circuit Court assigning Case Number 23–7007. (Re: 228 Notice of Appeal – Final Judgment) (adw, Deputy Clerk) (Entered: 02/06/2023) |

| 02/09/2023 | 232 | MOTION for Reconsideration (Re: 226 Ruling on Motion for Summary Judgment) by James Ezell, III Responses due by 2/23/2023(acg, Deputy Clerk) (Entered: 02/09/2023) |
| 02/27/2023 | 233 | MOTION for Leave to Appeal in Forma Pauperis (Re: 228 Notice of Appeal – Final Judgment ) by James Ezell, III Responses due by 3/13/2023(acg, Deputy Clerk) (Entered: 02/27/2023) |
| 02/27/2023 | 234 | ORDER by District Judge John F. Heil, III : Granting 233 Motion for Leave to Appeal in Forma Pauperis; Appeal Filing Fee due by 3/20/2023. (acg, Deputy Clerk) (Entered: 02/27/2023) |
| 03/21/2023 | 235 | ORDER from Circuit Court abating appeal pending ruling on Appellant's Motion to Reconsider. (Re: 228 Notice of Appeal – Final Judgment) (adw, Deputy Clerk) (Entered: 03/21/2023) |
| 04/03/2023 | | PARTIAL FILING FEES Paid on 4/3/2023 in the amount of $5.59, receipt number 21058 by James Ezell, III (eaw, Deputy Clerk). (Entered: 04/03/2023) |
| 04/04/2023 | 236 | OPINION AND ORDER by District Judge John F. Heil, III denying 232 Motion to Reconsider (acg, Deputy Clerk) (Entered: 04/06/2023) |
| 04/10/2023 | 237 | ORDER from Circuit Court lifting abatement of appeal. (Re: 228 Notice of Appeal – Final Judgment) (adw, Deputy Clerk) (Entered: 04/10/2023) |

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF OKLAHOMA

JAMES EZELL III   4137-SSN.
                  1974-D.O.B.
Plaintiff

V.                                    Case No. ~~CIV 19-302 JHP~~

DAMON HININGER CEO-of CORE CIVIC
WARDEN JAMES YATES of DAVIS CORR.
FACIlity DEPUTY WARDEN GENTRY, D.W.
PEREZ, GRIE.Coord. Ms TERRY UNDER-
-WOOD, LAW LIBARY SUPERVIUR, JESSICA
PATTERSON, Echo MAximum Unit ⁴/m Ade
ᶜ/m Pfoff, Ms Hoover; OKLAHOMA DEPARTMENT
OF CORRECTION, DIRECTOR SCOTT CROW
DESIGNEE MARK KNUTSON, GENERAL
COUNSEL DAVID CINCOTTA; JAMES CRABTREE
CORRECTIONAL CENTER, WARDEN JASON BRYANT
CAPTAIN R. HODGSON, L.T. AUSTIN PARKS
ᶜ/o WAlKER and Disciplinary Officer Capt.
JAMES NAIl, JOHN DOES 1-8 JANE DOES¹⁻⁴ et. al.

FILED

SEP - 9 2019

PATRICK KEANEY
Clerk, U.S. District Court
By_____
Deputy Clerk

PRO SE PRISONER CIVIL
RIGHTS COMPLAINT-1983

COMES NOW Plaintiff pursuant to Fed. R. CIV. P. 10(a), and the
following pursuant to 42 U.S.C § 1997e, prisoner must exhaust available
administrative remedies before initiating under 42 U.S.C. § 1983 or any other
federal law. With respects to 42 U.S.C. 1997e(a) as well as Federal Rule
of Civil Procedures 5.2 and local Civil Rule 5.3 privacy and security concerns.
NOTE: Paper used Facility D.C.F DP.030115 type paper once grievance filed Echo Unit team
Ade, Pfoff, started denying copy paper, copy of legal document a retaliatory behavior...

## I.   JURISDICTION

*Indicate below the federal legal basis for your claim, if known.*

☑ 42 U.S.C. § 1983 (state, county, or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)
(federal defendants)

## II.   PLAINTIFF INFORMATION

JAMES EZELL III                           JAMES R. EZELL
_____               _____
*Full name*                                *Aliases*

DOC # 237370
_____
*Prisoner ID #*

DAVIS CORRECTIONAL FACILITY
_____
*Place of Detention/Incarnation*

6888 EAST 133rd Rd
_____
*Institutional Address*

Holdenville              OK              74848
_____
*City*          *State*          *Zip Code*

## III.   PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☑ Convicted and sentenced state prisoner
☐ Convicted and sentenced federal prisoner

Rev. 07/2019                                                      2

IV. DEFENDANT(S) INFORMATION

Defendant 1: Damon Hininger
CEO OF CORE CIVIL
(Address provided by D.C.F L.L) 10 Burton Hills Blvd. and or 5561 Virginia way Suite 110
Nashville TN. 37215      Brentwood, TN. 37027

Defendant 2: JAMES YATES
WARDEN
DAVIS CORRECTIONAL Facility D.C.F 6888 E 133rd Rd
Holdenville OK. 74848

Defendant 3: Gentry
DEPUTY WARDEN
DAVIS CORRECTIONAL Facility D.C.F 6888 E. 133rd Rd
Holdenville OK. 74848

Defendant 4: PEREZ
DEPUTY WARDEN
DAVIS CORRECTIONAL Facility D.C.F 6888 E. 133rd Rd
Holdenville OK. 74848

Defendant 5: TERRY UNDERWOOD
GRIEVANCE COORDINATOR
DAVIS CORRECTIONAL Facility D.C.F 6888 E. 133rd Rd.
Holdenville OK. 74848

Defendant 6: JESSICA PATTERSON
LAW LIBRARY SUPERIVOR
DAVIS CORRECTIONAL Facility D.C.F 6888 E. 133rd Rd
Holdenville OK 74848

NOTE: Grievances exhausted by # (R.A. ARA) see attachment pg. cont. 4)
U/m Ade threaten plaintiff with misconduct, 9m Pfoff threaten plaintiff with misconduct with was
related to Law Library issue/grievance this affects plaintiff transfer Deputy warden Perez threaten "Bitch"
plaintiff with misconduct on 8-22-19 or 8-21-19 doorside, on 8-30-19 S.Key listed John DOE called plaintiff 3

Defendant 7:  Tiffany Ade
Echo Unit Manager
DAVIS CORRECTIONAL FACILITY D.C.F 6888 E 133rd Rd
Holdenville OK. 74848

Defendant 8:  S. Pfaff
Case Manager
DAVIS CORRECTIONAL FACILITY D.C.F 6888 E 133rd Rd
Holdenville OK. 74848

Defendant:9
L Carl Hoover
Echo Clerk
DAVIS CORRECTIONAL FACILITY
Holdenville OK 74848

Defendant 10:  O.D.O.C. Director Scott Crow
Interim Director
3400 Martin Luther King Ave P.O. BOX 11400
OKLAHOMA City OK. 73136

Defendant 11:  O.D.O.C Mark Knutson
Designee
3400 Martin Luther King Ave P.O. Box 11400
OKLAHOMA City OK. 73136

Defendant 12:  DAID CINCOTTA
O.D.O.C GENERAL COUNSEl
3400 Martin Lurther King Ave. P.O. Box 11400
OKLAHOMA City OK 73136

Defendant 13:  JASON BRYANT
WARDEN
JOSEPH HARP CORRECTIONAl CENTER
P.O. BOX 548 - LEXINGTON OK. 73051-0548

Defendant 14:  B. HODGSON
CAPTAIN
JAMES CRABTREE CORRECTIONAl CENTER
216 N. Murray St. Helena OK. 73741

4 cont.

Defendant 14: __Austin Parks__

        L.T.
        JAMES CRABTREE CORRECTIONAL CENTER
        216 N. Murray St. Helena Ok. 73741

Defendant 16: __WALKER__

        CORRECTIONAL OFFICER
        JAMES CRABTREE CORRECTIONAL CENTER
        216 N. Murray st. Helena Ok. 73741

Defendant 17: __JAMES NAIL__

        CAPTAIN
        JAMES CRABTREE CORRECTIONAL CENTER
        216 N. Murray St. Helena Ok. 73741

## STATEMENT OF FACTS

   __Plaintiff__ would now state under the penalty of perjury under the laws of the United States of America that the foregoing listed grievances by #'s have been exhausted at the __Reviewing Authority__ level at DAVIS CORRECTIONAL FACILITY and at the __Administrative Reviewing Authority__ as well as JAMES CRABTREE CORRECTIONAL CENTER levels, true and correct 28 U.S.C. § 1746. 18 U.S.C. § 1621.

1. J.C.C.C-18-60 6-5-18 amended 7-26-18, (R.A.) exhausted 8-22-18 (ARA)

2. D.C.F-00104 (R.A.) 3-18-19, 4-9-19, appealed (ARA) 4-26-19 exhausted 5-31-19

3. D.C.F-00170 (R.A) 4-19-19, appealed (ARA) amended 6-12-19 exhausted 7-8-19

4. D.C.F-00236 (R.A) 6-6-19 appealed (ARA) 7-6-19 exhausted 8-2-19

5. D.C.F-00144 (R.A.) 3-29-19 relief is partially granted exhaustion pending prevention of plaintiff exhaustion by D.C.F, ARA-D.O.C.

   Plaintiff would further provide evidence of continue retaliation by defendants discrimination by further defendants destory attachment to grievances by Grievance Coordinator at R.A-D.C.F appealed to ARA and continue threats, retaliatory behavior Affidavit other offender willing to provide proof of discrimination.

                                   CONT 4

V.   STATEMENT OF CLAIMS

A. Claim 1

Date(s) of occurrence: 2-25-19, re-submitted 3-19-19, 4-26-19 ARA

Place(s) of occurrence: DAVIS CORRECTIONAL FACILITY Echo Maximum Unit

State which of your federal constitutional or federal statutory right have
been violated: Sixth and Fourteenth Amendment Rights

Briefly state the FACTS that support your case

FACTS: D.C.F Warden Yates had assigned an offender to Echo Maximum
as Law Clerk unsuperivored/ without supervision by Law Library Supervior, O.D.O.C
General Counsel David Cincotta has also approved that Law Clerk for Echo
the D.C.F Law Library on Echo Maximum Unit was inadequate and is because
Law Library Supervisor Ms. Patterson refused to contract General Counsel Office
DAVID Cincotta upon plaintiff request per OP-090124, OP-030115, O.D.O.C
Designee continue to cover-up violation of offenders denial of R.A. 00104-G

B. Claim 2

Date(s) of occurrence: 3-29-19, 4-03-19 and 7-8-2019 April 19, 2019

Place(s) of occurrence: DAVIS CORRECTIONAL FACILITY Echo Maximum Unit

State which of your federal constitutional or federal statutory right have
been violated: First, Sixth, Eighth and Fourteenth Amendment Rights

Briefly state the FACTS that support your case

FACTS: Warden Yates deliberately refused to correct Echo Maximum Unit
deprivement of ACCESS TO COURT without retaliation or threats of retaliation
from G.C. Terry Underwood, Deputy Warden Perez [Unit Manager Ade and Law
Library Supervisor Ms. Patterson], Both U/M Ade threaten plaintiff with misconduct
based on grievance issue 00170-G exhausted John Doe refused to feed
plaintiff on in Law Library in retaliation with Law Clerk video footages
00036-G continue over to claim 3)

5

C. Claim 3

Date(s) of occurrence: 3-19-19 exhausted

Place(s) of occurrence: DAVIS CORREGIONAL Facility Echo Max.

Federal Constitutional or federal Statutory rights have been violated:
(First Sixth Eighth and Fourteenth)

Briefly state FACTS:

Deputy Warden Gentry violated plaintiff Eighth being responsible for policy's and procedures deliberately violated plaintiff First and Eighth by allowing plaintiff to be denied lunch and dinner over ACCESS TO court, Echo Unit Team C/m Pfaff and C/m Ade allowed the assigned Law Library clerk to retaliate by denied access to computer Law Library Superior Patterson C/o Adkins. Grievance Coordinator Terry Underwood continued untrained decision in offenders/plaintiff grievance process at R.A. level, finally Ms Underwood destory attachments to grievances since the most recently filed grievance Deputy Warden Perez has made threats misconduct surrounding grievances filed on LawLibrary and G.C.,

D. Claim 4

Date(s) of occurrence: Aug. 28, 2019 , Aug. 29, 2019   Aug. 30, 2019

Place(s) of occurrence: DAVIS CORRECTIONAl Facility

Federal Constitutional or federal Statutory rights have been violated:
Briefly state FACTS:   (First and Fourteenth violated)

Plaintiff has been discriminated on, threaten with misconduct by C/m Pfaff, C/m Ade D.W. Perez, plaintiff claim 4 is not exhausted the fact that the plaintiff recieved a misconduct as it relates to Echo Unit Team Law Library Cage on Aug. 29, 2019 signed by Ade support retaliation, and further discrimination the fact the disciplinary officer call me a Bitch at my door Aug. 30, 2019 and state you will recieve another misconduct for statement made A John Doe for now misconduct makes my condition worse. another John Doe if plaintiff want to transfer discrimination discipline would defer him making it unavailable) Further; other offenders affidavit ready.. Cont. page7)

6

pg b — cont. 6

### E. Claim 5

Date(s) of occurrence:  August. 27, 2019

Place(s) of occurrence :  D.C.F/MAX  Echo Unit

State which of your federal constitutional or federal statutory rights have been violated:  First Amendment Rights were violated

Briefly state the FACTS:

On August. 7, Warden Yates issued a grievance restriction on plaintiff on August. 13, 2019 Grievance Coordinator Terry Underwood provided 3 grievances to plaintiff on August. 14, 2019 plaintiff appealed those 2 of the 3 grievances to Administrative Reviewing Authority no grievance restriction was applied nor did plaintiff recieve any Notice of any restriction per OP-090124 until August. 15, 2019 the D.C.F mailroom provided the letter from Yates.

ON AUGUST. 27, 2019 Echo Unit Notary Ms. Hoover was Directed by Grievance Coordinator Terry Underwood not to Notary plaintiff grievance restriction per Warden Yates letter and OP-090124.

### F. Claim 6

Date (s) of occurrence :  May. 3, 2018

Place(s) of occurrence:  JAMES CRABTREE CORRECTIONAL CENTER, J.C.C.C

First and Fourteenth Amendment Rights were violated Eighth

Briefly state the FACTS:

J.C.C.C. CAPTAIN R. HODGSON directed L.T. Austin Parks and S/O Walker to grab bend plaintiff right arm handcuff from inside of a cell to the outside handle of the door use of excessive force injurying plaintiff wrist Ilegally transfered plaintiff to D.C.F/Maximum Security on May. 3, 2018 in reference to J.C.C.C. -18-60 grievances plaintiff was subject to crul and unusual punishment being handcuff to that door handle and stripie naked.

## VI. RELIEF REQUESTED

Briefly state what you want the court to do for you.

Plaintiff must first request the court to grant a preliminary injunction to deter defendants from further threats and or retaliatory behavior, discrimination on plaintiff; In addition preliminary injunction to protect offenders that are willing to provide affidavit in support of facts of retaliatory behavior and Discrimination plaintiff have suffered; and the D.C.f staff members in the middle of this retaliatory actions, threats and discrimination.

James the plaintiff is seeking legal relief for retaliation discrimination for his access to court and Grievances filed wherein defendants either incourage and or deliberately directed wreckless behavior disregaurd of the risk to James and thereafter abuse for attempting to petition the government..

## VII. PRISONER'S LITIGATION HISTORY 28 U.S.C § 1915 (a)

Yes I have brought lawsuits in federal court as prisoner number of lawsuits _3_ federal Courts.

1) U.S. DIST. CT. OF WESTERN DIST. OF OKLA. CIV-02-413-EA (C) EZELL V. LOOKE 42 U.S.C § 1983 DISMISSED DID NOT APPEAL. 2) U.S. DIST. CT. OF NORTHERN DIST. OF OKLA. 11-CV-400-TCK-TLM EZELL V. JEFF GATWOOD, SHAWN HICKEY 42 U.S.C. § 1983 DISMISSED DID NOT APPEAL. 3) U.S. DIST. CT. OF EASTERN DIST. OF OKLA 6:12-CV-00133-FHS-SPS EZELL V. WILKINSON 42 U.S.C. § 1983 Appeal No. 13-7014 MOTION TO Voluntary dismiss that was granted attached.

NOTE: on 8-27-19 MS. Hoover denied Notary for D.C.F Warden Yates letter grievance restriction per OP-090124 affidavit required Notary Ms. Hoover stated Terly Underwood told her not to Notary affidavit this made, makes grievance process unavailable misconduct on 8-30-19 supports Retaliation further by (staff members) Ms. Hoover also state you filed a lawsuit on (me) 7

Appeal! U.S. DIST. COURT OF EASTERN DIST. OF OKLAHOMA 6:12-CV-00133-FHS-SPS EZELL V. WILKINSON 42 USC § 1983 DISMISSED, Appealed, then motioned to Voluntary dismiss that dismissal was granted U.S. Court of Appeal For the Tenth Circuit No. 13-7074

## VIII. PLAINTIFF'S DECLARATIONS:

I declare under penalty of perjury that the foregoing is true and correct. To the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

I agree to provide the Court Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Court Clerk's Office may result in the dismissal of my case.

_James Ezell III_          _9-4-19_
Plaintiff's Signature                  Date

Certificate
I hereby certify that a true copy of this document was mailed to Court Clerk Patrick Keaney on above date as addressed.

I further declare under penalty of perjury that I placed this complaint in the prison's legal mail system, with the correct postage attached, on the __4__ day of __Sept.__, 20_19_.

_James Ezell III_          _9-4-19_
Plaintiff's Signature                  Date

NOTE. Further in 6:12-CV-00133-FHS-SPS plaintiff alleged Mr. Islnes had call him a nigga by affidavit no long ago he was fired for use of that word again. Now D.C.F employee are using words like Bitch pussy punk and Rats For Filing grievances which would deter offenders from Filing grievances and affidavit could possible get them Killed Warden Yates is a convicted felony whom was the Deputy Warden in case No.

Case 6:19-cv-00302-JFH-JAR   Document 1   Filed 09/09/19   Page 11 of 11

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

FILED
United States Court of Appeals
Tenth Circuit

December 3, 2013

Elisabeth A. Shumaker
Clerk of Court

JAMES R. EZELL,

    Plaintiff - Appellant,

v.

TIM WILKINSON, Warden; REBECCA
ADAMS; MR. BAIRD, Fox AIF Unit
Manager; WILLIAM BARLOW; CARLA
HOOVER; DIANA JONES; STACY
YOUNG; DEBBIE MORTON; JAMES
BAILEY; MR. ISLNES,

    Defendants - Appellees.

No. 13-7074
(D.C. No. 6:12-CV-00133-FHS-SPS)

---

## ORDER

---

    Appellant's response to the court's November 13, 2013 show cause order contains a motion to voluntarily dismiss case. The motion for voluntary dismissal is granted. *See* 10th Cir. R. 27.3(A)(9) and 10th Cir. R. 42.1.

    This order shall stand as and for the mandate of the court.

Entered for the Court

*Elisabeth A. Shumaker*,

ELISABETH A. SHUMAKER, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF OKLAHOMA

# FILED

JAMES EZELL III,
    Plaintiff

NOV - 7 2019

PATRICK KEANEY
Clerk, U.S. District Court
By_____
       Deputy Clerk

V,

Case No. CIV-19-302-JHP-SPS

DAMON HININGER, et al.,


Plaintiff Motion for LEAVE to AMEND pursuant to
Fed. R. CIV. P. 15(a), 15(c)(1)(B) and 15(c)(1)(B)(c)

Comes now James Ezell pro se prisoner the plaintiff in above case filed
9-9-2019.

    1. Plaintiff has alleged an First Amendment violation of Access to Court
inwhich plaintiffs only copy was filed in this court without a [stamp filed copy]
it would be unfair to plaintiff opportunity to AMEND under plaintiff Sixth Amend.
    2. Plaintiff Summons provided by Court Clerk had defendants name mis-
-spelled 15(c)(1)(c) Corla Hoover not Carol Hoover, and in the event other defendants
must be named and Serviced of Summons
    3. Plaintiff has suffered Retaliation for filing grievances by named defendants
and John Does, Jane Does not mentioned in original Complaint filed John and Jane
Does names are available.

    NOTE: Plaintiff recieved original Complaint October 15, 2019

I further declare under penalty of perjury that I placed this Motion for LEAVE TO AMEND.                in the prison's legal mail system with the correct disbursement for postage attached on 1st of November 20 19. 28 U.S.C. 1746.

/s/ James Everett       Date 11-1-2019

2

James  Ezell 237370
Davis Correctional Facility
6888 E 133rd Rd
Holdenville, OK 74848

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

JAMES EZELL, III

Plaintiff,

v.

DAMON HININGER, *et al.,*

Defendants.

**Case No: 19-cv-302-JHP-SPS**

## APPLICATION TO STAY PROCEEDINGS AND REQUEST FOR ORDER REQUIRING SPECIAL REPORT AND BRIEF IN SUPPORT

**COME NOW** Defendants, by and through Assistant Attorney General Desiree D. Singer, and request this Court to stay the proceedings in the above styled matter and order the Oklahoma Department of Corrections ("ODOC") to submit a *Martinez* report, also known as a Special Report, pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). In support of this request, Defendants offer this brief in support.

### BRIEF IN SUPPORT

In *Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978), the Tenth Circuit approved the practice of a court-authorized investigation and report conducted by corrections officials "to undertake a review of the subject matter of the Complaint" in order to provide the court with additional information for the processing of the prisoner's claim. The *Martinez* Court deemed the investigation and report "to be not only proper but necessary" to fully consider the issues brought before the court. *Id.* The Tenth Circuit ultimately held that the district court properly dismissed the *Martinez* plaintiff's claim as being frivolous under 28 U.S.C. §1915 after ordering and reviewing such a report. *Id.*

The *Martinez* procedure has been regularly upheld and recommended. *See, Johnson v. Parke*, 642 F.2d 377, 378 (10th Cir. 1981); *Robinson v. Benton*, 579 F.2d 70 (10th Cir. 1978); *Martinez v. Chavez*, 574 F.2d 1043 (10th Cir. 1973) (review of county jail conditions); *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 817 (10th Cir. 1981) ("we suggest that the procedures, order and practice expressly approved by this Court in *Martinez v. Aaron*, [citation omitted] may be applicable").

This Court would similarly benefit from a Special Report that addresses the facts of the incidents alleged in Plaintiff Complaint and ODOC policies relevant thereto. Specifically, as a threshold matter, the Special Report would include all grievance records, thereby aiding the Court in its determination of whether Plaintiff exhausted administrative remedies prior to commencement of suit, as required by law. The Special Report would also contain all ODOC policies, administrative/facility records, and inmate-specific documentation relevant to Plaintiff's claims.

The Tenth Circuit has expressly approved the use of *Martinez* Reports for the purpose of developing a record for determining "which facts alleged in the Complaint were relevant, accurate, and subject to bona fide dispute." *Chavez*, 574 F.2d at 1046. *See also Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981), which noted that the facts of the incidents complained of by plaintiff inmates are often not before the Court in any sufficient degree, thus necessitating a *Martinez* Report. "The purpose of the *Martinez* report is to identify and clarify the issues plaintiff raises in his complaint." *Gutierrez v. Torres*, 416 F. App'x 764, 766 n. 4 (10th Cir. 2011) (unpublished opinion) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991). The

2

*Martinez* report assists in "develop[ing] a record sufficient to ascertain whether there are any factual or legal bases" for the alleged claims. *Breedlove v. Costner,* 405 F. App'x 338, 343 (10th Cir. 2010) (unpublished opinion) (citing *Hall,* 935 F.2d at 1109).

For the foregoing reasons, the Defendants urge this Court to issue an Order staying proceedings herein for at least sixty (60) days and requiring the Oklahoma Department of Corrections to submit a Special Report pursuant to the authority set forth above.

Respectfully submitted,

/s/ Desiree D. Singer
**DESIREE D. SINGER, OBA #33053**
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, Oklahoma 73105
Telephone: (405) 521-3921
Facsimile: (405) 521-4518
Email: desiree.singer@oag.ok.gov
*Attorney for Defendant*

3

## CERTIFICATE OF SERVICE

 I hereby certify that on this 8th day of November 2019, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing a true and correct copy of the foregoing was sent via U.S. mail, postage prepaid to the following who is not an ECF registrant:

James Ezell, III # 237230
Davis Correctional Facility
6888 E. 133rd Road
Holdenville, OK 74848
Plaintiff *pro se*

/s/ Desiree D. Singer
Desiree D. Singer

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

**JAMES EZELL, III,**

                        **Plaintiff,**

**vs.**                                        **Case No. CIV-19-302-JHP-SPS**

**JAMES YATES, ET Al.,**

                        **Defendants.**

---

### DEFENDANTS' APPLICATION FOR ORDER DIRECTING PREPARATION OF *MARTINEZ* REPORT AND HOLDING IN ABEYANCE/SET DEADLINE FOR ANSWER AND/OR DISPOSITIVE MOTIONS

---

COME NOW Defendants Yates, Gentry, Underwood, Perez, Patterson, Ade, Pfaff and Hoover by and through their attorney of record Darrell L. Moore, OBA 6332 of J. Ralph Moore, P.C., hereby making application to the Court for an Order holding in abeyance Defendants' time to Answer, setting an alternate deadline for filing an answer and/or dispositive motions, and, requiring the preparation and submission of a *Special Report*. In support of this application, Defendants state as follows:

1.      Plaintiff's complaint was filed with this Court pursuant to 42 U.S.C. § 1983. Plaintiff James Ezell, III, ODOC # #237370, is a person in the custody of the Oklahoma Department of Corrections and is presently confined in a penal institution in the State of Oklahoma. Plaintiff alleges in his complaint that Defendants violated his civil rights. Specifically, Plaintiff asserts that the Defendants have violated his First, Eight and Fourteenth Amendment rights.

2.      The United States Court of Appeals for the Tenth Circuit, in Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978), held that in an inmate litigation case it was an

appropriate step for the District Court to Order prison officials to prepare an administrative record reviewing a plaintiff's allegations so as to enable the Court to decide preliminary issues.  Several years later, in <u>Hall v. Bellmon</u>, <u>935 F.2d 1106, 1109</u> (10th Cir. 1991), the Tenth Circuit Court of Appeals stated: "When the pro se plaintiff is a prisoner, a court-authorized investigation and report by prison officials (referred to as a *Martinez* report) is not only proper, but may be necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims."

3.     CoreCivic, Inc., owns and operates the Davis Correctional Facility, Holdenville, Oklahoma.  Defendants Yates, Gentry, Underwood, Perez, Patterson, Ade, Pfaff and Hoover are employed by CoreCivic at Davis Correctional Facility.  The Oklahoma Department of Corrections and CoreCivic have contracted to house prisoners at the medium security/maximum security prison facility named "Davis Correctional Facility."

4.     Defendants request the Court issue an Order directing officials responsible for the operation of Davis Correctional Facility to prepare an administrative report for submission to the Court, consistent with the <u>Martinez</u> and <u>Hall</u> holdings.  Defendants request authority to obtain and review all pertinent records including, but not limited to, medical and psychiatric records.  Defendants further request the Court issue an Order holding in abeyance further discovery and their time to file an Answer and/or file dispositive motions until such time as a *Special Report* has been prepared and filed with the Court.

WHEREFORE, premises considered, Defendants hereby request the Court enter an Order requiring and authorizing Davis Correctional Facility prison officials to prepare

and file a Special Report; and, an Order setting deadlines for the filing of an answer

and/or dispositive motion; and, for any and all further relief to which the Defendants may

be entitled.

Respectfully submitted,
Defendants Yates, Gentry, Underwood,
Perez, Patterson, Ade, Pfaff and Hoover

BY:_____
Darrell L. Moore, OBA #6332
J. Ralph Moore, PC
P.O. Box 368
Pryor, OK  74362
Tele: (918) 825-0332
Fax: (918) 825-7730
darrellmoore@jralphmoorepc.com

**C*ertificate of Service*

☐ I hereby certify that on November 22, 2019, I electronically transmitted the
attached document to the Clerk of Court using the ECF System for filing.  Based on the
records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to
the following ECF registrants: (insert names)

☑  I hereby certify that on November 22, 2019, I served the attached document by
regular US Mail on the following, who are not registered participants of the ECF System:

James Ezell, III
237370
Davis Correctional Facility
6888 E 133rd Rd
Holdenville, OK 74848

_____
DARRELL L. MOORE

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

### PRO SE PRISONER CIVIL RIGHTS COMPLAINT

JAMES EZELL III

*Plaintiff's full name (Please print)*

v.

DAMON HININGER CEO of CORE CIVIC, WARDEN JAMES
YATES of D.C.F DEPUTY WARDEN GENTRY, D.W. PEREZ

*Defendant(s)' full name (Please print)*

GRIEVANCE COORDINATOR TERRY UNDERWOOD LAW LIB-
·ARAY SUPERVIORS JESSICA PATTERSON Echo Maximum
Unit 4/M Tiffany Ade 4/M Shay Pfaff, 4 clerk Carla
Hoover "see. Attachment names", Amended names"

*For additional names please write "see attached" in the space
above and attach an additional sheet of paper with the full list
of names.* **The names listed in the above caption must be
identical to those contained in Section IV, pursuant to Fed.
R. Civ. P. 10(a).**

**Case No.** 19 cv 302 9JFP-SB

*(To be filled out by Clerk's
Office only)*

Amended

# FILED

DEC 1 8 2019

PATRICK KEANEY
Clerk, U.S. District Court

By _____
Deputy Clerk

---

### NOTICE

*Federal Rule of Civil Procedure 5.2 and Local Civil Rule 5.3 address the privacy and security
concerns resulting from public access to electronic court files. Under these rules, papers filed with
the court should not contain: an individual's full social security number or full birth date; the full
name of a person known to be a minor; or a complete financial account number. A filing may
include only: the last four digits of a social security number; the year of an individual's birth; a
minor's initials; and the last four digits of a financial account number.*

***Each claim you raise must be properly exhausted.*** *If the evidence shows that you did not fully
comply with an available prison grievance process prior to filing this lawsuit, the court may
dismiss the unexhausted claim(s) or grant judgment against you. See 42 U.S.C. 1997e(a).*

***Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other
materials to the Clerk's Office with this complaint.***

## I.   JURISDICTION

*Indicate below the federal legal basis for your claim, if known.*

☑ 42 U.S.C. § 1983 (state, county, or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)
(federal defendants)

## II.   PLAINTIFF INFORMATION

JAMES EZELL III                              JAMES R. EZELL

_____      _____
Full name                                            *Aliases*

D.O.C 23737
_____
Prisoner ID #

DAVIS CORRECTIONAL FACILITY
_____
Place of Detention/Incarnation

6888 EAST 133rd Rd
_____
Institutional Address

Holdenville              OKLA              74848
_____
City                              State                  Zip Code

## III.   PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☑ Convicted and sentenced state prisoner
☐ Convicted and sentenced federal prisoner

## IV.   DEFENDANT(S)' INFORMATION

*List the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained on the first pate. Attach additional sheets of paper as necessary.  Do not write on the backs of any additional sheets.  See Local Civil Rule 5.2(a).*

Defendant 1:   DAMON HININGER

*Full Name*

CEO OF CORE CIVIC

*Current Job Title*

10 Burton Hills Blvd.
Nashville TN 37215

*Current Work Address*

5561 Virginia Way Suite 110
Brentwood. TN. 37027

| City | State | Zip Code |
|---|---|---|

Defendant 2:   JAMES YATES

*Full Name*

WARDEN

*Current Job Title*

6888 E 133rd Rd

*Current Work Address*

Holdenville          OK          74848

| City | State | Zip Code |
|---|---|---|

Rev. 07/2019

3

Defendant 10: Scott Crow

Interim Director

3400 Martin Luther King Ave. Okla. City Ok. 73136

Defendant 11: Mark Knutson

Designee

3400 Martin Luther King Ave. Okla City Ok. 73136

Defendant 12: David Cincotta

General Counsel O.D.O.C

3400 Martin Luther King Ave. Okla City OK 73136

Defendant 13: JASON BRYANT

WARDEN

JOSEPH HARP CORR. CENTER P.O. BOX 549 LEXINGTON OK 73051

Defendant 14: R. HODGSON

CAPTAIN

J.C.C.C 216 N. Murray St. Helena OK. 73741

Defendant 15: Austin Parks

L.T.

J.C.C.C 216 N. Murray St. Helena OK. 73741

Defendant 16: Walker

Correction Officer

J.C.C.C 216 N. Murray St. Helena OK. 73741

Defendant 17: JAMES NAIL CAPTAIN

J.C.C.C 216 N. Murray St. Helena OK. 73741

Plaintiff has attached exhibits 1) J.C.C.C grievance # 18-60; exhibit 2) D.C.F grievance # 00104, exhibit 3) D.C.F grievance #00170, exhibit 4) D.C.F grievance # 00236 exhibit 5) D.C.F grievance #00144   exhibit 6) D.C.F grievance # 00299

cont. 4.

Defendant 3:       MR. GENTRY Deputy Warden ✓
_____
*Full Name*
                   DEPUTY WARDEN
_____
*Current Job Title*
                   6888 E 133rd Rd
_____
*Current Work Address*
        Holdenville            OK.            74848
_____
*City*                    *State*              *Zip Code*


Defendant 4:       MR. PEREZ   Deputy Warden ✓
_____
*Full Name*
                   DEPUTY WARDEN
_____
*Current Job Title*
                   6888 E 133rd Rd
_____
*Current Work Address*
        Holdenville            OK            74848
_____
*City*                    *State*              *Zip Code*


Defendant 5:       Ms. TERRY UNDERWOOD ✓
_____
*Full Name*
                   GRIEVANCE COORDINATOR
_____
*Current Job Title*
                   6888 E 133rd Rd
_____
*Current Work Address*
        Holdenville            OK            74848
_____
*City*                    *State*              *Zip Code*


Rev. 07/2019                                              4

Ms. Pirece %, % Mr. Vance % Mr. Bullock,
Mr. Adkins, % Mr. Andrew Smith, Sgt % Mr. Keys

**NEW DEFENDANTS ONLY !**

OKIAHOMA DEPARTMENT OF CORRECTION DIRECTOR,
SCOTT CROW, DESIGNEE MARK KNUTSON, GENERAL
COUNSEL DAVID CINCOTTA; JAMES CRABTREE
CORRECTIONAL CENTER WARDEN JASON BRYANT
CAPTAIN R. HODGSON, LT. AUSTIN PARKS %
WAIKER and Disciplinary Officer Captain
JAMES NAII, JOHN DOES, JANE DOES et.al.,

IV. ADDITIONAI DEFENDANT(S) INFORMATION

Defendant 6: JESSICA PATTERSON
            LAW LIBRARY SUPERVIOrs "MEDIMUM YARD"
            D.C.F 6888 E. 133rd Rd
            Holdenville OK 74848

Defendant 7: Tiffany Ade
            Echo Unit Manager
            D.C.F 6888 E. 133rd Rd
            Holdenville OK. 74848

Defendant 8: SHay Pfaff
            Echo Unit Case Manager
            D.C.F 6888 E. 133rd Rd
            Holdenville OK. 74848

Defendant 9: Carla Hoover
            Echo Unit Clerk/Notary Law Library
            D.C.F 6888 E. 133rd Rd
            Holdenville OK. 74848

Cont. page cover sheet.
Cont. page 4.

CONTINUE amended names D.C.F

New  Defendant 18:  Ms. Pirece
                    Correctional Officers
                    D.C.F 6888 E. 133rd Rd  Holdenville OK. 74848

New  Defendant 19:  Mr. Vance
                    Correctional Officers
                    D.C.F 6888 E. 133rd Rd  Holdenville OK. 74848

New  Defendant 20:  Mr. Bullock
                    Correctional Officers
                    D.C.F 6888 E. 133rd Rd  Holdenville OK. 74848

New  Defendant 21:  Mr. Keys
                    Correctional Officers
                    D.C.F 6888 E. 133rd Rd  Holdenville OK 74848

New  Defendant 22.  Mr. Adkins
                    Correctional Officers
                    D.C.F 6888 E. 133rd Rd  Holdenville OK. 74848


Plaintiff has attached exhibits 12a) D.C.F grievance #00342 exhibit 13a)
D.C.F grievance #00343  exhibit 14a) D.C.F grievance #00344  exhibit 15a) D.C.F
~~grievance #00~~ Offense Report  exhibit 16a) D.C.F grievance #00401  exhibit 17a) D.C.F
grievance #00342 exhibit 18) D.C.F grievance #00365, exhibit 19) affidavit
exhibit. 20) affidavit, exhibit 21) affidavit

## V.   STATEMENT OF CLAIMS

### A.  Claim 1

Date(s) of occurrence:  May. 3, 2018

Place(s) of occurrence:  JAMES CRABTREE CORRECTIONAL CENTER (J.C.CC)

*State which of your federal constitutional or federal statutory rights have been violated:*

First, Eighth, and Fourteenth Amendment Right

***Briefly*** *state the FACTS that support your case.  Provide **a short and plain statement** of how each named defendant was personally involved in the violation of your constitutional rights and why you are entitled to relief from each named defendant.  See Fed. R. Civ. P. 8(a).  Do not cite case law.*

FACTS:  On May. 3, 2018 (Captain Hodgson) directed (L.T. Parks) to grab my arm through the "foodslot" pulled twisted and bent my right arm/wrist then cuffed it to the outside of the door/ doorhandle while the rest of my body was inside the cell house in with another offender" I was sprayed stripped naked, I was wrote a misconduct name was forged by James Nall transfered to D.C.f Supermax the same day placed on F.B maximum SHU". (Warden Jason Bryant w/ James Nall.)

### B.  Claim 2

Date(s) of occurrence:  Febuary. 14, 2019, May. 6, 2018 and March 9, 2019

Place(s) of occurrence:  DAVIS CORRECTIONAL FACILITY ECHO MAXIMUM UNIT'

*State which of your federal constitutional or federal statutory rights have been violated:*

First, Sixth and Fourteenth Amendment Rights

FACTS:  Relevant issue in [D.C. 6:12-CV-00133-FHS-SPS] forms DP-030115 and [DP-030115, OP-090134] Ms. Carla Hoover was the same defendant responsible for the Echo Maximum Unit [Access to Courts]; On May.6, 2018 forms used provided on Echo Febuary 14, 2019, March. 9, 2019 provided by [Ms. Carla Hoover] Inmate Request, Request to Staff outdaked UP030115 Access To Court require it. The Actual Law Library Supervisors [Patterson] refused to contact the General Counsel to obtain Case law of-2018-34 that relates to CV-2018-2277 forged documents by (J.C.C.C).

Rev. 07/2019                                                             5

V. Cont. A. Claim I FACTS:

While cuffed to doorhandle (Captain Hodgson) reached out and pulled at plaintiff shirt and said "get naked I refused to come out SHU cell #16 without video camera present finally (Captain Nall) came and placed me in a (extra) hot shower that activate pepper spray (Captain Nall) is the Disciplinary Officer that forged plaintiff name on the O.D.O.C Deparrsion Report and forged plaintiff name on Offense Report as the investigator (CV-2018-2277 Oklahoma County) (Jesse Baker) filed charges in (Cf-2018-34 [Alfalfa County] plaintiff was transfered from medium security to supermax security based on forged documents by James Nall, 5-3-18. Plaintiff is entitle to relief because due process was violated unnecessary force was use video camera would have prevent action taken.

cont. B. Claim 2 FACTS:

[Attention] plaintiff was being allowed to speak with an Offender assigned on Echo Unit as Law Clerk from May. 2018 untrained in Law his assistance to find case law per DP-030115 was inadequate when (R.T.S) or I.R. was submitted to Law Library Supervior up on Medimum Yard plaintiff was denied access to court by Law Library Clerk posted on (Echo Unit 4/c/m Pfaff) on Echo Charlie allowed this offender to denied access (4/m Ade) allowed this offender to denied access (No Law Library Supervior) was ever posted on Echo Ms. Carla Hoover would providing wrong forms outdate assigned to acted as the (Law Library Supervior) and assigned (Notary) untrained; plaintiff would recieve retaliation from another prisoner assigned Law Clerk alleging what would happen to Snitches filling grievance plaintiff was threaten with Misconduct by (4/m Ade, 4/m Pfaff) and Medimum Yard (Law Library Supervior Ms Patterson) for lying to staff about denied access to courts from (Echo Unsupervior Law Clerk) but (never recieved Misconduct) after proof found on video footage retaliation continuaed; therefore, those were threats to prevent plaintiff from filing grievances had plaintiff lie or misconduct would been written). Page 5

### C. Claim 3

Date(s) of occurrence: April. 3, 2019 on [June 13, 2019] plaintiff signed

Place(s) of occurrence: DAVIS CORRECTIONAL FACILITY ECHO MAX UNIT EC

*State which of your federal constitutional or federal statutory rights have been violated:*

First and Fourteenth Amendment Rights

**FACTS:** See Exhibit 3a) 1 - 3a) 5
Grievance # 2019-1001-00170 was Granted by [Warden Yates] after
further investigation by [Jessica Patterson] Law Library Supervisor on Medimum
Yard plaintiff did not recieve misconduct for lying to staff, the Law Library
Clerk was removed in (Later July 2019) no Law Library Supervisor has been trained
and posted on Echo Maxmum Unit with trained Law clerks to meet and provide
what is required Grievance # 2019-1001-00236 logged retaliation by Law clerk

### D. Claim 4
See Ex. 4a)3

[June 24 2019]
Date(s) of occurrence: April. 9, 2019; [August 6, 2019] Aug. 13, 19 and [Aug. 15, 19]

Place(s) of occurrence: DAVIS CORRECTIONAL FACILITY ECHO MAX UNIT EC

*State which of your federal constitutional or federal statutory rights have been violated:*

First, Fourteenth, Sixth Amendment Rights

**FACTS:** On 6-24-19 plaintiff submitted grievance with attached request to staff to
[Ms Underwood] the R.T.S was destroy # 00267 on [Ms. Patterson] denied access to court per
order OP-03011S exhibit 10) On 8-5-2019 related grievance submitted to Ms. Underwood
exhibit 7) returned August 13, 2019 by Ms Underwood 00297 with 00299 Aug 13, 2019
with the intend to destroy grievance appeal by not providing plaintiff the grievance
restriction on Aug 13, 19 as it is dated August. 7, 2019 as 00291, 00299 has no
(mailbox rule) grievance restriction provided August. 15, 2019 it would take plaintiff 4 day
from Aug. 15, 19 to obtain Notary 6 days would have past out of time before it reach
(O.D.O.C APA) Plaintiff had grievance restriction affidavit already logged. On August.
20, 2019 and August. 21, 2019 [Ms. Hoover] refused to Notary Grievance Restriction
Affidavit per OP-090124 section IX., under direction of [Ms. Terry Underwood] GC.
Sept. 9, 2019 Original Complaint Filed

Rev. 07/2019                                                                 6

V. Cont. C. Claim 3

after plaintiff proved the Denied access to L.T. Bowman after he reviewed video footage and directed the Law Clerk to provide extra time Yo Adkins and Echo Law Clerk took the computer and refused to feed plaintiff in Cage under direction of Ym Pfoff plaintiff exhibits 1-4 were submitted on wrong forms provided by Echo Unit/ Echo Unit Ms. Hoover these form are to be made ready available through Law Library per OP030115 ACCESS TO COURT is to provide Legal Services, Functions of the Access to Courts

Echo Unit Ym Pfoff, Ym Ade Ms. Hoover as well as Medimum Yard Law Library Supervior and Warden Yales for all offender, plaintiff " OP030115 is attached to DP-090194 inadequate Law Library Services mades Offender Grievance Process inadequate.

Cont. D. Claim 4

On October. 14, 2019 doorside Echo Charlie 102 [Ms. Carla Hoover] came to EC-102 after request provided for Notary which she denied Notary again for grievance restriction affidavit stating you have filed a law suit on me before and also refuse to Notary affidavit addressed to eastern district on direction of [Diana Jones] continued to deny OP-030115 and OP-090194

On November 1, 2019 plaintiff called (Yo Ryan) to EA-219 requested him to call [Law Library Ms Patterson] Concerning my deadline under PC. 2018-819 Order that was previously provided Ms. Patterson denied Law Library access she stated PC-2018-819 Order from D.C.O.A Jan. 8, 2019 plaintiff submitted a R.T.S per DP-090194 on [November 13, 2019 defendant Jessica Patterson] wrote plaintiff a misconduct [based on his litigation 6:19-CV-302-JHP-SPS] complaint, denying Law Library access to Courts.        Cont. page 6.

E. Claim 5

Date(s) of occurrence: On June 26, 19, Sept. 12, 19, and October. 14, 2019
November. 13, 2019
Place(s) of occurrence: On Echo Maximum Unit Echo Charlie, Echo Alf

State which of your federal constitutional or federal statutory right
have been violated:

First, Sixth, Eighth and Fourteenth Amendment Rights

FACT: Echo Maximum Unit is without a Law Library that meets the requirement
established in Bound v. Smith per OP-030115 Access to Court Medimum Kard
Law Library Supervisor Ms. Patterson failed to provide correct forms on Echo Unit
Grievance Coordinator Ms. Underwood failed to provide correct forms on Echo Unit
Unit Clerk Ms. Hoover has been assigned to provide forms on EC, EB, and EA
units on Echo as well as notary per OP-030115 none of the above are
trained in Law nor is there a trianed Clerk assigned to Echo Maximum
Unit; June 24, 19 plaintiff provided grievances to mailroom superior Ms. West
with attached R.T.S on June. 24, 2019 R.T.S was destory by Ms. Underwood Ex. 11a)1
on August 20, 2019 Echo Unit assigned Notary Ms Hoover denied Notary under
direction of Ms. Underwood, Deputy Warden Perez, and Deputy Warden Gentry
as well as C.O.U.M Ms. Dorman directed Mailroom Supervisor Ms. West not to
Notary for [Echo Maximum Unit], the Law Library Supervisor Ms. Patterson is not
a Notary per OP-030115; On Sept. 12, 2019 Ms. Underwood returned 3 grievances
submitted on August. 29, 2019 through Mailroom Supervisor Ms. West verified Ex. 12a)1
EX. 13a)2 and Ex.14a)1 then retaliated on by issued misconduct on 8-29-19

page 6

cont page 7.

The above denial, destory grievance R.T.S attached DD267, DD268 and deliberately refused to logged 3 grievances submitted timely on August. 29, 2019 plaintiff right to exhaust grievances inorder to petition the government under First Amendment Right and Fourteenth Amendment Right to equal protected rights and due process; First defendant's Echo Unit team 4/m Pfaff 4/m Ade U/c Ms. Hoover deprived plaintiff from DP-D30115 access to court available forms Notary, Medimum Yard Law Library Supervisor Ms Patterson Denial of Access to Courts because she is untrianed, denial of trianed Law Clerk per Policy and Bounds v. Smith; Review Authority Grievance Coordinator Ms. Underwood directed Ms. Carla Hoover not to Notary Grievance Restriction Affidavit to prevent legal victory, equal opportunity as Medimum Yard inmates that is allowed Notary, access to court in Law Library; [Warden James Yates] letter of Grievance Restriction August. 7, 2019 Ex. 7b)1 Ex. 7b) i.d.3, EX. 7b)4 affidavit and EX. 7b)5 affidavit Ex. 7b) cont 5; [Deputy Warden Gentry] has intentionally directed Law Library Supervior to Deny access to plaintiff even with active Deadline; On November 1, 2019 [Ms Patterson] denied access to court stating plaintiff did not have deadline, on Nov. 4, 2019 plaintiff submitted R.T.S to resolve issue per OP-090124 to Law Library Supervior Ms. Patterson, November. 7, 2019 plaintiff filed Motion For appointment of Counsel in Eastern District Court in CV-19-302; on Nov. 13 2019 Ms. Patterson wrote a disciplinary offense report based on plaintiff litigation in CV-19-302 complaint filed clearly a retaliation for plaintiff First Amendment's Right and denying plaintiff access to court under D.D.O.C OP-030115 denying plaintiff his right to sixth Amendment right to counsel or represent himself through prison Library which Echo Maximum Unit denys per Bounds vi. Smith Since May 18, 2018 and on ebt August 2019 Echo inadequate Law clerk was removed due to Exhibit 2a)1 - 3a)1 see Ex 3a)5 DO170-G

cont. 6

Warden James Yates is directly responsible for assuring plaintiff a prison in custody of Oklahoma Department of Correction access to courts per OP-030115 Order from Oklahoma Court of Criminal Appeals PC-2018-819 on Jan. 8, 2019 pursuant title 28 U.S.C. § 2244 is One year limitations period in which Law Library Supervisor Ms. Patterson rejected 1) because she is untrained to be in D.C.F Law Library 2) because the assigned Law Library Clerk are untrained to assign another per OP-030115 3) Ms. Patterson directly retaliated based on Complaint filed plaintiff believe it was after Service of Summons.

On September. 9, 2019 no trained Law Library Clerk was assigned to Echo Maximum Unit by Warden Yates, Deputy Warden Gentry neither had the General Counsel David Cincotta approved one this denys offenders access to courts and offender grievance process OP-030115, OP-090124 whereas a trained Law Library Clerk is suppose to be available for offenders Mon-Friday as well as a trained Law Library Supervisor. Since plaintiff has filed grievances Ex)2-3) resulted in his overall condition becoming worse instead of better. Use of administrative remedies resulted in destroy R.T.S by Grievance Coordinator Underwood disregard proof provided by administrative reviewing Authority Knutson, plaintiff threaten with grievance restriction for logging grievance Underwood returned grievances on logged in order to cover up corruption within R.A, ARA; Therefore plaintiff is entitle to any relief requested from defendant denying plaintiff First, Sixth and Fourteenth Amendment Right at D.C.F and J.C.C.C denial of First Sixth Eighth and Fourteenth Amendment Rights

Plaintiff liberty is protected under due process and equal protection of Fourteenth from arbitrary action of government liberty creation is a statutory creation of the state.
Warden arbitrary decision to exclude a student legal assistant is unconstitutional.

cont 6,

## VI.    RELIEF REQUESTED

*Briefly state what you want the Court to do for you. Do not make legal arguments or cite cases or statutes.*

Plaintiff must first request the court to grant a preliminary injunction to prevent defendant from continued denied (access to court) discrimination and retaliatory behavior; In addition preliminary injunction to protect other offenders willing to provide affidavits in support of facts and D.C.F staff members in the middle of the directions of retaliatory action of deliberate direct wreckless behavior disregard of the risk to James with abuse of authority to prevent legal victory in petitioning the government

## VII.    PRISONER'S LITIGATION HISTORY

*The "Three Strikes Rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if the prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

Have you brought any other lawsuits in federal court while a prisoner?     ☑ Yes   ☐ No

　　　　If yes, how many?  _____3_____

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)
- Did the court assess a "Strike" or find the dismissal a "Prior Occasion" pursuant to 28 U.S.C.1915 (g).

U.S. DIST. CT. OF WESTERN DIST OF OKLA. CIV-02-913-EA(G) EZELL V. COOKE 42 U.S.C §1983 DISMISSED DID NOT APPEAL. 2) U.S DIST. CT. OF NORTHERN DIST. OF OKLA 11-CV-400-TCK-TLM EZELL V. JEFF GATWOOD, SHAWN HICKEY 42 U.S.C §1983 DISMISSED DID NOT APPEAL. 3) U.S. DIST. CT. OF EASTERN DIST. OF OKLA 6:12-CV-00133-FHS-SPS

EZELL V. WILKINSON 42 U.S.C § 1983 Appeal No. 13-7074 [MOTION ATTACHED]
Present EZELL V. DAMON CIV-19-302-JHP

_____

_____

_____

_____

## VIII.  PLAINTIFF'S DECLARATIONS:

I declare under penalty of perjury that the foregoing is true and correct.  To the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

I agree to provide the Court Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Court Clerk's Office may result in the dismissal of my case.

_____    _____11-29-19_____
Plaintiff's Signature                         Date

I further declare under penalty of perjury that I placed this complaint in the prison's legal mail system, with the correct postage attached, on the **29th** day of **Nov.**, 20**19**.

_____    _____11-29-19_____
Plaintiff's Signature                         Date

NOTE 6:12-CV-00133-FHS-SPS was Filed based on denied [access to courts]
after 2016 Echo Maximum Unit went back to same "practice" alleged in
CV-00133 now in this complaint D.C.F Echo Maximum Unit Law Library is
inadequate Warden Yates and Deputy Warden Gentry incourage Deny access to
court to prevent legal victory and retaliation).

Rev. 07/2019                                                                                          8

## Grievance Decision from Reviewing Authority

| Inmate/Offender Name: | James Ezell | | DOC Number: | 237370 |
|---|---|---|---|---|
| Receipt Date: 06-05-18 | Grievance Category Code: | 3 | Grievance Number: | JCCC-18-60 |

1. Discrimination  3. Complaint against staff   5.Disciplinary process  7.Medical        9. Records/Sentence Admin.
                                                               8.Property/Trust  10. Religion
2. Classification  4. Condition of confinement  6.Legal        Fund             11. Personal Identity

**Decision:** Mr. Ezell #237370

There is no evidence or documentation that states a use of force took place.

Relief Denied

| Reviewing Authority – Facility Health Services Admin (medical issues) | Date |
|---|---|
| *John Bryant* | 6-5-18 |
| Review Authority – Facility/District/Unit Head | Date |

I have received a copy of the decision of the reviewing authority.

| Signature of Grievant | Date |
|---|---|

| Signature of Staff Witness and Printed Name of Witness | Date |
|---|---|

You may appeal to the Administrative Review Authority or Personal Identity ARA at Department of Corrections, P.O. Box 11400, Oklahoma City, OK 73136-0400 or Medical ARA at 2901 N. Classen Blvd, Suite 200, Oklahoma City, OK 73106, within 15 <u>days</u> of the receipt of response using only DOC Form 060125V entitled "Misconduct/Grievance Appeal To Administrative Review Authority." Do not send this decision to the Administrative Review Authority or Medical ARA.

1. Original to file
2. Copy to inmate/offender

DOC 090124B (R 7/16)

EXHIBIT

NOTE: Plaintff Affidavit attach after Exhibit 1F  1 of 3  EXHIBIT (A)

1 a

#1

## INMATE/OFFENDER GRIEVANCE

Grievance no. JCCC18-100

Grievance code: 2

Response due: 6-25-18

RECEIVED JUN 04 20.. GRIEVANCE

123456 JUN 2018 RECEIVED

RECEIVED JUN 4 - 2018 LAW LIBRARY

---

DO NOT WRITE ABOVE THIS LINE

Date 5-26-18

Facility or District ODOC/J.C.C.C.

Name James Ezell
(Print)

Facility Housing Unit RHU/J.C.C.C. - DCF EC-101

ODOC Number 237310

Date "Request to Staff" response received: 5-24-18

now] Have you previously submitted a grievance on this same issue? Yes  If yes, what date 5-26-18, facility J.C.C.C., grievance # _____. You must submit this completed original within 15 days of the receipt of the response to the "Request to Staff." The "Request to Staff" must have been submitted within 7 days of the incident. Do not include/attach anything to this grievance except the "Request to Staff" including the response. You may quote from or make reference to statutes, operations, field, or administrative memoranda, department publications (time sheets, inventory forms, assessments, etc.). You will be permitted only one opportunity to correct any error(s) made in submitting your grievance.

1.  The nature of your complaint. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per grievance. Use backside of this page only, if necessary.

On May. 3, 2018 you L.T. Parks Sgt. Strenwind C/o Walker and Capt Hodgle at J.C.C.C. came to cell #16 and said give hands I said not without the carmea because DOC officers are known for killing offenders harming offenders and it policy to record cell enter cases EXCESSIVE FORCE once you L.T. Park known FORCE would be used the carmea was necessary in the event I was transfered to D.C.F Max, for the facility EXCUSE.

2.  Informal action taken (including dates) to resolve the complaint, as well as the names of those employees from whom you sought an answer to your grievance.

offender request submitted 5-5-18 on 5-6-18 followed by "RTS" which L.T. Park disregard the question EXCESSIVE FORCE was used no actions used was neccessary without any activity threats of action by offender Ezell 237310 these officers could have obtained camrea.

3.  The action you believe the reviewing authority may lawfully take.

Ⓞ C.O. L.T. Park attempts to use its not common practice at J.C.C.C. (O.D.OC) whereas, the EXCESSIVE FORCE policy requires it. The unit camera support our conversation was over it also supports the EXCESSIVE FORCE used by all officers without this video camera no move to higher security can be upheld I have a right to defend myself against dirty correction officers.

Grievance report sent to (warden/district supervisor/correctional health services administrator):

Name Jason Bryant

Title Warden

Signature of Grievant James Ezell III

Date Sent to Reviewing Authority 5-26-18

1. Original to file
2. Copy to inmate/offender

DOC 090124A (R 7/16)

JUN 4 ---

Ex 1 b

 

Please Email that Copy
Dated 5-17-18

Must Be Submitted Through the Law Library or Designee
Inmate/Offender Grievance Process
REQUEST TO STAFF

RECEIVED
MAY 14 2018

TO: L.T. Parks
(NAME AND TITLE OF STAFF MEMBER)

FACILITY/DIST/UNIT: J.C.C.C. DATE: 5-11-18
JCCC LAW LIBRARY

I have ✓ have not ___ already submitted a "Request to Staff" or grievance on this same issue.
If yes, what date: in mail / 5-5-18 facility: D.O.C. grievance #: ___
I affirm that I do ___ do not ✓ have a grievance pending on this issue. MAY 9 - 2018
I affirm that I do ___ do not ✓ have a lawsuit of any type pending that relates in any way to this issue.
If a lawsuit is pending, indicate case number and court: ___ LAW LIBRARY
This request ___ does ✓ does not relate to a pending misconduct report. If it does, this request may only be answered by the disciplinary coordinator assigned to the misconduct.

SUBJECT: State completely, but briefly, the problem on which you desire assistance. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per "Request to Staff." Your failure to specifically state your problem may result in this being returned unanswered.

On May 3 2018 You / Sgt Stanwind and Capt Hodges / unit c/o Walker RHU" came to #16 and said give me you hands" at that point I said I'm not going anywhere with you without that video cameia Capt Hodge Order grab" his arm, now I'm struggling with You L.T. Parks and c/o Walker twisting risk + arm.

(USE OTHER SIDE IF MORE SPACE IS NEEDED. DO NOT ATTACH ADDITIONAL PAGES.)

ACTION REQUESTED: State exactly how you believe your request may be handled; that is, what exactly should be done and how.

MY only question is why the video" helded recorded wasn't produced why kill me because Capt. Hodges said so "or" is it Warden Hodges why DOC POLICY WASN'T Followed under EXCESSIVE FORCE POLICY I WASN'T THROWING ANYTHING OUT THE BEANHOLE THAT CALLED FOR THAT FORCE.

NAME: James Ezell III (PRINT) DOC NUMBER: 237370 UNIT & CELL NUMBER: F-B-104

SIGNATURE: James Ezell III WORK ASSIGNMENT: ___

DO NOT WRITE BELOW THIS LINE

DISPOSITION:

It is not common practice at JCCC to bring a camera to a conversation with a upset Inmate.

RECEIVED

A. Parks COMII — 5-16-18 — MAY 21 2018

STAFF MEMBER — DATE

JCCC LAW LIBRARY

RECEIVED
Date response sent to inmate:
1. Original to file
2. Copy to inmate/offender
GRIEVANCE

RECEIVED
MAY 15 2018
VC

DOC 090124D (R 9/16)

JUN 4

Grievance sent ... Capt Hodges

EX. 1 I.d.

JOE M. ALLBAUGH
DIRECTOR

MARY FALLIN
GOVERNOR

STATE OF OKLAHOMA
OKLAHOMA DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE REVIEW AUTHORITY

JCCC 18-60

Date:        JULY 20, 2018

To:          EZELL, JAMES #237370

Location:    DCF

From:        Mark Knutson, Director's Designee   *Mark Knutson*

**Your grievance/correspondence was filed improperly for the following reason(s):**

|   |     |     |
|---|-----|-----|
|   | 1.  | No facility head response to the grievance. |
|   | 2.  | No informal action or "Request to Staff" response included. |
|   | 3.  | Out of time from date of alleged incident until filing request to staff. |
|   | 4.  | Out of time from date of response to request to staff until filing the grievance with facility head. |
|   | 5.  | Received out of time from date of facility head response |
|   | 6.  | You cannot appeal a non-response.  See OP-090124 section IV.C.11. or V.C.4. |
|   | 7.  | Inmate on grievance restriction and/or proper documentation not included. |
|   | 8.  | Must be legibly written in blue or black ink.  No pencil or other color of ink is allowed. No doodling or writing in margins. |
|   | 9.  | Attachments to the grievance/appeal (no additional pages allowed except affidavit if required). |
|   | 10. | Not an issue grievable to Oklahoma Department of Corrections (Private prison property, misconduct, litigation pending, not within/under the authority/control of the Department of Corrections, etc.) |
|   | 11. | More than 1 issue - only 1 issue allowed per grievance/Request to Staff |
|   | 12. | Not of a sensitive/emergency nature.  You must follow the standard grievance process including giving the facility an opportunity to respond. |
|   | 13. | Requests for disciplinary action against staff will not be addressed in the grievance process. |
|   | 14. | Appeal form not signed/dated. |
|   | 15. | Grievances shall not be submitted requesting monetary compensation. |
|   | 16. | The ruling of the Administrative Review Authority or Director's Designee is final. |
|   | 17. | Facility grievance number not listed on the appeal form. |
|   | 18. | Additional issues submitted in the grievance appeal and not presented in the initial grievance to the facility head for response, will not be addressed by this office. |
|   | 19. | You have failed to follow previous instructions from the reviewing authority or ARA for filing this grievance/appeal and/or properly resubmit.  **YOU ARE NOW OUT OF TIME.** |
|   | 20. | You did not provide the date that you received the reviewing authority's response on the appeal form. |
|   | 21. | This grievance is unanswerable as there are no time frames specified for the alleged action(s) to have occurred |
|   | 22. | You failed to identify your grounds for an appeal by checking one, or both boxes on the appeal form. |
|   | 23. | Your appeal must be written on the current Misconduct/Grievance Appeal form (DOC060125V effective 4/17). |
|   | 24. | You will be afforded ONE FINAL opportunity to properly resubmit your corrected grievance/appeal which must be received in ARA within ten (10) days of receipt of this form. DO NOT RETURN THIS FORM WITH YOUR CORRECTED APPEAL. |
| X | 25. | Other:  YOUR GRIEVANCE APPEAL FOR JCCC 18-60 REQUIRES FURTHER INVESTIGATION BY THIS OFFICE.  YOU WILL RECEIVE A RESPONSE ON OR BEFORE 8/24/18. |

**THIS OFFICE WILL NOT PROCESS INCOMPLETE/INACCURATE/OUTDATED APPEAL FORMS**
NOTE: Abuse of the grievance process as explained in section IX of OP-090124, will result in restrictions being imposed.

I acknowledge receipt of this response:_____ *7-23-18*_____
Inmate's signature and date

P.O. BOX 11400, OKLAHOMA CITY, OK.  73136-0400
ADMIN 1

*EXHIBIT* **1 CC**





JOE M. ALLBAUGH
DIRECTOR

MARY FALLIN
GOVERNOR



**STATE OF OKLAHOMA**
**OKLAHOMA DEPARTMENT OF CORRECTIONS**
**ADMINISTRATIVE REVIEW AUTHORITY**

July 26, 2018

EZELL, JAMES #237370
JCCC 18-60

Mr. Ezell,

Your grievance is being reviewed. Based on the information provided to this office, I have forwarded your grievance to the Warden at JCCC for further review and investigation. An amended response will be provided by the reviewing authority within twenty (20) days of receipt of this request.

If, after receiving and reviewing the amended response, you believe that you have grounds for an appeal as specified on OP-090124 entitled "Inmate/Offender Grievance Process" section VII.A., you may do so within the guidelines stipulated in policy.

Sincerely,

*Mark Knutson*

Mark Knutson, Director's Designee

The inmate/offender received a copy of this response ___7-26-18___
                                                      Signature and date

P.O. BOX 11400
OKLAHOMA CITY, OK. 73136-0400

EX. **1** d

## Misconduct/Grievance Appeal To Administrative Review Authority

Inmate Name: _James Ezell_   DOC Number: _237370_

Facility  Where  Offense/Grievance  Occurred: _____   Offense Code: _____

Date of misconduct violation:_____

☐ Facility Misconduct Appeal Number _____

☑ Facility Grievance Appeal Number _J.C.C.C 18-60_

I received the response of the reviewing authority at the facility on: _June 8, 2018_

Fill out this form in blue or black ink. Writing must be legible. I wish to appeal the reviewing authority's response to the misconduct/grievance on the following ground(s) only. DO NOT ATTACH ANY OTHER PAGES. (Use ONLY the back side of this page, if necessary). Your appeal will be returned to you unanswered if any other pages are submitted.

☑ Newly discovered/available evidence not considered by the reviewing authority, relevant to the issue, necessary for a proper decision, and why the evidence was not previously available which if considered may alter the decision (you must clearly state the newly discovered/available evidence); or

☑ Probable error committed by the reviewing authority in the decision such as would be grounds for reversal (you must clearly state the error committed by the reviewing authority, including citing the part of procedures or statutes not followed by the reviewing authority).

**Response:**

_____
_____
_____
_____
_____
_____
_____

I understand that in accordance with OP-060125/OP-090124, I will be charged $2 to appeal a misconduct/grievance to the Administrative Review Authority or Chief Medical Officer, and that this form is also a request for disbursement of funds from my trust fund draw account.  If I do not have enough funds to cover this cost, the amount will be collected as soon as funds become available.

_James Ezell_   _June 8, 2018_
Signature of Inmate    Date

DOC 060125V (R 4/17)

Ex 1 e
Back side

Case 6:19-cv-00302-JFH-JAR Document 56 Filed 12/10/19 Page 7 of 12
Appellate Case: 23-7007   Document: 010110842420   Date Filed: 04/12/2023   Page: 68
Copy mail 1 of 2
8-16-18
68
OK City

available evidence

On 5-3-18 L.T. Parks and Capt. Hodgson violated the Policy on "force" now J.C.C.C. amended grievance # 18-60 from (1) lie to another First no evidence of excessive Force was used.

→ L.T. Parks admitted offender Mr. Ezell requested the camera" upon Capt. Hodgson present offender Ezell requested the camera advising Capt. Hodgson I was not going anywhere with him without the camera, the camera was not available because these J.C.C.C officers of Oklahoma Department of Correction refused to follow the same Policy Private Prison are required to follow, (O.D.O.C.) must follow

→ J.C.C.C. "Reviewing Authority" attempts to change the first lie from no evidence of excessive force, the evidence of how serious the force was or threats made are moot without video camera hand held, "Spontaneous" use of forces are usually used on offenders that are violently in the act however, the RHU cameras on 5-3-18 support none of that. ever happened For Capt. Hodgson to Spontaneously attack offender Ezell # 237370 on 5-3-18 because he said Im not going anywhere with you Capt. Hodgson without a "camera" "excessive force require camera to record the events" and to prevent dirty officers from lying, Killing offenders, even more (injury) offenders".

the Policy of Max Offenders any and all offenders "housed in restricted housing" both offenders must be cuffed before door opens; therefore any Force used in RHU is considered excessive and Policy are set for officers that work under O.D.OC" the officers were twisting offender arm and risk the injury support (excessive Force) So Oklahoma Department of Correction allow prison officials to lie, then lie again to attempt to cover up that the Policy of that camera exid exist. Policy must be followed planned or not. Capt. Hodgson Order L.T. Parks to spray offender pulled the door back close when opened if that not excessive Capt Hodgson has threaten to harm me.

(Amended) - JCCC 18-60

## Grievance Decision from Reviewing Authority

| | | | |
|---|---|---|---|
| Inmate/Offender Name: James Ezell | | DOC Number: 237370 | |
| Receipt Date: 06-05-18 | Grievance Category Code: 3 | Grievance Number: JCCC 18-60 | |

| | | | | |
|---|---|---|---|---|
| 1. Discrimination | 3. Complaint against staff | 5.Disciplinary process | 7.Medical | 9. Records/Sentence Admin. |
| 2. Classification | 4. Condition of confinement | 6.Legal | 8.Property/Trust Fund | 10. Religion 11. Personal Identity |

**Decision:  Amended Response:  Mr. Ezell #237370**

A camera was not available due to the use of force being spontaneous and not planned.  OC spray was utilized in compliance with OP 050108 and the level of force was not excessive.

Relief Denied

Reviewing Authority – Facility Health Services Admin (medical issues)   Date

_Jam Bryant_

Review Authority – Facility/District/Unit Head   Date
_7-26-18_

I have received a copy of the decision of the reviewing authority.

_James E. Ice_

Signature of Grievant   Date
_8-6-18_

Signature of Staff Witness and Printed Name of Witness   Date

You may appeal to the Administrative Review Authority or Personal Identity ARA at Department of Corrections, P.O. Box 11400, Oklahoma City, OK 73136-0400 or Medical ARA at 2901 N. Classen Blvd, Suite 200, Oklahoma City, OK 73106, within 15 <u>days</u> of the receipt of response using only DOC Form 060125V entitled "Misconduct/Grievance Appeal To Administrative Review Authority."  Do not send this decision to the Administrative Review Authority or Medical ARA.

1. Original to file
2. Copy to inmate/offender

DOC 090124B (R 7/16)

EXHIBIT

1e

DcF

ΣΣΙΟΙ

JOE M. ALLBAUGH
DIRECTOR

MARY FALLIN
GOVERNOR



STATE OF OKLAHOMA
OKLAHOMA DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE REVIEW AUTHORITY

August 22, 2018

EZELL, JAMES #237370
JCCC 18-60

OP-090124 entitled, "Inmate/Offender Grievance Process" states in part, "The inmate/offender may appeal the reviewing authority's response to the grievance on the following grounds only:"

1. Newly discovered/available evidence not considered by the reviewing authority, relevant to the issue, necessary for a proper decision, and why the evidence was not previously available which if considered may alter the decision. The inmate/offender must clearly state the newly discovered/available evidence.

2. Probable error committed by the reviewing authority in the decision such as would be grounds for reversal. The inmate/offender must clearly state the error committed by the reviewing authority, including the specific section of procedures or statutes not followed by the reviewing authority."

In your grievance appeal, you did check number one and two but did not substantiate your appeal nor did you substantiate your appeal with any authority for an error. As such, there has been nothing offered to the Director which indicates the reviewing authority's response is not proper. Therefore, the reviewing authority's response is affirmed and relief is denied. The inmate/offender will have satisfied the exhaustion of administrative remedies required by 57 O.S. § 564. However, the grievance procedure does not satisfy the additional requirements for exhaustion of administrative remedies required by the Governmental Tort Claims Act, 51 O.S. § 151 et seq.

Sincerely,

Mark Knutson, Director's Designee

I acknowledge receipt of this response: _____8̶7̶3̶1̶8̶ mailed on 8̶-2̶1̶ 8-16_____
Inmate's signature and date

P.O. BOX 11400
OKLAHOMA CITY, OK. 73136-0400

E
X
H
I
B
I
T

1 f

IN THE UNITED STATES DISTRICT COURT, FOR
THE ___EASTERN___ DISTRICT OF ___OKLAHOMA___

STATE OF OKLAHOMA )
                  )  SS. 19-CV-302-JHP-585
COUNTY OF ___Hughes___ )

SWORN AFFIDAVIT OF ___JAMES EZELL___ # 237370

I, ___James Ezell___ being of lawful age duly sworn according to law gives the following statement under oath to-wit:

(1) The affiant states that he was housed at [J.C.C.C.], James Crabtree Correctional facility Center in Helena OK from abt. September 2016 until ___May. 3, 2018___ affiant states he was placed on [J.C.C.C.] SHU Jan. 23, 2018 cellphone misconduct and signed a medium security transfer packet around end of febuary 2018, begining of March. 2019.

(2) Affiant further states on May. 3, 2018 affiant asked to speak with and officer Unit Officer c/o Walker left food port open call another officer Correctional Officer L.T. Parks and sat on flour next to SHU cell 16 food port obt. 10:30am or 11:00 on May. 3, 2018 addressing the bad water we are being force to drink, how other people were transfering before affiant and his transfer packet was signed first and denial of access to courts L.T. Parks left and came back shorly with Capt. ___Hodgson___ the Captain stated stick your hands out I stated to Capt. ___Hodgson___ I am not going anywhere with you with video footages the Capt. then directed other officers L.T. Parks and c/o Walker to grab his arm, the affiant's right arm was out the food port these officers were pull and bending

EXHIBIT (A)

1 of 3

75

while affiant was yelling in the events affiant cellmate tried to help affiant. I right handed and his right arm was pulled to his left side of his body by L.T Parks and C/o Walker on SHU, affiant asserts that although officers refuse to provide hand held videofootage SHU has a video camera at each end of that unit...

(3) Affiant further states officers cuff affiant hand to door handle left and then came back and opened the door while affiant was cuffed removed affiant cellmate afterward Capt. Hodgson pulled at affiant shirt and stated take them off then removed rest of affiant personal thing from the cell, then closed the door and left affiant right arm cuff to that door handle abt. 15 to 20min maybe longer until they returned uncuffed affiant from door, and spray affiant and left Capt. Hodgson continued to return to SHU cell #16 without video footage finally Capt. Hodgson returned with medical staff and Mental Health Mr. Harris inwhich affiant stated without handheld videofootage at that point Mr. Harris stated to Capt. Hodgson the Capt. refused handheld videofootages.

(4) Affiant continued to request the disciplinary officer James Nall was the only was I would move from that cell James Nall came to SHU on May. 3, 2018 and stated come out and shower you are being transfered today affiant then stated I requested videofootage I request the camera and a hearing on any misconduct Mr. Nall said ok to affiant come on a shower so you can be transfered affiant was then taken to the shower by James Nall and another sgt. were the water was so hot affiant could not shower Capt. James Nall pushed other shower bottom still the showers burned affiant body after the shower Capt. James Nall took me to a holding cell behind SHU control at that point he went in control before officers could uncuff affiant Mr. Nall had a Class A misconduct and a Class X misconduct and paper affiant/offender are to sign when requesting a hearing per O.D.O.C policy——cont.

2 of 3

Offiant did not sign section 11 or plea guilty on this
Disciplinary Report Filed May. 3, 2018 sign off by James Nall
and Jason Bryant then transfered affiant to D.C.F on May. 3, 2018
from James Crabtree Correctional Center were he was
placed on Fox Bravo and on May. 9, 2018 D.C.F provided a
custudy assessment recommending affiant be override to
maxium security with medium points on May. 10, 2018 affiant
was place on Echo Charlie EC-101.

(5) Affiant further states L.T. Parks %o Walker pulled affiant
right arm to his left side of his body on May. 3, 2018 and
affiant have requested videofacage for start James Nall
mark off the not guilty of Class A offense report forged
affiant name refused to let affiant mark off not guilty
on Class X forged name in Section 11

(6) Affiant further contends DAVIS CORRECTIONAL FACILITY
is under contract of Department of Correction, and General
Counsel David Cincotta is over Law Library at (D.C.F) were
affiant has been retaliated on by Luw bibray Supervior Ms.
Patterson Law Library Clerk Tommy Raven, 2 John Doe Law Library
Clerk, %c Boggs, %m Pfaff and %m Ade Echo Max ULC members
%o Ms. Pirece, %o Adkin and Law Clerk Raven, %o Vance, %o Bullock
Grievance Cord. Ms Terry Underwood and D.D.O.C Mark Knoston
and in addition affiant would state James Crabtree Correctional
Center Filed Charges on affiant because No Misconduct was
supported by policy

/S/ James Egxxxx

Subscribed and sworn to before me this 13 of AUGUST 20 19
Notary Public /S/ xxxxxxxx
My Commission expires 4·15-2023

CARLA HOOVER
NOTARY
# 11003473
EXP. 04/15/23
STATE OF OKLAHOMA

## GRIEVANCE RETURNED UNANSWERED

Received:

$EC_{101}$

*James Ezell III*
Inmate signature

3-18-19
Date

**DATE:** March 13, 2019
**TO:** Ezell, James, #237370
**FROM:** James Yates, Warden
**Received:** February 26, 2019
**RE:** Return of Grievance # 2019-1001-00104-G

*YOUR GRIEVANCE IS BEING RETURNED UNANSWERED BECAUSE OF THE FOLLOIWNG:*

☐ You have not filed your grievance within the specified time frame. *(CANNOT RESUBMIT)*

　☐ The "Request to Staff" must be submitted **within seven (7) days of the incident.**

　☐The inmate/offender grievance must be submitted by the inmate/offender 15 days from the
　　**date of the receipt of the response to the "Request to Staff."**

☐ An **ANSWERED** Request to Staff form addressed to the **correct staff member** must be attached.

☐ The Request to Staff issue is not consistent with the issue requested on the Grievance.

☐ **Inmate Request forms are not utilized in the Grievance Process.**

☐ You have not completed the **Grievance form correctly, in its entirety, or on the correct form.**

☐ Grievances submitted must be **legibly written or typed, in blue or black ink. No pencil,
highlighter, or other color of ink is allowed.** No drawing, decorating, doodling, or making
comments, in the margins of the pages is permitted.

☒ The Grievance must be specific as to the **Complaint, Dates, Places, Personnel Involved
and How the Inmate was Affected**.

☐ Classification Movement requests to transfer to another facility, are not grievable to DOC.

☐ If there has not been response to your Request to Staff in 30 days, but no later than 60 days, of
submission, the inmate may file a grievance to the reviewing authority with **a copy of the "Request
to Staff" attached to the grievance form. (Ask the law library supervisor for a copy of the RTS.)
The grievance form may only be filed about the lack of response to the "Request to Staff."**

☐ Only **ONE ISSUE OR INCIDENT is** allowed per grievance.

☐ You are on **Grievance Restriction**, proper documentation was not included.

☐ It has been determined that the grievance is not of an **Emergency or Sensitive** nature. the grievance
is being returned and you must comply with the standard grievance process.

Note: Exhibit B) affidavit 1 of 8 Echo Unit Team staff in Authority
over plaintiff also Exhibit C) 1 of 2 affidavit The 10th cir
could review this unprofessional behavior by c/m allow by w/m
discrimination and deterance from filing complaint. See before Ex.6a)1

E
X
H
i
B
i
T

3/18

(2)
(a)
74
1

Page 2 of 2

☐ **NOT A GRIEVABLE ISSUE. Section-09 Programs Page: 4 OP-090124 Effective Date: 10/18/2017**
1. Misconduct reports received through the agency disciplinary procedures may not be appealed through the grievance process. Misconduct reports may only be appealed through the disciplinary appeal process as referenced in OP-060125 entitled "Inmate/Offender Disciplinary Procedures."

☐ **NOT A GRIEVABLE ISSUE. Section-09 Programs Page: 4 OP-090124 Effective Date: 10/18/2017**
2. Grievances shall not be submitted about matters that are in the course of litigation.

☐ **NOT A GRIEVABLE ISSUE. Section-09 Programs Page: 4 OP-090124 Effective Date: 10/18/2017**
3. Grievances shall not be submitted that include requests for disciplinary action against staff.

☐ **NOT A GRIEVABLE ISSUE. Section-09 Programs Page: 4 OP-090124 Effective Date: 10/18/2017**
4. Grievances shall not be submitted requesting monetary compensation.

☐ **NOT A GRIEVABLE ISSUE. Section-09 Programs Page: 4 OP-090124 Effective Date: 10/18/2017**
5. Property issues at privately contracted facilities are to be resolved by the privately contracted facility and are not grievable or appealable to ARA.

☐ Property issues may be addressed by utilizing the requirements of CCA Policy 14-6: Inmate Resident Property (Property Claim 14-6D and Appeal 14-6E).

☐ **ABUSE OF THE GRIEVANCE PROCESS**
**Section-09 Programs Page: 17 OP-090124 Effective Date: 10/18/2017**
A. Determining Abuse of the Grievance Process
1. The appropriate reviewing authority may determine there is abuse or misuse of the grievance process and may restrict the inmate's/offender's ability to submit a grievance. Types of abuse, include, but are not limited to: (PREA 115.52(g))
☐ a. Grievances intended to harass another;
☐ b. The continual and repeated submitting of frivolous grievances (frivolous grievances are those with no basis in fact or law);
☐ c. The repeated submitting of grievances or "Requests to Staff" about an issue previously addressed by staff in their written response;
☐ d. Grievances about de minimis (small, trifling, no available remedy) issues;
☐ e. Repetitive grievances by multiple inmates/offenders about the same issue;
☐ f. An inmate/offender writing letters instead of utilizing the grievance process and failing to bring complaints by formal grievance;
☐ g. Continued procedural defects, such as submitting additional pages, after having been previously warned.
☐ **Because of continued abuse of the grievance process this serves as an official warning.**

☒ You will be afforded the opportunity to properly re-submit an *ORIGINAL GRIEVANCE* within **10 days** of receipt of this notice **WITH THE NOTED CORRECTIONS COMPLETED.** The failure of such waives/forfeits the right to proceed in the grievance process.

☐ Due to your continued failure to submit a properly filed grievance, you are now **OUT OF TIME**.

☒ Other: *ISSUE IS UNCLEAR WHAT YOU ARE WANTING.*

EXHIBIT 2a) 75

INMATE/OFFENDER GRIEVANCE **RECEIVED**

Grievance no. 2018-1001-00104-G

Feb 26 2019

Grievance code: 6

**GRIEVANCE**

Response due: 3/18/19

**DO NOT WRITE ABOVE THIS LINE**

Date 2-25-19                     Facility or District D.C.F-Echo

Name James Ezell III             Facility Housing Unit Echo Charlie
(Print)

ODOC Number 237370               Date "Request to Staff" response received: 2-22-19

Have you previously submitted a grievance on this same issue? NO   If yes, what date ____, facility ____, grievance # ____. You must submit this completed original within 15 days of the receipt of the response to the "Request to Staff." The "Request to Staff" must have been submitted within 7 days of the incident. Do not include/attach anything to this grievance except the "Request to Staff" including the response. You may quote from or make reference to statutes, operations, field, or administrative memoranda, department publications (time sheets, inventory forms, assessments, etc.). You will be permitted only one opportunity to correct any error(s) made in submitting your grievance.

1. The nature of your complaint. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per grievance. Use backside of this page only, if necessary. Respectfully AS (RTS) state D.O.C. OP-060125 [Range of allowed sanction] FINES ARE NOT TO BE IMPOSED AS A sanction if charges ARE being filed Against the inmate [Title 22 §504.1.D.] Quash of the information. [No] case law is Available for offenders here at D.C.F Through [OP-030115 Access To Court] supporting the violation of Fifth Amend. U.S.C. Art. 2 §27; Okla Stat. Tit. 22 §504.1 (Set aside information Double Jeopardy Affice DOC prosecution 20⁰⁰ fine imposed sanction.

2. Informal action taken (including dates) to resolve the complaint, as well as the names of those employees from whom you sought and answer to your grievance.
Inmate Request to Li.L Supervisor Ms Patterson on 2-6-2019 advising of OP-030115 Access To Court Recommending Contact General Counsel to obtain unpublished opinions
Inmate Request to Li.L Supervisor Ms Patterson on 2-14-2019 after Assistance From Echo Law Clerk Mr. Raven Reseach on L.R.C
Mr. Ezell submitted RTS to Law Library Supervisors whom responsible For [OP-030115]

3. The action you believe the reviewing authority may lawfully take.
Mr. Ezell is clear on OP-060125 [RANGE of Allowable sanction] Fine imposed 20⁰⁰ Title [22 §504.1.D.] Alfalfa County is without authority of D.O.C. policy OP-060125. Obtaining the Case law the D.I.F Law Clerk are suppose to have access to provided Assistance to P.C.F offenders Access to Court OP-030115 General Counsel Mr.Ezell prose cf-2018-34
Grievance report sent to (warden/district supervisor/correctional health services administrator):

Name Mr. James Yates          Title Warden

Signature of Grievant James Ezell     Date Sent to Reviewing Authority 2-25-19

DOC 090124A (R 7/16)

1. Original to file
2. Copy to inmate/offender

EXHIBIT 2a) 3

# GRIEVANCE RETURNED UNANSWERED

Received:

_refused    4-9-19_

**Inmate signature**

_____

**Date**

DATE:        March 28, 2019
TO:          Ezell, James, #237370
FROM:        James Yates, Warden
Received:    March 21, 2019
RE:          Return of Grievance # 2019-1001-00104-G

## _YOUR GRIEVANCE IS BEING RETURNED UNANSWERED BECAUSE OF THE FOLLOIWNG:_

☐  You have not filed your grievance within the specified time frame.  _**(CANNOT RESUBMIT)**_

   ☐ The "Request to Staff" must be submitted **within seven (7) days of the incident.**

   ☐The inmate/offender grievance must be submitted by the inmate/offender 15 days from the
      **date of the receipt of the response to the "Request to Staff."**

☐  An **ANSWERED** Request to Staff form addressed to the **correct staff member** must be attached.

☐  The Request to Staff issue is not consistent with the issue requested on the Grievance.

☐  **Inmate Request forms are not utilized in the Grievance Process.**

☐  You have not completed the **Grievance form correctly, in its entirety, or on the correct form.**

☐  Grievances submitted must be **legibly written or typed, in blue or black ink. No pencil,**
   **highlighter, or other color of ink is allowed.** No drawing, decorating, doodling, or making
   comments, in the margins of the pages is permitted.

☒  The Grievance must be specific as to the **Complaint, Dates, Places, Personnel Involved**
   **and How the Inmate was Affected.**

☐  Classification Movement requests to transfer to another facility, are not grievable to DOC.

☐  If there has not been response to your Request to Staff in 30 days, but no later than 60 days, of
   submission, the inmate may file a grievance to the reviewing authority with **a copy of the "Request**
   **to Staff" attached to the grievance form. (Ask the law library supervisor for a copy of the RTS.)**
   **The grievance form may only be filed about the lack of response to the "Request to Staff."**

☐  Only **ONE ISSUE OR INCIDENT** is allowed per grievance.

☐  You are on **Grievance Restriction**, proper documentation was not included.

☐  It has been determined that the grievance is not of an **Emergency or Sensitive** nature. the grievance
   is being returned and you must comply with the standard grievance process.

EXHIBIT 26)1

Page 2 of 2

☐ **NOT A GRIEVABLE ISSUE. Section-09 Programs Page: 4 OP-090124 Effective Date: 10/18/2017**
1. Misconduct reports received through the agency disciplinary procedures may not be appealed through the grievance process. Misconduct reports may only be appealed through the disciplinary appeal process as referenced in OP-060125 entitled "Inmate/Offender Disciplinary Procedures."

☐ **NOT A GRIEVABLE ISSUE. Section-09 Programs Page: 4 OP-090124 Effective Date: 10/18/2017**
2. Grievances shall not be submitted about matters that are in the course of litigation.

☐ **NOT A GRIEVABLE ISSUE. Section-09 Programs Page: 4 OP-090124 Effective Date: 10/18/2017**
3. Grievances shall not be submitted that include requests for disciplinary action against staff.

☐ **NOT A GRIEVABLE ISSUE. Section-09 Programs Page: 4 OP-090124 Effective Date: 10/18/2017**
4. Grievances shall not be submitted requesting monetary compensation.

☐ **NOT A GRIEVABLE ISSUE. Section-09 Programs Page: 4 OP-090124 Effective Date: 10/18/2017**
5. Property issues at privately contracted facilities are to be resolved by the privately contracted facility and are not grievable or appealable to ARA.

☐ Property issues may be addressed by utilizing the requirements of CCA Policy 14-6: Inmate Resident Property (Property Claim 14-6D and Appeal 14-6E).

☐ **ABUSE OF THE GRIEVANCE PROCESS**
**Section-09 Programs Page: 17 OP-090124 Effective Date: 10/18/2017**
A. Determining Abuse of the Grievance Process
1. The appropriate reviewing authority may determine there is abuse or misuse of the grievance process and may restrict the inmate's/offender's ability to submit a grievance. Types of abuse, include, but are not limited to: (PREA 115.52(g))
☐ a. Grievances intended to harass another;
☐ b. The continual and repeated submitting of frivolous grievances (frivolous grievances are those with no basis in fact or law);
☐ c. The repeated submitting of grievances or "Requests to Staff" about an issue previously addressed by staff in their written response;
☐ d. Grievances about de minimis (small, trifling, no available remedy) issues;
☐ e. Repetitive grievances by multiple inmates/offenders about the same issue;
☐ f. An inmate/offender writing letters instead of utilizing the grievance process and failing to bring complaints by formal grievance;
☐ g. Continued procedural defects, such as submitting additional pages, after having been previously warned.
☐ **Because of continued abuse of the grievance process this serves as an official warning.**

☐ You will be afforded the opportunity to properly re-submit an *ORIGINAL GRIEVANCE* within **10 days** of receipt of this notice **WITH THE NOTED CORRECTIONS COMPLETED.** The failure of such waives/forfeits the right to proceed in the grievance process.

☒ Due to your continued failure to submit a properly filed grievance, you are now **OUT OF TIME**.

☒ Other: *No specific date of incident.*

EXHIBIT 26

INMATE/OFFENDER GRIEVANCE **RECEIVED**

Grievance no. 2019-1001-00104-G

Grievance code: 16

Response due: 4/9/19

MAR 21 2019

**GRIEVANCE**

---

**DO NOT WRITE ABOVE THIS LINE**

Date 3-18-19                         Facility or District   D.C.F Echo

Name  James Ezell III                Facility Housing Unit   Echo Charlie
(Print)

ODOC Number 237370                   Date "Request to Staff" response received: 2-22-19

Have you previously submitted a grievance on this same issue? __yes__ If yes, what date 2-25-19, facility
__D.C.F__, grievance #1001-00104G You must submit this completed original within 15 days of the receipt of the
response to the "Request to Staff." The "Request to Staff" must have been submitted within 7 days of the incident.
Do not include/attach anything to this grievance except the "Request to Staff" including the response. You may
quote from or make reference to statutes, operations, field, or administrative memoranda, department publications
(time sheets, inventory forms, assessments, etc.). You will be permitted only one opportunity to correct any
error(s) made in submitting your grievance.

1.   The nature of your complaint. This statement must be specific as to the complaint, dates, places,
     personnel involved, and how you were affected. One issue or incident per grievance. Use backside of
     this page only, if necessary. Mr. Ezell and D.C.F L.L Echo Clerk Searched L.R.C Before Motion
Filed in cf 2018-34 Alfalfa County Dec. 14, 2018 pursuant to [D.O.C.] OP-060125 [range of allowed
sanction] fine imposed 20.00 disciplinary procedure [Title. 22 504.1.D] on Jan. 26, 2019 Judge Justin
Eilers dismissed Dec. 14, 2018 Motion Filed because no [Case Law] supported [D.O.O.C] Policy. OP 030115
Access to court here at D.C.F after research before Dec. 14, 2018 and after research Jan. 26 2019
[NO] case law was available on D.C.F L.R.C both Mr. Ezell and Echo Law Clerk Raven Searched

2.   Informal action taken (including dates) to resolve the complaint, as well as the names of those employees
     from whom you sought an answer to your grievance.
Inmate Request was clear to L.L. Supervisor to contact general counsel per OP-
030115 to obtain unavailable [Case Law] 2-6-2019 Ms. Patterson refused
Offender Mr. Ezell then provided R.T.S To L.L Ms Patterson on 2-14-2019 clearly advising
her to provide [Case Law] that was unavailable on L.R.C. disregarding to contact the
[D.O.C] general counsel per policy OP-030115
Y/c Boggs addressed, Case Manager Pfaff addressed before Feb. 25 2019 Filed grievance

3.   The action you believe the reviewing authority may lawfully take.
I feel that I was clear OP-060125 [Range of allowed sanction] Fine imposed 20.00
Title 22 § 504.1.D. prohibits Alfalfa County from charges. However, after research of
D.C.F L.R.C with Echo Law Clerk Mr. Raven [NO] Case Law was available. Therefore, it was
Ms. Patterson Responsibility to ~~Counsel~~ Contact General Counsel to provide [Case Law] as I
                                                                                        Requested.
Grievance report sent to (warden/district supervisor/correctional health services administrator):
     Mr. James Yates                              Warden

Name  James Ezell III              Title  3-19-19
Signature of Grievant              Date Sent to Reviewing Authority

DOC 090124A (R 7/16)

1. Original to file
2. Copy to inmate/offender

EXHIBIT 2b) 79

18

**Must Be Submitted Through the Law Library or Designee**
**Inmate/Offender Grievance Process**
**REQUEST TO STAFF**

TO: <u>Law Library Ms Petterson</u>   FACILITY/DIST/UNIT: <u>D.C.F</u>   DATE: <u>2-14-19</u>
(NAME AND TITLE OF STAFF MEMBER)

I have <u>✓</u> have not _____ already submitted a "Request to Staff" or grievance on this same issue.   **RECEIVED**
If yes, what date: <u>I.R. 2-6-2019</u> facility: <u>D.C.F</u> grievance #: _____
I affirm that I do ___ do not <u>✓</u> have a grievance pending on this issue.   FEB 2 1 2019
I affirm that I do ___ do not <u>✓</u> have a lawsuit of any type pending that relates in any way to this issue.
If a lawsuit is pending, indicate case number and court: _____ BY: _____
This request _____ does <u>✓</u> does not relate to a pending misconduct report. If it does, this
request may only be answered by the disciplinary coordinator assigned to the misconduct.

SUBJECT: State completely, but briefly, the problem on which you desire assistance. This statement
must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One
issue or incident per "Request to Staff." Your failure to specifically state your problem may result in this
being returned unanswered.

<u>D.O.C OP-060125 [RANGE OF ALLOWABLE SANCTION] i.d. At page 7; clearly</u>
<u>States: Fines Are Not to be imposed As A Sanction if charges Are being</u>
<u>Filed Against the inmate. Title 22 § 504. I.D. Quash of the information</u>
<u>No Case Law supported through D.O.C OP-030115 Access to Court AT D.C.F</u>
(USE OTHER SIDE IF MORE SPACE IS NEEDED. DO NOT ATTACH ADDITIONAL PAGES.)

ACTION REQUESTED: State exactly how you believe your request may be handled; that is, what exactly
should be done and how.
<u>The Fifth Amendment to U.S Constitution Article 2 section 21; Oklahoma</u>
<u>Statutes title 22 section 504.1 [set Aside information] Double Jeopardy</u>
<u>After DOC prosecution 20.00 [Not enough in ALFALFA County to Dismiss</u>
<u>WITHOUT [CASE LAW] D.C.F Law Library does not provided, PROVIDE IT!</u>
THANK YOU

NAME: <u>James Ezell</u>   DOC NUMBER: <u>237376</u> UNIT & CELL NUMBER: <u>EC-101</u>
(PRINT)

SIGNATURE: <u>James Ezee III</u>   WORK ASSIGNMENT: _____

**DO NOT WRITE BELOW THIS LINE**

DISPOSITION:
<u>Look up on LRC. If such exists it will be on</u>
<u>the LRC.</u>
<u>Thank You</u>
FEB 21 ANS'D

STAFF MEMBER _____ DATE _____

**RECEIVED** FEB 21 ANS'D   **RECEIVED** FEB 26 20__

Date response sent to inmate: _____ 2019
1. Original to file
2. Copy to inmate/offender
**GRIEVANCE**

DOC 090124D (R 9/16)

**GRIEVANCE**

EXHIBIT 2b) 90

Writ 4/30/19



EC /02

JOE M. ALLBAUGH
DIRECTOR

J. KEVIN STITT
GOVERNOR

STATE OF OKLAHOMA
OKLAHOMA DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE REVIEW AUTHORITY

DCF 19-104

Date:      APRIL 29, 2019

To:        EZELL, JAMES #237370

Location:  DCF

From:      Mark Knutson, Director's Designee    *Mark Knutson*

**Your grievance/correspondence was filed improperly for the following reason(s):**

|   |     |                                                                                                                                              |
|---|-----|----------------------------------------------------------------------------------------------------------------------------------------------|
|   | 1.  | No facility head response to the grievance.                                                                                                  |
|   | 2.  | No informal action or "Request to Staff" response included.                                                                                   |
|   | 3.  | Out of time from date of alleged incident until filing request to staff.                                                                      |
|   | 4.  | Out of time from date of response to request to staff until filing the grievance with facility head.                                          |
| X | 5.  | Received out of time from date of facility head response.                                                                                      |
|   | 6.  | You cannot appeal a non-response. See OP-090124 section IV.C.11. or V.C.4.                                                                     |
|   | 7.  | Inmate on grievance restriction and/or proper documentation not included. See OP-090124, section IX.B.2.                                       |
|   | 8.  | Must be legibly written in blue or black ink. No pencil or other color of ink is allowed. No doodling or writing in margins.                   |
|   | 9.  | Attachments to the grievance/appeal (no additional pages allowed except affidavit if required).                                               |
|   | 10. | Not an issue grievable to Oklahoma Department of Corrections (Private prison property, misconduct, litigation pending, not within/under the authority/control of the Department of Corrections, etc.) |
|   | 11. | More than 1 issue - only 1 issue allowed per grievance/Request to Staff                                                                        |
|   | 12. | Not of a sensitive/emergency nature. You must follow the standard grievance process including giving the facility an opportunity to respond.   |
|   | 13. | Requests for disciplinary action against staff will not be addressed in the grievance process.                                                 |
|   | 14. | Appeal form not signed/dated.                                                                                                                  |
|   | 15. | Grievances shall not be submitted requesting monetary compensation.                                                                            |
|   | 16. | The ruling of the Administrative Review Authority or Director's Designee is final.                                                             |
|   | 17. | Facility grievance number not listed on the appeal form.                                                                                       |
|   | 18. | Additional issues submitted in the grievance appeal and not presented in the initial request to staff or grievance to the facility head for response, will not be addressed by this office. |
|   | 19. | You have failed to follow previous instructions from the reviewing authority or ARA for filing this grievance/appeal and/or properly resubmit. YOU ARE NOW OUT OF TIME. |
|   | 20. | You did not provide the date that you received the reviewing authority's response on the appeal form.                                          |
|   | 21. | This grievance is unanswerable as there are no time frames specified for the alleged action(s) to have occurred                                |
|   | 22. | You failed to identify your grounds for an appeal by checking one, or both boxes on the appeal form.                                           |
|   | 23. | Your appeal must be written on the current Misconduct/Grievance Appeal form (DOC-090125) effective 4/17).                                      |
|   | 24. | You will be afforded ONE FINAL opportunity to properly resubmit your corrected grievance/appeal which must be received in ARA within ten (10) days of receipt of this form. DO NOT RETURN THIS FORM WITH YOUR CORRECTED APPEAL. |
|   | 25. | Other:                                                                                                                                         |

THIS OFFICE WILL NOT PROCESS INCOMPLETE/INACCURATE/OUTDATED APPEAL FORMS
NOTE: Abuse of the grievance process as explained in section IX of OP-090124, will result in restrictions being imposed.

I acknowledge receipt of this response    5-21-19
                                          Inmate's signature and date

P.O. BOX 11400, OKLAHOMA CITY, OK. 73136-0400

E
X
H
I
B
I
T

(2)b5

EXHAUSTED

**DAVIS CORRECTIONAL FACILITY**

# Inmate Accounting Transaction Receipt

Today's Date: 05/15/2019   3:06:14PM

EZELL, JAMES RICKEY                                                                E/EC/102/B

Agency # 237370              Perm # 1155321

| | |
|---|---|
| Transaction Date: 05/15/2019 09:18 | Deposit From/Withdrawal To: DCF 19-104 ARA 4/26/19 |
| Transaction Type: CR - GRIEVANCE FEES/FINES | Document Locator Number: |
| Amount: $ 2.00 | Case/Order Number: |
| Check Number: | Memo: |
| Receipt Number: 13307336 | Batch Verifying Officer: ACCOUNTING STAFF |
| Adding Officer: ACCOUNTING STAFF | Batch Number: |
| Card #: | Address: , |
| Beginning Balance: $ 0.00 | |
| Ending Balance: $ 0.00 | |

| Cost Recovery Collected: | To Cost Recovery: |
|---|---|
| | $2.00  CR - GRIEVANCE FEES/FINES |

STATE OF OKLAHOMA )
COUNTY OF Hughes ) SS.

SWORN AFFIDAVIT OF James Ezell

I James Ezell being of lawful age duly sworn according to law gives the following statement under oath to-wit:

1. The affiant states that on 2/25/19, were affiant directed the Law Library Supervisor to contact General Counsel on DOC 090124A CR 7/16 form based on denial of assistance from train Law Clerk as it related to affiant cf. 2018-34 ALFALFA COUNTY and CIV-2018-2277 Oklahoma County case, and the affiant re-submitted above grievance with specific date was Dec. 14. 18 Filed motion from provided information from D.C.F Law Library, Law clerk disregaurd of affiant requested case law again Filed on the DOC 090124A (R 7/16), the retaliation begin after he filed this grievance on 2/25/19 and refiled on 3/18/19 affiant was retaliated on 3/1/19 by c/o Adkins refusing to feed affiant in Echo Law Library Case /s/ James Ezell '19

Subscribed and Sworn to this 27 of August 2019
Notary Public /s/ [signature]        Date 8-27-2019

Inmate Accounting Transaction Receipt    Commt# 11003419

[Notary seal: CARLA HOOVER, NOTARY, # 11003473, EXP. 04/15/23, STATE OF OKLAHOMA]

EXHIBIT 2b)

# GRIEVANCE RETURNED UNANSWERED

Received:

*James Ezell Tell*

**Inmate signature**

*4-19-19*

**Date**

**DATE:** April 17, 2019
**TO:** Ezell, James, #237370
**FROM:** James Yates, Warden
**Received:** April 03, 2019
**RE:** Return of Grievance # 2019-1001-00170-G

*YOUR GRIEVANCE IS BEING RETURNED UNANSWERED BECAUSE OF THE FOLLOIWNG:*

☐  You have not filed your grievance within the specified time frame. *(CANNOT RESUBMIT)*

   ☐ The "Request to Staff" must be submitted **within seven (7) days of the incident.**

   ☐The inmate/offender grievance must be submitted by the inmate/offender 15 days from the **date of the receipt of the response to the "Request to Staff."**

☐  An **ANSWERED** Request to Staff form addressed to the **correct staff member** must be attached.

☐  The Request to Staff issue is not consistent with the issue requested on the Grievance.

☐  **Inmate Request forms are not utilized in the Grievance Process.**

☐  You have not completed the **Grievance form correctly, in its entirety, or on the correct form.**

☐  Grievances submitted must be **legibly written or typed, in blue or black ink. No pencil, highlighter, or other color of ink is allowed.** No drawing, decorating, doodling, or making comments, in the margins of the pages is permitted.

☒  The Grievance must be specific as to the **Complaint, Dates, Places, Personnel Involved and How the Inmate was Affected**.

☐  Classification Movement requests to transfer to another facility, are not grievable to DOC.

☐  If there has not been response to your Request to Staff in 30 days, but no later than 60 days, of submission, the inmate may file a grievance to the reviewing authority with **a copy of the "Request to Staff" attached to the grievance form. (Ask the law library supervisor for a copy of the RTS.) The grievance form may only be filed about the lack of response to the "Request to Staff."**

☐  Only **ONE ISSUE OR INCIDENT** is allowed per grievance.

☐  You are on **Grievance Restriction**, proper documentation was not included.

☐  It has been determined that the grievance is not of an **Emergency or Sensitive** nature. the grievance is being returned and you must comply with the standard grievance process.

EXHIBIT

(3)
(a)
1



C. Claim 3

☐ **NOT A GRIEVABLE ISSUE.** Section-09 Programs Page: 4 OP-090124 Effective Date: 10/18/2017
1. Misconduct reports received through the agency disciplinary procedures may not be appealed through the grievance process. Misconduct reports may only be appealed through the disciplinary appeal process as referenced in OP-060125 entitled "Inmate/Offender Disciplinary Procedures."

☐ **NOT A GRIEVABLE ISSUE.** Section-09 Programs Page: 4 OP-090124 Effective Date: 10/18/2017
2. Grievances shall not be submitted about matters that are in the course of litigation.

☐ **NOT A GRIEVABLE ISSUE.** Section-09 Programs Page: 4 OP-090124 Effective Date: 10/18/2017
3. Grievances shall not be submitted that include requests for disciplinary action against staff.

☐ **NOT A GRIEVABLE ISSUE.** Section-09 Programs Page: 4 OP-090124 Effective Date: 10/18/2017
4. Grievances shall not be submitted requesting monetary compensation.

☐ **NOT A GRIEVABLE ISSUE.** Section-09 Programs Page: 4 OP-090124 Effective Date: 10/18/2017
5. Property issues at privately contracted facilities are to be resolved by the privately contracted facility and are not grievable or appealable to ARA.

☐ Property issues may be addressed by utilizing the requirements of CCA Policy 14-6: Inmate Resident Property (Property Claim 14-6D and Appeal 14-6E).

☐ **ABUSE OF THE GRIEVANCE PROCESS**
**Section-09 Programs Page: 17 OP-090124 Effective Date: 10/18/2017**
A. Determining Abuse of the Grievance Process
1. The appropriate reviewing authority may determine there is abuse or misuse of the grievance process and may restrict the inmate's/offender's ability to submit a grievance. Types of abuse, include, but are not limited to: (PREA 115.52(g))
☐ a. Grievances intended to harass another;
☐ b. The continual and repeated submitting of frivolous grievances (frivolous grievances are those with no basis in fact or law);
☐ c. The repeated submitting of grievances or "Requests to Staff" about an issue previously addressed by staff in their written response;
☐ d. Grievances about de minimis (small, trifling, no available remedy) issues;
☐ e. Repetitive grievances by multiple inmates/offenders about the same issue;
☐ f. An inmate/offender writing letters instead of utilizing the grievance process and failing to bring complaints by formal grievance;
☐ g. Continued procedural defects, such as submitting additional pages, after having been previously warned.
☐ **Because of continued abuse of the grievance process this serves as an official warning.**

☐ You will be afforded the opportunity to properly re-submit an **_ORIGINAL GRIEVANCE_** within **10 days** of receipt of this notice **WITH THE NOTED CORRECTIONS COMPLETED.** The failure of such waives/forfeits the right to proceed in the grievance process.

☐ Due to your continued failure to submit a properly filed grievance, you are now **OUT OF TIME**.

☒ Other: **_Grievance is unclear to request._**

EXHIBIT 3a) 2

INMATE/OFFENDER GRIEVANCE    RECEIVED

APR 03 2023

GRIEVANCE

Grievance no. _2019-1001-00170-G7_

Grievance code: _____ G

Response due: _4/22/2019_

**DO NOT WRITE ABOVE THIS LINE**

Date  _3-28-19_                          Facility or District   _D.C.F_

Name  _James Ezell_                      Facility Housing Unit   _Echo Max_
          (Print)
ODOC Number _237376_                     Date "Request to Staff" response received: _Mar. 27, 2019_

Have you previously submitted a grievance on this same issue? _No_  If yes, what date _____, facility
_____, grievance # _____. You must submit this completed original within 15 days of the receipt of the
response to the "Request to Staff". The "Request to Staff" must have been submitted within 7 days of the incident.
Do not include/attach anything to this grievance except the "Request to Staff" including the response. You may
quote from or make reference to statutes, operations, field, or administrative memoranda, department publications
(time sheets, inventory forms, assessments, etc.). You will be permitted only one opportunity to correct any
error(s) made in submitting your grievance.

1.    The nature of your complaint.  This statement must be specific as to the complaint, dates, places,
      personnel involved, and how you were affected. One issue or incident per grievance. Use backside of
      this page only, if necessary. See OP-030115 V.O.O.C POLICY ACCESS TO COURT, OP-030115 III.(A.)
I had no issues with denied access until grievance # 1001-00104-G, on Feb. 25, 2019; I was denied
my 6hrs wk of March. 6, 2019 inwhich Echo law Clerk lied to Case Manager Pfaff W/M Ade L.T. Bowman
that Mr. Ezell had been recieving deadline 6hrs as well as lied to L.L.S Ms Patterson; Then See
March.11, 2019 6hrs provided, this denied access happened, happens, because no Law Library
Superviors is posted on Echo Max per OP-030115 III. A. For Supervision of L.L. and [inmates]..

2.    Informal action taken (including dates) to resolve the complaint, as well as the names of those employees
      from whom you sought an answer to your grievance.
On Feb. 25, 2019 I address 4/c Ms. Boggs she said Echo Law Clerk is L.L. Superivors
Responsebility.
    On Feb. 25, 2019 I attempted to address C/m Pfaff he refused to address
    On Mar. 14, 2019 I addressed 4/m Ade on the denied access above
    On Mar. 9, 2019 I addressed A.W Gentry whom follated to Ms. Patterson L.L.S.
    On Mar. 13, 2019 I addressed the Superivor over L.L. Ms. Patterson, Mr. Grant..

3.    The action you believe the reviewing authority may lawfully take.
    See OP-030115 III.(A) is clear someone trained will Superivor the law library and [inmates]
Mon.-Friday no staff member trained to maintain Law Library is posted on Echo Max to
Superivor Echo Law Clerk Raven to prevent lies to staff, denied access To Courts however,
D.C.F has two other staff members trained per OP-03015 that could be posted to assist Superivor.

Grievance report sent to (warden/district supervisor/correctional health services administrator):
      _Mr. James Yates_                         _Warden_
Name                                      Title
      _James Ezelle III_                        _3-29-19_
Signature of Grievant                     Date Sent to Reviewing Authority

DOC 090124A (R 7/16)

1. Original to file
2. Copy to inmate/offender

EXHIBIT 3a) 3    85

2019-1776

## Must Be Submitted Through the Law Library or Designee
### Inmate/Offender Grievance Process
### REQUEST TO STAFF

TO: _Ms Patterson L.L_     FACILITY/DIST/UNIT: _D.C.F_    DATE: _3-9-19_
(NAME AND TITLE OF STAFF MEMBER)

I have _✓_ have not _____ already submitted a "Request to Staff" or grievance on this same issue.
If yes, what date: _March 6, 2019_ facility: _D.C.F_   grievance #: ~~RECEIVED~~
I affirm that I do ____ do not _✓_ have a grievance pending on this issue.   MAR 13 2019
I affirm that I do ____ do not _✓_ have a lawsuit of any type pending that relates in any way to this issue.
If a lawsuit is pending, indicate case number and court: _____
This request _____ does _✓_ does not relate to a pending misconduct report. If it does, this
request may only be answered by the disciplinary coordinator assigned to the misconduct.

SUBJECT:   State completely, but briefly, the problem on which you desire assistance. This statement
must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One
issue or incident per "Request to Staff." Your failure to specifically state your problem may result in this
being returned unanswered.

_See OP-030115 III. A Supervision of the law library and [inmates], Echo L Clerk Raven_
_is unsupervisors denying offenders on EC then lying to law library Supervisors on Medium_
_Yard. Raven denied EC Access on Mon. 4th - Tues 5th 2019 I personally as C/o Boyd why_
_I was not in Law Library Cage he said L.Clerk Raven said he wasn't doing EC]...._
(USE OTHER SIDE IF MORE SPACE IS NEEDED.  DO NOT ATTACH ADDITIONAL PAGES.)

ACTION REQUESTED: State exactly how you believe your request may be handled; that is. what exactly
should be done and how. _Since no Echo L.L Supervisors as above states one need to be placed to supervisor_
_[inmates] working as Law Library Clerk on Echo to prevent denied Access by Raven_
_because offenders complain about getting their access; Reviewing video and asking_
_C/o Boyd would support Law Clerk lied offender did not refuse to did not deny it.. Nor_
_did security.._
NAME: _James Ezell II_     DOC NUMBER: _237370_   UNIT & CELL NUMBER: _EC-101_
(PRINT)
SIGNATURE: _James Ezell II_     WORK ASSIGNMENT: _____

### DO NOT WRITE BELOW THIS LINE

DISPOSITION: _Sir I'm showing on my records that you had_
_3hrs and 15min on 3/10/19 and 1ehrs on 3/11/19._
_I instructed him that there is to be staff present when speaking_
_with you._       _3/18/19_

_____       _____
STAFF MEMBER                      DATE

RECEIVED
MAR 13 2019

Date response sent to inmate: _MAR 19 ANS'D_
1. Original to file
2. Copy to inmate/offender   recieved _____ _3-27-19 J.E._

DOC 090124D (R 9/16)

EXHIBIT 3a) 486

24

EC 102

## Grievance Decision from Reviewing Authority

| Inmate/Offender Name: | Ezell, James | | DOC Number | 237370 |
|---|---|---|---|---|
| Receipt Date: | 04/03/2019 | Grievance Category Code:   6 | Grievance Number: | 2019-1001-00170-G |

| 1. Discrimination | 3. Complaint against staff | 5.Disciplinary process | 7.Medical        9. Records/Sentence Admin. |
|---|---|---|---|
| 2. Classification | 4. Condition of confinement | 6.Legal | 8. Property/Trust |
| | | | Fund  10.Religion 11.Personal Identity |

Decision:

Inmate Ezell complained that the law clerk on Echo unit denied him access to the law library cage on 3/4/19 and 3/5/19. He requested that a trained staff member be posted on the Echo unit to supervise the law clerk.

After further review of the matter, Jessica Patterson, Law Library Supervisor responded that I/M Ezell used the computer in the law library cages 3 hours and 15 minutes on 3/6/19 and 6 hours on 3/11/19. This exceeds the amount of time that the inmates are allowed to use the computers. The Law Library cannot guarantee an inmate will use the computers on a specific day. It depends on the pod schedule for that day. The law clerk has been instructed not to speak to I/M Ezell unless a staff member is present.

Inmate Ezell's **RELIEF IS GRANTED.**

Reviewing Authority – Facility Health Services Admin (medical issues)    Date

X _____    X 6/12/19
Review Authority – Facility/Unit Head                Date

I have received the copy of the response of the reviewing authority.

James Ezell III                6/13/19
Signature of Grievant            Date

_____        _____
Signature of Staff Witness and Printed Name of Witness    Date

You may appeal to the Administrative Review Authority or Personal Identity ARA at Department of Corrections, P.C Box 11400, Oklahoma City, OK 73136-0400 or Medical ARA at 2901 N. Classen Blvd, Suite 200, Oklahoma City, OI 73106, within 15 days of the receipt of response using only DOC Form 060125V entitled "Misconduct/Grievance Appea to Administrative Review Authority." Do not send this decision to the Administrative Review Authority or Medical ARA
1. Original to file
2. Copy to inmate/offender                DOC 090124B (R 4/19)

EXHIBIT



JOE M. ALLBAUGH
DIRECTOR

J. KEVIN STITT
GOVERNOR



**STATE OF OKLAHOMA**
**OKLAHOMA DEPARTMENT OF CORRECTIONS**
**ADMINISTRATIVE REVIEW AUTHORITY**

May 14, 2019

EZELL, JAMES #237370
DCF 19-170

Mr. Ezell,

Your grievance is being reviewed. Based on the information provided to this office, I have forwarded your grievance to the Warden at DCF for further review and investigation. An amended response will be provided by the reviewing authority within twenty (20) days of receipt of this request.

If, after receiving and reviewing the amended response, you believe that you have grounds for an appeal as specified on OP-090124 entitled "Inmate/Offender Grievance Process" section VII.A., you may do so within the guidelines stipulated in policy.

Sincerely,

*Mark Knutson*

Mark Knutson, Director's Designee

The inmate/offender received a copy of this response ___5-23-19___
                                                    Signature and date

EXHIBIT 3b) 1

EC 102

SCOTT CROW
INTERIM DIRECTOR

J. KEVIN STITT
GOVERNOR



STATE OF OKLAHOMA
OKLAHOMA DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE REVIEW AUTHORITY

July 8, 2019

EZELL, JAMES #237370
DCF 19-170

OP-090124 entitled, "Inmate/Offender Grievance Process" states in part, "The inmate/offender may appeal the reviewing authority's response to the grievance on the following grounds only:"

1. Newly discovered/available evidence not considered by the reviewing authority, relevant to the issue, necessary for a proper decision, and why the evidence was not previously available which if considered may alter the decision. The inmate/offender must clearly state the newly discovered/available evidence.

2. Probable error committed by the reviewing authority in the decision such as would be grounds for reversal. The inmate/offender must clearly state the error committed by the reviewing authority, including the specific section of procedures or statutes not followed by the reviewing authority."

In your grievance appeal, you did check number one and two but did not substantiate your appeal nor did you substantiate your appeal with any authority for an error. As such, there has been nothing offered to the Director which indicates the reviewing authority's response is not proper. Therefore, the reviewing authority's response is affirmed. The inmate/offender will have satisfied the exhaustion of administrative remedies required by 57 O.S. § 564. However, the grievance procedure does not satisfy the additional requirements for exhaustion of administrative remedies required by the Governmental Tort Claims Act, 51 O.S. § 151 et seq.

Sincerely,

Mark Knutson, Director's Designee

I acknowledge receipt of this response: _____7-9-2019_____

Inmate's signature and date

P.O. BOX 11400
OKLAHOMA CITY, OK. 73136-0400

E
X
H
I
e
I
T

(3)

EXHAUSTED
EXHIBIT 3b) 2

**DAVIS CORRECTIONAL FACILITY**

## Inmate Accounting Transaction Receipt

Today's Date: 08/13/2019  12:35:03PM

| | |
|---|---|
| **EZELL, JAMES RICKEY** | E/EC/102/B |
| Agency # 237370          Perm # 1155321 | |

| | |
|---|---|
| Transaction Date: 08/13/2019  09:14 | Deposit From/Withdrawal To: DCF 19-170  ARA 6/27/19 |
| Transaction Type: CR - GRIEVANCE FEES/FINES | Document Locator Number: |
| Amount: $ 2.00 | Case/Order Number: |
| Check Number: | Memo: |
| Receipt Number: 14264837 | Batch Verifying Officer: ACCOUNTING STAFF |
| Adding Officer: ACCOUNTING STAFF | Batch Number: |
| Card #: | Address: , |
| Beginning Balance: $ 0.00 | |
| Ending Balance: $ 0.00 | |

| Cost Recovery Collected: | To Cost Recovery: |
|---|---|
| | $2.00  CR - GRIEVANCE FEES/FINES |

STATE OF OKLAHOMA )
COUNTY OF Hughes ) SS.

  SWORN AFFIDAVIT OF  James Ezell

 I  James Ezell  being of lawful age duly sworn according to law gives the following statement under oath to-wit:

 1. The affiant states first the Law Library Supervior held R.T.S past time frame time intentionally to default affiant 4/o signed 3-27-19 recieved date affiant further states D.C.F grievance coordinator Ms. Underwood marked boxs ~~same~~ same as 19-104 on same forms D.O.C 090104A (R 7/16) and D.O.C 090104D (R 9/16) affiant would assert OP-030115 Access to court continued to be denied by D.C.F Law Library Supervior Ms Patterson Appeal To Administrative Reviewing Authority Ordered Amended response May. 14, 2019 on 6/13/19 affiant recieved Amended response No Trained Supervior posted on Echo No trained Law Clerk posted without retaliatory action to affiant the Relief Granted was untrue. Exhausted on 7/8/19 ——————— is/ Jam Ez 19
Subscribed and Sworn to this 27 of AUGUST 2019
Notary Public is/ [signature]  Date 8-27-2019
    Comm. ## 11003473

Inmate Accounting Transaction Receipt

E
X
H
I
B
I
T

EXHIBIT 3b) 90

# GRIEVANCE RETURNED UNANSWERED

**Received:**

_FC 02_

_Jamal_ _____
**Inmate signature**

**6-6-19**
**Date**

**DATE:** May 29, 2019
**TO:** Ezell, James, #237370
**FROM:** James Yates, Warden
**Received:** April 25, 2019
**RE:** Return of Grievance # 2019-1001-00236-G

_YOUR GRIEVANCE IS BEING RETURNED UNANSWERED BECAUSE OF THE FOLLOIWNG:_

☐ You have not filed your grievance within the specified time frame.  _(CANNOT RESUBMIT)_

  ☐ The "Request to Staff" must be submitted **within seven (7) days of the incident.**

  ☐ The inmate/offender grievance must be submitted by the inmate/offender 15 days from the
    **date of the receipt of the response to the "Request to Staff."**

☐ An **ANSWERED** Request to Staff form addressed to the **correct staff member** must be attached.

☐ The **Request to Staff** issue is not consistent with the issue requested on the **Grievance.**

☐ **Inmate Request forms are not utilized in the Grievance Process.**

☒ You have not completed the **Grievance form correctly, in its entirety, or on the correct form.**

☐ Grievances submitted must be **legibly written or typed, in blue or black ink. No pencil,
  highlighter, or other color of ink is allowed.** No drawing, decorating, doodling, or making
  comments, in the margins of the pages is permitted.

☒ The Grievance and Request to staff **MUST BE SPECIFIC** as to the **Complaint, Dates, Places,
  Personnel Involved and How the Inmate was Affected.**

☐ Classification Movement requests to transfer to another facility, are not grievable to DOC.

☐ If there has not been response to your Request to Staff in 30 days, but no later than 60 days, of
  submission, the inmate may file a grievance to the reviewing authority with **a copy of the "Request
  to Staff" attached to the grievance form. (Ask the law library supervisor for a copy of the RTS.)
  The grievance form may only be filed about the lack of response to the "Request to Staff."**

☐ Only **ONE ISSUE OR INCIDENT** is allowed per **Grievance** and **Request to Staff.**

☐ You are on **Grievance Restriction**, proper documentation was not included.

☐ It has been determined that the grievance is not of an **Emergency or Sensitive** nature. The grievance
  is being returned and you must comply with the standard grievance process.

EXHIBIT



5/14 (4)ª
1

Page 2 of 2

☐ **Section-09 Programs Page: 4 OP-090124 Effective Date: 04/11/2019**
**B. Non-grievable Issues**
1. Misconduct reports received through the agency disciplinary procedures may not be appealed through the grievance process. Misconduct reports may only be appealed through the disciplinary appeal process as referenced in OP-060125 entitled "Inmate/Offender Disciplinary Procedures."

☐ 2. Grievances shall not be submitted:

    ☐ (a) about matters that are in the course of litigation;

    ☐ (b) about matters that include requests for disciplinary action against staff;

    ☐ (c) requesting monetary compensation; or

    ☐ (d) For property issues at privately contracted facilities. These are to be resolved by the privately contracted facility and are not grievable or appealable to ARA.

☐ Property issues may be addressed by utilizing the requirements of CCA Policy 14-6: Inmate Resident Property (Property Claim 14-6D and Appeal 14-6E).

☐ **Section-09 Programs Page: 18 OP-090124 Effective Date: 04/11/2019**
**A. Determining Abuse of the Grievance Process**
1. The appropriate reviewing authority may determine there is abuse or misuse of the grievance process and may restrict the inmate's/offender's ability to submit a grievance. Types of abuse, include, but are not limited to: (PREA 115.52(g))
☐ a. Grievances intended to harass another;
☐ b. The continual and repeated submitting of frivolous grievances (frivolous grievances are those with no basis in fact or law);
☐ c. The repeated submitting of grievances or "Requests to Staff" about an issue previously addressed by staff in their written response;
☐ d. Grievances about de minimis (small, trifling, no available remedy) issues;
☐ e. Repetitive grievances by multiple inmates/offenders about the same issue;
☐ f. An inmate/offender writing letters instead of utilizing the grievance process and failing to bring complaints by formal grievance;
☐ g. Continued procedural defects, such as submitting additional pages, after having been previously warned.
☐ **Because of continued abuse of the grievance process this serves as an official warning.**

☒ You will be afforded the opportunity to properly re-submit an ***ORIGINAL GRIEVANCE*** within **10 days** of receipt of this notice **WITH THE NOTED CORRECTIONS COMPLETED.** The failure of such waives/forfeits the right to proceed in the grievance process.

☐ Due to your continued failure to submit a properly filed grievance, you are now **OUT OF TIME**.

☒ Other: ***You did not list a specific date of incident on your RTS. Your grievance form is out of date.***

Compare Ex. 3a)1 and Ex. 4a)2    EXHIBIT 4a) 2

INMATE/OFFENDER GRIEVANCE

**RECEIVED**

APR 25 2019

**GRIEVANCE**

Grievance no. 2019-1001-00236-G

Grievance code: 3

Response due: 5/14/19

---

DO NOT WRITE ABOVE THIS LINE

Date **April 19 2019**

Name (Print) **James Ezell II**

ODOC Number **237370**

Facility or District **D.C.F**

Facility Housing Unit **Echo Charlie**

Date "Request to Staff" response received: **4-15-19**

Have you previously submitted a grievance on this same issue? **No** If yes, what date _____, facility _____, grievance # _____. You must submit this completed original within 15 days of the receipt of the response to the "Request to Staff." The "Request to Staff" must have been submitted within 7 days of the incident. Do not include/attach anything to this grievance except the "Request to Staff" including the response. You may quote from or make reference to statutes, operations, field, or administrative memoranda, department publications (time sheets, inventory forms, assessments, etc.). You will be permitted only one opportunity to correct any error(s) made in submitting your grievance.

1. The nature of your complaint. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per grievance. Use backside of this page only, if necessary. On March 15, 2019 I was placed on Law Library List for Make-up hrs. that's Friday, Echo Charlie Cages from denied Access previous dates; On March 19, 2019 I was pulled for L/L New week per OP-030115 Access to Court deadline/procedure Court Rule) entitle Mr. Ezell to 6hrs D.O.C Policy, 9am-12 % Adkin attempted to use denial of my lunch meal, to deny my Access to courts, per OP-030115 9am-3pm is abt 6hr per wk. C/o Adkin denied lunch and dinner on March. 19, 19 in violation of U.S.C 5th Amendment to Cru] and Unusual punishment in Retaliation.

2. Informal action taken (including dates) to resolve the complaint, as well as the names of those employees from whom you sought an answer to your grievance.
   on. 3-19-19 I address issue with C/m Pfaff he expressed NO CONCERN left for the day
   on, 3-19-19 I address issue with L.T. Bowden he actually allowed advised must address Law Library
   on, 3-21-19 I address L/L Supervisor Ms. Patt Patterson
   on 3-19-19 I.R. request submitted to C/o Adkin refused to respond
   on 3-19-19 I.R. submitted to C/o Moore Rec team

3. The action you believe the reviewing authority may lawfully take.
   No Staff member could violate offenders 8th Amendment Right as it relates to Denied lunch and dinner meal of offenders in Echo Max Law Library Cages.. C/o Adkin attempted to use denial of Mr. Ezell's food or any other offenders Food can not be denied in relation to Access to Court OP-030115

Grievance report sent to (warden/district supervisor/correctional health services administrator):

Name **James Yates**

Signature of Grievant **James Ezell**

Title **Warden**

Date Sent to Reviewing Authority **April 19 2019**

DOC 090124A (R 7/16)

1. Original to file
2. Copy to inmate/offender

EXHIBIT 4a) 3    93



**Must Be Submitted Through the Law Library or Designee**
**Inmate/Offender Grievance Process**
**REQUEST TO STAFF**

TO: _C/o Adkin_ _____ FACILITY/DIST/UNIT: _D.C.F/_ DATE: _3-26-19_
    (NAME AND TITLE OF STAFF MEMBER)

---

I have ___✓___ have not _____ already submitted a "Request to Staff" or grievance on this same issue.
If yes, what date: _3-19-19_ facility: _D.C.F_ grievance #: _____
    APR 03 2019
I affirm that I do ___ do not ___✓ have a grievance pending on this issue.
I affirm that I do ___ do not ___✓ have a lawsuit of any type pending that relates in any way to this issue.
    BY:_____
If a lawsuit is pending, indicate case number and court:
This request _____ does ___✓ does not relate to a pending misconduct report. If it does, this
request may only be answered by the disciplinary coordinator assigned to the misconduct.

---

SUBJECT: State completely, but briefly, the problem on which you desire assistance. This statement
must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One
issue or incident per "Request to Staff." Your failure to specifically state your problem may result in this
being returned unanswered.

_I have submitted Inmates Request you and Echo law clerk_
_denied my access to court per OP-030115 Monday-Friday deadline_
_Court imposed, you and Case manager Staff denied my lunch and_
_dinner in Law Library Cases in retaliation because I persude to expose_
_denied 4L_ (USE OTHER SIDE IF MORE SPACE IS NEEDED. DO NOT ATTACH ADDITIONAL PAGES.)
ACTION REQUESTED: State exactly how you request may be handled; that is, what exactly
should be done and how.
_I expect now to explain your action to deny my_
_food especially without the Case Manager attempt to address_

---

NAME: _James Ezell_ _____ DOC NUMBER: _737370_ UNIT & CELL NUMBER: _EC1-01_
    (PRINT)
SIGNATURE: _James Ezell_ _____ WORK ASSIGNMENT: _____

---

**DO NOT WRITE BELOW THIS LINE**

DISPOSITION:
_Due to the fact you denial to go back to your cell you refused your_
_meals._

_J. Culk_ _____     _4-12-19_

STAFF MEMBER          DATE      **RECEIVED**

Date response sent to inmate: _____    APR 12 2019
1. Original to file                  APR 25 2019   DOC 090124D (R 7/16)
2. Copy to inmate/offender                **GRIEVANCE**

EXHIBIT 4g) 4   94

2L-102

SCOTT CROW
INTERIM DIRECTOR



J. KEVIN STITT
GOVERNOR

**STATE OF OKLAHOMA**
**OKLAHOMA DEPARTMENT OF CORRECTIONS**
**ADMINISTRATIVE REVIEW AUTHORITY**

DCF 19-236

Date:       JULY 9, 2019

To:         EZELL, JAMES #237370

Location:   DCF

From:       Mark Knutson, Director's Designee   *Mark Knutson*

Your grievance/correspondence was filed improperly for the following reason(s):

|   |     |                                                                                                                                                                                              |
|---|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|   | 1.  | No reviewing authority response to the grievance.                                                                                                                                            |
|   | 2.  | No informal action, Request to Staff response included.                                                                                                                                      |
|   | 3.  | Out of time from date of alleged incident until filing Request to Staff.                                                                                                                     |
|   | 4.  | Out of time from date of response to Request to Staff until filing the grievance with the reviewing authority.                                                                              |
|   | 5.  | Received out of time from date of the reviewing authority's response.                                                                                                                        |
|   | 6.  | You cannot appeal a non-response. See OP-090124 section V.B.1.b.(8) (Request to Staff) or VI.C.4. (grievance).                                                                               |
|   | 7.  | Inmate on grievance restriction and/or proper documentation not included. See OP-090124, section X.B.2.a.                                                                                   |
|   | 8.  | Must be legibly written in blue or black ink. No pencil or other color of ink is allowed. No doodling or writing in margins.                                                                |
|   | 9.  | Attachments to the grievance/appeal (no additional pages allowed except affidavit if required).                                                                                             |
|   | 10. | Not an issue grievable to Oklahoma Department of Corrections (Private prison property, misconduct, litigation pending, not within/under the authority/control of the Department of Corrections, etc.) |
|   | 11. | More than one issue or the complaint and relief requested are not consistent on the Request to Staff and grievance.                                                                         |
|   | 12. | Not of a sensitive/emergency nature. You must follow the standard grievance process including giving the reviewing authority an opportunity to respond.                                     |
|   | 13. | Requests for disciplinary action against staff or monetary compensation will not be addressed in the grievance process.                                                                     |
|   | 14. | Appeal form not signed/dated.                                                                                                                                                                |
|   | 15. | The ruling of the Administrative Review Authority or Director's Designee is final.                                                                                                          |
|   | 16. | Facility grievance number not listed on the appeal form.                                                                                                                                    |
| X | 17. | Additional issues submitted in the grievance appeal and not presented in the initial grievance to the reviewing authority for response will not be addressed by this office.                |
| X | 18. | You have failed to follow previous instructions from the reviewing authority or ARA for filing this grievance and/or properly resubmit. **YOU ARE NOW OUT OF TIME TO PROPERLY FILE YOUR GRIEVANCE.** |
|   | 19. | You did not provide the date that you received the reviewing authority's response on the appeal form.                                                                                       |
|   | 20. | This grievance is unanswerable as there are no time frames specified for the alleged action(s) to have occurred                                                                             |
|   | 21. | You failed to identify your grounds for an appeal by checking one, or both boxes on the appeal form.                                                                                        |
|   | 22. | Your appeal must be written on the Misconduct/Grievance Appeal form (DOC060125Veffective 4/19).                                                                                             |
|   | 23. | You will be afforded ONE FINAL opportunity to properly resubmit your corrected grievance appeal which must be received in ARA within ten (10) days of receipt of this form. **DO NOT RETURN THIS FORM WITH YOUR CORRECTED APPEAL.** |
| X | 24. | Other: **YOU FAILED TO PROPERLY RESUBMIT YOUR REQUEST TO STAFF WITH THE REQUIRED INFORMATION AS PER OP-090124, SECTION V.B.1.a.(1).**                                                        |

THIS OFFICE WILL NOT PROCESS INCOMPLETE/INACCURATE/OUTDATED APPEAL FORMS
NOTE: Abuse of the grievance process as explained in section IX of OP-090124, will result in restrictions being imposed.

I acknowledge receipt of this response:_____ 8-2-19 _____
                                              Inmate's signature and date

P.O. BOX 11400
OKLAHOMA CITY, OK. 73136-0400

Note OP-030115 Access To Court forms are to be ready
available Law Library, Law Library Clerk trained)

EXHAUSTED
EXHIBIT 4a) 5

E
X
H
I
B
I
T

DAVIS CORRECTIONAL FACILITY

# Inmate Accounting Transaction Receipt

Today's Date: 08/13/2019  12:35:03PM

EZELL, JAMES RICKEY                                                              E/EC/102/B

Agency # 237370            Perm # 1155321

| | |
|---|---|
| Transaction Date: 08/13/2019 09:16 | Deposit From/Withdrawal To: DCF 19-236 ARA 6/17/19 |
| Transaction Type: CR - GRIEVANCE FEES/FINES | Document Locator Number: |
| Amount: $ 2.00 | Case/Order Number: |
| Check Number: | Memo: |
| Receipt Number: 14264972 | Batch Verifying Officer: ACCOUNTING STAFF |
| Adding Officer: ACCOUNTING STAFF | Batch Number: |
| Card #: | Address: , |
| Beginning Balance: $ 0.00 | |
| Ending Balance: $ 0.00 | |

| Cost Recovery Collected: | To Cost Recovery: |
|---|---|
| | $2.00  CR - GRIEVANCE FEES/FINES |

STATE OF OKLAHOMA )
COUNTY OF Hughes ) SS.

        SWORN AFFIDAVIT OF James Ezell

I  James Ezell  being of lawful age duly sworn according to law gives the following statement under oath to-wit:

1. The affiant would state that DP-030115 ACCESS TO COURT provides that these form would be ready available from Law Library D.O.C D90124A (R 7/16) and D.O.C 090124 D (R 9/16 forms these forms was used on 19-104 and 19-170 provided to offenders/affiant at D.C.F through Law Library/ Law Library Clerks on Echo with Jane Doe

2. Affiant states this 19-236 grievance was based on retaliation by staff member C/o Adkins and Legal Echo Law Clerk on 3-19-19 C/m Pfaff advised C/o Adkins not to feed affiant, affiant claims are base denied ACCESS To court per DP-030115 and DP-090124 and furthermore affiant states provide offender/affiants on Echo Maximum Unit denys Access to Courts

Subscribed and Sworn to this 27  of AUgust  2019 /s/ _____
Notary Public _____   Date 8-27-2019

Inmate Accounting Transaction Receipt   COMM # 11003473

EXHIBIT 4a)

## Grievance Decision from Reviewing Authority

| Inmate/Offender Name: | Ezell, James | | DOC Number | 237370 |
|---|---|---|---|---|
| Receipt Date: | 03/26/2019   Grievance Category Code:   6 | | Grievance Number: | 2019-1001-00144-G |

| 1. Discrimination | 3. Complaint against staff | 5.Disciplinary process | 7.Medical | 9. Records/Sentence Admin. |
|---|---|---|---|---|
| 2. Classification | 4. Condition of confinement | 6.Legal | 8. Property/Trust Fund | 10.Religion 11.Personal Identity |

Decision:

Inmate Ezell requested that his Case Manager, Shay Pfaff, set a date within 2 weeks or before for Ezell to review his field file for documentation dated within the last 2 years.

After further investigation by Case Manager Pfaff, he will set a time to review Inmate Ezell's field file with him when CM Pfaff has sufficient time. He is not able to give Inmate Ezell a specific date and time within the next 2 weeks to review Ezell's field file.

Inmate Ezell's is Granted Partial Relief in that CM Pfaff will review His field file with him, but is unable to provide a specific date within the next 2 weeks to do so.

Inmate Ezell's **RELIEF IS PARTIALLY GRANTED.**

Reviewing Authority – Facility Health Services Admin (medical issues)      Date

X _____      X  3/29/19

Review Authority – Facility/District/Unit Head      Date

I have received the copy of the response of the reviewing authority.

4-9-19

Signature of Grievant      Date

Signature of Staff Witness and Printed Name of Witness      Date

You may appeal to the Administrative Review Authority or Personal Identity ARA at Department of Corrections, P.C Box 11400, Oklahoma City, OK  73136-0400 or Medical ARA at 2901 N. Classen Blvd, Suite 200, Oklahoma City, OH 73106, within 15 days of the receipt of response using only DOC Form 060125V entitled "Misconduct/Grievance Appea to Administrative Review Authority." Do not send this decision to the Administrative Review Authority or Medical ARA

1. Original to file
2. Copy to inmate/offender

DOC 090124B (R 07/16 )

EXHIBIT (5)

Note: review of Jacket never conduct plaintiff could not see document appointment of counsel could resolve that issue copies were not provided to prevent legal victory in cf-2018-34 Claim 1

4/15 (5)
9
97

33

G.C.. MS. Terry Underwood

**INMATE/OFFENDER GRIEVANCE**

RECEIVED

MAR 2 6 2019

GRIEVANCE

Grievance no. _2019-1001-00144G_

Grievance code: _6_

Response due: _4/15/19_

DO NOT WRITE ABOVE THIS LINE

Date _3-20-19_

Name _James Ezell III_
(Print)

ODOC Number _837370_

Facility or District _D.CF_

Facility Housing Unit _Echo Charlie_

Date "Request to Staff" response received: _3-11-19_

Have you previously submitted a grievance on this same issue? _NO_  If yes, what date _____, facility
_____, grievance # _____. You must submit this completed original within 15 days of the receipt of the
response to the "Request to Staff." The "Request to Staff" must have been submitted within 7 days of the incident.
Do not include/attach anything to this grievance except the "Request to Staff" including the response. You may
quote from or make reference to statutes, operations, field, or administrative memoranda, department publications
(time sheets, inventory forms, assessments, etc.). You will be permitted only one opportunity to correct any
error(s) made in submitting your grievance.

1. The nature of your complaint. This statement must be specific as to the complaint, dates, places,
personnel involved, and how you were affected. One issue or incident per grievance. Use backside of
this page only, if necessary. On 2-22-19 I.R. provide to EC case Manager Pfaff to review
offender Jacket per Policy, ofter prior personal request twice, Abt. 3-5-19 or 3-6-19 I
was provided the form in which I only requested review of the last 2yrs not my full
Jacket which I am entitle further delay could affect Legal purposes upcoming court date.

2. Informal action taken (including dates) to resolve the complaint, as well as the names of those employees
from whom you sought an answer to your grievance.
Spoke with C/M Pfaff twice, personally
Submitted I.R on 2-22-19
On 3-5-2019 I submitted (I.R.) to U.M. Ade because this issue has been over
a month
Per (DOC 090184) Formal

3. The action you believe the reviewing authority may lawfully take.
Direct Mr. Pfaff my unit case Manager to set a date within 2 wks or before
for me to review my personal as requested only the last 2years was requested
D.O.C Policy allows offenders this thankyou. Jacket/Field File Case Manager/Facility Head

Grievance report sent to (warden/district supervisor/correctional health services administrator):

Name _Mr James Yates_

Signature of Grievant _James Ezell III_

Title _Warden_

_3-20-19_
Date Sent to Reviewing Authority

1. Original to file
2. Copy to inmate/offender

DOC 090124A (R 7/16)

Note: See Ex. 4a)3 (DOC 090124A R 7/16) after recognized by
R.A. see Ex.5a)2 but see Exhibit 17a)1 compare.

EXHIBIT 5a) 2

Must Be Submitted Through the Law Library or Designee
Inmate/Offender Grievance Process
REQUEST TO STAFF

TO: _CASE MANAGER Pfaff_____ FACILITY/DIST/UNIT: _Echo___ DATE: _3-1-19_
(NAME AND TITLE OF STAFF MEMBER)

RECEIVED

I have _✓_ have not____ already submitted a "Request to Staff" or grievance on this same issue.
If yes, what date: _2-22-19_____ facility: _D.C.F____ grievance #: _MAR 11 2019_
I affirm that I do ___ do not _✓_ have a grievance pending on this issue.                    BY:
I affirm that I do ___ do not _✓_ have a lawsuit of any type pending that relates in any way to this issue.
If a lawsuit is pending, indicate case number and court: _____
This request _____ does _____ ✓ does not relate to a pending misconduct report. If it does, this
request may only be answered by the disciplinary coordinator assigned to the misconduct.

SUBJECT:   State completely, but briefly, the problem on which you desire assistance. This statement
must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One
issue or incident per "Request to Staff." Your failure to specifically state your problem may result in this
being returned unanswered.

_I HAVE SPOKE WITH YOU TWICE ABOUT REVIEW OF MY JACKET PER_
_POLICY BEFORE I HAVE PROVIDED YOU 2 (INMATE REQUEST) the latest_
_DATE ABOUT [NO] ANSWER [NO] REVIEW OF MY JACKET HAS BEEN_
_SET EITHER_

(USE OTHER SIDE IF MORE SPACE IS NEEDED. DO NOT ATTACH ADDITIONAL PAGES.)

ACTION REQUESTED: State exactly how you believe your request may be handled; that is, what exactly
should be done and how.

_I NEED TO REVIEW MY JACKET SPECIFICALLY FOR LEGAL_
_PURPOSES, DIRECT ME how & YOU WANT TO DO THIS_

                                                _THANK YOU_

NAME: _James Ezell_____ DOC NUMBER: _237320_ UNIT & CELL NUMBER: _EC-101_
        (PRINT)
SIGNATURE: _James Ezell III____ WORK ASSIGNMENT: _____

DO NOT WRITE BELOW THIS LINE

DISPOSITION:
_Trying to find the_
_Form._

_Sm S._____

STAFF MEMBER

                              DATE        RECEIVED

              MAR 11 ANS'D              MAR 26 20..

                                        GRIEVANCE
Date response sent to inmate: _____               DOC 090124D (R 9/16)
1. Original to file
2. Copy to inmate/offender

EXHIBIT 59) 99

## Grievance Decision from Reviewing Authority

| Inmate/Offender Name: | Ezell, James | | DOC Number | 237370 |
|---|---|---|---|---|
| Receipt Date: | 07/23/19   Grievance Category Code: | 2 | Grievance Number: | 2019-1001-00291-G |

| 1. Discrimination | 3. Complaint against staff | 5.Disciplinary process | 7.Medical   9. Records/Sentence Admin. |
|---|---|---|---|
| 2. Classification | 4. Condition of confinement | 6.Legal | 8. Property/Trust Fund  10.Religion 11.Personal Identity |

Decision:

Inmate Ezell had requested on grievance 2019-144 to review his field file. He alleged that his Case Manager has not allowed him to review his field file.

After further review of the matter, Shay Pfaff, Case Manager for Echo Charlie Unit, said that in May 2019 Inmate Ezell gave him a listing of the documents that he wanted to review. CM Pfaff pulled the documents that Inmate Ezell was allowed to review and gave him copies.

Inmate Ezell's **RELIEF IS GRANTED.**

Reviewing Authority – Facility Health Services Admin (medical issues)   Date

X _____   X 9/30/19
Review Authority – Facility/Unit Head   Date

I have received the copy of the response of the reviewing authority.

X _James Ezell_   X 8-13-19
Signature of Grievant   Date

_Terry Underwood_ Terry Underwood   8-13-19
Signature of Staff Witness and Printed Name of Witness   Date

You may appeal to the Administrative Review Authority or Personal Identity ARA at Department of Corrections, P.O Box 11400, Oklahoma City, OK  73136-0400 or Medical ARA at 2901 N. Classen Blvd, Suite 200, Oklahoma City, OI 73106, within 15 days of the receipt of response using only DOC Form 060125V entitled "Misconduct/Grievance Appea to Administrative Review Authority." Do not send this decision to the Administrative Review Authority or Medical ARA
1. Original to file
2. Copy to inmate/offender   DOC 090124B (R 4/19)

EXHIBIT

T. was not link an 2/12/19 Tom Underwood   EXHIBIT 56/1

37

Case 6:19-cv-00302-JFH-JAR   Document 56-2   Filed 12/18/19   Page 28 of 74
Appellate Case: 23-7007   Document: 010110842420   Date Filed: 04/12/2023   Page: 101

INMATE/OFFENDER GRIEVANCE

**RECEIVED**

JUL 23 20..

GRIEVANCE

Grievance no. 2019-1001-00291-G

Grievance code: 2

Response due: 8/12/19

---

**DO NOT WRITE ABOVE THIS LINE**

Date 7-21-19                          Facility or Unit  Echo Max

Name  James Ezell                    Facility Housing Unit  Echo Charlie
        (Print)

DOC Number  237370                   Date "Request to Staff" response received: 7-16-19

Have you previously submitted a grievance on this same issue? YES  If yes, what date 3-20-19, facility
D.C.F, grievance # 00144. You must submit this completed original within 15 days of the receipt of the response to the "Request to Staff". The "Request to Staff" must have been submitted within 7 days of the incident. Do not include/attach anything to this grievance except the "Request to Staff" including the response. You may quote from or make reference to statutes, operations, field, or administrative memoranda, department publications (time sheets, inventory forms, investigations, etc.). You will be permitted only one opportunity to correct any error(s) made in submitting your grievance.

1.  The nature of your complaint. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per grievance. Use backside of this page only, if necessary. On June, 25, 2019 a R.T.S was submitted to C/m Pfaff per Policy 090124, in which U/m Ade responded to; offender Ezell has been very respectfully and consider after 00144 grievance granted. Still Denied OP-060212 by Unit team denys my First, Sixth and Fourteenth Amendment of U.S. Constitution [R.T.S. attached].

2.  Informal action taken (including dates) to resolve the complaint, as well as the names of those employees from whom you sought an answer to your grievance.
    I addressed C/m Pfaff on 7-11-19 on 7-12-19 Pfaff yelled on pod tell Ezell not to write any R.T.S to him I.R.
    I spoke to Pfaff doorside 7-17-19 he stated write him up
    The R.T.S. is attached hereto

3.  The action you believe the reviewing authority may lawfully take.
    The review authority has granted this grievance almost 3 month ago however Echo Unit team at D.C.F has disregarded Mr. Ezell's Rights refuse to allow review of Jacket per OP-060212 as grievance # 00144-
    Direct Echo Unit C/m-U/m to do their Job Due Process
Grievance report sent to (warden/facility head/deputy director/correctional health services administrator):
Mr. J. Yates                              War den

Name                                     Title

Signature of Grievant                    Date Sent to Reviewing Authority   7-22-19

1. Original to file
2. Copy to inmate/offender

Note: forms corrected on Echo Max Echo Charlie after but see Echo Max EA
See Exhibit 179)3 and see Ex. 169)3 i.d.

RECEIVED

Must Be Submitted Through the Law Library or Designee JUL 0 1 2019

## Inmate/Offender Grievance Process
### REQUEST TO STAFF

BY: _____

TO: _Mr. Pfaff  C/m_____   FACILITY/UNIT: _D.C.F_   DATE: _6-25-19_

(NAME AND TITLE OF STAFF MEMBER)

I have _✓_ have not _____ already submitted a "Request to Staff" or grievance on this same issue.
If yes, what date: _5-15-19_   facility: _D.C.F_   grievance #: _00144_
I affirm that I do ___ do not _✓_ have a grievance pending on this issue.
I affirm that I do ___ do not _✓_ have a lawsuit of any type pending that relates in any way to this issue.
If a lawsuit is pending, indicate case number and court: _____
This request ____ does _✓_ does not relate to a pending misconduct report. If it does, this
request may only be answered by the disciplinary coordinator assigned to the misconduct.

SUBJECT:   State completely, but briefly, the problem on which you desire assistance. This statement
must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One
issue or incident per "Request to Staff." Your failure to specifically state your problem may result in this
being returned unanswered.

_I WROTE YOU A RTS ABOUT REVIEW of my JACKET PER POLICY, AND_
_WROTE 4/m ADE WHICH SHE STATED I WOULD BE ALLOWED TO REVIEW_
_MY JACKET. HOWEVER, YOU REFUSE TO ALLOW ME TO PERSONALLY REVIEW_
_THE DOCUMENTS IN MY JACKET._

(USE OTHER SIDE IF MORE SPACE IS NEEDED. DO NOT ATTACH ADDITIONAL PAGES.)

ACTION REQUESTED: State exactly how you believe your request may be handled; that is, what exactly
should be done and how.

_D.O.C POLICY STATES OFFENDERS C/m will (SIT) DOWN WITH_
_OFFENDER TO REVIEW HIS JACKET INFORMATION. THAT'S EXACTLY_
_WHAT I WANT DONE. ALLOWED TO PERSONALLY REVIEW MY JACKET_

NAME: _James Ezell_   DOC NUMBER: _237376_ UNIT & CELL NUMBER: _EC-102_

(PRINT)

SIGNATURE: _James Ezell III_   WORK ASSIGNMENT: _____

### DO NOT WRITE BELOW THIS LINE

DISPOSITION:
_per policy 060212 You will be allowed to view_
_any documents that are approved. You will_
_be sent a date for review_

_____   _7-8-19_

STAFF MEMBER   DATE

RECEIVED

JUL 11 ANSD

Date response sent to inmate/offender: _____
1. Original to file
2. Copy to inmate/offender

JUL 23 20..
DOC 060124D (R 4/19)

GRIEVANCE

EXHIBIT 56) 3

54

Case 6:19-cv-00302-JFH-JAR   Document 56-2   Filed 12/18/19   Page 30 of 74
Appellate Case: 23-7007   Document: 010110849930   Date Filed: 04/12/2023   Page: 103

# DAVIS CORRECTIONAL FACILITY
## Inmate Accounting Transaction Receipt

**Today's Date:** 09/11/2019 12:52:11PM

| | |
|---|---|
| **EZELL, JAMES RICKEY** | E/EC/102/B |
| Agency # 237370          Perm # 1155321 | |

| | |
|---|---|
| **Transaction Date:** 09/11/2019  09:08 | **Deposit From/Withdrawal To:** DCF 19-291 ARA 8/21/19 |
| **Transaction Type:** CR - GRIEVANCE FEES/FINES | **Document Locator Number:** |
| **Amount:** $ 2.00 | **Case/Order Number:** |
| **Check Number:** | **Memo:** |
| **Receipt Number:** 14577033 | **Batch Verifying Officer:** ACCOUNTING STAFF |
| **Adding Officer:** ACCOUNTING STAFF | **Batch Number:** |
| **Card #:** | **Address:** , |
| **Beginning Balance:** $ 0.00 | |
| **Ending Balance:** $ 0.00 | |

| Cost Recovery Collected: | To Cost Recovery: |
|---|---|
| | $2.00  CR - GRIEVANCE FEES/FINES |

STATE OF OKLAHOMA )
COUNTY OF _Hughes_ ) SS.

         SWORN AFFIDAVIT OF _James Ezell_

I, _James Ezell_ being of lawful age duly sworn accordingly to law gives the following statement under oath to-wit:

1.) On August 13, 2019 G.C. Underwood returned 3 grievances 00291 is one no restriction marked, no restriction of grievance per policy was provided by Ms. Underwood as the affiant has stated; and

2.) The affiant states that on August 14, 2019 his appeal of 00291 was prepared on August 13, 14 mailed on August 14, 2019 to Administrative Reviewing Authority per policy OP-090124 and further states that the affiant has not recieved any response from A.R.A concerning 19-00291 per policy signature receipt from Mark Knutson and or Grievance Coordinator policy. /s/ _James Ezell_

Subscribed and Sworn to this 19 of SEPTEMBER 2019
Notary Public _Carla Hoover_ My Commission  4-15-2023



CARLA HOOVER
NOTARY
# 11003473
EXP. 04/15/23
STATE OF OKLAHOMA
PUBLIC

**Inmate Accounting Transaction Receipt**

EXHIBIT 5b) 4

## Misconduct/Grievance Appeal To Administrative Review Authority

Inmate Name: _James Ezell_  DOC Number: _237370_

Facility Where Offense/Grievance Occurred:  Offense Code: _2_
_Echo / P.C.F_

Date of misconduct violation: _____

☐ Facility Misconduct Appeal Number _____   ☑ Facility Grievance Appeal Number
_1001-00291 G_

I received the response of the reviewing authority at the facility on: _Aug. 13, 2019_

Fill out this form in blue or black ink. Writing must be legible. I wish to appeal the reviewing authority's response to the misconduct/grievance on the following ground(s) only. DO NOT ATTACH ANY OTHER PAGES. (Use ONLY the back side of this page, if necessary). Your appeal will be returned to you unanswered if any other pages are submitted.

☑ Newly discovered/available evidence not considered by the reviewing authority, relevant to the issue, necessary for a proper decision, and why the evidence was not previously available which if considered may alter the decision (you must clearly state the newly discovered/available evidence); or

☑ Probable error committed by the reviewing authority in the decision such as would be grounds for reversal (you must clearly state the error committed by the reviewing authority, including citing the part of procedures or statutes not followed by the reviewing authority).

**Response:**

_____

_____

_____

_____

_____

_____

_____

I understand that in accordance with OP-060125/OP-090124, I will be charged $2 to appeal a misconduct/grievance to the Administrative Review Authority or Chief Medical Officer, and that this form is also a request for disbursement of funds from my trust fund draw account. If I do not have enough funds to cover this cost, the amount will be collected as soon as funds become available.

_James Ezell II  resubmitted 9-23-2019_          _8-14-19_

Signature of Inmate                                    Date

DOC 060125V (R 4/17)

EXHIBIT 5b

Newly discovered/available evidence not considered by the reviewing authority

offender Ezell #237370 was granted in Grievance # 2019-144 in April. 2019 C/mPfaff did not allow Mr. Ezell to review his Jacket per 0P060212

C/mPfaff said that in May. 2019 offender Ezell gave him a list of the documents that he wanted to review C/mPfaff can show no proof of payment for Copies because offender Ezell never review any documents.

DOC. POLICY REQUIRE FORM TO BE FILED FOR COPIES → No Copies were made

The R.T.S. Submitted 6-25-19 was clear to C/mPfaff surely the Law Library placed in C/m Pfaff mailbox, instead of C/m Pfaff answering the R.T.S he passed it off to C/mAde and she stated you will be sent a date for review; Echo Unit Manager Ade did not say C/mPfaff told her that he done something in May. 2018...

Probable error committed:
offender Ezell submitted a R.T.S to C/mPfaff 6-25-19 after no response to I.R. 5-15-19 attached to grievance is that request C/m Pfaff did not respond to the R.T.S. C/m Ade did respond citing Policy 060212; Therefore, C/m Pfaff should have been directed to do his job, as the R.T.S was address to C/m Pfaff and he did not say anything about May. 2019 because it never happened

C/m Pfaff continue to deny offenders Equal Protection and Retaliate, discriminate C/m Pfaff has openly retaliated base on grievance filing

STATE OF OKLAHOMA )
                   ) ss.
County of Hughes   )

SWORN AFFidavit of James Ezell

I James Ezell being of lawful age duly sworn according to law gives the above under oath statement to-wit:

Subscribed and Sworn to before me this 14th day of Aug. 2019
Notary Public Janis West
My Commission expires 07/16/23

Copy 2 of 2

EXHIBIT 51

SCOTT CROW
INTERIM DIRECTOR



J. KEVIN STITT
GOVERNOR

STATE OF OKLAHOMA
OKLAHOMA DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE REVIEW AUTHORITY

DCF 19-291

Date: AUGUST 30, 2019

To: EZELL, JAMES #237370

Location: DCF

From: Mark Knutson, Director's Designee  *Mark Knutson*

Your grievance/correspondence was filed improperly for the following reason(s):

|   | 1. | No reviewing authority response to the grievance. |
|---|----|---|
|   | 2. | No informal action, Request to Staff response included. |
|   | 3. | Out of time from date of alleged incident until filing Request to Staff. |
|   | 4. | Out of time from date of response to Request to Staff until filing the grievance with the reviewing authority. |
|   | 5. | Received out of time from date of the reviewing authority's response. |
|   | 6. | You cannot appeal a non-response. See OP-090124 section V.B.1.b.(8) (Request to Staff) or VI.C.4. (grievance). |
| X | 7. | Inmate on grievance restriction and/or proper documentation not included. See OP-090124, section X.B.2.a. |
|   | 8. | Must be legibly written in blue or black ink. No pencil or other color of ink is allowed. No doodling or writing in margins. |
|   | 9. | Attachments to the grievance/appeal (no additional pages allowed except affidavit if required). |
|   | 10. | Not an issue grievable to Oklahoma Department of Corrections (Private prison property, misconduct, litigation pending, not within/under the authority/control of the Department of Corrections) |
|   | 11. | More than one issue or the complaint and relief requested are not consistent on the Request to Staff and grievance. |
|   | 12. | Not of a sensitive/emergency nature. You must follow the standard grievance process including giving the reviewing authority an opportunity to respond. |
|   | 13. | Requests for disciplinary action against staff or monetary compensation will not be addressed in the grievance process. |
|   | 14. | Appeal form not signed/dated. |
|   | 15. | The ruling of the Administrative Review Authority or Director's Designee is final. |
|   | 16. | Facility grievance number not listed on the appeal form. |
|   | 17. | Additional issues submitted in the grievance appeal and not presented in the initial grievance to the reviewing authority for response will not be addressed by this office. |
|   | 18. | You have failed to follow previous instructions from the reviewing authority or ARA for filing this grievance/appeal and/or properly resubmit. YOU ARE NOW OUT OF TIME. |
|   | 19. | You did not provide the date that you received the reviewing authority's response on the appeal form. |
|   | 20. | This grievance is unanswerable as there are no time frames specified for the alleged action(s) to have occurred |
|   | 21. | You failed to identify your grounds for an appeal by checking one, or both boxes on the appeal form. |
|   | 22. | Your appeal must be written on the Misconduct/Grievance Appeal form (DOC060125Veffective 4/19). |
| X | 23. | You will be afforded ONE FINAL opportunity to properly resubmit your corrected grievance appeal which must be received in ARA within ten (10) days of receipt of this form. DO NOT RETURN THIS FORM WITH YOUR CORRECTED APPEAL. |
| X | 24. | Other: NO AFFIDAVIT AS REQUIRED. GRIEVANCE RESTRICTION EFFECTIVE 8/7/19. |

THIS OFFICE WILL NOT PROCESS INCOMPLETE/INACCURATE/OUTDATED APPEAL FORMS
NOTE: Abuse of the grievance process as explained in section IX of OP-090124, will result in restrictions being imposed.

I acknowledge receipt of this response: ___James Ezell III 9-20-19___  R
Inmate's signature and date

P.O. BOX 11400
OKLAHOMA CITY, OK. 73136-0400

Note Ms. Hower denied Notary on directions of Grievance Coordinator
Ms. Underwood 8-20-19, 8-27-19 again on 10-14-19

EXHIBIT 5b) 5



SCOTT CROW
INTERIM DIRECTOR

J. KEVIN STITT
GOVERNOR

STATE OF OKLAHOMA
OKLAHOMA DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE REVIEW AUTHORITY

DCF 19-291

Date:        NOVEMBER 1, 2019

To:          EZELL, JAMES #237370

Location:    DCF

From:        Mark Knutson, Director's Designee   *Mark Knutson*

**Your grievance/correspondence was filed improperly for the following reason(s):**

|   |     |                                                                                                                                                                                 |
|---|-----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|   | 1.  | No reviewing authority response to the grievance.                                                                                                                               |
|   | 2.  | No informal action, Request to Staff response included.                                                                                                                         |
|   | 3.  | Out of time from date of alleged incident until filing Request to Staff.                                                                                                        |
|   | 4.  | Out of time from date of response to Request to Staff until filing the grievance with the reviewing authority.                                                                  |
|   | 5.  | Received **out of time** from date of the reviewing authority's response.                                                                                                       |
|   | 6.  | You cannot appeal a non-response.  See OP-090124 section V.B.1.b.(8) (Request to Staff) or VI.C.4. (grievance).                                                                  |
| X | 7.  | Inmate on grievance restriction and/or proper documentation **not** included.  See OP-090124, section X.B.2.a.                                                                  |
|   | 8.  | Must be legibly written in blue or black ink.  No pencil or other color of ink is allowed. No doodling or writing in margins.                                                   |
|   | 9.  | Attachments to the grievance/appeal (no additional pages allowed except affidavit if required).                                                                                 |
|   | 10. | Not an issue grievable to Oklahoma Department of Corrections (**Private prison property,** misconduct, litigation pending, not within/under the authority/control of the Department of Corrections) |
|   | 11. | More than one issue or the complaint and relief requested are not consistent on the Request to Staff and grievance.                                                             |
|   | 12. | Not of a sensitive/emergency nature.  You must follow the standard grievance process including giving the reviewing authority an opportunity to respond.                         |
|   | 13. | Requests for disciplinary action against staff or monetary compensation will not be addressed in the grievance process.                                                        |
|   | 14. | Appeal form not **signed/dated.**                                                                                                                                               |
|   | 15. | The ruling of the Administrative Review Authority or Director's Designee is final.                                                                                              |
|   | 16. | Facility grievance number not listed on the appeal form.                                                                                                                        |
|   | 17. | Additional issues submitted in the grievance appeal and not presented in the initial grievance to the reviewing authority for response will not be addressed by this office.    |
|   | 18. | You have failed to follow previous instructions from the **reviewing authority** or ARA for filing this grievance/appeal and/or properly resubmit.  **YOU ARE NOW OUT OF TIME.** |
|   | 19. | You did not provide the **date** that you received the reviewing authority's response on the appeal form.                                                                       |
|   | 20. | This grievance is unanswerable as there are no time frames specified for the alleged action(s) to have occurred                                                                 |
|   | 21. | You failed to identify your grounds for an appeal by checking one, or both boxes on the appeal form.                                                                            |
|   | 22. | Your appeal must be written on the Misconduct/Grievance Appeal form (DOC060125Veffective **4/19**).                                                                             |
| X | 23. | You will be afforded **ONE FINAL** opportunity to properly resubmit your corrected grievance appeal which must be received in ARA within ten (10) days of receipt of this form. **DO NOT RETURN THIS FORM WITH YOUR CORRECTED APPEAL.** |
| X | 24. | Other:    **YOUR AFFIDAVIT IS NOT ACCEPTABLE.**                                                                                                                                 |

**THIS OFFICE WILL NOT PROCESS INCOMPLETE/INACCURATE/OUTDATED APPEAL FORMS**
NOTE: Abuse of the grievance process as explained in section IX of OP-090124, will result in restrictions being imposed.

I acknowledge receipt of this response:  *James E Zee   11-1-2019*
Inmate's signature and date

P.O. BOX 11400
OKLAHOMA CITY, OK.  73136-0400

NOTE: Affidavit is within Policy → Evidentiary Hearing —

EXHIBIT 5b) 8107

UNITED STATES EASTERN DISTRICT COURT

STATE OF OKLAHOMA )
                  )   SS. 19-CV-302-JHP-SPS
COUNTY OF Hughes  )

## SWORN STATEMENT OF JAMES EZELL III

I, James Ezell    being of lawful age duly sworn according to law gives the following statement under oath to-wit:

(1) The affiant states he is housed at the Davis Correctional facility Echo Maximum on Echo Charlie EC-102 where these Unit team officers were employee of [D.C.F.], Ms. Ade 4/m Mr. Pfaff 9m Ms. Boogs 9/c over Echo Charlie and Ms. Patterson was asigned to Echo Charlie before resigned to DCF LawLibrary.

Echo Charlie 9/c Ms. Broggs had recently been fired for alleged retaliatory actions toward another offender, with unprofessional conduct toward authority A.W. Perez date unknown.

(2) 9m Pfaff has called 3 offenders Bitches pussy and punks all Blacks Since Dec. 2018 4/m Ade is aware of 9m Pfaff's unprofessional conduct and very disrespectful to all black offenders

Offiant states that a Request to Staff was provide to 4/m Ade by offiant after 9m Pfaff called Antonio Ellis punk pussy Bitch on 7-8-19 affiant provide R.T.S to Ms. Ade, on 7-31-19 affiant further states that and inmate request was provide to Ms. Ade because that serious R.T.S. had not been received by offender/ affiant; on 8-2-19 affiant submitted another inmate request 4/m Ade concerning no R.T.S to response the R.T.S date 7-12-19; On 8-6-2019 affiant received inmate request provided to Ms Ade

EXHIBIT (B)

1 of 8

on 7-31-19 and 8-2-19 concerning the R.T.S. 7-12-19 submitted through D.C.F mailroom for L.L Supervior the employee responsible for stamping and submitting to the staff member, and once responded to provide back to offender) affiant whom have never received any response to the R.T.S. date 7-12-19 from 4/m Ade (or) Law Library Supervior Ms. Patterson to this date 8-7-2019.

(3) The affiant further states that on abt. 7-1-2019 D.C.F Grievance Cord. Ms. Terry Underwood removed R.T.S that was attached to grievances that was submitted on abt. 6-24-19 Echo Charlie, the affiant contends he place staples on both and applied extra tape to one of the submitted grievances, affiant spoke with Mailroom Supervior from Echo Charlie Law Library Cages video footage Ms. West looked at what affiant has explained.

Affiant further contends on abt. 7-2-2019 a Request to Staff was submitted to Grievance Cord. Ms. Underwood concerning her destorying affiant R.T.S attached to Grievance # 1001-00267 _____ and Grievance # 1001-00268 _____ and on 7-24-2019 inmate request was submitted to G.C. because affiant had not received a response to that R.T.S. and on 7-29-19 G.C. Ms. Underwood responded to inmate request stating she had responded to R.T.S on 7-12-19 and retained a copy of the R.T.S that was answered to Law Library Ms. Patterson so she would forward to affiant, on August.___ 2019 affiant received the R.T.S responded to by Ms. Underwood on 7-12-19 from the Law Library Supervior Ms. Patterson for the first time on 8-__-2019

(4) The affiant further states the Medium Yard Law Library Supervior Ms. Patterson sent a untrained Law Clerk down to Echo on 8-5-2019 Monday affiant was pulled to the cage by Unit Officer Roberts place Echo Charlie Cage Law Library affiant asked the Law Clerk to direct affiant according to tit. 12 O.S. § 2004(i) he stated that he was directed not to assist in answering Legal

2 of 8

questions by Law Library Supervisor Ms. Patterson because he is not trained per Policy affiant stated to Law Clerk his access to court is still being denied.

Affiant further contends that Deputy Warden Perez was present on Echo Unit obt. Aug. 5, 19 affiant then advised Deputy Perez what the presently provided Law Library Clerk had stated he could not assist in any Legal question per L.L.S Ms. Patterson because he is not trained. Affiant further states on 8-5-19 Law Library Supervisor Ms. Patterson came to Echo Charlie EC-102 advised affiant to get ready for Law Library which she had another Law Library Clerk present whom answered a Legal question then Law Library Supervisor Ms. Patterson and Law Library Lefted Echo Maximum without any Law Library Supervision and 6rs a train Clerk to assist offenders/affiants in same situation here at Davis Correctional Facility housing offenders of Oklahoma Department of Correction inwhich affiant further states his countless attempts through the grievance process to Contract General Counsel David Cincotta whom is O.D.O.C representing attorney General Counsel.

(5) The affiant states that on August 6, 2019 while in Law Library Cage on Echo Ms. Dorman Chief of Unit Manager was addressed about the Law Library Supervisor not delivering O.D.O.C offender Request to Staff per Policy furthermore, at all or in a timely fashion since affiant has filed grievances per policy as affiant would direct to #2 of affidavit concerning Ym Ade R.T.S. and #3 of affidavit concerning G.C. Ms. Underwood R.T.S. and pattern by DCF to henderance of offenders access to court, access to grievance procedures exhaustion furthermore retaliation for filing of grievances

(6) The affiant states he was placed in a Cage on Echo Charlie for Law Library by himself August 5, 2019 August 6, 2019 and August 7, 2019 without full access to Law Library as D.C.F medium yard per policy because Echo Unit team members together with Law Library Supervisor Ms. Patterson set ways to prevent offenders to Exhaust all grievance issue affiant was placed in

Law Library Cage by himself. while medium yard offenders enjoy access to a trained Law Clerk to assist them per policy as well as other Clerks and other offenders in Law Library to assist each other if necessary affiant further states on August. 5, 2019 he had a legal question the Unit Officer C/o Roberts could not answer because untrained in Law (or) and untrained to Supervior Law Library, on August 6, 2019 C/o York placed affiant in Law Library Cage untrained in Law (or) and untrained to Supervior Law Library on Echo Maximum Unit Echo Charlie no Law Clerk has been available on Echo Charlie since offender/ affiant has proved Retaliation by Law Clerk because affiant filed grievance requesting to Contract General Counsel David Cincotta in OF-2018-34 case from ALFALFA COUNTY, OKLAHOMA DEPARTMENT OF CORRECTION [J.L.L.C]; since 7-18-2019 Echo Law Clerk has been removed preventing offenders access to Law Library and retaliation on offenders whom complaint. Affiant further contends and assert that on August 6, 2019 would reflect to C/m Pfaff continued retaliation by discrimination.

(1) The affiant would state C/o Fox placed offender in Cage on Echo Charlie for Law Library August. 7, 2019 when asked were is the Law Clerk for Law Library he stated youre beat Echo do not have one like medium yard, and affiant then stated is offender Adams being pull for Law Library like you did on Friday 2, 2019 so we could at less assist each other C/o Fox stated no Ms. Patterson" said keep you to apart only do one at a time in Law Library offiant then asked C/o Fox about books legal he stated I cant help you on that, just doing what I told, then affiant ask C/o Fox I have a Legal question he said I am not trained I only know how to turn the Computer on they need to get you guys a Law Clerk down here to assist you guy, affiant then stated yes I know OP-D30115 is clear to me the Law Library here is in violation of offenders "access to courts", Affiant further states that August 8, 2019 he was denied any access to "L.L" by C/o Fox per Law Library Supervisor Ms. Patterson

4 of 5

(8) and affiant further states he has been denied access to Law Library since After August 8, 2019 affiant further states on August abt 5, exact 6, 2019 C/m Pfaff discriminated against affiant and his cellmate when he decided not to cuff both white offenders in Echo Charlie EC-227 on August 6, 2019 when asked for help by C/o York at abt. 4:15pm she stated to Pfaff she only had one cuff C/m Pfaff said I dont have a cuff get Ms. Hassan Bravo officer C/o York said she busy C/m Pfaff at that time got off the phone walked with Ms C/o York upstairs to EC-227 C/o York opened the food port did not cuff offender inside nor did C/m Pfaff he stated to offender inside step back sit on your bunk, at abt. 5:30 C/o York asked C/m Pfaff to help put offender Ezell up in Law Library Cages Ms. York stated I don't have but one cuff again, affiant contends that C/m Pfaff got up from his chair walked over to Echo Charlie unit pod door left the pod returning with cuff's C/m Pfaff then came to EC- Law Library Cage were affiant had been to cuff him I then asked C/m Pfaff why did you not cuff the white guy in EC-227 with two cuffs, but when asked to put me up you go get two cuffs that's discrimination C/m Pfaff said if you have a problem put it on paper. On August 7, 2019 the affiant wrote inmate request to Chief Brown asking him to review and forward the inmate request attached to C/m Pfaff addressing the discrimination in a retaliatory way to me and my cellmate Mr. Keenan White, C/m Pfaff and C/o York cuffed only one offender in EC-227 then shortly after C/mPfaff went out of his way to cuff both black offenders in EC-102; when asked by C/o York on Echo Charlie Unit in front of his office before she took the dinner tray up stairs. at abt. 5:30pm. on August 6, 2019

(9) Affiant further contends that Friday. 9, August 2019 Chief Brown and A.W. Gentry made rounds on Echo Max Unit were affiants cellmate address Mr. Gentry about C/m Pfaff unprofessional conduct disregard of C/m Ade or A.W. Gentry concern transfer packet, and affiant would assert further that he address Mr. Gentry next on C/m Pfaff unprofessional and disrespect

to offenders and fact that Ade C/m of Echo is well aware of this C/m Pfaff call offenders on his Case load directly involved on his unit affiant advise A.W. Gentry of copy's of R.T.S submitted to C/m Ade about C/m Pfaff on 7-12-19 unanswered or received by C/m Ade a pattern by staff, Mr. Gentry stated A.W. Perez showed him yesterday and followed it to Law Library Supervior for stamp, affiant reminder <u>AW Gentry</u> this is the same problem I had with G.C. Ms. Underwood and Law Library Supervior returning the offenders R.T.S to exhaust and affiant stated that why I forwarded those copies to <u>A.W. Perez</u> on August. 7, 2019.

(10) Affiant address C/m Pfaff calling offender bitches and punks pussy as C/m affected me mentally and emotionally making things unavailable because C/m Pfaff has done this to 3 different offenders black and 2 times to one of those 3 that was reported both times. Mr. Gentry said I only heard from 2 offenders you and Ellis but affiant cellmate told him as well, and affiant further advise Mr. Gentry of the discrimination retaliatory way by C/m Pfaff that continue since affiant has filed grievance on denied access to courts on Echo Max and and his personal house cleaner / Echo Law Clerk; on August. 6, 2019 C/m Pfaff went to Echo Charlie 227 with C/o York whom had asked C/m Pfaff to put offender up affiant was in Echo Charlie Cage a little in front of case manager Pfaff's office C/o York said help me put this offender up I only have one cuff C/m Pfaff said I dont have any cuffs get C/o Hassan to help you Bravo officer C/o York stated she busy pill pass C/m Pfaff got up went up those chairs C/o York opened food port both officer told offender in cell just to back up no cuffs were applied this happened abt 4:15, 4:30 August 6, 2019 Echo Charlie, and abt. 5:30 pm C/o York did the same thing with offender Ezell in Echo Charlie Law Library Cage she asked C/m Pfaff to help put offender up stating she still on have one hand cuff C/m Pfaff came out his office went and got cuffs and when he returned I the affiant said I notice you did not cuff "offenders" in EC-227 but you made it a point to go get to cuff to cuff me and my celly

affiant said is that discrimination? Ym Pfaff said if you have a problem put it on paper affiant said its on video on your didnt cuff both white guys but went out your way to cuff both black guys. Affiant advise A.W. Gentry copies of inmate request mailed to chief Brown by mailroom on August. 7, 2019 asking him to review and forward to Ym Pfaff for his response Chief Brown had already left unit affiant could not address him.

(11) Affiant further contends I submitted inmate request to D.C.F population Ms. Gibson requesting the name of the D.D.O.C contract monitor that signed affiants misconduct issued May. 3, 2018 received here that day, affiant would assert Ms. Gibson did not respond so affiant submitted D.D.O.C second part R.T.S back to population because at private prisons [D.D.O.C], contract monitor must sign off on all misconducts as approved on August. 7, 2019 inmate request returned denied; affiant has filed grievance on Ym Pfaff for refusal to allow review of jacket Ym Ade has been address grievance was granted at Reviewing Authority level D.C.F and on 3-29-19 Ym Pfaff or Ym Ade did not follow direction affiant gave party time respectfully because of Ym Pfaffs unprofessional disrespectful mouth affiant wrote Ym Ade again and after her response around abt July. 23, 2019 another grievance re-submitted another pattern of D.C.F unprofessional disrespect to offenders rights to due process contract monitor signed off on May. 3, 2019 misconduct on 5/17/19 and affiant requested that name on August. 2, 2019 from Ms. Gibson and on June. 20, 2018 from the assigned population officer Me. Brian Yandell no response, affiant is awaiting a response to R.T.S submitted to population August. 8, 2019, on August. 20 2019 Ms. Dorman responded to the R.Ts addressed to appropriate staff member population Ms. Gibson, Ms. Dorman continue to respond to R.T.S not addressed hendering offenders from exhaustion of issues on the appropriate staff member as stated in OP-090124, affiant further states Chief Brown has done the same thing on Ym Pfaff inmate request of retaliatory actions of discrimination against plaintiff continues on 8-19-19 by Brown not Ym Pfaff.

on August. 13, 2019 affiant ask c/o Giles to provide forms from the table on Echo Charlie c/o Giles came to EC-102 videofootages he said what's this "Bitch shit" affiant stated what you mean I have placed my request in door like all officer asked it been there all day c/o Giles said you are not gettin no forms 2:58pm. Affiant pressed the bottom in cell to get an Sgt. officer c/o Giles asigned to unit using the word Bitch is the same manner c/mPfaff addresses c/o Giles went in c/m Pfaffs office returned to affiant's cell and said I was not getting anything.. Around abt. 3:55pm A.W. Perez and Chief of Unit Managers Ms. Dorman came to Echo on Echo Charlie affiant pointed out to Ms. Dorman that c/o Giles had used the word Bitch directing toward affiant at 2:58pm when asked was he ever going to get the requested form asked of him he stated because affiant was bitch he was not going to give me the form required to exhaust OP-090124 policy. However, affiant would state that at 3:51pm an offender upstairs yelled at c/o to get him form and c/o Giles went to the table grob the forms took them upstairs looking at EC-102 as he done this discriminating on EC-102 the c/o has not gave the forms requested Chief of Unit Manager stated she would speak to the c/o for his disrespect and unprofessional conduct toward offender Ms. Dorman finished her rounds never addressed this c/o working the unit on Echo Charlic walking out the door c/o Giles was sitting at the desk affiant watched from his cell door EC-102. ——————  ——— ——— end /S/ Jan Cy 08

Subscribed and Sworn to before me this 14th of August 2019
Notary Public by Janis E. West
My Commission expires 07/16/23

JANIS E. WEST
NOTARY
# 19007081
EXP. 07/16/23
PUBLIC
STATE OF OKLAHOMA

IN THE UNITED STATES DISTRICT COURT, FOR THE __EASTERN__ __DISTRICT__ of __OKLAHOMA__

STATE OF OKLAHOMA )
                  ) SS.  CV-302
COUNTY OF __Hughes__ )

SWORN STATEMENT OF __JAMES EZELL #237370__

I, __James Ezell__ being of lawful age duly sworn according to law gives the following statement under oath to-wit:

(1) The affiant states he is housed at the Davis Correctional facility Echo Max on Echo Charlie EC-102 and was sitting in my cell desk when I heard C/m Pfaff voice yelling you're a punk, pussy and a bitch I immediately jump from my seat and went to my door window and that is when I seen C/m Pfaff standing in front of EC-229 door and I seen Antonio Ellis at his door in the window on __July 8, 2019__

(2) The affiant further states that C/m Pfaff has done this to 2 more offenders on Echo Charlie all black inwhich the affiant contends that in __feburary__ around at __21, 2019__ C/m Pfaff call affiant cellmate Randy Hall an Bitch when I stay in Echo Charlie EC-101 along with other unprofessional disrespectful words

(3) The __affiant__ and __Randy Hall__ had the Unit Officer Boyd get the Unit Manager Ade to report C/m Pfaff calling offender Randy Hall a Bitch this happened before July 8, 2019 when affiant seen C/m Pfaff in front of EC-229 Antonio Ellis cell yelling punk, pussy and Bitch and don't send me a request about it either

EXHIBIT C
1 of 2 pages

116

(4) Affidavit provides further from affiant that on July 11, 2019 I provide 9m Pfaff a offender request per policy on July 12, 2019 on Echo Max EC 9m Pfaff came out his office between hrs 9:50am-10:30 yelling to 9/o Ms. Pirece you tell Ezell do not send me a request again and you give him this back then 9m Pfaff place it on the desk; further the affiant assert that I ask 9/o Ms. Pirece at doorside abt. 12 noon is 9M Pfaff my case manager she stated yes then I asked why are you doing his job she stated because were short handed, affiant then stated could I get the request he told you to give me back on that 9/o desk she went to the 9/o desk on the Unit looking through papers, went in 9m Pfaff's office shortly after both 9m Pfaff and 9/o Pirece left Echo Charlie when Ms. Pirece returned I asked her for that request again she then stated its gone.

(5) Affiant further contends that on July 18, 2019 9/o Ms. Pirece placed me in Law Library cages on Echo Charlie from EC-102 obt 8:38am placed me in L.L. Cage refusing to give me a chair at 8:48 Law Library Supervisor returned with a computer offiant asked Ms. Patterson for a chair in L.L she refused and state ask Unit Officer 9/o Pirece, affiant seen 9/o Vance sitting at desk abt 902am I asked for a chair he stated ask your Unid Officer shortly after 9/o Bullook walking in Echo Charlie abt 903am affiant asked and he refused all on D.C.F video footages ———— end of affidavit..

offiant's /s/ _____

Subscribed and sworn to before me this 13 of August 2019
    Notary Public /s/ _____
    My Commission expires 4-15-2023

## GRIEVANCE RETURNED UNANSWERED

Received:

_James Ezell III_
**Inmate signature**

_8 - 13 - 19_
**Date**

EC 02

COPY

**DATE:**       August 7, 2019
**TO:**         Ezell, James, #237370
**FROM:**       James Yates, Warden
**Received:**   August 06, 2019
**RE:**         Return of Grievance # 2019-1001-00299-G

### YOUR GRIEVANCE IS BEING RETURNED UNANSWERED BECAUSE OF THE FOLLOIWNG:

☒   You have not filed your grievance within the specified time frame.  *(CANNOT RESUBMIT)*

☒ The "Request to Staff" must be submitted **within seven (7) days of the incident.**

☐ The inmate/offender grievance must be submitted by the inmate/offender 15 days from the **date of the receipt of the response to the "Request to Staff."**

☐   An **ANSWERED** Request to Staff form addressed to the **correct staff member** must be attached.

☐   The **Request to Staff** issue is not consistent with the issue requested on the **Grievance.**

☐   **Inmate Request forms are not utilized in the Grievance Process.**

☐   You have not completed the **Grievance form correctly, in its entirety, or on the correct form.**

☐   Grievances submitted must be **legibly written or typed, in blue or black ink. No pencil, highlighter, or other color of ink is allowed.** No drawing, decorating, doodling, or making comments, in the margins of the pages is permitted.

☐   The **Grievance and Request to staff** must be specific as to the **Complaint, Dates, Places, Personnel Involved and How the Inmate was Affected**.

☐   Classification Movement requests to transfer to another facility, are not grievable to DOC.

☐   If there has not been response to your Request to Staff in 30 days, but no later than 60 days, of submission, the inmate may file a grievance to the reviewing authority with **a copy of the "Request to Staff" attached to the grievance form. (Ask the law library supervisor for a copy of the RTS.) The grievance form may only be filed about the lack of response to the "Request to Staff."**

☐   Only **ONE ISSUE OR INCIDENT** is allowed per **Grievance** and **Request to Staff.**

☐   You are on **Grievance Restriction**, proper documentation was not included.

☐   It has been determined that the grievance is not of an **Emergency or Sensitive** nature. The grievance is being returned and you must comply with the standard grievance process.

EXHIBIT
6 a

43

Case 6:19-cv-00302-JFH-JAR   Document 56-2   Filed 12/18/19   Page 46 of 74
Appellate Case: 23-7007   Document: 010110842420   Date Filed: 04/12/2023   Page: 119

Page 2 of 2

☐ **Section-09 Programs Page: 4 OP-090124 Effective Date: 04/11/2019**
**B. Non-grievable Issues**
1. Misconduct reports received through the agency disciplinary procedures may not be appealed through the grievance process. Misconduct reports may only be appealed through the disciplinary appeal process as referenced in OP-060125 entitled "Inmate/Offender Disciplinary Procedures."

☐ 2. Grievances shall not be submitted:

☐ (a) about matters that are in the course of litigation;

☐ (b) about matters that include requests for disciplinary action against staff;

☐ (c) requesting monetary compensation; or

☐ (d) For property issues at privately contracted facilities. These are to be resolved by the privately contracted facility and are not grievable or appealable to ARA.

☐ Property issues may be addressed by utilizing the requirements of CCA Policy 14-6: Inmate Resident Property (Property Claim 14-6D and Appeal 14-6E).

☐ **Section-09 Programs Page: 18 OP-090124 Effective Date: 04/11/2019**
**A. Determining Abuse of the Grievance Process**
1. The appropriate reviewing authority may determine there is abuse or misuse of the grievance process and may restrict the inmate's/offender's ability to submit a grievance. Types of abuse, include, but are not limited to: (PREA 115.52(g))
☐ a. Grievances intended to harass another;
☐ b. The continual and repeated submitting of frivolous grievances (frivolous grievances are those with no basis in fact or law);
☐ c. The repeated submitting of grievances or "Requests to Staff" about an issue previously addressed by staff in their written response;
☐ d. Grievances about de minimis (small, trifling, no available remedy) issues;
☐ e. Repetitive grievances by multiple inmates/offenders about the same issue;
☐ f. An inmate/offender writing letters instead of utilizing the grievance process and failing to bring complaints by formal grievance;
☐ g. Continued procedural defects, such as submitting additional pages, after having been previously warned.
☐ **Because of continued abuse of the grievance process this serves as an official warning.**

☐ You will be afforded the opportunity to properly re-submit a grievance form within **10 days** of receipt of this notice **WITH THE NOTED CORRECTIONS COMPLETED.** The grievance form must be proper, complete, and submitted to the proper reviewing authority. The failure of such waives/forfeits the right to proceed in the grievance process.

☐ Due to your continued failure to submit a properly filed grievance, you are now **OUT OF TIME**.

☒ Other: *__You stated on your grievance__ . that on June 16, 2019 you addressed Case Manager Pfaff in his office about your FAF packet. The RTS submitted to CM Pfaff was not submitted until 6/28/19. Out of time frame from date of incident, 12 days, cannot resubmit grievance.*

EXHIBIT 6a)2   119

43

*G.C. Underwood*

**INMATE/OFFENDER GRIEVANCE**

RECEIVED
AUG 06 2019
GRIEVANCE

Grievance no. 2019-1001-00299-G

Grievance code: 2

Response due: 8/26/19

**DO NOT WRITE ABOVE THIS LINE**

Date 8-5-2019

Facility or Unit D.C.F/MAX

Name James Ezell (Print)

Facility Housing Unit Echo

DOC Number 237370

Date "Request to Staff" response received: 8-1-19

Have you previously submitted a grievance on this same issue? NO   If yes, what date _____, facility _____, grievance # _____. You must submit this completed original within 15 days of the receipt of the response to the "Request to Staff." The "Request to Staff" must have been submitted within 7 days of the incident.

Do not include/attach anything to this grievance except the "Request to Staff" including the response. You may quote from or make reference to statutes, operations, field, or administrative memoranda, department publications (time sheets, inventory forms, assessments, etc.). You will be permitted only one opportunity to correct any error(s) made in submitting your grievance.

1. The nature of your complaint. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per grievance. Use backside of this page only, if necessary. On May 3, 2018 I was transfered to D.C.F on May 9, 2019 U.L.L recommend I receive override to remain max, on May 10, 2019 I was placed on EC-101, May 3 2019 is 1 year clear per policy offenders could submit FAF transfer packet instead you submitted a Custody Assessment recommending I remain max repeating comments from May 3, 2018 invindictively and in a retaliatory way denying my Fourteenth Amendment Due process, Equal protection

2. Informal action taken (including dates) to resolve the complaint, as well as the names of those employees from whom you sought an answer to your grievance.
On June 18, 2019 I address case manager Pfaff in his office about my FAF packet
On June 25, 2019 I.R. sent to C/m Pfaff no response
On June 28, 2019 R.T.S. submitted to C/m Pfaff response received Aug. 1, 2019 attached
on _____ I.R. submitted to Ms Ade
on June 31, 2019 I.R. submitted to Ms. Dorman on Pfaff

3. The action you believe the reviewing authority may lawfully take.
C/m Pfaff is retaliating because offender has filed grievances and very clear offenders can submit transfer packet with 1 year clear especially if they have medium security points meet requirement should have been directed to do his job Im. and prepare FAF so D.O.C could grant or deny transfer packet.

Grievance report sent to (warden/facility head/deputy director/correctional health services administrator):

Name James Yates

Title Warden

Signature of Grievant James Ezell III

Date Sent to Reviewing Authority 8-5-19

1. Original to file
2. Copy to inmate/offender

DOC 090124A (R 4/19)

EXHIBIT 6a) 3
120

all offender treated the same per policy OP- 060204 page 7) D. 4.) equal protection
MR. Ezell was transfer to D.C.F For May, 3, 2018 misconduct



RECEIVED
AUG 06 2019
GRIEVANCE

EXHIBIT 6 a) cont. 3
121



~~Must Be Submitted Through the Law Library or Designee~~ RECEIVED
Inmate/Offender Grievance Process
**REQUEST TO STAFF**                        JUL 0 1 2019

TO: ~~S/m Staff ECHO~~   FACILITY/UNIT: _D.C.F_   BY: DATE: _6-28-19_
     (NAME AND TITLE OF STAFF MEMBER)

| | |
|---|---|
| I have _✓_ have not _____ already submitted a "Request to Staff" or grievance on this same issue. | |
| If yes, what date: _I.P 6-25-19_  facility: _D.C.F_  grievance #: _____ | |
| I affirm that I do _____ do not _✓_ have a grievance pending on this issue. | |
| I affirm that I do _____ do not _✓_ have a lawsuit of any type pending that relates in any way to this issue. If a lawsuit is pending, indicate case number and court: | |
| This request _____ does _✓_ does not relate to a pending misconduct report. If it does, this request may only be answered by the disciplinary coordinator assigned to the misconduct. | |

**SUBJECT:**   State completely, but briefly, the problem on which you desire assistance. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per "Request to Staff." Your failure to specifically state your problem may result in this being returned unanswered.

My question is how the UCC can recommend I remain Max on Transfer packet provided 6-25-19 with clear conduct 1year but a cellmate of mine signed a transfer packet ^(12-11-18) then recieved a Class X misconduct and 2 A's ^(12-22-18) but transfer packet not pull by UCC

(USE OTHER SIDE IF MORE SPACE IS NEEDED. DO NOT ATTACH ADDITIONAL PAGES.)

**ACTION REQUESTED:** State exactly how you believe your request may be handled; that is, what exactly should be done and how.

My transfer packet should be corrected to reflect recommendation for lower security for clear conduct and the fact Assult of Staff dismissed in Street Court 4-26-19 Alfalfa Co misconduct actually placing me on max

NAME: _James Ezell_   DOC NUMBER: _237876_   CELL NUMBER: _E.U.C.2_
        (PRINT)

SIGNATURE: _James Ezell_   WORK ASSIGNMENT: _____

RECEIVED
AUG 0 8 2019
GRIEVANCE

**DO NOT WRITE BELOW THIS LINE**

**DISPOSITION:**
Mr. Ezell, when you were transferred to OCF Max from JCCC on 5/3/18 The transfer comments recommended an override to Maximum security due to violent history and non compliance with security directives.
_S.___    7/15/19

**STAFF MEMBER**                    **DATE**
These same comments also stated you assaulted an officer with feces and urine while in RHU (x3) JCCC on 5/3/18. Assault on Staff
Date response sent to inmate/offender: _____ JUL 1 9 ARD
1. Original to file
2. Copy to inmate/offender                    DOC 090124D (R 4/19)

Still Active until 5/3/20. OCF UCC recommends you be overridden to remain maximum security until ALL your Active Misconducts have expired at the very least, which is 5/3/20.   James Ezell III rel officer on Unit B___   8/1/19
                                          EXHIBIT 6a)4

122

60

# DAVIS CORRECTIONAL FACILITY
## Inmate Accounting Transaction Receipt

| | |
|---|---|
| **Today's Date:** 09/11/2019 12:52:11PM | |

| | |
|---|---|
| **EZELL, JAMES RICKEY** | E/EC/102/B |
| Agency # 237370   Perm # 1155321 | |

| | |
|---|---|
| Transaction Date: 09/11/2019 09:07 | Deposit From/Withdrawal To: DCF 19-299 ARA 8/21/19 |
| Transaction Type: CR - GRIEVANCE FEES/FINES | Document Locator Number: |
| Amount: $ 2.00 | Case/Order Number: |
| Check Number: | Memo: |
| Receipt Number: 14577002 | Batch Verifying Officer: ACCOUNTING STAFF |
| Adding Officer: ACCOUNTING STAFF | Batch Number: |
| Card #: | Address: , |
| Beginning Balance: $ 0.00 | |
| Ending Balance: $ 0.00 | |

| Cost Recovery Collected: | To Cost Recovery: |
|---|---|
| | $2.00  CR - GRIEVANCE FEES/FINES |

STATE OF OKLAHOMA )
                          ) SS.
COUNTY OF Hughes )

Sworn AFFIDAVIT OF James Ezey

I, James Ezey being of lawful age duly sworn accordingly to law gives the following statement under oath to-wit:

1.) Affiant Further states that 00299 is the other grievance returned by G.C. Underwood on Aug. 13, 2019 no restriction of grievance process was ever applied to any grievance by D.C.F on August. 13, 2019 or August. 7, 2019 prepared by Warden Yates; and

2.) The affiant states on Aug. 13, 2019 he appealed both 00291 and 00299 to ARA because official no grievance restriction had been marked, no grievance restriction had been provided to offender on Aug. 13, or Aug. 14 by G.C. at D.C.F Ms. Underwood, DP.030115 and DP.090194 is as one the appeal submitted to ARA on August 14, 19 has not been recieved by D.C.F per D.O.C policy affiant states the defects within R.A and ARA has not been corrected.   /S/ James Ezell II

Subscribed and Sworn to this 19 of SEPTEMBER 2d9
Notary Public _____ My Commission 4-15-2023

CARLA HOOVER
NOTARY
# 11003473
EXP. 04/15/23
STATE OF OKLAHOMA

Inmate Accounting Transaction Receipt

EXHIBIT 6 b

EXHIBIT 6 a) 123

&gt; I

Case 6:19-cv-00302-JFH-JAR   Document 56-2   Filed 12/18/19   Page 51 of 74
Appellate Case: 23-7007   Document: 010110842420   Date Filed: 04/12/2023   Page: 124

SCOTT CROW
INTERIM DIRECTOR



J. KEVIN STITT
GOVERNOR

STATE OF OKLAHOMA
OKLAHOMA DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE REVIEW AUTHORITY

DCF 19-299

Date:      AUGUST 30, 2019

To:        EZELL, JAMES #237370

Location:  DCF

From:      Mark Knutson, Director's Designee   *Mark Knutson*

Your grievance/correspondence was filed improperly for the following reason(s):

|   |     |   |
|---|-----|---|
|   | 1.  | No reviewing authority response to the grievance. |
|   | 2.  | No informal action, Request to Staff response included. |
|   | 3.  | Out of time from date of alleged incident until filing Request to Staff. |
|   | 4.  | Out of time from date of response to Request to Staff until filing the grievance with the reviewing authority. |
|   | 5.  | Received out of time from date of the reviewing authority's response. |
|   | 6.  | You cannot appeal a non-response. See OP-090124 section V.B.1.b.(8) (Request to Staff) or VI.C.4. (grievance). |
| X | 7.  | Inmate on grievance restriction and/or proper documentation not included. See OP-090124, section X.B.2.a. |
|   | 8.  | Must be legibly written in blue or black ink. No pencil or other color of ink is allowed. No doodling or writing in margins. |
|   | 9.  | Attachments to the grievance/appeal (no additional pages allowed except affidavit if required). |
|   | 10. | Not an issue grievable to Oklahoma Department of Corrections (Private prison property, misconduct, litigation pending, not within/under the authority/control of the Department of Corrections) |
|   | 11. | More than one issue or the complaint and relief requested are not consistent on the Request to Staff and grievance. |
|   | 12. | Not of a sensitive/emergency nature. You must follow the standard grievance process including giving the reviewing authority an opportunity to respond. |
|   | 13. | Requests for disciplinary action against staff or monetary compensation will not be addressed in the grievance process. |
|   | 14. | Appeal form not signed/dated. |
|   | 15. | The ruling of the Administrative Review Authority or Director's Designee is final. |
|   | 16. | Facility grievance number not listed on the appeal form. |
|   | 17. | Additional issues submitted in the grievance appeal and not presented in the initial grievance to the reviewing authority for response will not be addressed by this office. |
|   | 18. | You have failed to follow previous instructions from the reviewing authority or ARA for filing this grievance/appeal and/or properly resubmit. YOU ARE NOW OUT OF TIME. |
|   | 19. | You did not provide the date that you received the reviewing authority's response on the appeal form. |
|   | 20. | This grievance is unanswerable as there are no time frames specified for the alleged action(s) to have occurred |
|   | 21. | You failed to identify your grounds for an appeal by checking one, or both boxes on the appeal form. |
|   | 22. | Your appeal must be written on the Misconduct/Grievance Appeal form (DOC060125Veffective 4/19). |
| X | 23. | You will be afforded ONE FINAL opportunity to properly resubmit your corrected grievance appeal which must be received in ARA within ten (10) days of receipt of this form. DO NOT RETURN THIS FORM WITH YOUR CORRECTED APPEAL. |
| X | 24. | Other: NO AFFIDAVIT AS REQUIRED. GRIEVANCE RESTRICTION EFFECTIVE 8/7/19. |

THIS OFFICE WILL NOT PROCESS INCOMPLETE/INACCURATE/OUTDATED APPEAL FORMS
NOTE: Abuse of the grievance process as explained in section IX of OP-090124, will result in restrictions being imposed.

I acknowledge receipt of this response: James Ezell  9-20-19
Inmate's signature and date

P.O. BOX 11400
OKLAHOMA CITY, OK. 73136-0400

Note Ms. Hoover denied Notary 8-20-19, 8-27-19  OP-090124 sec X.B.2.a)      EXHIBIT 6 a) 6

## Misconduct/Grievance Appeal To Administrative Review Authority

Inmate Name: _James Ezell_    DOC Number: _237370_

Facility Where Offense/Grievance Occurred:    Offense Code: _2_
_Echo D.C.F_

Date of misconduct violation: _____

☐ Facility Misconduct Appeal Number    ☑ Facility Grievance Appeal Number
_____    _10D1-00299-G_

I received the response of the reviewing authority at the facility on: _8-13-19_

Fill out this form in blue or black ink. Writing must be legible. I wish to appeal the reviewing authority's response to the misconduct/grievance on the following ground(s) only. DO NOT ATTACH ANY OTHER PAGES. (Use ONLY the back side of this page, if necessary). Your appeal will be returned to you unanswered if any other pages are submitted.

☑ Newly discovered/available evidence not considered by the reviewing authority, relevant to the issue, necessary for a proper decision, and why the evidence was not previously available which if considered may alter the decision (you must clearly state the newly discovered/available evidence); or

☑ Probable error committed by the reviewing authority in the decision such as would be grounds for reversal (you must clearly state the error committed by the reviewing authority, including citing the part of procedures or statutes not followed by the reviewing authority).

Response:

_____

_____

_____

_____

_____

_____

I understand that in accordance with OP-060125/OP-090124, I will be charged $2 to appeal a misconduct/grievance to the Administrative Review Authority or Chief Medical Officer, and that this form is also a request for disbursement of funds from my trust fund draw account. If I do not have enough funds to cover this cost, the amount will be collected as soon as funds become available.

_James Ezelle III   resubmitted 9-23-2019_    _Aug. 14, 2019_
Signature of Inmate    Date

DOC 060125V (R 4/17)

EXHIBIT 6 b) 1

Case 6:19-cv-00302-JFH-JAR    Document 56-2    Filed 12/18/19    Page 53 of 74
Newly discovered / Will the evidence not considered by the reviewing authority,
Appellate review 7.04.11    Document: 0104 10844420    Date Filed: 04/12/2023    Page: 126

On or abt June 16, 2019 offender Ezell had an attorney call in Pfaff office while in C/m Pfaffs office actual call was [June 13 2019]; On or abt 6-24-2019, 6-25-2019 that day I.R. 6-25-2019 was put on paper per OP-090124

Clearly making the R.T.S submitted on 6-28-2019 to Case Manager Pfaff 7 days from the actual incident  6-25-2019 date].

D.C.F official continue to attempt to hendered Offenders Exhaustion officer on unit signature 8-1-19 [date R.T.S. received]

Per O.D.O.C OP-090124 Offenders must submit DO.C 030101A form then R.T.S D.O.C 090124 D On [June. 13, 2019] offender Ezell brung to C/m Pfaff attention, on 6-25-2019 incident happened on 6-28-2019 R.T.S was submitted Date on R.T.S. offender Ezell could not be Out of time frame without bias

Probable error committed
    offender Ezell # 237370 dates on ATTACHED REQUEST TO STAFF are as is inmate request 6-25-19 D.C.F C/mPfaff well within time frames 6-28-19 as far as OP-090124 go's the only issue is the July.19, 2019 stamp and the date offender actually received response time frames 8-1-19

G.C. Terry Underwood, Warden James Yates, Brain Yandell 4/m Ade C/m Pfaff C/u/m Ms. Dorman A.W. Gentry continue to support the denial of OP090104 offender Ezell spoke case manager Pfaff office on 6-13-19 then I.R. 6-25-19 7 days starts 6-28-19 reviewing authority disregarded the attached R.T.S. Copy 2of2 end

I James Ezell being of lawful age duly sworn according to law gives the above under oath statement to-wit:    SWORN AFFidavit of James Ezell    /s/ James Ezell

Subscribed and sworn to before me this  9  of  4  20 19

Notary Public (s) Carlee Hoover

My Commission  4-25-2023

CARLA HOOVER
NOTARY
# 11003473
EXP. 04/15/23
STATE OF OKLAHOMA
PUBLIC

EXHIBIT 6 b) 126



SCOTT CROW
INTERIM DIRECTOR

J. KEVIN STITT
GOVERNOR

STATE OF OKLAHOMA
OKLAHOMA DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE REVIEW AUTHORITY

DCF 19-299

Date:       OCTOBER 11, 2019

To:         EZELL, JAMES #237370

Location:   DCF

From:       Mark Knutson, Director's Designee   *Mark Knutson*

**Your grievance/correspondence was filed improperly for the following reason(s):**

|   |     |                                                                                                                                                                                 |
|---|-----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|   | 1.  | No reviewing authority response to the grievance.                                                                                                                               |
|   | 2.  | No informal action, Request to Staff response included.                                                                                                                         |
| X | 3.  | Out of time from date of alleged incident until filing Request to Staff.                                                                                                        |
|   | 4.  | Out of time from date of response to Request to Staff until filing the grievance with the reviewing authority.                                                                  |
|   | 5.  | Received **out of time** from date of the reviewing authority's response.                                                                                                       |
|   | 6.  | You cannot appeal a non-response. See OP-090124 section V.B.1.b.(8) (Request to Staff) or VI.C.4. (grievance).                                                                   |
|   | 7.  | Inmate on grievance restriction and/or proper documentation **not included**. See OP-090124, section X.B.2.a.                                                                   |
|   | 8.  | Must be legibly written in blue or black ink. No pencil or other color of ink is allowed. No doodling or writing in margins.                                                    |
|   | 9.  | Attachments to the grievance/appeal (no additional pages allowed except affidavit if required).                                                                                 |
|   | 10. | Not an issue grievable to Oklahoma Department of Corrections (**Private prison property,** misconduct, litigation pending, not within/under the authority/control of the Department of Corrections) |
|   | 11. | More than one issue or the complaint and relief requested are not consistent on the Request to Staff and grievance.                                                             |
|   | 12. | Not of a sensitive/emergency nature. You must follow the standard grievance process including giving the reviewing authority an opportunity to respond.                          |
|   | 13. | Requests for disciplinary action against staff or monetary compensation will not be addressed in the grievance process.                                                        |
|   | 14. | Appeal form not **signed/dated.**                                                                                                                                               |
|   | 15. | The ruling of the Administrative Review Authority or Director's Designee is final.                                                                                              |
|   | 16. | Facility grievance number not listed on the appeal form.                                                                                                                        |
|   | 17. | Additional issues submitted in the grievance appeal and not presented in the initial grievance to the reviewing authority for response will not be addressed by this office.     |
|   | 18. | You have failed to follow previous instructions from the **reviewing authority** or ARA for filing this grievance/appeal and/or properly resubmit. **YOU ARE NOW OUT OF TIME.** |
|   | 19. | You did not provide the date that you received the reviewing authority's response on the appeal form.                                                                           |
|   | 20. | This grievance is unanswerable as there are no time frames specified for the alleged action(s) to have occurred                                                                 |
|   | 21. | You failed to identify your grounds for an appeal by checking one, or both boxes on the appeal form.                                                                            |
|   | 22. | Your appeal must be written on the Misconduct/Grievance Appeal form (DOC060125V effective **4/19**)                                                                             |
|   | 23. | You will be afforded **ONE FINAL** opportunity to properly resubmit your corrected grievance appeal which must be received in ARA within ten (10) days of receipt of this form. **DO NOT RETURN THIS FORM WITH YOUR CORRECTED APPEAL.** |
|   | 24. | Other:                                                                                                                                                                          |

**THIS OFFICE WILL NOT PROCESS INCOMPLETE/INACCURATE/OUTDATED APPEAL FORMS**
NOTE: Abuse of the grievance process as explained in section IX of OP-090124, will result in restrictions being imposed.

I acknowledge receipt of this response: *James Ezell %o Jetson*   10-14-19
                                                    Inmate's signature and date
                                        *10-14-19*

O. BOX 11400
OKLAHOMA CITY, OK. 73136-0400

Note: Without proper documentation from Jacket review Plaintiff
due process violated and equal protection
Ms. Hoover denied Notary again 10-14-19 (OP-090124)

EXHIBIT 6b) 3

45

Case 6:19-cv-00302-JFH-JAR   Document 56-2   Filed 12/18/19   Page 55 of 74
Appellate Case: 23-7007   Document: 010110842420   Date Filed: 04/12/2023   Page: 128

## GRIEVANCE RETURNED UNANSWERED

Received: _____

_EC 102_

Inmate signature _____

_8-13-19_

Date _____

DATE:      August 7, 2019
TO:        Ezell, James, #237370
FROM:      James Yates, Warden
Received:  August 06, 2019
RE:        Return of Grievance # 2019-1001-**00297**-G

### _YOUR GRIEVANCE IS BEING RETURNED UNANSWERED BECAUSE OF THE FOLLOIWNG:_

☐   You have not filed your grievance within the specified time frame.   _(CANNOT RESUBMIT)_

☐ The "Request to Staff" must be submitted **within seven (7) days of the incident.**

☐ The inmate/offender grievance must be submitted by the inmate/offender 15 days from the **date of the receipt of the response to the "Request to Staff."**

☐   An **ANSWERED** Request to Staff form addressed to the **correct staff member** must be attached.

☒   The **Request to Staff** issue is not consistent with the issue requested on the **Grievance.**

☐   **Inmate Request forms are not utilized in the Grievance Process.**

☐   You have not completed the **Grievance form correctly, in its entirety, or on the correct form.**

☐   Grievances submitted must be **legibly written or typed, in blue or black ink. No pencil, highlighter, or other color of ink is allowed.** No drawing, decorating, doodling, or making comments, in the margins of the pages is permitted.

☐   The **Grievance and Request to staff** must be specific as to the **Complaint, Dates, Places, Personnel Involved and How the Inmate was Affected**.

☐   Classification Movement requests to transfer to another facility, are not grievable to DOC.

☐   If there has not been response to your Request to Staff in 30 days, but no later than 60 days, of submission, the inmate may file a grievance to the reviewing authority with **a copy of the "Request to Staff" attached to the grievance form. (Ask the law library supervisor for a copy of the RTS.) The grievance form may only be filed about the lack of response to the "Request to Staff."**

☐   Only **ONE ISSUE OR INCIDENT** is allowed per **Grievance** and **Request to Staff.**

☐   You are on **Grievance Restriction**, proper documentation was not included.

☐   It has been determined that the grievance is not of an **Emergency or Sensitive** nature. The grievance is being returned and you must comply with the standard grievance process.

Note: Plaintiff attached RTS video would support this date Ms. Underwood destory the attached R.T.S depriving plaintiff of his First Amendment Right to petition the government.

EXHIBIT

79

1

8/26

128

46

**Page 2 of 2**

---

☐ **Section-09 Programs Page: 4 OP-090124 Effective Date: 04/11/2019**
   **B. Non-grievable Issues**
   1. Misconduct reports received through the agency disciplinary procedures may not be appealed through the grievance process. Misconduct reports may only be appealed through the disciplinary appeal process as referenced in OP-060125 entitled "Inmate/Offender Disciplinary Procedures."

☐ 2. Grievances shall not be submitted:

   ☐ (a) about matters that are in the course of litigation;

   ☐ (b) about matters that include requests for disciplinary action against staff;

   ☐ (c) requesting monetary compensation; or

   ☐ (d) For property issues at privately contracted facilities. These are to be resolved by the privately contracted facility and are not grievable or appealable to ARA.

☐ Property issues may be addressed by utilizing the requirements of CCA Policy 14-6: Inmate Resident Property (Property Claim 14-6D and Appeal 14-6E).

☐ **Section-09 Programs Page: 18 OP-090124 Effective Date: 04/11/2019**
   A. Determining Abuse of the Grievance Process
   1. The appropriate reviewing authority may determine there is abuse or misuse of the grievance process and may restrict the inmate's/offender's ability to submit a grievance. Types of abuse, include, but are not limited to: (PREA 115.52(g))
☐ a. Grievances intended to harass another;
☐ b. The continual and repeated submitting of frivolous grievances (frivolous grievances are those with no basis in fact or law);
☐ c. The repeated submitting of grievances or "Requests to Staff" about an issue previously addressed by staff in their written response;
☐ d. Grievances about de minimis (small, trifling, no available remedy) issues;
☐ e. Repetitive grievances by multiple inmates/offenders about the same issue;
☐ f. An inmate/offender writing letters instead of utilizing the grievance process and failing to bring complaints by formal grievance;
☐ g. Continued procedural defects, such as submitting additional pages, after having been previously warned.
☐ **Because of continued abuse of the grievance process this serves as an official warning.**

☒ You will be afforded the opportunity to properly re-submit a grievance form within **10 days** of receipt of this notice **WITH THE NOTED CORRECTIONS COMPLETED.** The grievance form must be proper, complete, and submitted to the proper reviewing authority. The failure of such waives/forfeits the right to proceed in the grievance process.

☐ Due to your continued failure to submit a properly filed grievance, you are now **OUT OF TIME.**

☒ Other: ___On the RTS you wanted to be able to exhaust your grievances for the grievances submitted on 6/24/19 that did not have RTS attached when they were received at the Warden's office. You did not resubmit those grievances with RTS within the 10 days that you were allowed to resubmit. Those grievances are now considered out of time frame and moot.
On the Grievance you wanted the Reviewing Authority to have grievance boxes on the units and have the Grievance Coordinator pick up their contents every day. Different issues, do not match.___

EXHIBIT 7q 129

47

**RECEIVED**

AUG 0 6 2019

**GRIEVANCE**

## INMATE/OFFENDER GRIEVANCE

Grievance no. 2019-1001-00297-G

Grievance code: 3

Response due: 8/26/19

**DO NOT WRITE ABOVE THIS LINE**

Date  8-5-2019          Facility or Unit  D.C.F/MAX

Name  James Ezell        Facility Housing Unit  Echo Charlie
           (Print)

DOC Number  237370     Date "Request to Staff" response received:  8-1-2019

Have you previously submitted a grievance on this same issue? _No_  If yes, what date _____, facility _____, grievance # _____. You must submit this completed original within 15 days of the receipt of the response to the "Request to Staff". The "Request to Staff" must have been submitted within 7 days of the incident. Do not include/attach anything to this grievance except the "Request to Staff" including the response. You may quote from or make reference to statutes, operations, field, or administrative memoranda, department publications (time sheets, inventory forms, assessments, etc.). You will be permitted only one opportunity to correct any error(s) made in submitting your grievance.

1.    The nature of your complaint. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per grievance. Use backside of this page only, if necessary. On June 24, 2019 from Law Library Cages on Echo charlie grievances was provided to D.C.F Mailroom supervior Ms. West 1 of those grievances was attached to R.T.S by shaple, the other R.T.S was attached to grievance and reenforced with tape Videofootage supports Mr.Ezell point out to Ms. West we double checked the attachment was good, Sad only you could remove the R.T.S denys my First Amendment, →

2.    Informal action taken (including dates) to resolve the complaint, as well as the names of those employees from whom you sought an answer to your grievance.
On July 1, 2019 doorside I stated the R.T.S was attached, you rejected that
On July 1, 2019 I submitted R.T.S. to you about issue
On July 25, 2019 I submitted I.R. about unreceived R.T.S.
On Aug. 1, 2019 I addressed A.W. Gentry

3.    The action you believe the reviewing authority may lawfully take.
offender did receive those R.T.S from L.L.S timely, offender did attach R.T.S to grievances submitted; the reviewing Authority could place a box on Units that only Grievance Cord. would have to pick these up as Policy already state Grievances Grievance Cord. suppose to have control over a Box on Units elimate all other employee's handling Grievances

Grievance report sent to (warden/facility head/deputy director/correctional health services administrator):

Name  James Gates          Title  Warden

_James Ezell IV_            8-5-2019
Signature of Grievant         Date Sent to Reviewing Authority

DOC 090124A (R 4/19)

1. Original to file
2. Copy to inmate/offender

EX 78

EXHIBIT 74

62

Case 6:19-cv-00302-JFH-JAR   Document 56-2   Filed 12/18/19   Page 58 of 74
Appellate Case: 23-7007   Document: 010110842420   Date Filed: 04/12/2023   Page: 131

United States District Court
For The
EASTERN DISTRICT of OKLAHOMA

 **CoreCivic**

August 7, 2019

I/M James Ezell, #237370
CCA Davis Correctional Facility
6888 E. 133rd Road
Holdenville, OK 74868

**Re: Grievance Restriction**

Inmate Ezell,

You are being placed on a 12 month Grievance Restriction due to the following reasons:

> a. Grievances intended to harass another;
> c. The repeated submitting of grievances or "Requests to Staff" about an issue previously addressed by staff in their written response;
> g. Continued procedural defects, such as submitting additional pages, after having been previously warned.

OP-090124 entitled Inmate/Offender Grievance Process, Section IX, states in part, "The appropriate reviewing authority or medical deputy director may determine there is abuse or misuse of the grievance process, and may restrict the offender's capacity to submit a grievance. The abuse may be, but is not limited to:

a. Grievances intended to harass another;
b. The continual and repeated submitting of frivolous grievances (frivolous grievances are those with no basis in fact or law);
c. The repeated submitting of grievances or "Requests to Staff" about an issue previously addressed by staff in their written response;
d. Grievances about de minimis (small, trifling, no available remedy) issues;
e. Repetitive grievances by multiple offenders about the same issue;
f. An offender writing letters instead of utilizing the grievance process and failing to bring complaints by formal grievance; and
g. Continued procedural defects, such as submitting additional pages, after having been previously warned.

You were last warned about Grievance Restriction at DCF on 07/01/2019. Since you refused to follow the inmate/offender grievance process, I am placing you on grievance restriction from August 07, 2019 through August 6, 2020. You are required to follow steps outlined in Section IX of OP-090124 prior to submitting a grievance at any level. Keep in mind that further abuses are grounds for additional restriction.

Sincerely,

*James Yates*

James Yates, Warden DCF

NOTE: THIS LETTER WAS SIGN FOR ON August. 15, 2019 Plaintiff was
personally provided 3 grievances August. 13, 2019 by G.C. Ms Underwood
Denial of Notary denys grievance process] further            EXHIBIT 7 b) 1
                                                        ( Attached Affidavit )

ARA 19-264

## Inmate Request

**Issues relating to any of the following areas must be submitted to the Law Library on a "Request to Staff" form:** Discrimination, Classification, Complaint Against Staff, Condition of Confinement, Disciplinary Process, Legal, Medical, Property, Records/Sentence Administration, and Religion.

**This form is not utilized for exhaustion of administrative remedies; you must use the "Inmate/Offender Grievance Process Request to Staff" for those issues.**

TO: _Mark Knutson O.D.O.C_   Facility/Unit: _ARA/O.D.O.C_ Date: _8-19-19_
(Name/Title of Staff Member)

**SUBJECT:** State completely, but briefly, the request on which you desire assistance. This statement must be specific as to the request, dates, place, personnel involved. Only one request or incident per "Inmate Request" is allowed. The requests addressed on this form are for routine administrative matters such as request for wake-up call, replacement clothing, phone calls, scheduling special/legal visit, hygiene items, etc. Your failure to specifically state your request may result in this Inmate Request being returned denied.

_I have a question for you can offenders Notarize the back of grievances? Per OP-090124 offenders can and must Notarize an Affidavit nowhere does it say offenders can't pay to Notarize back side of grievances or pay for Notary of Order Grievance Restriction_     _AWAITING YOUR RESPONSE!_

Name: _James Ezell_   DOC # _237370_ Unit & Cell # _EC-102_
(Print)
Signature: _James Ezell_   Work Assignment: _____

### DO NOT WRITE BELOW THIS LINE

DISPOSITION: _See the attached ARA response_

Staff Member _____   Date _8/22/19_

**RECEIVED**

AUG 21 2019

ADMINISTRATIVE
REVIEW
AUTHORITY

DOC 030101A
(R 4/19)

EXHIBIT 7(b) 2

53

SCOTT CROW
INTERIM DIRECTOR

J. KEVIN STITT
GOVERNOR

STATE OF OKLAHOMA
OKLAHOMA DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE REVIEW AUTHORITY

ARA 19-264

Date:        AUGUST 22, 2019

To:          EZELL, JAMES #237370

Location:    DCF

From:        Mark Knutson, Director's Designee    *Mark Knutson*

**Your grievance/correspondence was filed improperly for the following reason(s):**

|   |     |                                                                                                                                                                      |
|---|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|   | 1.  | No reviewing authority response to the grievance.                                                                                                                    |
|   | 2.  | No informal action, Request to Staff response included.                                                                                                              |
|   | 3.  | Out of time from date of alleged incident until filing Request to Staff.                                                                                             |
|   | 4.  | Out of time from date of response to Request to Staff until filing the grievance with the reviewing authority.                                                       |
|   | 5.  | Received **out of time** from date of the reviewing authority's response.                                                                                            |
|   | 6.  | You cannot appeal a non-response. See OP-090124 section V.B.1.b.(8) (Request to Staff) or VI.C.4. (grievance).                                                        |
|   | 7.  | Inmate on grievance restriction and/or proper documentation **not** included.  See OP-090124, section X.B.2.a.                                                        |
|   | 8.  | Must be legibly written in blue or black ink.  No pencil or other color of ink is allowed. No doodling or writing in margins.                                         |
|   | 9.  | Attachments to the grievance/appeal (no additional pages allowed except affidavit if required).                                                                       |
|   | 10. | Not an issue grievable to Oklahoma Department of Corrections (**Private prison property,** misconduct, litigation pending, not within/under the authority/control of the Department of Corrections) |
|   | 11. | More than one issue or the complaint and relief requested are not consistent on the Request to Staff and grievance.                                                   |
|   | 12. | Not of a sensitive/emergency nature.  You must follow the standard grievance process including giving the reviewing authority an opportunity to respond.               |
|   | 13. | Requests for disciplinary action against staff or monetary compensation will not be addressed in the grievance process.                                               |
|   | 14. | Appeal form not **signed/dated.**                                                                                                                                    |
|   | 15. | The ruling of the Administrative Review Authority or Director's Designee is final.                                                                                    |
|   | 16. | Facility grievance number not listed on the appeal form.                                                                                                              |
|   | 17. | Additional issues submitted in the grievance appeal and not presented in the initial grievance to the reviewing authority for response will not be addressed by this office. |
|   | 18. | You have failed to follow previous instructions from the **reviewing authority** or ARA for filing this grievance/appeal and/or properly resubmit.  **YOU ARE NOW OUT OF TIME.** |
|   | 19. | You did not provide the **date** that you received the reviewing authority's response on the appeal form.                                                             |
|   | 20. | This grievance is unanswerable as there are no time frames specified for the alleged action(s) to have occurred                                                        |
|   | 21. | You failed to identify your grounds for an appeal by checking one, or both boxes on the appeal form.                                                                   |
|   | 22. | Your appeal must be written on the Misconduct/Grievance Appeal form (DOC060125Veffective/4/19).                                                                        |
|   | 23. | You will be afforded **ONE FINAL** opportunity to properly resubmit your corrected grievance appeal which must be received in ARA within ten (10) days of receipt of this form. **DO NOT RETURN THIS FORM WITH YOUR CORRECTED APPEAL.** |
| X | 24. | Other:  RE: "OFFENDER REQUEST" RECEIVED 8/21/19. THERE IS NOT A POLICY THAT REQUIRES AN INMATE GRIEVANCE FORM TO BE NOTARIZED NOR IS THERE A POLICY THAT PRECLUDES THIS. AS PER OP-030115, SECTION IV.C, NOTARY SERVICES ARE AVAILABLE FOR "LEGAL DOCUMENTS" AT A COST OF $1.00 PER NOTARY. |

**THIS OFFICE WILL NOT PROCESS INCOMPLETE/INACCURATE/OUTDATED APPEAL FORMS**
**NOTE: Abuse of the grievance process as explained in section IX of OP-090124 will result in restrictions being imposed.**

I acknowledge receipt of this response:_____ 8-27-19 _____

Exhibit 7-d

Note: Ms Hoover denied Notary denying Access to Courts and OP-090124 EXHIBIT 7b) i.d. 3

133

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF OKLAHOMA

STATE OF OKLAHOMA )
                  )
                  )   SS.   CIV-19-302-JHP-SPS
County of __Hughes__ )


SWORN AFFIDAVIT OF __JAMES EZELL__

I __JAMES EZELL__ being of lawful age duly sworn according to law gives the following statement under oath to-wit:


1. The affiant states that on __August 20, 2019__ Echo Clerk Ms. Hoover came to EC-102 for Notary request per OP-030115 affiant provided complaint 1983 and attached affidavits Ms. Hoover reviewed those documents and stated I will not Notary this because the paper it was on, then she suggested to affiant the only way she would notarize is if she could take the document to show someone else.

Ms. Hoover took papers at abt. 11:15am came back abt. 1:50pm Notarized those documents, [Denied required Affidavit to offender grievance process]

2. Affiant provided a grievance restriction affidavit per OP-090124 on __August. 21, 2019__ abt. 11:20 am at EC-102 Ms. Hoover refused to do her Job and Notarize affiant grievance restriction affidavit prepared contain a list by grievance number, date, description, and disposition at each level of all grievances previously submitted by the offender within the last 12 months OP-090124 B. 2)(a) Ms. Hoover denied stating Ms Underwood told me not to Notary.

affiant call % Foy To witness it /s/ _James Ezell III_

Subscribed and Sworn to this __4__ of __September__ 20 __19__

Notary Public /s/ _Carla Hoover_

My Commission __4-18-2023__

EXHIBIT 7c

61

Case 6:19-cv-00302-JFH-JAR   Document 56-2   Filed 12/18/19   Page 62 of 74
Appellate Case: 23-7007   Document: 010110842420   Date Filed: 04/12/2023   Page: 135

STATE OF OKLAHOMA )
                  } SS.   CIV-19-302-JHP-SPS
COUNTY OF Hughes )

SWORN AFFIDAVIT OF James Ezell

I James Ezell being of lawful age duly sworn accordingly to law gives the following statement under oath to-WIT:

1. The affiant was denied Notary on August. 27, 2019 by Ms. Hoover she stated Ms. Underwood told her not to Notary, the affiant prepare an Emergency Grievance and to other grievances due, and the affiant placed all 3 grievances in Mailroom Ms. West hands addressed to Ms Underwood August. 29, 2019, per grievance procedure process 090124.

2. On September. 12, 2019 at mail pass on Echo Charlie ¾ passed 3 grievances at regular mail returned unprocess by Terry Underwood G.C. date from August. 27, 19 August. 28, 19 that was submitted through the mailroom on August. 29, 2019 affiant advised Unit Officer 9-12-19 to log-in. log book of this incident a violation.

3. On September 13, 2019 at abt 8am affiant spoke to Capt. Riddle at doorside about L.L. not coming to Echo Charlie to pick up Copy ¾ Foy call, ¾ Vance called and affiant addressed Deputy Warden Gentry about G.C. Underwood returning offenders grievances submitted on August. 29, 2019 through mailroom without properly ~~exhuating~~ exhuastion per OP 090124 and in violation of procedure on returning grievances, G.C. Ms. Underwood and Ms. Hoover has Conspirer together disregaurd of D.O.C policy.

S/ James Ezell

Subscribed and Sworn to this 19 of SEPTEMBER 2019
Notary Public _____ My Commission 4-15-2023

CARLA HOOVER
NOTARY
# 11003473
EXP. 04/15/23
STATE OF OKLAHOMA
PUBLIC

~~EXHIBIT 7~~ f
EXHIBIT 7b) 5     135

Case 6:19-cv-00302-JFH-JAR   Document 56-2   Filed 12/18/19   Page 63 of 74
Appellate Case: 23-7007   Document: 010110843543   Date Filed: 04/12/2023   Page: 136

**DAVIS CORRECTIONAL FACILITY**

# Inmate Accounting Transaction Receipt

**Today's Date:** 09/11/2019  4:21:01PM

| | |
|---|---|
| **EZELL, JAMES RICKEY** | **E/EC/102/B** |
| **Agency # 237370**      **Perm # 1155321** | |

| | | | |
|---|---|---|---|
| **Transaction Date:** | 09/11/2019 16:18 | **Deposit From/Withdrawal To:** | POSTAGE - LEGAL MAIL |
| **Transaction Type:** | CR - POSTAGE | **Document Locator Number:** | |
| **Amount:** | $ 0.65 | **Case/Order Number:** | |
| **Check Number:** | | **Memo:** | |
| **Receipt Number:** | 14583741 | **Batch Verifying Officer:** | ACCOUNTING STAFF |
| **Adding Officer:** | ACCOUNTING STAFF | **Batch Number:** | |
| **Card #:** | | **Address:** | , |
| **Beginning Balance:** | $ 0.00 | | |
| **Ending Balance:** | $ 0.00 | | |

| **Cost Recovery Collected:** | **To Cost Recovery:** |
|---|---|
| | $0.65  CR - POSTAGE |



**Inmate Accounting Transaction Receipt**

State of Oklahoma )
County of __Hughes__ )  ss.  19-CV-302-JHP-SPS

## SWORN AFFIDAVIT OF __James Ezell III__

I __James Ezell III__ being of lawful age duly sworn according to law gives the following statement under oath to-wit:

1.) Affiant states that on Sept. 18, 2019 abt. 3:45 pm D.C.F G.C. Ms. Underwood came to Echo Charlie EC-102 and stated I was wrong for telling ms Hoover not to Notary your Grievance Restruction Affidavit when Ms. Hoover denied Notary on 8-27-19 and,

2.) Affiant further stated that __Ms. Underwood__ stated that she did not return the grievances that was submitted through the D.C.F Mailroom Supervisor on 8-29-19 verified by Ms. West 8-30-19 to Ms. Underwood which was returned in regular mail on 9-12-19 EC-102 documented by Unit officer.

3.) On 9-16-19 Ms. West verified again of the grievances submitted to Ms. Underwood again 9-17-19, affiant further states the Chief of Unit Managers Ms. Dorman be in the Mailroom a friend of Ms. Hoover Notary of Echo Unit, these staff are Conspiring together to prevent affiant Ms. Dorman, Ms. Underwood, Ms. Hoover, Ms. Ade and Ms. Patterson reading Legal documents Affidavits /s/ James Ezell III

Subscribed and Sworn to this __19__ of __SEPTEMBER__ 20 19
Notary Public _____   My Commission 4-15-2023

CARLA HOOVER
NOTARY
# 11003474
EXP. 04/15/23
PUBLIC
STATE OF OKLAHOMA

EXHIBIT 7K
EXHIBIT 7b) cont'



DCF 19-291
DCF 19-299

## Inmate Request

Issues relating to any of the following areas must be submitted to the Law Library on a "Request to Staff" form: Discrimination, Classification, Complaint Against Staff, Condition of Confinement, Disciplinary Process, Legal, Medical, Property, Records/Sentence Administration, and Religion.

This form is not utilized for exhaustion of administrative remedies; you must use the "Inmate/Offender Grievance Process Request to Staff" for those issues.

TO: **D.O.C Mark Knutson**           Facility/Unit: **D.O.C**   Date: **9-12-19**
(Name/Title of Staff Member)

SUBJECT: State completely, but briefly, the request on which you desire assistance. This statement must be specific as to the request, dates, place, personnel involved. Only one request or incident per "Inmate Request" is allowed. The requests addressed on this form are for routine administrative matters such as request for wake-up call, replacement clothing, phone calls, scheduling special/legal visit, hygiene items, etc. Your failure to specifically state your request may result in this Inmate Request being returned denied.

On August, 14, 2019 I appealed D.C.F-19-291, D.C.F-19-299 per OP-090124 no grievance restriction was mark or provided to offender, from your office; no signature of receipt by offender Ezell that any response was ever recieved but I was charged 9-11-19 — AWAITING DISPOSITION OF APPEALED GRIEVANCE TO YOUR OFFICE 8-14-19     — 1 copy of 2—

Name: **James Ezell III**       DOC # **237370**   Unit & Cell # **EC 102**
(Print)
Signature **James Ezell III**    Work Assignment:

### DO NOT WRITE BELOW THIS LINE

DISPOSITION: Responses to DCF 19-291 nor 19-299 were sent to DCF n 6/30/19.

Staff Member                          Date  9/19/19

I certify that on 12th of Sept. 2019 the original copy was mailed to D.O.C Mark Knutson from D.C.F by James Ezell..

**RECEIVED**
SEP 19 2019
ADMINISTRATIVE REVIEW AUTHORITY



DOC 030101A (R 4/19)

recieved 9-24-19 L.M.L signed J.E

EXHIBIT "7c" 138

48

Case 6:19-cv-00302-JFH-JAR   Document 56-2   Filed 12/18/19   Page 66 of 74
Appellate Case: 23-7007   Document: 010110842420   Date Filed: 04/12/2023   Page: 139

## GRIEVANCE RETURNED UNANSWERED

*EC10?*

Received:

_____
**Inmate signature**

*9-4-19*

_____
**Date**

**DATE:** August 27, 2019
**TO:** Ezell, James, #237370
**FROM:** James Yates, Warden
**Received:** August, 21, 2019
**RE:** Return of Grievance # 2019-1001-00297-G

_YOUR GRIEVANCE IS BEING RETURNED UNANSWERED BECAUSE OF THE FOLLOIWNG:_

☐ You have not filed your grievance within the specified time frame. **_(CANNOT RESUBMIT)_**

    ☐ The "Request to Staff" must be submitted **within seven (7) days of the incident.**

    ☐ The inmate/offender grievance must be submitted by the inmate/offender 15 days from the **date of the receipt of the response to the "Request to Staff."**

☐ An **ANSWERED** Request to Staff form addressed to the **correct staff member** must be attached.

☒ The **Request to Staff** issue is not consistent with the issue requested on the **Grievance.**

☐ **Inmate Request forms are not utilized in the Grievance Process.**

☐ You have not completed the **Grievance form correctly, in its entirety, or on the correct form.**

☐ Grievances submitted must be **legibly written or typed, in blue or black ink. No pencil, highlighter, or other color of ink is allowed.** No drawing, decorating, doodling, or making comments, in the margins of the pages is permitted.

☐ The Grievance and Request to staff must be specific as to the **Complaint, Dates, Places, Personnel Involved and How the Inmate was Affected.**

☐ Classification Movement requests to transfer to another facility, are not grievable to DOC.

☐ If there has not been response to your Request to Staff in 30 days, but no later than 60 days, of submission, the inmate may file a grievance to the reviewing authority with **a copy of the "Request to Staff" attached to the grievance form. (Ask the law library supervisor for a copy of the RTS.) The grievance form may only be filed about the lack of response to the "Request to Staff."**

☐ Only **ONE ISSUE OR INCIDENT is** allowed per **Grievance** and **Request to Staff.**

☐ You are on **Grievance Restriction,** proper documentation was not included.

☐ It has been determined that the grievance is not of an **Emergency or Sensitive** nature. The grievance is being returned and you must comply with the standard grievance process.

*9.9*

*EXHIBIT 7C) 2*

44

Case 6:19-cv-00302-JFH-JAR   Document 56-2   Filed 12/18/19   Page 67 of 74
Appellate Case: 23-7007   Document: 010110842420   Date Filed: 04/12/2023   Page: 140

Page 2 of 2

☐ **Section-09 Programs Page: 4 OP-090124 Effective Date: 04/11/2019**
**B. Non-grievable Issues**
1. Misconduct reports received through the agency disciplinary procedures may not be appealed through the grievance process. Misconduct reports may only be appealed through the disciplinary appeal process as referenced in OP-060125 entitled "Inmate/Offender Disciplinary Procedures."

☐ 2. Grievances shall not be submitted:

☐ (a) about matters that are in the course of litigation;

☐ (b) about matters that include requests for disciplinary action against staff;

☐ (c) requesting monetary compensation; or

☐ (d) For property issues at privately contracted facilities. These are to be resolved by the privately contracted facility and are not grievable or appealable to ARA.

☐ Property issues may be addressed by utilizing the requirements of CCA Policy 14-6: Inmate Resident Property (Property Claim 14-6D and Appeal 14-6E).

☐ **Section-09 Programs Page: 18 OP-090124 Effective Date: 04/11/2019**
A. Determining Abuse of the Grievance Process
1. The appropriate reviewing authority may determine there is abuse or misuse of the grievance process and may restrict the inmate's/offender's ability to submit a grievance. Types of abuse, include, but are not limited to: (PREA 115.52(g))
☐ a. Grievances intended to harass another;
☐ b. The continual and repeated submitting of frivolous grievances (frivolous grievances are those with no basis in fact or law);
☐ c. The repeated submitting of grievances or "Requests to Staff" about an issue previously addressed by staff in their written response;
☐ d. Grievances about de minimis (small, trifling, no available remedy) issues;
☐ e. Repetitive grievances by multiple inmates/offenders about the same issue;
☐ f. An inmate/offender writing letters instead of utilizing the grievance process and failing to bring complaints by formal grievance;
☐ g. Continued procedural defects, such as submitting additional pages, after having been previously warned.
☐ **Because of continued abuse of the grievance process this serves as an official warning.**

☐ You will be afforded the opportunity to properly re-submit a grievance form within **10 days** of receipt of this notice **WITH THE NOTED CORRECTIONS COMPLETED.** The grievance form must be proper, complete, and submitted to the proper reviewing authority. The failure of such waives/forfeits the right to proceed in the grievance process.

☒ Due to your continued failure to submit a properly filed grievance, you are now **OUT OF TIME.**

☒ Other: ___*Request of Staff does not match the grievance. Can not resubmit.*___

EXHIBIT 7C) 3140

_Terry Underwood_

## INMATE/OFFENDER GRIEVANCE

RECEIVED

AUG 21 2019

GRIEVANCE

Grievance no. 2019-1001-00297-G

Grievance code: 3

Response due: 9/9/19

**DO NOT WRITE ABOVE THIS LINE**

| Date | August 14, 2019 | Facility or Unit | D.C.F Echo |
| --- | --- | --- | --- |
| Name (Print) | James Ezell | Facility Housing Unit | Echo Charlie |
| DOC Number | 237320 | Date "Request to Staff" response received: | 8-1-19 |

Have you previously submitted a grievance on this same issue? __Yes__ If yes, what date __8-5-19__, facility __D.C.F__, grievance # __00297__. You must submit this completed original within 15 days of the receipt of the response to the "Request to Staff." The "Request to Staff" must have been submitted within 7 days of the incident. Do not include/attach anything to this grievance except the "Request to Staff" including the response. You may quote from or make reference to statutes, operations, field, or administrative memoranda, department publications (time sheets, inventory forms, assessments, etc.). You will be permitted only one opportunity to correct any error(s) made in submitting your grievance.

1. The nature of your complaint. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per grievance. Use backside of this page only, if necessary. On 7-1-2019 I the Grievance Coord. Ms. Underwood returned Grievance # 1001-00267, 1001-00268 after offender Ezell had personally attached R.T.S by staple and staple and tape all offender had. On 6-24-19 offender Ezell was in L.L. Cage obt. 10:30-19:00 when Mailroom Supervisor Ms. West picked these grievances submitted R.T.S clearly attached perfectly Videofootages support Ms. West double checking upon my request. Offender Ezell is intentionally being Denied

2. Informal action taken (including dates) to resolve the complaint, as well as the names of those employees from whom you sought an answer to your grievance.
On 7-1-2019 doorside I stated the R.T.S was attached you rejected that
On 7-1-2019 I submitted R.T.S to you about issue
On 7-25-2019 I submitted I.R. about unreceived R.T.S
On Aug. 1, 2019 I addressed A.W. Gentry about R.T.S not being returned from LL.
On Aug. 7, 2019 I addressed Cheif of YM Parman about R.T.S hendering Exhaustion dates
On Aug. 15, 2019, Aug. 16, 2019 Aug. 19, 2019 addressed Mailroom Ms. West.

3. The action you believe the reviewing authority may lawfully take.
Offender did receive those R.T.S and attached them to grievances submitted Videofootage support offender Ezell and Ms. West check attachment on 6-24-19 the Reviewing Authority may correct D.C.F defect and Exhaust offenders Grievances maybe even place Grievance box on Unit

Grievance report sent to (warden/facility head/deputy director//correctional health services administrator):

| Name | James Yates | Title | Warden |
| --- | --- | --- | --- |
| Signature of Grievant | James Ezell | Date Sent to Reviewing Authority | Aug. 29, 2019 |

DOC 090124A (R 4/19)

1. Original to file
2. Copy to inmate/offender

Note: R.T.S. attached hereto is unrelated to original August 5,19 00291 that R.T.S was destroy by Ms. Underwood Ex 7a)1)

EXHIBIT 7 c)1.141

RECEIVED

AUG 21 2019

GRIEVANCE

→ Administrative Remedies Forcing Mr. Ezell to get Court's involved so he can Exhaust further grievances without Retaliatory Action anymore.

STATE OF OKLAHOMA )
                      ) SS.
COUNTY OF Hughes )

SWORN AFFIDAVIT OF James Ezell

I James Ezell being of lawful age duly sworn according to law gives the following statement under oath to-wit:

1. The affiant recieved grievances on Aug. 13, 2019 by Terry Underwood G.C. no grievance restriction mark on returned grievances, on August. 15, 19 the mailroom supervior provided offender with a letter from Warden Yates grievance restriction affiant requested the Mailroom Supervior Ms. West whom have notarized documents during lockdown but this day Ms. West state she could not notary grievance affiant explained O.D.O.C Policy 090124 on August.16, 19 no notary and Ms. West said she would notary Monday 19, 19 no notary Warden Yates expressed she is not to notary, under penalty of perjury pursuant to tit. 21, O.S.§ 491 the above is true to the best of my knowledge /S/ James Ezell #   8-19-19.

Grievance Filed——

EXHIBIT 7c) cont 4

142

51

Case 6:19-cv-00302-JFH-JAR   Document 56-2   Filed 12/18/19   Page 70 of 74
Appellate Case: 23-7007   Document: 010110842420   Date Filed: 04/12/2023   Page: 143

AUG 2 1 2019

## GRIEVANCE

**RECEIVED**

~~Must Be Submitted Through the Law Library or Designee~~

JUL 0 8 2019

Inmate/Offender Grievance Process

REQUEST TO STAFF

TO: G.C. Ms Terry Underwood   FACILITY/UNIT: DCF   BY: _____   DATE: 7-1-19
(NAME AND TITLE OF STAFF MEMBER)

I have ✓ have not _____ already submitted a "Request to Staff" or grievance on this same issue.
If yes, what date: 6-14-19 _____ facility: D.C.F _____ grievance #: 1001-00255 / 1001-00267
I affirm that I do ___ do not ✓ have a grievance pending on this issue.
I affirm that I do ___ do not ✓ have a lawsuit of any type pending that relates in any way to this issue.
If a lawsuit is pending, indicate case number and court:
This request _____ does ✓ does not relate to a pending misconduct report.  If it does, this
request may only be answered by the disciplinary coordinator assigned to the misconduct.

SUBJECT:   State completely, but briefly, the problem on which you desire assistance. This statement
must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One
issue or incident per "Request to Staff." Your failure to specifically state your problem may result in this
being returned unanswered.

I sent R.T.R. addressed to D.O. Mark Knutson about ADC.'s screening.
You responded: Today you returned grievances /# 1001-00267 I submitted
6-24-19 to Mailroom Ms. West obt. 10:30-12:00 with R.T.S attached. Video footage
would support because, I was in L.L cages EC which I reminded Ms. West.
(USE OTHER SIDE IF MORE SPACE IS NEEDED.  DO NOT ATTACH ADDITIONAL PAGES.)

ACTION REQUESTED: State exactly how you believe your request may be handled; that is, what exactly
should be done and how.

I would suggest you Exhaust my grievances submitted 6-24-19
because the ~~procedural~~ defects is yours here at D.C.F correct
your returned grievance. do not threaten me with grievance
restriction again   Thank You

NAME: James Ezell _____ DOC NUMBER: 237370 UNIT/CELL NUMBER: VC5
(PRINT)

SIGNATURE: James Ezell III _____ WORK ASSIGNMENT: _____

**RECEIVED**

AUG 0 6 2019

GRIEVANCE

DO NOT WRITE BELOW THIS LINE

DISPOSITION:
I/M Ezell, If you warrant being placed on
Grievance Restriction, the Warden will place you
on Restriction. It is your responsibility to make
Ms Underwood   7/12/19

STAFF MEMBER _____ DATE

cc James Ezell III
officer on Unit Dean 8/1/1

Date response sent to inmate/offender:   JUL 19 ANS'D
1. Original to file
2. Copy to inmate/offender

DOC 090124D (R 4/19)

sure your RTS stays attached to your grievance,
not mine. Either place the documents in an envelop
or make sure they are securely attached to each other.

EXHIBIT 7c) 5

54

Case 6:19-cv-00302-JFH-JAR   Document 56-2   Filed 12/18/19   Page 71 of 74
Appellate Case: 23-7007   Document: 010110842420   Date Filed: 04/12/2023   Page: 144



SCOTT CROW
INTERIM DIRECTOR

J. KEVIN STITT
GOVERNOR

STATE OF OKLAHOMA
OKLAHOMA DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE REVIEW AUTHORITY

DCF 19-297

Date:         SEPTEMBER 19, 2019

To:           EZELL, JAMES #237370

Location:     DCF

From:         Mark Knutson, Director's Designee   *Mark Knutson*

**Your grievance/correspondence was filed improperly for the following reason(s):**

|   |     |                                                                                                                                                                                              |
|---|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|   | 1.  | No reviewing authority response to the grievance.                                                                                                                                            |
|   | 2.  | No informal action, Request to Staff response included.                                                                                                                                      |
|   | 3.  | Out of time from date of alleged incident until filing Request to Staff.                                                                                                                     |
|   | 4.  | Out of time from date of response to Request to Staff until filing the grievance with the reviewing authority.                                                                               |
|   | 5.  | Received **out of time** from date of the reviewing authority's response.                                                                                                                    |
|   | 6.  | You cannot appeal a non-response.  See OP-090124 section V.B.1.b.(8) (Request to Staff) or VI.C.4. (grievance).                                                                               |
| X | 7.  | Inmate on grievance restriction and/or proper documentation **not** included.  See OP-090124, section X.B.2.a.                                                                               |
|   | 8.  | Must be legibly written in blue or black ink.  No pencil or other color of ink is allowed.  No doodling or writing in margins.                                                               |
|   | 9.  | Attachments to the grievance/appeal (no additional pages allowed except affidavit if required).                                                                                             |
|   | 10. | Not an issue grievable to Oklahoma Department of Corrections (Private prison property, misconduct, litigation pending, not within/under the authority/control of the Department of Corrections) |
|   | 11. | More than one issue or the complaint and relief requested are not consistent on the Request to Staff and grievance.                                                                          |
|   | 12. | Not of a sensitive/emergency nature.  You must follow the standard grievance process including giving the reviewing authority an opportunity to respond.                                     |
|   | 13. | Requests for disciplinary action against staff or monetary compensation will not be addressed in the grievance process.                                                                      |
|   | 14. | Appeal form not **signed/dated.**                                                                                                                                                            |
|   | 15. | The ruling of the Administrative Review Authority or Director's Designee is final.                                                                                                           |
|   | 16. | Facility grievance number not listed on the appeal form.                                                                                                                                     |
|   | 17. | Additional issues submitted in the grievance appeal and not presented in the initial grievance to the reviewing authority for response will not be addressed by this office.                 |
|   | 18. | You have failed to follow previous instructions from the reviewing authority or ARA for filing this grievance/appeal and/or properly resubmit.  **YOU ARE NOW OUT OF TIME.**                 |
|   | 19. | You did not provide the date that you received the reviewing authority's response on the appeal form.                                                                                        |
|   | 20. | This grievance is unanswerable as there are no time frames specified for the alleged action(s) to have occurred                                                                             |
|   | 21. | You failed to identify your grounds for an appeal by checking one, or both boxes on the appeal form.                                                                                         |
|   | 22. | Your appeal must be written on the Misconduct/Grievance Appeal form (DOC060125Veffective **4/19**)                                                                                           |
| X | 23. | You will be afforded ONE FINAL opportunity to properly resubmit your corrected grievance appeal which must be received in ARA within ten (10) days of receipt of this form. **DO NOT RETURN THIS FORM WITH YOUR CORRECTED APPEAL.** |
| X | 24. | Other:  NO AFFIDAVIT AS REQUIRED.  GRIEVANCE RESTRICTION EFFECTIVE 8/7/19.                                                                                                                   |

**THIS OFFICE WILL NOT PROCESS INCOMPLETE/INACCURATE/OUTDATED APPEAL FORMS**
NOTE: Abuse of the grievance process as explained in section IX of OP-090124, will result in restrictions being imposed.

I acknowledge receipt of this response: *James Ezell III* 9-20-19
                                        Inmate's signature and date   *UNIT 4/0*

*Grievance Coordinator did not provide Warden Ex. 7b) 1 ; Furthermore* EXHIBIT 7-i
*Note directed Ms. Hoover not to Notary grievance restriction affidavit).*   EXHIBIT 7c) b

144

## Misconduct/Grievance Appeal To Administrative Review Authority

Inmate Name: _James Ezell_      DOC Number: _237320_

Facility Where Offense/Grievance Occurred: _D.C.F Echo_      Offense Code: _____

Date of misconduct violation: _____

☐ Facility Misconduct Appeal Number
_____

☑ Facility Grievance Appeal Number
_2019-1001-00397_

I received the response of the reviewing authority at the facility on: _9-4-19_

Fill out this form in blue or black ink. Writing must be legible. I wish to appeal the reviewing authority's response to the misconduct/grievance on the following ground(s) only. DO NOT ATTACH ANY OTHER PAGES. (Use ONLY the back side of this page, if necessary). Your appeal will be returned to you unanswered if any other pages are submitted.

☑ Newly discovered/available evidence not considered by the reviewing authority, relevant to the issue, necessary for a proper decision, and why the evidence was not previously available which if considered may alter the decision (you must clearly state the newly discovered/available evidence); or

☑ Probable error committed by the reviewing authority in the decision such as would be grounds for reversal (you must clearly state the error committed by the reviewing authority, including citing the part of procedures or statutes not followed by the reviewing authority).

**Response:**

_____

_____

_____

_____

_____

_____

I understand that in accordance with OP-060125/OP-090124, I will be charged $2 to appeal a misconduct/grievance to the Administrative Review Authority or Chief Medical Officer, and that this form is also a request for disbursement of funds from my trust fund draw account. If I do not have enough funds to cover this cost, the amount will be collected as soon as funds become available.

_James Ezell III_      _9-23-2019_

Signature of Inmate      Date      DOC 060125V (R 4/17)

Newly discovered evidence continued...
Case 6:19-cv-00302-JFH-JAR Document 56-2 Filed 12/18/19 Page 73 of 74
Appellate Case: 23-7007 Document: 010110842428 Date Filed: 04/12/2023 Page: 146

Is the videofootages on 6-24-19 Shows offender Ezell in Echo Charlie

Law Library Cage went Ms. West pick up the grievances and returned

back to the Cage with 00267 00268 which was submitted on 6-24-19

long as videofootage support his and Ms. West Verify it as already done

Ms. Underwood destory those R.T.S, offender dont have to exhaust "PLRA"

but he has R.A. and ARA;

<u>Probable error committed by the reviewing authority</u>

First box offender Ezells R.T.S attached really does match the grievance issue Destory

R.T.S by Underwood on 6-24-19 R.T.S submitted on 7-1-19 videofootages support Ms. West

Mailroom Supervisor picking this mail/ grievance R.T.S attached offender was in L.L Cages on

Echo Charlie 6-24-19; which videofootage will support offender and Ms. West double checking to

make sure attach R.T.S was attached..

Ms. Underwood and the Law Library attempt to default offender by delay officer at mail pass

signature protected Mr. Ezell grievance process below his signature Ms. Underwood response is

directly on point with Mr. Ezell consistentance of R.T.S and grievance (action Requested)

was Exhaust offender Ezell grievance submitted on 6-24-19 and dont threaten me

with grievance restriction again,

D.C.F private prison Facility employee's has disregaurd Mr. Ezell OP-090124 right

in this decisoon Deputy Warden Gentry and Warden James Yates continue to violate

OFFENDERS FIRST AMENDMENT RIGHT! DUE To YOUR CONTINUED Failure to correct

D.C.F The court must get involved

additional Newly discovered on 9-18-2019 Terry Underwood admitted doorside EC-102

she was wrong for telling ms. Hoover not to Notary restriction affidavit



SCOTT CROW
INTERIM DIRECTOR

J. KEVIN STITT
GOVERNOR

STATE OF OKLAHOMA
OKLAHOMA DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE REVIEW AUTHORITY

DCF 19-297

Date:       OCTOBER 11, 2019

To:         EZELL, JAMES #237370

Location:   DCF

From:       Mark Knutson, Director's Designee   *Mark Knutson*

**Your grievance/correspondence was filed improperly for the following reason(s):**

|   | 1.  | No reviewing authority response to the grievance. |
|---|-----|---|
|   | 2.  | No informal action, Request to Staff response included. |
|   | 3.  | Out of time from date of alleged incident until filing Request to Staff. |
|   | 4.  | Out of time from date of response to Request to Staff until filing the grievance with the reviewing authority. |
|   | 5.  | Received **out of time** from date of the reviewing authority's response. |
|   | 6.  | You cannot appeal a non-response. See OP-090124 section V.B.1.b.(8) (Request to Staff) or VI.C.4. (grievance). |
|   | 7.  | Inmate on grievance restriction and/or proper documentation not included. See OP-090124, section X.B.2.a. |
|   | 8.  | Must be legibly written in blue or black ink. No pencil or other color of ink is allowed. No doodling or writing in margins. |
|   | 9.  | Attachments to the grievance/appeal (no additional pages allowed except affidavit if required). |
|   | 10. | Not an issue grievable to Oklahoma Department of Corrections (**Private prison property**, misconduct, litigation pending, not within/under the authority/control of the Department of Corrections) |
| X | 11. | More than one issue or the complaint and relief requested are not consistent on the Request to Staff and grievance. |
|   | 12. | Not of a sensitive/emergency nature. You must follow the standard grievance process including giving the reviewing authority an opportunity to respond. |
|   | 13. | Requests for disciplinary action against staff or monetary compensation will not be addressed in the grievance process. |
|   | 14. | Appeal form not **signed/dated.** |
|   | 15. | The ruling of the Administrative Review Authority or Director's Designee is final. |
|   | 16. | Facility grievance number not listed on the appeal form. |
| X | 17. | Additional issues submitted in the grievance appeal and not presented in the initial grievance to the reviewing authority for response will not be addressed by this office. |
| X | 18. | You have failed to follow previous instructions from the **reviewing authority** or ARA for filing this grievance/appeal and/or properly resubmit. **YOU ARE NOW OUT OF TIME.** |
|   | 19. | You did not provide the **date** that you received the reviewing authority's response on the appeal form. |
|   | 20. | This grievance is unanswerable as there are no time frames specified for the alleged action(s) to have occurred |
|   | 21. | You failed to identify your grounds for an appeal by checking one, or both boxes on the appeal form. |
|   | 22. | Your appeal must be written on the Misconduct/Grievance Appeal form (DOC060125Veffective **4/19**) |
|   | 23. | You will be afforded ONE FINAL opportunity to properly resubmit your corrected grievance appeal which must be received in ARA within ten (10) days of receipt of this form. **DO NOT RETURN THIS FORM WITH YOUR CORRECTED APPEAL.** |
|   | 24. | Other: |

**THIS OFFICE WILL NOT PROCESS INCOMPLETE/INACCURATE/OUTDATED APPEAL FORMS**
NOTE: Abuse of the grievance process as explained in section IX of OP-090124, will result in restrictions being imposed.

I acknowledge receipt of this response: *James Ezell  %o  Jotsen*  10-14-19
Inmate's signature and date

P.O. BOX 11400
OKLAHOMA CITY, OK.  73136-0400

Note: Ms. Hoover denied Notary again 10-14-19 (OP.090124)     EXHIBIT 7c)8

## INMATE/OFFENDER GRIEVANCE

Grievance no. __19-231__

Grievance code: __6__

Response due: _____   _Emergency Grievance_

**DO NOT WRITE ABOVE THIS LINE**

Date __7-22-19__   Facility or Unit __Echo__

Name __James Ezell__   Facility Housing Unit __Echo Charlie__
(Print)

DOC Number __237370__   Date "Request to Staff" response received: __N/A__

Have you previously submitted a grievance on this same issue?_____ If yes, what date _____, facility
_____, grievance #_____. You must submit this completed original within 15 days of the receipt of the response to the "Request to Staff". The "Request to Staff" must have been submitted within 7 days of the incident. Do not include/attach anything to this grievance except the "Request to Staff" including the response. You may quote from or make reference to statutes, operations, field, or administrative memoranda, department publications (time sheets, inventory forms, assessments, etc.). You will be permitted only one opportunity to correct any error(s) made in submitting your grievance.

1. The nature of your complaint. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per grievance. Use backside of this page only, if necessary. On June 18, 2019 after number Grievances filed at DCF as Relates to Denied Access to Court per OP-030115 here at DAVIS CORRECTIONAL Facility sec. II. B(1) A, page5, see also OP-030115 IV. B. 1. 2. 3 i.d. at B.1.] especially with pending Deadline; after 6-18-19 Letter to Okla Bar Asso, on DAVID Cincotta DCF has Denied Law Library Access to Court per Policy OP-030115 "Irreparable harm ⟶

2. Informal action taken (including dates) to resolve the complaint, as well as the names of those employees from whom you sought an answer to your grievance. On 7-15-19 I asked C/o Foy about law library and clerk he stated their is no law library/clerk on Echo. On 7-17-19 I asked C/o Pierce about law library she stated no L.L. on Echo Max On 7-18-19 I was placed in law library by C/o Pierce without any books or chair 8:38am Echo Charlie No Law Library clerk posted on Echo, No Trained Law Library Supervisor for Echo Max

3. The action you believe the reviewing authority may lawfully take. D.O.C. OP-030115 IV. B. 1. 2. 3 i.d. at B.1.] states it clearly See OP-030115 II. B(1) page 5 DCF does not meet what Bounds v. Smith all offender face Irreparable harm; Offender on Echo Max are Denied Access to Court per OP030115 MY TRANSFER OFF MAX is Passed Duc

Grievance report sent to (warden/facility head/deputy director//correctional health services administrator):

Name __Mark Knuton__   Title __Director of D.O.C. / Designee__

Signature of Grievant __James Ezell III__   Date Sent to Reviewing Authority __7-23-19__

DOC 090124A (R 4/19)

1. Original to file
2. Copy to inmate/offender

C.C. [ODOC]
C.C. mailed to American Bar Asso. Attached to complaint on David Cincotta

E
X
H
I
B
I
T
(8)

Cont. <u>1</u>

⟶ Whereas retialation has been documented, Retialatory action
see. 19-00170, 19-00254, pending 19-00236, 19-00267 and 19-00268
D.C.F has no Law Library on Echo 'No' Trained Law clerk per OP-030115
see. VIII. Private Prisons page 17 Order reckeved from <u>(O.C.O.A.)</u> July. 15,19
Filed Jul. 10, 2019 No. MA-2019-458 emergency Irreparable harm ⎯⎯
continued retialation



SCOTT CROW
INTERIM DIRECTOR

J. KEVIN STITT
GOVERNOR

STATE OF OKLAHOMA
OKLAHOMA DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE REVIEW AUTHORITY

ARA 19-231

Date:       JULY 25, 2019

To:         EZELL, JAMES #237370

Location:   DCF

From:       Mark Knutson, Director's Designee   *Mark Knutson*

**Your grievance/correspondence was filed improperly for the following reason(s):**

|   |     |     |
|---|-----|-----|
|   | 1.  | No reviewing authority response to the grievance. |
|   | 2.  | No informal action, Request to Staff response included. |
|   | 3.  | Out of time from date of alleged incident until filing Request to Staff. |
|   | 4.  | Out of time from date of response to Request to Staff until filing the grievance with the reviewing authority. |
|   | 5.  | Received **out of time** from date of the reviewing authority's response. |
|   | 6.  | You cannot appeal a non-response.  See OP-090124 section V.B.1.b.(8) (Request to Staff) or VI.C.4. (grievance). |
|   | 7.  | Inmate on grievance restriction and/or proper documentation **not** included.  See OP-090124, section X.B.2.a. |
|   | 8.  | Must be legibly written in blue or black ink.  No pencil or other color of ink is allowed. No doodling or writing in margins. |
|   | 9.  | Attachments to the grievance/appeal (no additional pages allowed except affidavit if required). |
|   | 10. | Not an issue grievable to Oklahoma Department of Corrections (**Private prison property**, misconduct, litigation pending, not within/under the authority/control of the Department of Corrections) |
|   | 11. | More than one issue or the complaint and relief requested are not consistent on the Request to Staff and grievance. |
| X | 12. | Not of a sensitive/emergency nature.  You must follow the standard grievance process including giving the reviewing authority an opportunity to respond. |
|   | 13. | Requests for disciplinary action against staff or monetary compensation will not be addressed in the grievance process. |
|   | 14. | Appeal form not signed/dated. |
|   | 15. | The ruling of the Administrative Review Authority or Director's Designee is final. |
|   | 16. | Facility grievance number not listed on the appeal form. |
|   | 17. | Additional issues submitted in the grievance appeal and not presented in the initial grievance to the reviewing authority for response will not be addressed by this office. |
|   | 18. | You have failed to follow previous instructions from the reviewing authority or ARA for filing this grievance and/or properly resubmit.  **YOU ARE NOW OUT OF TIME TO PROPERLY FILE YOUR GRIEVANCE.** |
|   | 19. | You did not provide the **date** that you received the reviewing authority's response on the appeal form. |
|   | 20. | This grievance is unanswerable as there are no time frames specified for the alleged action(s) to have occurred |
|   | 21. | You failed to identify your grounds for an appeal by checking one, or both boxes on the appeal form. |
|   | 22. | Your appeal must be written on the Misconduct/Grievance Appeal form (DOC060125Veffective **4/19**). |
|   | 23. | You will be afforded ONE FINAL opportunity to properly resubmit your corrected grievance appeal which must be received in ARA within ten (10) days of receipt of this form. **DO NOT RETURN THIS FORM WITH YOUR CORRECTED APPEAL.** |
| X | 24. | Other: RE: "EMERGENCY" GRIEVANCE.  YOU WERE FORMALLY WARNED ABOUT ABUSING THE GRIEVANCE PROCESS ON 6/26/19. |

**THIS OFFICE WILL NOT PROCESS INCOMPLETE/INACCURATE/OUTDATED APPEAL FORMS**
NOTE: Abuse of the grievance process as explained in section IX of OP-090124, will result in restrictions being imposed.

I acknowledge receipt of this response:_____ *7-29-19* _____
Inmate's signature and date

P.O. BOX 11400
OKLAHOMA CITY, OK.  73136-0400

E
X
H
I
B
I
T
(8) 4

EXHAUSTED 150

**DAVIS CORRECTIONAL FACILITY**

## Inmate Accounting Transaction Receipt

**Today's Date:** 08/13/2019  12:35:03PM

| | |
|---|---|
| **EZELL, JAMES RICKEY** | E/EC/102/B |
| **Agency #** 237370        **Perm #** 1155321 | |

| | |
|---|---|
| **Transaction Date:** 08/13/2019  09:24 | **Deposit From/Withdrawal To:** ARA 19-231  ARA 7/24/19 |
| **Transaction Type:** CR - GRIEVANCE FEES/FINES | **Document Locator Number:** |
| **Amount:** $ 2.00 | **Case/Order Number:** |
| **Check Number:** | **Memo:** |
| **Receipt Number:** 14265225 | **Batch Verifying Officer:** ACCOUNTING STAFF |
| **Adding Officer:** ACCOUNTING STAFF | **Batch Number:** |
| **Card #:** | **Address:** , |
| **Beginning Balance:** $ 0.00 | |
| **Ending Balance:** $ 0.00 | |

| Cost Recovery Collected: | To Cost Recovery: |
|---|---|
| | $2.00  CR - GRIEVANCE FEES/FINES |

- STATE OF OKLAHOMA )
  COUNTY OF Hughes   } SS.

            SWORN AFFIDAVIT OF James Ezell

I James Ezell _____ being of lawful age duly sworn according to law gives the following statement under oath to-wit:

1. The affiant states that on 6/18/19 affiant was placed in the law Library Cage on Echo Charlie at abt 8:38 am and asked C/o Pirecc about Echo Law Clerk she stated no Law Library on Echo Max, and on 7/18/19 affiant was placed in the Law Library Cages by Ms. C/o Pirecc without any books or chair in retatiation for filing grievance on Law Library C/o Pirecc, Law Library Supervisor Ms. Patterson denied affiant a chair in L.L abt 9:03am affiant asked C/o Vance and abt 9:04am affiant asked C/o Bullock all stated ask your Unit Officer C/o Pirecc, Emergency Grievanco Filed 7/18/19

                                    /S/ James [signature]

    Subscribed and sworn to this 20 of AUGUST 2019
    Notary Public /S/ [signature]
    MY COMMISSION 4-18-2023

[Notary seal: CARLA HOOVER NOTARY #11803473 EXP. 04/15/23 STATE OF OKLAHOMA PUBLIC]

E
X
H
I
B
I
T

(8) b

**Inmate Accounting Transaction Receipt**

**INMATE/OFFENDER GRIEVANCE**

Grievance no. ___19-232___

Grievance code: ___6___

Response due: _____          *Emergency Sensitive*

**DO NOT WRITE ABOVE THIS LINE**

Date ___7-22 2019___                    Facility or Unit ___D.C.F-Echo___

Name ___James Ezell III___          Facility Housing Unit ___EC-102___
        (Print)

DOC Number ___237370___              Date "Request to Staff" response received: _____

Have you previously submitted a grievance on this same issue? __Yes__ If yes, what date _4-25-19_, facility
_D.C.F_, grievance # _00236_. You must submit this completed original within 15 days of the receipt of the
response to the "Request to Staff." The "Request to Staff" must have been submitted within 7 days of the incident.
Do not include/attach anything to this grievance except the "Request to Staff" including the response. You may
quote from or make reference to statutes, operations, field, or administrative memoranda, department publications
(time sheets, inventory forms, assessments, etc.). You will be permitted only one opportunity to correct any
error(s) made in submitting your grievance.

1.   The nature of your complaint. This statement must be specific as to the complaint, dates, places,
     personnel involved, and how you were affected. One issue or incident per grievance. Use backside of
     this page only, if necessary. Retaliation has continued here at D.C.F by L.L.
SUPERVIOR Ms. Patterson, this Superviors has allow 2 approved Law clerks to deny
then retaliation grievances filed with A.W. Gentry Knowledge, Warden Knowledge Echo
u/m Ade c/m Pfaff have knowledge of the denial personally and directly by using
offender Ezell Transfer packet in a retaliatory fashion for reported grievances fillings →

2.   Informal action taken (including dates) to resolve the complaint, as well as the names of those employees
     from whom you sought an answer to your grievance.
These dates I was placed in Law Library Cages on Echo Charlie June. 24, 25, 2019
and 26 again July. 1, 2, 2019 IN violation of 2019-1001-00170-G D.C.F relief granted
appeal to ARA Mark Knutson 00170-G
   Spoke to c/m Pfaff, u/m Ade, A.W. Gentry, Warden Yates about the Law Library
that is inadequately for [OFFENDERS ON ECHO MAX]
   [ON 7-2-19 GC Ms. Underwood destory R.T.S Attach To Grievance # 00267-G →

3.   The action you believe the reviewing authority may lawfully take.
   D.C.F HEADS HAS HAD OPPORTUNITY TO CORRECT DENIAL OF OP-030115 by L.L.
SUPERVIOR Ms. PATTERSON D.C.F REFUSE TO STOP THE RETALIATION BY L.L. SUPERVIOR,
L.L. CLERKS ON ECHO MAX AND BY u/m Ade, c/m Pfaff WITH LATEST RETALIATION TRANSFER
PACKET RECOMMENDATION TO REMAIN MAX BY c/m Pfaff and u/m Ade UCC WITH CLEAR →

Grievance report sent to (warden/facility head/deputy director/correctional health services administrator):
___Director___                         ___OKLA DEPT OF CORR.___
Name                                    Title

___James Ezell___                       ___7-22-19___
Signature of Grievant                   Date Sent to Reviewing Authority

                                        DOC 090124A (R 4/19)

1. Original to file
2. Copy to inmate/offender

_See_          CC. TO GOVERNOR OFFICE 7-22-19
               Original To [O.D.O.C] Director

                                        Copy  1 of 3
                                              backside (8)
                                              original 152 (9)

E
X
H
I
B
I
T

CONT. 1
   by GM Pfaff ofter CF-2018-34 Charges Ordered Dismissed April 26, 2019
anything and thereafter all personnel named violates [offenders] Due Process
Equal Protection First and Fourteenth and Eighth Amendment of U.S.C. by
retaliatory action.


CONT. 2
   Mr. Grant L.L. Supervisor over Ms. Patterson medium yard L.L. Supervisor [Echo]
U/M Ade GM Pfaff S/C Boggs U.C.C team; Avu Gentry A.A.W Perez Warden Yates, and
[CORE CIVIL] CEO Daman Hininger on 7  22  19 after O.D.O.C designee Mr. Mark
Knutson



CONT. conduct
   3. offender Ezell # 237370 WAS TRANSFER To D.C.F from J.C.C.C
on 5-3-18 recommended max by U.C.C 5-10-18 as it related to 5-3-18
on 4-26-19 charges related to 5-3-18 Transfer to (D.C.F) were dismissed
grievances filed at D.C.F denied access to Court OP-030115 then
Retaliation ___ only Remedy is transfered from Max Immediately the
contlnueed ; D.C.F has not corrected the discrimination retaliatory
action.

*CC-102*

SCOTT CROW
INTERIM DIRECTOR



J. KEVIN STITT
GOVERNOR

STATE OF OKLAHOMA
OKLAHOMA DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE REVIEW AUTHORITY

ARA 19-232

Date:        JULY 25, 2019

To:          EZELL, JAMES #237370

Location:    DCF

From:        Mark Knutson, Director's Designee   *Mark Knutson*

**Your grievance/correspondence was filed improperly for the following reason(s):**

|   | 1. | No reviewing authority response to the grievance. |
|---|---|---|
|   | 2. | No informal action, Request to Staff response included. |
|   | 3. | Out of time from date of alleged incident until filing Request to Staff. |
|   | 4. | Out of time from date of response to Request to Staff until filing the grievance with the reviewing authority. |
|   | 5. | Received **out of time** from date of the reviewing authority's response. |
|   | 6. | You cannot appeal a non-response.  See OP-090124 section V.B.1.b.(8) (Request to Staff) or VI.C.4. (grievance). |
|   | 7. | Inmate on grievance restriction and/or proper documentation **not** included.  See OP-090124, section X.B.2.a. |
|   | 8. | Must be legibly written in blue or black ink.  No pencil or other color of ink is allowed. No doodling or writing in margins. |
|   | 9. | Attachments to the grievance/appeal (no additional pages allowed except affidavit if required). |
|   | 10. | Not an issue grievable to Oklahoma Department of Corrections (**Private prison property**, misconduct, litigation pending, not within/under the authority/control of the Department of Corrections) |
|   | 11. | More than one issue or the complaint and relief requested are not consistent on the Request to Staff and grievance. |
| X | 12. | Not of a sensitive/emergency nature.  You must follow the standard grievance process including giving the reviewing authority an opportunity to respond. |
|   | 13. | Requests for disciplinary action against staff or monetary compensation will not be addressed in the grievance process. |
|   | 14. | Appeal form not signed/dated. |
|   | 15. | The ruling of the Administrative Review Authority or Director's Designee is final. |
|   | 16. | Facility grievance number not listed on the appeal form. |
|   | 17. | Additional issues submitted in the grievance appeal and not presented in the initial grievance to the reviewing authority for response will not be addressed by this office. |
|   | 18. | You have failed to follow previous instructions from the reviewing authority or ARA for filing this grievance and/or properly resubmit.  **YOU ARE NOW OUT OF TIME TO PROPERLY FILE YOUR GRIEVANCE.** |
|   | 19. | You did not provide the **date** that you received the reviewing authority's response on the appeal form. |
|   | 20. | This grievance is unanswerable as there are no time frames specified for the alleged action(s) to have occurred |
|   | 21. | You failed to identify your grounds for an appeal by checking one, or both boxes on the appeal form. |
|   | 22. | Your appeal must be written on the Misconduct/Grievance Appeal form (DOC060125Veffective **4/19**). |
|   | 23. | You will be afforded **ONE FINAL** opportunity to properly resubmit your corrected grievance appeal which must be received in ARA within ten (10) days of receipt of this form. **DO NOT RETURN THIS FORM WITH YOUR CORRECTED APPEAL.** |
| X | 24. | Other: RE: "EMERGENCY" GRIEVANCE.  YOU WERE FORMALLY WARNED ABOUT ABUSING THE GRIEVANCE PROCESS ON 6/26/19. |

**THIS OFFICE WILL NOT PROCESS INCOMPLETE/INACCURATE/OUTDATED APPEAL FORMS**
NOTE: Abuse of the grievance process as explained in section IX of OP-090124, will result in restrictions being imposed.

I acknowledge receipt of this response: ___7-29-19___
                                        Inmate's signature and date

P.O. BOX 11400
OKLAHOMA CITY, OK.  73136-0400

E
X
H
I
B
I
T
(6)

(9)a

*EXHAUSTED*    154

DAVIS CORRECTIONAL FACILITY

## Inmate Accounting Transaction Receipt

Today's Date: 08/13/2019  12:35:03PM

| | |
|---|---|
| **EZELL, JAMES RICKEY** | E/EC/102/B |
| Agency # 237370    Perm # 1155321 | |

| | |
|---|---|
| Transaction Date: 08/13/2019  09:23 | Deposit From/Withdrawal To:  ARA 19-232  ARA 7/25/19 |
| Transaction Type: CR - GRIEVANCE FEES/FINES | Document Locator Number: |
| Amount: $ 2.00 | Case/Order Number: |
| Check Number: | Memo: |
| Receipt Number: 14265213 | Batch Verifying Officer: ACCOUNTING STAFF |
| Adding Officer: ACCOUNTING STAFF | Batch Number: |
| Card #: | Address:  , |
| Beginning Balance: $ 0.00 | |
| Ending Balance: $ 0.00 | |

| Cost Recovery Collected: | To Cost Recovery: |
|---|---|
| | $2.00  CR - GRIEVANCE FEES/FINES |

STATE OF OKLAHOMA )
COUNTY OF Hughes ) SS.

SWORN AFFIDAVIT OF James Ezell

I James Ezell being of lawful age duly sworn according to law gives the following statement under oath to-wit:

1. The affiant states an Emergency Sensitive Grievance was filed 7/22/19 based on retaliation by D.C.F staff % ADkins refused to feed affiant lunch and dinner on abt 3/19/19 denied access to court by % ADkins and inmate Tommy Raven Echo Law Library then approved Law Clerk and %m Pfaff, %m Ade started retaliation threats of misconducts affiant then continued to suffer retaliation by Law Library Supervisor Ms. Patterson denial of L.L denial of requested information affiant filed grievances for denial of OP-030115 and OP-090124 fully since 7/2019

/s/ James Ezell

Subscribed and Sworn to this 20 of August 2019
Notary Public s/ Cerela Hoover
My commission 4-13-2023

Inmate Accounting Transaction Receipt

**GRIEVANCE RETURNED UNANSWERED**

Received:

X _James Ezell_
**Inmate signature**

X _7-1-2019_
**Date**

$E\,C\,102$

X ___1—A 4___

**DATE:** June 26, 2019
**TO:** Ezell, James, #237370
**FROM:** James Yates, Warden
**Received:** June 26, 2019
**RE:** Return of Grievance # 2019-1001-00268-G

*YOUR GRIEVANCE IS BEING RETURNED UNANSWERED BECAUSE OF THE FOLLOIWNG:*

☐ You have not filed your grievance within the specified time frame.  *(CANNOT RESUBMIT)*

☐ The "Request to Staff" must be submitted **within seven (7) days of the incident.**

☐ The inmate/offender grievance must be submitted by the inmate/offender 15 days from the **date of the receipt of the response to the "Request to Staff."**

☒ An **ANSWERED** Request to Staff form addressed to the **correct staff member** must be attached.

☐ The **Request to Staff** issue is not consistent with the issue requested on the **Grievance.**

☐ **Inmate Request forms are not utilized in the Grievance Process.**

☐ You have not completed the **Grievance form correctly, in its entirety, or on the correct form.**

☐ Grievances submitted must be **legibly written or typed, in blue or black ink. No pencil, highlighter, or other color of ink is allowed.** No drawing, decorating, doodling, or making comments, in the margins of the pages is permitted.

☐ The **Grievance and Request to staff** must be specific as to the **Complaint, Dates, Places, Personnel Involved and How the Inmate was Affected**.

☐ Classification Movement requests to transfer to another facility, are not grievable to DOC.

☐ If there has not been response to your Request to Staff in 30 days, but no later than 60 days, of submission, the inmate may file a grievance to the reviewing authority with **a copy of the "Request to Staff" attached to the grievance form. (Ask the law library supervisor for a copy of the RTS.) The grievance form may only be filed about the lack of response to the "Request to Staff."**

☒ Only **ONE ISSUE OR INCIDENT** is allowed per **Grievance** and **Request to Staff.**

☐ You are on **Grievance Restriction**, proper documentation was not included.

☐ It has been determined that the grievance is not of an **Emergency or Sensitive** nature. The grievance is being returned and you must comply with the standard grievance process.

Note: Grievance Coordinator at R.A level Ms. Underwood, warden Yates denied plaintiff First Amendment Right, the A.R.A Mark Knutson denied to correct Newly discovered available evidence. See also Ex. 12a) 1, 12a) 4 00342-6"

EXHIBIT (11)a1

156

☐ **Section-09 Programs Page: 4 OP-090124 Effective Date: 04/11/2019**
**B. Non-grievable Issues**
1. Misconduct reports received through the agency disciplinary procedures may not be appealed through the grievance process. Misconduct reports may only be appealed through the disciplinary appeal process as referenced in OP-060125 entitled "Inmate/Offender Disciplinary Procedures."

☐ 2. Grievances shall not be submitted:

☐ (a) about matters that are in the course of litigation;

☐ (b) about matters that include requests for disciplinary action against staff;

☐ (c) requesting monetary compensation; or

☐ (d) For property issues at privately contracted facilities. These are to be resolved by the privately contracted facility and are not grievable or appealable to ARA.

☐ Property issues may be addressed by utilizing the requirements of CCA Policy 14-6: Inmate Resident Property (Property Claim 14-6D and Appeal 14-6E).

☒ **Section-09 Programs Page: 18 OP-090124 Effective Date: 04/11/2019**
A. Determining Abuse of the Grievance Process
1. The appropriate reviewing authority may determine there is abuse or misuse of the grievance process and may restrict the inmate's/offender's ability to submit a grievance. Types of abuse, include, but are not limited to: (PREA 115.52(g))
☐ a. Grievances intended to harass another;
☐ b. The continual and repeated submitting of frivolous grievances (frivolous grievances are those with no basis in fact or law);
☐ c. The repeated submitting of grievances or "Requests to Staff" about an issue previously addressed by staff in their written response;
☐ d. Grievances about de minimis (small, trifling, no available remedy) issues;
☐ e. Repetitive grievances by multiple inmates/offenders about the same issue;
☐ f. An inmate/offender writing letters instead of utilizing the grievance process and failing to bring complaints by formal grievance;
☒ g. Continued procedural defects, such as submitting additional pages, after having been previously warned.
☒ **Because of continued abuse of the grievance process this serves as an official warning.**

☒ You will be afforded the opportunity to properly re-submit a grievance form within **10 days** of receipt of this notice **WITH THE NOTED CORRECTIONS COMPLETED.** The grievance form must be proper, complete, and submitted to the proper reviewing authority. The failure of such waives/forfeits the right to proceed in the grievance process.

☐ Due to your continued failure to submit a properly filed grievance, you are now **OUT OF TIME**.

☒ Other: ___*No RTS attached with grievance. Only one issue per RTS and grievance. Because of procedural defects, no RTS, you are receiving a grievance restriction warning.*___

EXHIBIT I(a)157

INMATE/OFFENDER GRIEVANCE

**RECEIVED**

Grievance no. 2017-1001-00268-G

JUN 26 2019

Grievance code: 6

**GRIEVANCE**

Response due: 7/15/19

---

**DO NOT WRITE ABOVE THIS LINE**

Date 6-21-19

Facility or Unit Echo Max

Name James Ezell (Print)

Facility Housing Unit EC-102

DOC Number 237370

Date "Request to Staff" response received: June 20, 19

Have you previously submitted a grievance on this same issue? __NO__ If yes, what date _____, facility _____, grievance # _____. You must submit this completed original within 15 days of the receipt of the response to the "Request to Staff". The "Request to Staff" must have been submitted within 7 days of the incident. Do not include/attach anything to this grievance except the "Request to Staff" including the response. You may quote from or make reference to statutes, operations, field, or administrative memoranda, department publications (time sheets, inventory forms, assessments, etc.). You will be permitted only one opportunity to correct any error(s) made in submitting your grievance.

1.  The nature of your complaint. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per grievance. Use backside of this page only, if necessary. On June. 20, 2019 Ms Underwood provided grievance # 2019-00170

amended without appeal form; On June 13th 2019 C/o Boggs looked on Echo Charlie tables for DOC 060125V (R 4/17) Appeal To Administrative Review Authority Grievance appeal Forms; I.R submitted to L.L.S Ms. Patterson concerning these forms per 030115 inwhich L.L.S Ms. Patterson is not doing her job correctly [#2019-00170 was due before June 21, 2019 by Appeal Form 060125V henders offenders Grievance appeal process by unavailable forms on __Unit__

2.  Informal action taken (including dates) to resolve the complaint, as well as the names of those employees from whom you sought an answer to your grievance.

On __June 12, 2019__ I.R. was submitted to Ms. Patterson, and RTS. submitted to L.L.S. Ms. Patterson See response attached

On June 14, 2019 C/o Ms. Pierce on Echo Charlie check the unit table for Form 060125V none was available

On June 14 2019 a I.R. was addressed to O.DOC Mark Knutson, Ms. Underwood responded providing forms required to Appeal 060125V on June 20 2019 by mail EC-102 ←cont.

3.  The action you believe the reviewing authority may lawfully take.

Per DP-030115 Ms. Patterson is responsible for making all forms ready available per access to court. Its not Ms. Hoover Job under DP-030115 clearly they were unavailable [The reviewing authority may correct any denial of appeal because the form being unavailable per DP-030115 Access to Court

Grievance report sent to (warden/facility head/deputy director//correctional health services administrator):

Name James Yates

Title Warden

Signature of Grievant: James Ezell III

Date Sent to Reviewing Authority 6-24-2019

DOC 090124A (R 4/19)

1. Original to file
2. Copy to inmate/offender

original Grievance

ex. (11 a)
EXHIBIT 11(a) 3



cont. 2
   on or about 3-29-19/4-9-19 grievance # 2019-00144-G ⊂/M Pfaff downloaded
from his computer on 6-12-2019, 6-13-2019 ⊂/m Pfaff refused to help obtain
060195V Appeal forms
on 6- 2019 MS ⊂/o Pierce advised me those forms offenders must obtain from
⊂IM / Ms. Hoover none on Unit L·L Table.

## Misconduct/Grievance Appeal To Administrative Review Authority

Inmate Name: _James Ezell_                    DOC Number: _237370_

Facility Where Offense/Grievance Occurred:     Offense Code: _6_
_D.C.F  Echo_

Date of misconduct violation: _____

☐ Facility Misconduct Appeal Number
_____

☑ Facility Grievance Appeal Number
_2019-1001-00268-G_

I received the response of the reviewing authority at the facility on: _7-1-2019_

Fill out this form in blue or black ink. Writing must be legible. I wish to appeal the reviewing authority's response to the misconduct/grievance on the following ground(s) only. DO NOT ATTACH ANY OTHER PAGES. (Use ONLY the back side of this page, if necessary). Your appeal will be returned to you unanswered if any other pages are submitted.

☑ Newly discovered/available evidence not considered by the reviewing authority, relevant to the issue, necessary for a proper decision, and why the evidence was not previously available which if considered may alter the decision (you must clearly state the newly discovered/available evidence); or

☑ Probable error committed by the reviewing authority in the decision such as would be grounds for reversal (you must clearly state the error committed by the reviewing authority, including citing the part of procedures or statutes not followed by the reviewing authority).

**Response:**

_____

_____

_____

_____

_____

_____

_____

I understand that in accordance with OP-060125/OP-090124, I will be charged $2 to appeal a misconduct/grievance to the Administrative Review Authority or Chief Medical Officer, and that this form is also a request for disbursement of funds from my trust fund draw account.  If I do not have enough funds to cover this cost, the amount will be collected as soon as funds become available.

_James Ezell_                              _7-2-2019_
Signature of Inmate                        Date

DOC 060125V (R 4/17)

EXHIBIT (11 b) 1

Newly discovered / available evidence, not considered by the reviewing authority

this grievance # 1001-00268-G was submitted on 6-24-19 to Ms. West with
grievance # 1001-00267-G between 10:30am - 11:45 on Echo Charlie in L.L. Cages
Ms. West let me seal legal mail she dropped mail at that point inmate Ezell
reminded Ms. West of grievances and attached R.T.S. by tape folded because
EC unit would not staple, Ms West acknowledged check grievances and seal
clearly on video footage ...

Ms. Underwood G.C has intentionally removed R.T.S. from grievances
which video footages supports Mr. Ezell action with Ms. West Mailroom Supervior
on 6-24-2019 later Ms Underwood G.C. returns grievance # 00255-G and 00254-G
continued denial by D.C.F Law Library Supervior Ms. Patterson, continued ———
retaliation, retaliatory now by G.C. Ms. Underwood.

Probable error committed by the reviewing authority

R.T.S. was attached to grievance Ms. Underwood was mention in grievance

blocked the I.R address to D.D.O.C Mark Knutson

Because Ms. Underwoods statement no R.T.S. grievance is being returned,

because Ms. Underwoods statement no R.T.S. grievance restriction warning

one incident is based on refusal to provide OP.OC 060125V. Continued

denied access to court OP-030115

Copy 2 of 2 handwritten      mailed 7-2-19

*EC-102*

SCOTT CROW
INTERIM DIRECTOR



J. KEVIN STITT
GOVERNOR

STATE OF OKLAHOMA
OKLAHOMA DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE REVIEW AUTHORITY

DCF 19-268

Date:       JULY 11, 2019

To:         EZELL, JAMES #237370

Location:   DCF

From:       Mark Knutson, Director's Designee   *Mark Knutson*

Your grievance/correspondence was filed improperly for the following reason(s):

|   |     |                                                                                                                                                                                                  |
|---|-----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|   | 1.  | No reviewing authority response to the grievance.                                                                                                                                                 |
| X | 2.  | No informal action, Request to Staff response included.                                                                                                                                           |
|   | 3.  | Out of time from date of alleged incident until filing Request to Staff.                                                                                                                          |
|   | 4.  | Out of time from date of response to Request to Staff until filing the grievance with the reviewing authority.                                                                                    |
|   | 5.  | Received out of time from date of the reviewing authority's response.                                                                                                                             |
|   | 6.  | You cannot appeal a non-response.  See OP-090124 section V.B.1.b.(8) (Request to Staff) or VI.C.4. (grievance).                                                                                    |
|   | 7.  | Inmate on grievance restriction and/or proper documentation not included.  See OP-090124, section X.B.2.a.                                                                                         |
|   | 8.  | Must be legibly written in blue or black ink.  No pencil or other color of ink is allowed. No doodling or writing in margins.                                                                     |
|   | 9.  | Attachments to the grievance/appeal (no additional pages allowed except affidavit if required).                                                                                                   |
|   | 10. | Not an issue grievable to Oklahoma Department of Corrections (Private prison property, **misconduct**, litigation pending, not within/under the authority/control of the Department of Corrections, etc.) |
|   | 11. | More than one issue or the complaint and relief requested are not consistent on the Request to Staff and grievance.                                                                               |
|   | 12. | Not of a sensitive/emergency nature.  You must follow the standard grievance process including giving the reviewing authority an opportunity to respond.                                          |
|   | 13. | Requests for disciplinary action against staff or monetary compensation will not be addressed in the grievance process.                                                                           |
|   | 14. | Appeal form not signed/dated.                                                                                                                                                                     |
|   | 15. | The ruling of the Administrative Review Authority or Director's Designee is final.                                                                                                                 |
|   | 16. | Facility grievance number not listed on the appeal form.                                                                                                                                          |
| X | 17. | Additional issues submitted in the grievance appeal and not presented in the initial grievance to the reviewing authority for response will not be addressed by this office.                      |
| X | 18. | You have failed to follow previous instructions from the **reviewing authority** or ARA for filing this grievance and/or properly resubmit.  **YOU ARE NOW OUT OF TIME TO PROPERLY FILE YOUR GRIEVANCE.** |
|   | 19. | You did not provide the date that you received the reviewing authority's response on the appeal form.                                                                                             |
|   | 20. | This grievance is unanswerable as there are no time frames specified for the alleged action(s) to have occurred.                                                                                  |
|   | 21. | You failed to identify your grounds for an appeal by checking one, or both boxes on the appeal form.                                                                                              |
|   | 22. | Your appeal must be written on the Misconduct/Grievance Appeal form (DOC060125Veffective **4/19**).                                                                                               |
|   | 23. | You will be afforded ONE FINAL opportunity to properly resubmit your corrected grievance appeal which must be received in ARA within ten (10) days of receipt of this form.  **DO NOT RETURN THIS FORM WITH YOUR CORRECTED APPEAL.** |
|   | 24. | Other:                                                                                                                                                                                            |

**THIS OFFICE WILL NOT PROCESS INCOMPLETE/INACCURATE/OUTDATED APPEAL FORMS**
NOTE: Abuse of the grievance process as explained in section IX of OP-090124, will result in restrictions being imposed.

I acknowledge receipt of this response:_____ *8-2-19* _____
                                          Inmate's signature and date

P.O. BOX 11400
OKLAHOMA CITY, OK.  73136-0400

*EXHIBIT (11 b) 2*

# GRIEVANCE RETURNED UNANSWERED

**Received:**

X _Jenkins III_ (signature)

**Inmate signature**

X 7-1-2019

**Date**

EC 102

**DATE:** June 26, 2019
**TO:** Ezell, James, #237370
**FROM:** James Yates, Warden
**Received:** June 26, 2019
**RE:** Return of Grievance # 2019-1001-00267-G

## YOUR GRIEVANCE IS BEING RETURNED UNANSWERED BECAUSE OF THE FOLLOIWNG:

☐ You have not filed your grievance within the specified time frame.  *(CANNOT RESUBMIT)*

    ☐ The "Request to Staff" must be submitted **within seven (7) days of the incident.**

    ☐ The inmate/offender grievance must be submitted by the inmate/offender 15 days from the **date of the receipt of the response to the "Request to Staff."**

☒ An **ANSWERED** Request to Staff form addressed to the **correct staff member** must be attached.

☐ The **Request to Staff** issue is not consistent with the issue requested on the **Grievance.**

☐ **Inmate Request forms are not utilized in the Grievance Process.**

☐ You have not completed the **Grievance form correctly, in its entirety, or on the correct form.**

☐ Grievances submitted must be **legibly written or typed, in blue or black ink. No pencil, highlighter, or other color of ink is allowed.** No drawing, decorating, doodling, or making comments, in the margins of the pages is permitted.

☐ The **Grievance and Request to staff** must be specific as to the **Complaint, Dates, Places, Personnel Involved and How the Inmate was Affected**.

☐ Classification Movement requests to transfer to another facility, are not grievable to DOC.

☐ If there has not been response to your Request to Staff in 30 days, but no later than 60 days, of submission, the inmate may file a grievance to the reviewing authority with **a copy of the "Request to Staff" attached to the grievance form. (Ask the law library supervisor for a copy of the RTS.) The grievance form may only be filed about the lack of response to the "Request to Staff."**

☒ Only **ONE ISSUE OR INCIDENT** is allowed per **Grievance** and **Request to Staff.**

☐ You are on **Grievance Restriction**, proper documentation was not included.

☐ It has been determined that the grievance is not of an **Emergency or Sensitive** nature. The grievance is being returned and you must comply with the standard grievance process.

Note: Ms Underwood destory attached request to staff violates plaintiff
First Amendment Right, Deposition and video Footages

EXHIBIT(10)a1   163

☐ **Section-09 Programs Page: 4 OP-090124 Effective Date: 04/11/2019**
**B. Non-grievable Issues**
1. Misconduct reports received through the agency disciplinary procedures may not be appealed through the grievance process. Misconduct reports may only be appealed through the disciplinary appeal process as referenced in OP-060125 entitled "Inmate/Offender Disciplinary Procedures."

☐ 2. Grievances shall not be submitted:

☐ (a) about matters that are in the course of litigation;

☐ (b) about matters that include requests for disciplinary action against staff;

☐ (c) requesting monetary compensation; or

☐ (d) For property issues at privately contracted facilities. These are to be resolved by the privately contracted facility and are not grievable or appealable to ARA.

☐ Property issues may be addressed by utilizing the requirements of CCA Policy 14-6: Inmate Resident Property (Property Claim 14-6D and Appeal 14-6E).

☐ **Section-09 Programs Page: 18 OP-090124 Effective Date: 04/11/2019**
A. Determining Abuse of the Grievance Process
1. The appropriate reviewing authority may determine there is abuse or misuse of the grievance process and may restrict the inmate's/offender's ability to submit a grievance. Types of abuse, include, but are not limited to: (PREA 115.52(g))
☐ a. Grievances intended to harass another;
☐ b. The continual and repeated submitting of frivolous grievances (frivolous grievances are those with no basis in fact or law);
☐ c. The repeated submitting of grievances or "Requests to Staff" about an issue previously addressed by staff in their written response;
☐ d. Grievances about de minimis (small, trifling, no available remedy) issues;
☐ e. Repetitive grievances by multiple inmates/offenders about the same issue;
☐ f. An inmate/offender writing letters instead of utilizing the grievance process and failing to bring complaints by formal grievance;
☐ g. Continued procedural defects, such as submitting additional pages, after having been previously warned.
☐ **Because of continued abuse of the grievance process this serves as an official warning.**

☒ You will be afforded the opportunity to properly re-submit a grievance form within **10 days** of receipt of this notice **WITH THE NOTED CORRECTIONS COMPLETED.** The grievance form must be proper, complete, and submitted to the proper reviewing authority. The failure of such waives/forfeits the right to proceed in the grievance process.

☐ Due to your continued failure to submit a properly filed grievance, you are now **OUT OF TIME**.

☒ Other:  *No RTS attached with grievance. Only one issue per RTS and grievance.*

EXHIBIT 109 164

**INMATE/OFFENDER GRIEVANCE**

RECEIVED
JUN 26 2019
GRIEVANCE

Grievance no. 2019-1001-00267-G

Grievance code: 6

Response due: 7/15/19

**DO NOT WRITE ABOVE THIS LINE**

Date   6-21-19                      Facility or Unit   Echo Max

Name   James Ezell              Facility Housing Unit   EC-102
        (Print)

DOC Number   237376           Date "Request to Staff" response received: June. 20 19

Have you previously submitted a grievance on this same issue? No    If yes, what date _____, facility
_____, grievance # _____. You must submit this completed original within 15 days of the receipt of the
response to the "Request to Staff". The "Request to Staff" must have been submitted within 7 days of the incident.
Do not include/attach anything to this grievance except the "Request to Staff" including the response. You may
quote from or make reference to statutes, operations, field, or administrative memoranda, department publications
(time sheets, inventory forms, assessments, etc.). You will be permitted only one opportunity to correct any
error(s) made in submitting your grievance.

1.   The nature of your complaint. This statement must be specific as to the complaint, dates, places,
     personnel involved, and how you were affected. One issue or incident per grievance. Use backside of
     this page only, if necessary. On June. 11, 2019 I provided an Order received that day
To Ms. Patterson L.L.S, in which the next day Ms. Patterson returned with her approved
Legal Law Clerk and requested to see the Order of [O.C.O.A] filed June 5, 2019 Denying
Petition for Writ of Mandamus I provided again to Ms. Patterson which she shown
to her Legal Law to vertify and he denied because lack of Knowledge or in a →

2.   Informal action taken (including dates) to resolve the complaint, as well as the names of those employees
     from whom you sought an answer to your grievance.
On 6-4-19 inmate request provided to Ms. Patterson on Law Clerk lack of Knowledge
denial of correct information.
On 6-11-19 side cell I spoke with Ms Patterson provide proof of deadline Order
and explain Legal right per OP-030115
On 6-13-19 after denial of Order base on Law Clerk assigned by DCF/General
Counsel RTS submitted to L.L.S. Ms. Patterson

3.   The action you believe the reviewing authority may lawfully take.
     Ms. Patterson L.L.S conture to allow asigned Legal Law Clerks asigned
in D.c.F Law Library to retaliate on Mr. Ezell for filing grievance because
denied Access to Court per OP-030115, either the Law Clerk has lack of Legal
Knowledge (or) is Retaliating by giving Ms. Patterson incorrect information. →

Grievance report sent to (warden/facility head/deputy director//correctional health services administrator):
        James Yates                                    Warden
Name                                           Title

Signature of Grievant                          6-24-2019
                                               Date Sent to Reviewing Authority

DOC 090124A (R 4/19)

1. Original to file
2. Copy to inmate/offender



Cont. 1

→ A retaliatory way because previous grievances filed. This grievance shows the law clerks assigned to D.C.F Law Library has no Knowledge of (O.C.O.A) Rules on Orders the incorrect information given to Ms. Patterson Denied my entitlement per OP-030115 deadline Emergency filed 6-12-19 after Ms. Patterson clearly stated her clerk advised her Mr. Ezell PR-2019-139 Order Filed 6-5-19 was not a Order, after Emergency Grievance filed on issue June 12, 2019 Ms. Patterson returned June 14, 2019 to review ORDER PR-2019-139 again with another Legal Law Clerk assistant assigned to DC.F LL per OP-030115

Cont. 3

   and should be removed from his Job whereas I am held on EchoMax and must depend on his legal Knowledge to grant or deny my access to court because a inmate said so Correction is removal of this offender supe and for his incompetentancy because clearly anything else would be retaliation for Filed grievances.

## Misconduct/Grievance Appeal To Administrative Review Authority

Inmate Name: _James Ezell_   DOC Number: _237370_

Facility   Where   Offense/Grievance   Occurred:   Offense Code: _6_
_D.C.F   Echo_

Date of misconduct violation: _____

☐ Facility Misconduct Appeal Number   ☑ Facility Grievance Appeal Number
_____   _2019-1001-00267_

I received the response of the reviewing authority at the facility on: _7-1-2019_

Fill out this form in blue or black ink. Writing must be legible. I wish to appeal the reviewing authority's response to the misconduct/grievance on the following ground(s) only. DO NOT ATTACH ANY OTHER PAGES. (Use ONLY the back side of this page, if necessary.)  Your appeal will be returned to you unanswered if any other pages are submitted.

☑ Newly discovered/available evidence not considered by the reviewing authority, relevant to the issue, necessary for a proper decision, and why the evidence was not previously available which if considered may alter the decision (you must clearly state the newly discovered/available evidence); or

☑ Probable error committed by the reviewing authority in the decision such as would be grounds for reversal (you must clearly state the error committed by the reviewing authority, including citing the part of procedures or statutes not followed by the reviewing authority).

**Response:**

_____

_____

_____

_____

_____

_____

_____

I understand that in accordance with OP-060125/OP-090124, I will be charged $2 to appeal a misconduct/grievance to the Administrative Review Authority or Chief Medical Officer, and that this form is also a request for disbursement of funds from my trust fund draw account.  If I do not have enough funds to cover this cost, the amount will be collected as soon as funds become available.

_James Ezelle III_   _7-2-2019_
Signature of Inmate   Date

DOC 060125V (R 4/17)

EXHIBIT 10b

Newly discovered/ avaible evidence not considered by the reviewing Authority

On 6-24-2019 Ms. Underwood returned Emergency Grievance Filed 6-14-2019
1001-00755-G; Grievance # 1001-00767 was provided to Mailroom Ms. West
[6-24-2019] between hours of 10:30am-11:45 on EC inmate Ezell was in Cages
Ms. West dropped mail on floor in front of cages at that point I
reminded Ms. West of grievance and attached R.T.S by tape folded because
EC unit would not staple. R.T.S was attached to grievance Filed 6-24-19
clearly Ms. Underwood destory R.T.S actually attached grievance is very
specific dates places personnel involved and how I was affected..
Issue is denied Access to Court on [June 11, 2019]; Ms. Underwood GC
intent to cause a procedural defect:


Probable error committed by the reviewing authority in the decision
Destorying the R.T.S. allowing Ms. Patterson Law Library Supervisor to
continue to retaliate by denying OP-080115 by use of Law Clerk
Lack of knowledge to be a Law clerk Furthermore, intentionally
deny my right to OP-090134 by GC Ms. Underwood


Copy 2 of 2 hand written mailed 7-7-2019

168



SCOTT CROW
INTERIM DIRECTOR

J. KEVIN STITT
GOVERNOR

STATE OF OKLAHOMA
OKLAHOMA DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE REVIEW AUTHORITY

DCF 19-267

Date:       JULY 11, 2019

To:         EZELL, JAMES #237370

Location:   DCF

From:       Mark Knutson, Director's Designee   *Mark Knutson*

Your grievance/correspondence was filed improperly for the following reason(s):

|   |     |                                                                                                                                                                                                          |
|---|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|   | 1.  | No reviewing authority response to the grievance.                                                                                                                                                        |
| X | 2.  | No informal action, Request to Staff response included.                                                                                                                                                   |
|   | 3.  | Out of time from date of alleged incident until filing Request to Staff.                                                                                                                                 |
|   | 4.  | Out of time from date of response to Request to Staff until filing the grievance with the reviewing authority.                                                                                           |
|   | 5.  | Received **out of time** from date of the reviewing authority's response.                                                                                                                                |
|   | 6.  | You cannot appeal a non-response.  See OP-090124 section V.B.1.b.(8) (Request to Staff) or VI.C.4. (grievance).                                                                                           |
|   | 7.  | Inmate on grievance restriction and/or proper documentation not included.  See OP-090124, section X.B.2.a.                                                                                               |
|   | 8.  | Must be legibly written in blue or black ink.  No pencil or other color of ink is allowed. No doodling or writing in margins.                                                                            |
|   | 9.  | Attachments to the grievance/appeal (no additional pages allowed except affidavit if required).                                                                                                          |
|   | 10. | Not an issue grievable to Oklahoma Department of Corrections (Private prison property, **misconduct**, litigation pending, not within/under the authority/control of the Department of Corrections, etc.) |
|   | 11. | More than one issue or the complaint and relief requested are not consistent on the Request to Staff and grievance.                                                                                      |
|   | 12. | Not of a sensitive/emergency nature.  You must follow the standard grievance process including giving the reviewing authority an opportunity to respond.                                                 |
|   | 13. | Requests for disciplinary action against staff or monetary compensation will not be addressed in the grievance process.                                                                                  |
|   | 14. | Appeal form not signed/dated.                                                                                                                                                                            |
|   | 15. | The ruling of the Administrative Review Authority or Director's Designee is final.                                                                                                                        |
|   | 16. | Facility grievance number not listed on the appeal form.                                                                                                                                                 |
| X | 17. | Additional issues submitted in the grievance appeal and not presented in the initial grievance to the reviewing authority for response will not be addressed by this office.                              |
| X | 18. | You have failed to follow previous instructions from the **reviewing authority** or ARA for filing this grievance and/or properly resubmit.  **YOU ARE NOW OUT OF TIME TO PROPERLY FILE YOUR GRIEVANCE.** |
|   | 19. | You did not provide the date that you received the reviewing authority's response on the appeal form.                                                                                                     |
|   | 20. | This grievance is unanswerable as there are no time frames specified for the alleged action(s) to have occurred                                                                                          |
|   | 21. | You failed to identify your grounds for an appeal by checking one, or both boxes on the appeal form.                                                                                                      |
|   | 22. | Your appeal must be written on the Misconduct/Grievance Appeal form (DOC060125Veffective **4/19**).                                                                                                       |
|   | 23. | You will be afforded **ONE FINAL** opportunity to properly resubmit your corrected grievance appeal which must be received in ARA within ten (10) days of receipt of this form. **DO NOT RETURN THIS FORM WITH YOUR CORRECTED APPEAL.** |
|   | 24. | Other:                                                                                                                                                                                                   |

**THIS OFFICE WILL NOT PROCESS INCOMPLETE/INACCURATE/OUTDATED APPEAL FORMS**
NOTE: Abuse of the grievance process as explained in section IX of OP-090124, will result in restrictions being imposed.

I acknowledge receipt of this response:_____ *8-2-19* _____
Inmate's signature and date

P.O. BOX 11400
OKLAHOMA CITY, OK.  73136-0400

EXHIBIT (10 c)
EXHIBIT 10 b) 2

DAVIS CORRECTIONAL FACILITY

## Inmate Accounting Transaction Receipt

Today's Date: 08/13/2019   12:35:03PM

EZELL, JAMES RICKEY                                                    E/EC/102/B
Agency # 237370          Perm # 1155321

| | |
|---|---|
| Transaction Date: 08/13/2019 09:16 | Deposit From/Withdrawal To: DCF 19-267 ARA 7/5/19 |
| Transaction Type: CR - GRIEVANCE FEES/FINES | Document Locator Number: |
| Amount: $ 2.00 | Case/Order Number: |
| Check Number: | Memo: |
| Receipt Number: 14264992 | Batch Verifying Officer: ACCOUNTING STAFF |
| Adding Officer: ACCOUNTING STAFF | Batch Number: |
| Card #: | Address: , |
| Beginning Balance: $ 0.00 | |
| Ending Balance: $ 0.00 | |

| Cost Recovery Collected: | To Cost Recovery: |
|---|---|
| | $2.00  CR - GRIEVANCE FEES/FINES |

STATE OF OKLAHOMA   }
COUNTY OF _Hughes_   } SS.

SWORN AFFIDAVIT OF _James Ezell_

I _James Ezell_ being of lawful age duly sworn according
to law gives the following statement under oath to-wit:

1. The affiant states around abt 6/24/19 this grievance was
provided to D.C.F mailroom Ms. West with attached D.O.C 090124 D R.T.S.
by staple in left up corner by affiant the above date Reviewing
Authority and Appeal To Administrative Review Authority explaining that
the Grievance Coord. destory the attachment to this grievance

2. The affiant further states on 7/1/19 Ms. Underwood suggested
the R.T.S was not attached affiant kept the original copy as it was
because proof and affiant would further contend the mailroom supervior on
the date submitted "double checked" the attachments video footages
on Echo Charlie Law Library Cages at abt. 10:30-12:00 6/24/19 supports
page 1 of 2 continue affidavit on 2 of 2

Inmate Accounting Transaction Receipt

EXHIBIT

EXHIBIT 10b) 3
170

**DAVIS CORRECTIONAL FACILITY**

# Inmate Accounting Transaction Receipt

Today's Date: 08/13/2019  12:35:03PM

EZELL, JAMES RICKEY                                                    E/EC/102/B

Agency # 237370              Perm # 1155321

| | |
|---|---|
| Transaction Date: 08/13/2019 09:17 | Deposit From/Withdrawal To: DCF 19-268 ARA 7/5/19 |
| Transaction Type: CR - GRIEVANCE FEES/FINES | Document Locator Number: |
| Amount: $ 2.00 | Case/Order Number: |
| Check Number: | Memo: |
| Receipt Number: 14264999 | Batch Verifying Officer: ACCOUNTING STAFF |
| Adding Officer: ACCOUNTING STAFF | Batch Number: |
| Card #: | Address: , |
| Beginning Balance: $ 0.00 | |
| Ending Balance: $ 0.00 | |

| Cost Recovery Collected: | To Cost Recovery: |
|---|---|
| | $2.00  CR - GRIEVANCE FEES/FINES |

continued of 1of2 grievance # 19-267; affiant further states that this was the second grievance submitted 6/24/19.

3. The affiant contends further that the R.T.S was ~~attached~~ with staple and tape the top left up corner by affiant which affiant has previously stated the Reviewing Authority Grievance Coord. Ms. Underwood destroy, the mailroom supervisor dropped mail in front of Law Library Cages on Echo Charlie the affiant asked Ms. West to look at those attachment R.T.S to those grievance of material facts above hereto.

4. The affiant Appeal To Administrative Review Authority by affiant was disregaurded by Mark Knutson D.D.O.C designee the affiants has filed a number of grievances with D.O.C 090174A R7/16 D.C.F Law Library continued to provide. affiant states the affidavit is of grievance coodinator (at) Reviewing Authority Level destroying R.T.S attached to grievance, then threaten affiant with grievance restriction Warden James Yates is attempting to block Notary as of August. 15, 2019 2of2. end

                                              151 James ___

Subscribed and Sworn to this 20 of August 2019

Notary Public b/ _____

MY COMMISSION  4-15-2023

[Notary seal: CARLA HOOVER NOTARY # 11003473 EXP. 04/15/23 STATE OF OKLAHOMA PUBLIC]

Inmate Accounting Transaction Receipt

EX 16 dd

EXHIBIT 10b)4   171

## GRIEVANCE RETURNED UNANSWERED

Received:

_James Egell III_
Inmate signature

_10-9-19_
Date

| | |
|---|---|
| **DATE:** | October 7, 2019 |
| **TO:** | Ezell, James, #237370 |
| **FROM:** | James Yates, Warden |
| **Received:** | September 17, 2019 |
| **RE:** | Return of Grievance # 2019-1001-00842-G |

*YOUR GRIEVANCE IS BEING RETURNED UNANSWERED BECAUSE OF THE FOLLOIWNG:*

☐  You have not filed your grievance within the specified time frame.  *(CANNOT RESUBMIT)*

  ☐ The "Request to Staff" must be submitted **within seven (7) days of the incident.**

  ☐ The inmate/offender grievance must be submitted by the inmate/offender 15 days from the **date of the receipt of the response to the "Request to Staff."**

☒  An **ANSWERED** Request to Staff form addressed to the **correct staff member** must be attached.

☐  The **Request to Staff** issue is not consistent with the issue requested on the **Grievance.**

☐  **Inmate Request forms are not utilized in the Grievance Process.**

☐  You have not completed the **Grievance form correctly, in its entirety, or on the correct form.**

☐  Grievances submitted must be **legibly written or typed, in blue or black ink. No pencil, highlighter, or other color of ink is allowed.** No drawing, decorating, doodling, or making comments, in the margins of the pages is permitted.

☐  The **Grievance and Request to staff** must be specific as to the **Complaint, Dates, Places, Personnel Involved and How the Inmate was Affected**.

☐  Classification Movement requests to transfer to another facility, are not grievable to DOC.

☐  If there has not been response to your Request to Staff in 30 days, but no later than 60 days, of submission, the inmate may file a grievance to the reviewing authority with **a copy of the "Request to Staff" attached to the grievance form. (Ask the law library supervisor for a copy of the RTS.) The grievance form may only be filed about the lack of response to the "Request to Staff."**

☐  Only **ONE ISSUE OR INCIDENT** is allowed per **Grievance** and **Request to Staff.**

☒  You are on **Grievance Restriction**, proper documentation was not included.

☒  It has been determined that the grievance is not of an **Emergency or Sensitive** nature. The grievance is being returned and you must comply with the standard grievance process.

EXHIBIT 12 a

Note: Exhibit 17a)1 date grievance R.T.S 10-15-19 Ms. Hoover

EXHIBIT 12a)172

Page 2 of 2

☐ **Section-09 Programs Page: 4 OP-090124 Effective Date: 04/11/2019**
**B. Non-grievable Issues**
1. Misconduct reports received through the agency disciplinary procedures may not be appealed through the grievance process. Misconduct reports may only be appealed through the disciplinary appeal process as referenced in OP-060125 entitled "Inmate/Offender Disciplinary Procedures."

☐ 2. Grievances shall not be submitted:

☐ (a) about matters that are in the course of litigation;

☐ (b) about matters that include requests for disciplinary action against staff;

☐ (c) requesting monetary compensation; or

☐ (d) For property issues at privately contracted facilities. These are to be resolved by the privately contracted facility and are not grievable or appealable to ARA.

☐ Property issues may be addressed by utilizing the requirements of CCA Policy 14-6: Inmate Resident Property (Property Claim 14-6D and Appeal 14-6E).

☐ **Section-09 Programs Page: 18 OP-090124 Effective Date: 04/11/2019**
A. Determining Abuse of the Grievance Process
1. The appropriate reviewing authority may determine there is abuse or misuse of the grievance process and may restrict the inmate's/offender's ability to submit a grievance. Types of abuse, include, but are not limited to: (PREA 115.52(g))
☐ a. Grievances intended to harass another;
☐ b. The continual and repeated submitting of frivolous grievances (frivolous grievances are those with no basis in fact or law);
☐ c. The repeated submitting of grievances or "Requests to Staff" about an issue previously addressed by staff in their written response;
☐ d. Grievances about de minimis (small, trifling, no available remedy) issues;
☐ e. Repetitive grievances by multiple inmates/offenders about the same issue;
☐ f. An inmate/offender writing letters instead of utilizing the grievance process and failing to bring complaints by formal grievance;
☐ g. Continued procedural defects, such as submitting additional pages, after having been previously warned.
☐ **Because of continued abuse of the grievance process this serves as an official warning.**

☒ You will be afforded the opportunity to properly re-submit a grievance form within **10 days** of receipt of this notice **WITH THE NOTED CORRECTIONS COMPLETED.** The grievance form must be proper, complete, and submitted to the proper reviewing authority. The failure of such waives/forfeits the right to proceed in the grievance process.

☐ Due to your continued failure to submit a properly filed grievance, you are now **OUT OF TIME.**

☐ Other: _____

Note: See Grievance # 00268, 00267 destory R.T.S by Ms. Underwood  EXHIBIT 12-D
now return of Grievances unlogged 9-13-19  First Amendment Right Violates Deputy
Warden Gentry approve of this violation at B.A. and Mark Knutson A.R.A upheld this
violation.

EXHIBIT 12-D 173

*Terry Underwood*

INMATE/OFFENDER GRIEVANCE

**RECEIVED**

**SEP 17 2019**

**GRIEVANCE**

Grievance no. 2019-1001-00342-G

Grievance code: 8 6

Response due: 10/7/19

*Emergency Grievance*

DO NOT WRITE ABOVE THIS LINE

| | | |
|---|---|---|
| Date 8-27-19 | Facility or Unit | D.C.F Echo |
| Name James Ezell (Print) | Facility Housing Unit | Echo Charlie 102 |
| DOC Number 237376 | Date "Request to Staff" response received: | N/A |

Have you previously submitted a grievance on this same issue? N/A If yes, what date N/A, facility N/A, grievance # NA. You must submit this completed original within 15 days of the receipt of the response to the "Request to Staff". The "Request to Staff" must have been submitted within 7 days of the incident. Do not include/attach anything to this grievance except the "Request to Staff" including the response. You may quote from or make reference to statutes, operations, field, or administrative memoranda, department publications (time sheets, inventory forms, assessments, etc.). You will be permitted only one opportunity to correct any error(s) made in submitting your grievance.

1.    The nature of your complaint. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per grievance. Use backside of this page only, if necessary. On August 27, 2019 at Echo Charlie 102 Ms Hoover Reviewed Grievance Restriction hereto attached and denied to Notary the document that is accordingly with OP-090124 stating Ms. Underwood told her not to Notarize This denys offender First Amendment affecting offender Ezell other grievances →

2.    Informal action taken (including dates) to resolve the complaint, as well as the names of those employees from whom you sought an answer to your grievance.
C/o Foy was called to EC-102 abt 11:46 to witness the denial
I spoke with Ms. Hoover doorside she still denied Notary offender put paper in door

3.    The action you believe the reviewing authority may lawfully take.
Ms. Hoover Job of Notary is only to Vertify my signature that's its Not to deny Notary

Grievance report sent to (warden/facility head/deputy director//correctional health services administrator):
Name  JAMES YATES                                Title  WARDEN

Signature of Grievant  James Ezell          Date Sent to Reviewing Authority  8-28-19

1. Original to file
2. Copy to inmate/offender

DOC 090124A (R 4/19)

EXHIBIT 12-C

Note Grievance Coordinator returned 9-12-19 unlogged) Ms underwood

Copy 1 of 2

EXHIBIT 12-C

174/43



RECEIVED
SEP 17 2019
GRIEVANCE

→ Emergency Grievance because the Notary Public Ms. Hoover refused
to verify Mr. Ezell signature on prepared Grievance Restriction Affidavit
stating Ms. Underwood told her not to Notary so offender could
File grievance per OP-090124

## Misconduct/Grievance Appeal To Administrative Review Authority

Inmate Name: *James Ezell*                    DOC Number: *237370*

Facility Where Offense/Grievance Occurred:    Offense Code: *3*
*DCF Echo*

Date of misconduct violation: _____

☐ Facility Misconduct Appeal Number       ☑ Facility Grievance Appeal Number
                                          *19-1001-00342*

I received the response of the reviewing authority at the facility on: *10-9-19*

Fill out this form in blue or black ink. Writing must be legible. I wish to appeal the reviewing authority's response to the misconduct/grievance on the following ground(s) only. DO NOT ATTACH ANY OTHER PAGES. (Use ONLY the back side of this page, if necessary). Your appeal will be returned to you unanswered if any other pages are submitted.

☑ Newly discovered/available evidence not considered by the reviewing authority, relevant to the issue, necessary for a proper decision, and why the evidence was not previously available which if considered may alter the decision (you must clearly state the newly discovered/available evidence); or

☑ Probable error committed by the reviewing authority in the decision such as would be grounds for reversal (you must clearly state the error committed by the reviewing authority, including citing the part of procedures or statutes not followed by the reviewing authority).

**Response:**

_____

_____

_____

_____

_____

_____

_____

_____

I understand that in accordance with OP-060125/OP-090124, I will be charged $2 to appeal a misconduct/grievance to the Administrative Review Authority or Chief Medical Officer, and that this form is also a request for disbursement of funds from my trust fund draw account. If I do not have enough funds to cover this cost, the amount will be collected as soon as funds become available.

*James Ezell*                                  *10-11-19*
Signature of Inmate                            Date

DOC 060125V (R 4/17)

EXHIBIT 12d

EXHIBIT 12d 51

First, Once Echo Charlie Clerk Notary Ms. Hoover refused to Notarize prisoner Ezell prepared OP-090124 Grievance Restriction Affidavit this denial violated Ezell First, Sixth, Eighth, and Fourteenth Amendment Right of U.S.C. as well as D.O.C policy's OP-030115 OP-090124

Prisoner Ezell was denied Notary of Grievance Restriction Affidavit by Ms. Hoover on Aug. _ 2019 % Foy worked Echo Unit witnesses and Mailroom Supervisors was present Ms. Hoover went to %m Pfaff office called Ms. Underwood directed her not to Notarize Affidavit

Prisoner Ezell submitted R.T.S on 8-28-19 to Ms. Hoover, forwarded to %m Ade Retaliation on 8-29-19 in Echo Law Library Cage Misconduct; On August 29, 2019 prisoner Ezell #237370 was placed in L.L.C by % Smith then written up for alleged refusing housing in EC 102 %m Ade %mPfaff and Underwood. Warden Yates DHO Sgt Keys

Probable error committed by the reviewing authority

First was for Grievance Coordinator Terry Underwood. D.C.F to directed Ms. Hoover not to Notarize Grievance Restriction Affidavit

Second, was for the Reviewing Authority to return grievances #19-00342-G, 19-00343-G and 19-00344-G submitted on August 29, 2019 through D.C.F Mailroom Supervisor Ms. West 9-12-19 for no other reason but to intentionally deny OP-090124 grievance process

Third, after prisoner Ezell given opportunity to R.A. by resubmitting the above grievances on 9-16-19 through D.C.F mailroom Supervisors Ms. West again Verified...

Fourth, D.C.F Reviewing Authority [Warden Yates] deliberately denied prisoner Ezells right to First OP-030115 Access to Court Notary from Law Library by making that opportunity unavailable to Echo Maximum prisoner, Secondly [Ms. Underwood] intentionally told Ms Hoover not to provide Notary on prisoner Ezell prepared grievance restriction affidavit per OP-090124 was deliberately Violating prisoner Ezells substantial due process right and [Ms. Hoover] conspired denying OP-030115 and OP-090124 to prisoner Ezell attempting to block First Amendment Right and Fourteenth of U.S.C. and Deputy Warden Perez, C.O.U.M. Ms Dorman Conspired to deny prisoner OP-030115 and OP-090124.

Attached Grievance Restriction Affidavit supports 8-29-19 submitted grievances verified signature are available of incidents dates 8-29-19, 9-12-19, 9-16-19.

[Ms. Hoovers Job as Notary is to verify prisoner Ezells signature] not to deny OP-030115 or OP-090124 making prisoner grievance process unavailable Emergency Grievance File per [OP-090124] on 8-29-19 at D.C.F grievances Denied

I James Ezell affiant states the above is true and correct on 8-29-19 grievance was submitted through mailroom Ms. West verified for Ms. Underwood under penalty of perjury pursuant to 28 U.S.C 1746 (S) James Ezell II

copy 2of2

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF OKLAHOMA

STATE OF OKLAHOMA )
) SS. 19-CV-302 JHP-SPS
COUNTY OF Hughes )

SWORN AFFIDAVIT OF James Ezell

I James Ezell being of lawful age duly sworn According to law gives the following statement under oath to-wit:

1. Affiant states at about 3:35 pm on Echo Charlie at 102 Ms. Underwood delevered grievance # 19-1001-00342, 19-1001-00343 and 19-1001-00344 that was provided previously on August 29, 2019 through the D.C.F mailroom Ms. West Superiors whom verify these documents.

2. Affiant further states on 10-9-19 D.C.F G.C. Ms. Underwood delevered the above grievances that was returned on 9-12-19 in mail verify by a correction officer inwhich affiant re-submitted through mailroom 9-18-19 verified again by Ms. West Superiors on 9-18-19

3. Affiant further states that on 10-9-19 at 3:35 pm on Echo Charlie at doorside affiant also the plaintiff served Ms. Underwood the U.S.M-285 inwhich she took from me then stuck it back in my door 102 at 3:35.

4. Affiant further assert that on Sept. 12, 2019 C/o Kiner worked Echo Charlie at mail-pass he provided 3 grievances returned I the affiant expressed the violation of Ms. Underwood that continue and advised C/o Kiner to log grievances by dates in Unit log book and when Ms. West returned on 9-16-19 affiant addressed mailroom Supervior and showed her verification those grievances was provide to Ms Underwood then she state that she would return them again _____ end

I declare under penalty of perjury pursuant to 28 U.S.C § 1746 /s/ James Ezell

/s/ _____

Subscribed and Sworn to this ____ of _____ 2019
Notary Public _____ Commission _____

EXHIBIT 12-c

Case 6:19-cv-00302-JFH-JAR   Document 56-3   Filed 12/18/19   Page 32 of 32
Appellate Case: 23-7007   Document: 010110842420   Date Filed: 04/12/2023   Page: 179

64                                                                    2 copy

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF OKLAHOMA

STATE OF OKLAHOMA )
                  )  SS. 19-CV-302-JHP-SPS
COUNTY OF Hughes  )

SWORN AFFIDAVIT OF James Ezell

I James Ezell being of lawful Age duly sworn
According to law gives the following statement under
oath to-wit:

1.) Affiant submitted inmate request to Ms Hoover on October 10, 2019 for
Notary of documents 1) SWORN Affidavit from 10-9-19 on Ms. Underwood; and 2 copies
of grievance # 19-1001-00343 and 19-1001-00344 for Notary my copy for legal purposes"
affiant showed Ms Hoover the Administrative Review Authority DOC 060125V form for
Notary Ms. Hoover stated I could write you up and will write you up for using this
form affiant stated that would be more Retaliation to write me up, affiant
then state I can not attach anything to this form but I can Notarize it
per Policy OP-030115 and show Ms. Hoover.

2) Affiant further states Ms. Hoover went into Empllaff office on Echo Charlie
at abt 11:00   returned and stated she did not have to Notary my Copy
but OP-090134 and OP-030115 IV.C Notary Services are available for Legal
documents after Sept. 9, 2019 everything is legal documents see. CIV-19-302-
JHP-SPS

3.) Affiant contends Continue Denial of my First Amendment Right of U.S.C
by Defendants named and directly by Ms Hoover under direction of Ms. Underwood
with continue threats of Misconducts Ms. Hoover refused to Notary documents
prepared to be copies for CIV-19-302-JHP-SPS Amended Complaint, as affidaviss,
on August 27, 2019 Ms Hoover denied Notary intentionally inflicting emotional
disstress depriving prisoner Ezell of Constitution Rights!

I declare under penalty of perjury pursuant to 28 U.S.C § 1746 15/6James Ezell JA

/S/ _____

Subscribed and Sworn to this ____ of _____ 2019
Notary Public _____   Commission _____

EXHIBIT 12(b) 3

# GRIEVANCE RETURNED UNANSWERED

Received:

_James Ezell III_
Inmate signature

_10-9-19_
Date

DATE:        October 7, 2019
TO:          Ezell, James, #237370
FROM:        James Yates, Warden
Received:    September 17, 2019
RE:          Return of Grievance # 2019-1001-00343-G

*YOUR GRIEVANCE IS BEING RETURNED UNANSWERED BECAUSE OF THE FOLLOIWNG:*

☒  You have not filed your grievance within the specified time frame.  *(CANNOT RESUBMIT)*

☐  The "Request to Staff" must be submitted **within seven (7) days of the incident.**

☒  The inmate/offender grievance must be submitted by the inmate/offender 15 days from the **date of the receipt of the response to the "Request to Staff."**

☒  An **ANSWERED** Request to Staff form addressed to the **correct staff member** must be attached.

☒  The **Request to Staff** issue is not consistent with the issue requested on the **Grievance.**

☐  **Inmate Request forms are not utilized in the Grievance Process.**

☐  You have not completed the **Grievance form correctly, in its entirety, or on the correct form.**

☐  Grievances submitted must be **legibly written or typed, in blue or black ink. No pencil, highlighter, or other color of ink is allowed.** No drawing, decorating, doodling, or making comments, in the margins of the pages is permitted.

☒  The **Grievance and Request to staff** must be specific as to the **Complaint, Dates, Places, Personnel Involved and How the Inmate was Affected**.

☐  Classification Movement requests to transfer to another facility, are not grievable to DOC.

☐  If there has not been response to your Request to Staff in 30 days, but no later than 60 days, of submission, the inmate may file a grievance to the reviewing authority with **a copy of the "Request to Staff" attached to the grievance form. (Ask the law library supervisor for a copy of the RTS.) The grievance form may only be filed about the lack of response to the "Request to Staff."**

☒  Only **ONE ISSUE OR INCIDENT** is allowed per **Grievance** and **Request to Staff.**

☒  You are on **Grievance Restriction**, proper documentation was not included.

☐  It has been determined that the grievance is not of an **Emergency or Sensitive** nature. The grievance is being returned and you must comply with the standard grievance process.

Note: Plaintiff grievances was verified by mailroom Supervisor other prison official involved threaten from Deputy Warden Deposition EXHIBIT 13 a other documents proof

EXHIBIT 13 a) 1

Page 2 of 2

☐    **Section-09 Programs Page: 4 OP-090124 Effective Date: 04/11/2019**
**B. Non-grievable Issues**
1. Misconduct reports received through the agency disciplinary procedures may not be appealed through the grievance process. Misconduct reports may only be appealed through the disciplinary appeal process as referenced in OP-060125 entitled "Inmate/Offender Disciplinary Procedures."

☐    2. Grievances shall not be submitted:

☐ (a) about matters that are in the course of litigation;

☐ (b) about matters that include requests for disciplinary action against staff;

☐ (c) requesting monetary compensation; or

☐ (d) For property issues at privately contracted facilities. These are to be resolved by the privately contracted facility and are not grievable or appealable to ARA.

☐    Property issues may be addressed by utilizing the requirements of CCA Policy 14-6: Inmate Resident Property (Property Claim 14-6D and Appeal 14-6E).

☐    **Section-09 Programs Page: 18 OP-090124 Effective Date: 04/11/2019**
A. Determining Abuse of the Grievance Process
1. The appropriate reviewing authority may determine there is abuse or misuse of the grievance process and may restrict the inmate's/offender's ability to submit a grievance. Types of abuse, include, but are not limited to: (PREA 115.52(g))
☐ a. Grievances intended to harass another;
☐ b. The continual and repeated submitting of frivolous grievances (frivolous grievances are those with no basis in fact or law);
☐ c. The repeated submitting of grievances or "Requests to Staff" about an issue previously addressed by staff in their written response;
☐ d. Grievances about de minimis (small, trifling, no available remedy) issues;
☐ e. Repetitive grievances by multiple inmates/offenders about the same issue;
☐ f. An inmate/offender writing letters instead of utilizing the grievance process and failing to bring complaints by formal grievance;
☐ g. Continued procedural defects, such as submitting additional pages, after having been previously warned.
☐ **Because of continued abuse of the grievance process this serves as an official warning.**

☐    You will be afforded the opportunity to properly re-submit a grievance form within **10 days** of receipt of this notice **WITH THE NOTED CORRECTIONS COMPLETED.** The grievance form must be proper, complete, and submitted to the proper reviewing authority. The failure of such waives/forfeits the right to proceed in the grievance process.

☐    Due to your continued failure to submit a properly filed grievance, you are now **OUT OF TIME**.

☒    Other:  *You received the answered RTS on 8/21/19 and the grievance was not received in the Warden's office until 9/17/19. More than 15 days, cannot resubmit. Your request to staff is unclear to your request. The grievance does not match with your RTS.*

EXHIBIT 13b

EXHIBIT 13a)   2

*Terry Underwood*

RECEIVED

INMATE/OFFENDER GRIEVANCE

SEP 17 2019

Grievance no. 2019-1001-00343-G

GRIEVANCE

Grievance code: 6

Response due: 10/7/19

**DO NOT WRITE ABOVE THIS LINE**

| | | |
|---|---|---|
| Date | 8-28-19 | Facility or Unit _D.C.F/Echo_ |
| Name | James Ezell | Facility Housing Unit _Echo Charlie-102_ |
| | (Print) | |
| DOC Number | 237370 | Date "Request to Staff" response received: _8-23-19_ |

Have you previously submitted a grievance on this same issue? ———— If yes, what date ————, facility ————, grievance # ————. You must submit this completed original within **15 days** of the receipt of the response to the "Request to Staff". The "Request to Staff" must have been submitted within 7 days of the incident. Do not include/attach anything to this grievance except the "Request to Staff" including the response. You may quote from or make reference to statutes, operations, field, or administrative memoranda, department publications (time sheets, inventory forms, assessments, etc.). You will be permitted only one opportunity to correct any error(s) made in submitting your grievance.

1. The nature of your complaint. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per grievance. Use backside of this page only, if necessary. On 6-24-2019 under direction of Mr. Yates Grievance Coord. threaten offender Ezell with grievance restriction, therefore, my R.T.S was addressed to Warden Yates on 7-31-19 step of OP-090124
As an offender housed on Echo Unit the denial of OP-030115 affects offenders'/ OFFENDER JAMES EZELL in OP-090124 et. al. First Amendment Right of U.S.C. Notary

2. Informal action taken (including dates) to resolve the complaint, as well as the names of those employees from whom you sought an answer to your grievance.
Offender spoke with Echo Charlie 4m staff about Law Library 7-11-19
addressed Echo 4m Ade about Law Library 7-28-19
offender has continued to obtain the same access to court as medium yard Law Library from Law Library Supervisor Ms. Patterson 7-18-19
A.W. Perez on issue 8-22-19

3. The action you believe the reviewing authority may lawfully take.
Per OP-090124 D.O.C policy the appropriate staff is suppose to respond to inmate request/Request to Staff Reviewing Authority can not intentionally place offender on Grievance Restriction because submitted IR, R.T.S, as policy suggest OP-090124.

Grievance report sent to (warden/facility head/deputy director/correctional health services administrator):

| JAMES YATES | WARDEN |
|---|---|
| Name | Title |
| *James Ezell* | 8-28-19 |
| Signature of Grievant | Date Sent to Reviewing Authority |

DOC 090124A (R 4/19)

1. Original to file
2. Copy to inmate/offender

Note: Grievance Coordinator returned 9-12-19 unlogged) Ms. Underwood

EXHIBIT 13-C

EXHIBIT 13a) 182

2019-
5137-1

*Fwd to A.W. Gentry*

RECEIVED
AUG 0 2019
BY:_____

## REQUEST TO STAFF

Must Be Submitted Through the Law Library or Designee
Inmate/Offender Grievance Process

TO: Warden Yates      FACILITY/UNIT: _D.C.F_    DATE: 7-31-19
(NAME AND TITLE OF STAFF MEMBER)

I have ____ have not ✓ already submitted a "Request to Staff" or grievance on this same issue.
If yes, what date: _____ facility: _N/A_ grievance #: _____
I affirm that I do ____ do not ✓ have a grievance pending on this issue.
I affirm that I do ____ do not ✓ have a lawsuit of any type pending that relates in any way to this issue.
If a lawsuit is pending, indicate case number and court: _____
This request ____ does ✓ does not relate to a pending misconduct report. If it does, this request may only be answered by the disciplinary coordinator assigned to the misconduct.

SUBJECT: State completely, but briefly, the problem on which you desire assistance. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per "Request to Staff." Your failure to specifically state your problem may result in this being returned unanswered.

I have filed a number of Inmate Request first step R.T.S. the
second step and grievance which you and Gentry has signed off
on concerning denial of O.D.O.C. Policy for all offenders housed at
D.C.F by Ms Patterson Law Library Supervisor, Law Clerk and retaliation →

(USE OTHER SIDE IF MORE SPACE IS NEEDED. DO NOT ATTACH ADDITIONAL PAGES.)

ACTION REQUESTED: State exactly how you believe your request may be handled; that is, what exactly should be done and how.

offenders on Echo Max Stop being denied DP-090124 and DP-030115 policys
of ODOC here at D.C.F

NAME: James Ezell III (PRINT)    DOC NUMBER: 237370   UNIT & CELL NUMBER: EC-162

SIGNATURE: James Ezell III    WORK ASSIGNMENT: _____

---

### DO NOT WRITE BELOW THIS LINE

DISPOSITION:

Unclear on action requested. If you are asking for a copy of the policy,
fill out an offender request and a disbursement form so you can
pay for the copy. Otherwise, restate your action requested.

_____     8/14/19
STAFF MEMBER      DATE

RECEIVED
SEP 17 2019
GRIEVANCE

AUG 21 2019

Date response sent to inmate/offender _____
1. Original to file
2. Copy to inmate/offender

DOC 090124D (R 4/19)

EXHIBIT 13 d

EXHIBIT 13a) 183

→ because I filed grievances. and henderance by Echo Unit Team C/m Ade C/m Pfaff C/o Ms. Pierce % Vance in addition % Aitkin, % Bullock and Ms Terry Underwood all connected to Echo Charlie Law Library Cages OP-030115 grievances filed some granted some denied as offender Ezell First Sixth Eighth and Fourteenth Amendment Right continue to be violated, No Administrative Remedy is Available



RECEIVED
SEP 17 2019
GRIEVANCE

I certify offender James Ezell of O.D.O.C provided a true copy of D.O.C P.T.S to DCF mailroom staff on 31th of July 2019 pursuant to tit 21 O.S. § 491 for Law Library Supervisor D.C.F Mc Patterson filing, under penalty of perjury

/S/ James Ezell
Copy 1 of 2

EXHIBIT 13 e

EXHIBIT 13 a) CPPT. 4

184

## ·Misconduct/Grievance Appeal To Administrative Review Authority

Inmate Name:   _James Ezell_                    DOC Number:   _237370_

Facility   Where   Offense/Grievance   Occurred:      Offense Code:   _6_
_D.C.F   Echo_

Date of misconduct violation:_____

☐ Facility Misconduct Appeal Number      ☑ Facility Grievance Appeal Number
_____          _19-1001-D0343-G_

I received the response of the reviewing authority at the facility on:_ 10-9-19 _____

Fill out this form in blue or black ink. Writing must be legible. I wish to appeal the reviewing authority's response to the misconduct/grievance on the following ground(s) only. DO NOT ATTACH ANY OTHER PAGES. (Use ONLY the back side of this page, if necessary). Your appeal will be returned to you unanswered if any other pages are submitted.

☑ Newly discovered/available evidence not considered by the reviewing authority, relevant to the issue, necessary for a proper decision, and why the evidence was not previously available which if considered may alter the decision. (you must clearly state the newly discovered/available evidence); or

☑ Probable error committed by the reviewing authority in the decision such as would be grounds for reversal (you must clearly state the error committed by the reviewing authority, including citing the part of procedures or statutes not followed by the reviewing authority).

**Response:**

_____

_____

_____

_____

_____

_____

I understand that in accordance with OP-060125/OP-090124, I will be charged $2 to appeal a misconduct/grievance to the Administrative Review Authority or Chief Medical Officer, and that this form is also a request for disbursement of funds from my trust fund draw account. If I do not have enough funds to cover this cost, the amount will be collected as soon as funds become available.

_James Ezell_                              _10-11-19_
Signature of Inmate                        Date

DOC 060125V (R 4/17)

EXHIBIT 13 f
back side

EXHIBIT 13a) 6
cont back
185

<u>First</u>, on August 29, 2019 prisoner Ezell #237370 provided grievance # through D.C.F mailroom Supervior <u>Ms. West verified</u> to G.C. Ms. Underwood

<u>Secondly</u>, on Sept. 12, 2019 this grievance and 2 other submitted was returned in regalur mail on Echo C/o Kiner worked unit <u>verified</u> grievances in violation of OP-090124 privileges mail procedure additional proof available

<u>Third</u>, once D.W. Gentry walked thur on Sept. 13, 2019 prisoner Ezell advised him about Ms. Underwood returning grievances in regalur mail Sept. 12, 2019 C/o Kiner verified and logged

<u>Fourth</u>, Once Echo Max Notary Public Ms. Hoover denied Notary of Grievance Restriction Affidavit this denied D.O.C OP-030115 and OP-090124 making offender grievance procedure <u>Unavailable</u>

Probable errors committed by the reviewing authority

Prisoner Ezell recieved R.T.S on 8-23-19 and on 8-29-19 grievances was submitted through D.C.F mailroom verified returned in regalur mail 9-12-19 verified violating prisoner Ezell substantial due process right and OP-090124 attached affidavit Well within 15day

<u>Next</u>, G.C. Underwood threaten prisoner with grievance on 6-24-19 again 7-1-19 directing prisoner Ezell to Warden Yates R.T.S address <u>restriction</u> to Warden Yates dates are specific and prisoner issue is of OP-090124 as one specific

<u>Furthermore</u>, prisoner Ezell grievance filed 8-29-19 on Ms. Hoover for denied Notary actually made prisoner OP-090124 unavailable at R.A level by Warden Yates Deputy Warden Perez Deputy Warden Gentry and Ms. <u>Terry Underwood deliberately</u>! OP-090124 Grievance Restriction Require Notary Ms. Underwood directed Ms. Hoover Not to Notarize prisoner Ezell document. So on 8-29-19 submitted grievance was timely, after being denied Notary of affidavit Deny prisoner <u>First Amendment Right of U.S.C.</u> and Due process!

<u>Last</u>, prisoner Ezell submitted 19-1001-0342 on 8-29-19 and <u>19-1001-00343</u> as well as <u>19-1001-00344</u> after Ms. Hoover denied Notary on prisoner Ezell grievance restriction affidavit under Ms. Underwood direction to prevent prisoner ~~Ezell grievance~~ From filing grievances on denied access to courts then Retaliation by D.C.F official..

Prisoners Ezells First, Sixth, Eighth and Fourteenth Amendment Right continue to be violated by D.C.F Core Civic private prisons <u>substantial due process</u>

Prisoner Ezell had a right to Notary of documents per OP-030115 and was placed on grievance restriction by Warden Yates 8-1-19 G.C. Ms. Underwood told Ms. Hoover not to provide notary.. OP-090124 <u>required Notary</u>..

I-James Ezell affiant states under penalty of perjury on that 8-29-19 grievances 19-00342, 19-00343 and 19-00344 was provided to Mailroom Supervior for Ms. Underwood verified this instany affidant is true and correct pursuant to 28 U.S.C. 1746 10-14-19

|S| *James Ezell*                    mailed 10-15-19                    p

Subscribed and Sworn to this ____ of ____ 2019

Notary Public _____    Commission _____

# GRIEVANCE RETURNED UNANSWERED

Received:

_James Ezell_
**Inmate signature**

_10-9-19_
**Date**

**DATE:** October 7, 2019
**TO:** Ezell, James, #237370
**FROM:** James Yates, Warden
**Received:** September 17, 2019
**RE:** Return of Grievance # 2019-1001-00344-G

*YOUR GRIEVANCE IS BEING RETURNED UNANSWERED BECAUSE OF THE FOLLOIWNG:*

[☒] You have not filed your grievance within the specified time frame.  *(CANNOT RESUBMIT)*

[ ] The "Request to Staff" must be submitted **within seven (7) days of the incident.**

[☒] The inmate/offender grievance must be submitted by the inmate/offender 15 days from the **date of the receipt of the response to the "Request to Staff."**

[ ] An **ANSWERED** Request to Staff form addressed to the **correct staff member** must be attached.

[ ] The **Request to Staff** issue is not consistent with the issue requested on the **Grievance.**

[ ] **Inmate Request forms are not utilized in the Grievance Process.**

[ ] You have not completed the **Grievance form correctly, in its entirety, or on the correct form.**

[ ] Grievances submitted must be **legibly written or typed, in blue or black ink. No pencil, highlighter, or other color of ink is allowed.** No drawing, decorating, doodling, or making comments, in the margins of the pages is permitted.

[ ] The **Grievance and Request to staff** must be specific as to the **Complaint, Dates, Places, Personnel Involved and How the Inmate was Affected**.

[ ] Classification Movement requests to transfer to another facility, are not grievable to DOC.

[ ] If there has not been response to your Request to Staff in 30 days, but no later than 60 days, of submission, the inmate may file a grievance to the reviewing authority with **a copy of the "Request to Staff" attached to the grievance form. (Ask the law library supervisor for a copy of the RTS.) The grievance form may only be filed about the lack of response to the "Request to Staff."**

[ ] Only **ONE ISSUE OR INCIDENT** is allowed per **Grievance** and **Request to Staff.**

[☒] You are on **Grievance Restriction**, proper documentation was not included.

[ ] It has been determined that the grievance is not of an **Emergency or Sensitive** nature. The grievance is being returned and you must comply with the standard grievance process.

Note: Once Ms. Hoover denied Notary Emergency Grievance Filed 8-27-19 submitted 8-29-19 mailroom supervisor Ms. West on 9-12-19 w/o Kinner signed proof Ex.12a)4, 13a)5 violation of First Amendment Rights    EXHIBIT 14a

EXHIBIT 14a) 1  187

Page 2 of 2

☐ **Section-09 Programs Page: 4 OP-090124 Effective Date: 04/11/2019**
**B. Non-grievable Issues**
1. Misconduct reports received through the agency disciplinary procedures may not be appealed through the grievance process. Misconduct reports may only be appealed through the disciplinary appeal process as referenced in OP-060125 entitled "Inmate/Offender Disciplinary Procedures."

☐ 2. Grievances shall not be submitted:

   ☐ (a) about matters that are in the course of litigation;

   ☐ (b) about matters that include requests for disciplinary action against staff;

   ☐ (c) requesting monetary compensation; or

   ☐ (d) For property issues at privately contracted facilities. These are to be resolved by the privately contracted facility and are not grievable or appealable to ARA.

☐ Property issues may be addressed by utilizing the requirements of CCA Policy 14-6: Inmate Resident Property (Property Claim 14-6D and Appeal 14-6E).

☐ **Section-09 Programs Page: 18 OP-090124 Effective Date: 04/11/2019**
A. Determining Abuse of the Grievance Process
1. The appropriate reviewing authority may determine there is abuse or misuse of the grievance process and may restrict the inmate's/offender's ability to submit a grievance. Types of abuse, include, but are not limited to: (PREA 115.52(g))
☐ a. Grievances intended to harass another;
☐ b. The continual and repeated submitting of frivolous grievances (frivolous grievances are those with no basis in fact or law);
☐ c. The repeated submitting of grievances or "Requests to Staff" about an issue previously addressed by staff in their written response;
☐ d. Grievances about de minimis (small, trifling, no available remedy) issues;
☐ e. Repetitive grievances by multiple inmates/offenders about the same issue;
☐ f. An inmate/offender writing letters instead of utilizing the grievance process and failing to bring complaints by formal grievance;
☐ g. Continued procedural defects, such as submitting additional pages, after having been previously warned.
☐ **Because of continued abuse of the grievance process this serves as an official warning.**

☐ You will be afforded the opportunity to properly re-submit a grievance form within **10 days** of receipt of this notice **WITH THE NOTED CORRECTIONS COMPLETED.** The grievance form must be proper, complete, and submitted to the proper reviewing authority. The failure of such waives/forfeits the right to proceed in the grievance process.

☐ Due to your continued failure to submit a properly filed grievance, you are now **OUT OF TIME**.

☒ Other: ___*You received the answered RTS on 8/15/19 and the grievance was not received in the Warden's office until 9/17/19. More than 15 days, cannot resubmit.*___

EXHIBIT 14b

EXHIBIT 14(a) 2

Terry Underwood

INMATE/OFFENDER GRIEVANCE

RECEIVED

Grievance no. 2019-1001-00344 G

SEP 17 2019

Grievance code: 3

GRIEVANCE

Response due: 10/7/19

---

DO NOT WRITE ABOVE THIS LINE

Date    Aug. 28, 2019              Facility or Unit    D.C.f/Echo

Name    James Ezell               Facility Housing Unit    Echo Charlie - 102
        (Print)

DOC Number  237370                Date "Request to Staff" response received:  8-20-19

Have you previously submitted a grievance on this same issue? ———— If yes, what date ———, facility
————, grievance # ————. You must submit this completed original within 15 days of the receipt of the
response to the "Request to Staff." The "Request to Staff" must have been submitted within 7 days of the incident.
Do not include/attach anything to this grievance except the "Request to Staff" including the response. You may
quote from or make reference to statutes, operations, field, or administrative memoranda, department publications
(time sheets, inventory forms, assessments, etc.). You will be permitted only one opportunity to correct any
error(s) made in submitting your grievance.

1.    The nature of your complaint. This statement must be specific as to the complaint, dates, places,
personnel involved, and how you were affected. One issue or incident per grievance. Use backside of
this page only, if necessary. On 7-18-19 inmate request submitted to C/O Ms. Pierce (no)
response; On 7-21-19 R.T.S submitted to appropriate staff member Ms C/o Pierce (no) response
as it relates to retaliation by a number of personnel employees. I was affected by
denial of a chair in the Cages on Echo used for Law Library even after I asked
video footage times listed. - Attached R.T.S-

2.    Informal action taken (including dates) to resolve the complaint, as well as the names of those employees
from whom you sought an answer to your grievance.
On July. 18, 2019 I asked C/o Ms. Pierce she acted as if she was bother 8:38 am
On July 18, 2019 I asked C/o Ms Patterson Law Library Supervisor she stated ask your Unit C/o
On July 18, 2019 abt 9:02am I asked C/o Vance at Echo Charlie desk he stated ask your
Unit C/o I stated I did. abt 9:03 I asked C/o Bullock
finally later that day C/o Vance provided a chair

3.    The action you believe the reviewing authority may lawfully take.
A chair should have been provided then at that moment instead of been
denied by a number of staff in retaliation because there are chairs in the Law
Library on the medium yard Echo Max should be provided with the same opportunity
as Medium Yard ←→ SAME EXACT OPPORTUNITY —

Grievance report sent to (warden/facility head/deputy director//correctional health services administrator):

Name    JAMES YATES            Title    WARDEN

Signature of Grievant    James Ezell        Date Sent to Reviewing Authority    8-28-19

DOC 090124A (R 4/19)

1. Original to file
2. Copy to inmate/offender

EXHIBIT 14-2

Note Grievance Coordinator returned 9-12-19 (unlogged) Ms
Underwood 00342, 00343, and 00344

EXHIBIT 14a)    3189



STATE OF OKLAHOMA,)
county of Hughes,)

SWORN AFFIDAVIT OF JAMES EZELL

I James Ezell being of lawfull age duly sworn according
to law gives the following statement under oath to-wit:
1. on August 27th 2019 Echo Hoover refused to Notary D.C.F
grievance restriction stating Ms Underwood told her not too, time abt.
11:45

EXHIBIT 14d

EXHIBIT 14a) cont. 190

2019-
4946

FWD to S/S Person

RECEIVED
JUL 2 8 2019
BY: _____

**Must Be Submitted Through the Law Library or Designee**
Inmate/Offender Grievance Process
**REQUEST TO STAFF**

TO: C/o Pierce Ms. C/o Pierce   FACILITY/UNIT: P.C.F   DATE: 7-21-19
(NAME AND TITLE OF STAFF MEMBER)

| | |
|---|---|
| I have ✓ have not _____ already submitted a "Request to Staff" or grievance on this same issue. | |
| If yes, what date: 7-18-19   facility: D.C.F   grievance #: _____ | |
| I affirm that I do _____ do not ✓ have a grievance pending on this issue. | |
| I affirm that I do _____ do not ✓ have a lawsuit of any type pending that relates in any way to this issue. | |
| If a lawsuit is pending, indicate case number and court: | |
| This request _____ does _____ does not relate to a pending misconduct report. If it does, this request may only be answered by the disciplinary coordinator assigned to the misconduct. | |

SUBJECT: State completely, but briefly, the problem on which you desire assistance. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per "Request to Staff." Your failure to specifically state your problem may result in this being returned unanswered.

After two other attempts to address you. You placed me in Law Library Cages on Echo Charlie at abt. 8:38 when I asked you for the chair that was sitting by the desk you refused, stating ask the Law Library Supervisor shortly after I did at 8:48am Ms Patterson stated ask pod officer

(USE OTHER SIDE IF MORE SPACE IS NEEDED. DO NOT ATTACH ADDITIONAL PAGES.)

ACTION REQUESTED: State exactly how you believe your request may be handled; that is, what exactly should be done and how.

Clearly state why you refused to provide me with a chair when placing me in Law Library cage at 8:38am knowing one was not in the cage especially after I asked
Copy 1 of 2

NAME: James Ezell   DOC NUMBER: 237370   UNIT & CELL NUMBER: EC-102
(PRINT)

SIGNATURE: James Ezer Jr   WORK ASSIGNMENT: _____

**DO NOT WRITE BELOW THIS LINE**

DISPOSITION:
There will be a chair utilize for Law Library cages, if there is not a chair in the cage Request one.

_____

S/S Paush   8-6-19
STAFF MEMBER   DATE

RECEIVED
SEP 17 2019
GRIEVANCE

Date response sent to inmate/offender: James Ezell-237370. EC-102
1. Original to file   AUG 15 2019
2. Copy to inmate/offender   8-6-19

DOC 090124D (R 4/19)
Exhibit 14e

Bur. Mgr. 8/30/19

EXHIBIT 14a) 191

## ·Misconduct/Grievance Appeal To Administrative Review Authority

Inmate Name: _James Ezell_    DOC Number: _237370_

Facility Where Offense/Grievance Occurred:    Offense Code: _3_
_Dcf Echo_

Date of misconduct violation: _____

☐ Facility Misconduct Appeal Number    ☑ Facility Grievance Appeal Number
_____    _19-1001-00344-G_

I received the response of the reviewing authority at the facility on: _10-9-19_

Fill out this form in blue or black ink. Writing must be legible. I wish to appeal the reviewing authority's response to the misconduct/grievance on the following ground(s) only. DO NOT ATTACH ANY OTHER PAGES. (Use ONLY the back side of this page, if necessary). Your appeal will be returned to you unanswered if any other pages are submitted.

☑  Newly discovered/available evidence not considered by the reviewing authority, relevant to the issue, necessary for a proper decision, and why the evidence was not previously available which if considered may alter the decision (you must clearly state the newly discovered/available evidence); or

☑  Probable error committed by the reviewing authority in the decision such as would be grounds for reversal (you must clearly state the error committed by the reviewing authority, including citing the part of procedures or statutes not followed by the reviewing authority).

**Response:**

_____

_____

_____

_____

_____

_____

I understand that in accordance with OP-060125/OP-090124, I will be charged $2 to appeal a misconduct/grievance to the Administrative Review Authority or Chief Medical Officer, and that this form is also a request for disbursement of funds from my trust fund draw account. If I do not have enough funds to cover this cost, the amount will be collected as soon as funds become available.

_James Ezell_    _10-11-19_
Signature of Inmate    Date    DOC 060125V (R 4/17)


EXHIBIT 14A back side
EXHIBIT 14A) 5cont Back

First, on August. 29, 2019 prisoner Ezell # 237370 provided grievance #
through D.C.F mailroom Supervisors Ms. West verified to G.C. Ms. Underwood

Secondly, on Sept 12, 2019 this grievance and 2 others submitted was returned
in regular mail on Echo ℅ Kiner worked unit verified grievances in violation of OP-090124
privilege mail procedure. additional proof available

Third, once D.W. Gentry walked thru on Sept. 13 2019 prisoner Ezell advised him about Ms. Under-
returning grievances in regular mail Sept. 12, 2019 ℅ Kiner verified and logged       wood

Fourth, Once Echo Max Notary Public Ms. Hoover denied Notary of Grievance Restriction Affidavit this
denied D.O.C OP-030115 and OP-090124 making offender grievance procedure Unavailable !

Fifth, on September. 18, 2019 Ms. Underwood came to Echo Maximum Unit Echo Charlie 102 admitted
to telling Ms. Hoover not to Notarize grievance restriction affidavit then suggested that she could
make misconduct A.22 go away

   Probable errors committed by the reviewing authority
[First,] prisoner Ezell was intentionally provided 3 grievances on [8-13-19] by R.A. Ms Underwood
19-00241 and 19-00299 also 19-00297 none had box section -D9- Program OP-090124 marked
grievance restriction however, on 8-15-19 the [mailroom Supervior] was directed to provide prisoner
Ezell with letter from Warden Yates dated 8-9-19 grievance restriction ;

Secondly, D.C.F has asigned Ms. Hoover to Echo to provide Notary Deputy Warden Perez has directed
mailroom Supervios not to Notary Max prisoner documents and Law Library has been directed not
to Notary of grievance restriction affidavit on 8-29-19 and 8-30-19 these 3 grievances were
submitted through Mailroom Supervios Ms. West on [8-29-19] verified 19-1001-00342, 19-1001-00343
and 19-1001-00344 the return of these grievance by Ms. Underwood violates prisoner Ezell substantiual
due process First and Fourteenth Amendment of U.S.C.

Third, after August. 15, 2019 prisoner Ezell was advised on Grievance Restriction per OP-090124 un
when prisoner Ezell submitted I.R. to Ms. Hoover for Notary she came to Echo Charlie 102
provided Notary of other requested documents but when it came to prisoner Ezells
grievance restriction affidavit Ms. Hoover refused to Notarize that document deliberately
and intentionally stating you have filed a law suit on me before

Fourth prisoner Ezell recieved the R.T.S on [8-30-19] in regular mail ℅ on Unit verified by
signature when prisoner Ezell recieved R.T.S. verification of submitted grievances on [8-29-19]
verification of returned grievances in regular mail on 9-16-19 from Ms. Underwood logged !

I James Ezell, affiant states under penalty of perjury on 8-29-19 grievances was
submitted to Ms West mailroom and verified for G.C. Ms. Underwood pursuant To 28 U.S.C. 1746
this instant affidavit is true and correct ISI /s/ James Ezell       mailed 10-15-19

   Subscribed and Sworn to this _____ of _____ 2019

Notary Public ISI _____
Commission _____

Copy 1 OF 2

| Grievances # | Dates | Description | Dates | Disposition |
|---|---|---|---|---|
| JCCC-18-60-ARA | 6-8-18 | 3-Comp Against Staff | 7-26-18 | + 20 day Notice |
| JCCC-18-60-G | 5-26-18 | 3-Comp Against staff | 6-5-18 | Unanswered |
| JCCC-18-60-G | 7-26-18 | 3-Comp Against staff | 8-6-18 | + Actual Amended |
| D.C.F-19-00104-G | 2-25-19 | 6-Legal | 3-18-19 | Unanswered |
| DC.F-19-00104-G | 3-19-19 | 6-Legal | 4-9-19 | Unanswered |
| ARA-DCF-19-00104-G | 4-19-19 | 6-Legal | 4-30-19 | Unanswered |
| D.C.F-19-00144-G | 3-20-19 | 3-Comp Against Staff | 4-9-19 | + Relief Granted |
| ARA-19-062-D.C.F-G | 3-5-19 | 6-Legal | 3-15-19 | Not Sensitive |
| D.C.F-19-00170-G | 3-28-19 | 3-Comp Against staff | 4-19-19 | Unanswered |
| D.C.F-ARA-19-00170 | 4-23-19 | 6-Legal | 5-23-19 | + Further Invest. |
| D.C.F-ARA-19-00170 | 6-24-19 | 6-Legal | 7-9-19 | + Relief Granted |
| ARA-18-00175-G | 8-8-18 | Emergency/Sensitive | 8-22-18 | Not Sensitive |
| D.C.F-19-00176-G | 4-2-19 | 6-Legal | 4-19-19 | Unanswered |
| D.C.F-19-00236-G | 4-19-19 | 3-Comp Against Staff | 6-6-19 | Unanswered |
| ARA-DC.F-19-00236-G | 6-9-19 | 3-Comp Against Staff | 8-7-19 | − Denied Relief |
| D.C.F-19-00254-G | 6-9-19 | 6-Legal | 6-24-19 | + Relief Granted |
| D.C.F-19-00255-G | 6-12-19 | 6-Legal | 6-24-19 | Unanswered |
| D.C.F-19-00267-G | 6-24-19 | 6-Legal | 7-1-19 | Unanswered |
| D.C.F-19-00268-G | 6-24-19 | 6-Legal | 7-1-19 | Unanswered |
| ARA-DC.F-19-00267-G | 7-2-19 | 6-Legal | 8-2-19 | − Denied Relief |
| ARA-DC.F-19-00268-G | 7-2-19 | 6-Legal | 8-2-19 | − Denied Relief |
| ARA-19-231-G | 7-22-19 | 6-Legal | 7-29-19 | − Denied Relief |
| D.C.F-1001-00297-G | 8-5-19 | 3-Comp Against staff | 8-13-19 | Unanswered |
| ARA-19-232-G | 7-23-19 | 6-Legal | 7-29-19 | Denied Relief |
| D.C.F-1001-00297 | 8-5-19 | 2-Classification | 8-13-19 | + Relief Granted |
| D.C.F-1001-00299 | 8-5-19 | 2-Classification | 8-23-19 | Unanswered |
| ARA-D.C.F-1001-00297 | 8-14-19 | 2-Classification (ARA) | 9-20-19 | resubmit pending |
| ARA-D.C.F-1001-00299 | 8-14-19 | 2-Classification (ARA) | 9-20-19 | resubmit pending |
| D.C.F-1001-00297-G | 8-20-19 | 3-Comp Against staff | 9-4-19 | Unanswered |
| D.C.F-1001-00138-G | 5-29-19 | 6-Legal | 6-4-18 | Unanswered |
| ARA-DCF-1001-00138-G | 6-8-19 | 6-Legal | 6-22-18 | Not Sensitive/Emerg |
| D.C.F-1001-00170-G | 5-14-19 | 6-Legal | 6-13-19 | Relief Granted |
| D.C.F-1001-00255-G | 6-12-19 | 6-Legal | 6-24-19 | Unanswered |
| D.C.F-19-1001-00342-G | 8-29-19 | 3-Comp Against Staff | 9-12-19 | No reason |
| D.C.F-19-1001-00343-G | 8-29-19 | 3-Comp Against Staff | 9-12-19 | No reason |
| D.C.F-19-1001-00344-G | 8-29-19 | 3-Comp Against Staff | 9-12-19 | No reason |

I James Ezell pursuant to OP-090124 duly verified affidant made under penalty of discipline for lying to staff or perjury in court attached to grievance, staters that all content of grievance are true and correct declared under penalty of perjury to above file grievances to best of offenders documents and knowlegde for Courts: /s/ James Ezell

Subscribed and sworn to this 9 of 6 2019

Notary Public /s/ Carla Hoover   Commission 4-15-2023

CARLA HOOVER
NOTARY
# 11003473
EXP. 04/15/23
STATE OF OKLAHOMA
PUBLIC

EXHIBIT

EXHIBIT 14(a) 6

| | | | | |
|---|---|---|---|---|
| D.C.F-19-1001-00343-G | 8-29-19 | 3- Comp Against staff | 9-19-19 | No reason |
| D.C.F-19-1001-00343-G | 8-29-19 | 3- Comp Against staff | 9-19-19 | No reason |
| D.C.F-19-1001-00344-G | 8-29-19 | 3- Comp Against staff | 9-19-19 | No reason |
| D.C.F-19-1001-00342-G | 9-16-19 | 3- Comp Against staff | 10-9-19 | unanswered |
| D.C.F-19-1001-00343-G | 9-16-19 | 3- Comp Against staff | 10-9-19 | unanswered |
| D.C.F-19-1001-00344-G | 9-16-19 | 3- Comp Against staff | 10-9-19 | unanswered |
| ARA-D.C.F-1001-00299 | 9-23-19 | 2- Classification | 10-14-19 | Denied |
| ARA-D.C.F-1001-00291 | 9-23-19 | 2. Classification  ← But See | | NO RESPONSE |
| ARA-D.C.F-1001-00297 | 9-23-19 | 3- Comp Against staff | 10-14-19 | Denied |
| D.C.F-19-1001-00365 | 10-1-19 | 6- Comp Against staff | 10-31-19 | unanswered |
| ARA-D.C.F-19-1001-00342-G | 10-14-19 | 3- Comp Against staff ← But See | | NO RESPONSE |
| ARA-D.C.F-19-1001-00343-G | 10-14-19 | 6-Legal  ← But See | | NO RESPONSE |
| ARA-D.C.F-19-1001-00344-G | 10-14-19 | 3- Comp Against staff ← But See | | NO RESPONSE |
| ARA-DOC | 10-7-19 | 3- Comp Against staff | | NO RESPONSE |
| D.C.F | 10-18-19 | 3- Comp Again staff | | NO RESPONSE |
| ARA -19-00337 | 10-21-19 | Sensitive Grievance | 10-31-19 | Not Sensitive |

STATE OF OKLAHOMA )
                    ) SS.
COUNTY OF HUGHES )

SWORN AFFIDAVIT OF JAMES EZELL : I James Ezell being of lawful age duly sworn according to law gives the following statement under oath to-wit:

(1) Affiant states D.O.C OP-090124 requires offenders to informally use 030101A forms, and D.O.C 090124D forms and obtain a response, affiant done that but D.C.F staff/ Law Library Supervisor Ms. Patterson together with other staff refuse to deliver a response, and affiant has not received any Grievance Restriction supported on returned grievances as of today date August. 16, 2019 /s/

I James Ezell duly verified affidavit, made under penalty of discipline for lying to staff attached to grievance stating that all contents of grievance and correct to above file grievances to best of my knowledge

Subscribed and sworn to this 20th of August 2019    Date 8/20/19

Notary Public /s/ _____

JANIS E. WEST
NOTARY
# 19007081
EXP. 07/18/23
STATE OF OKLAHOMA

EXHIBIT  # 195

### INMATE/OFFENDER GRIEVANCE

Grievance no. ___ARA-19-337___

Grievance code: _____

Response due: _____

---

**DO NOT WRITE ABOVE THIS LINE**

| | | |
|---|---|---|
| Date | 10-4-19 | Facility or Unit   DCF |
| Name | James Ezell | Facility Housing Unit   Echo Charlie |
| | (Print) | |
| DOC Number | 237370 | Date "Request to Staff" response received:   N/A |

Have you previously submitted a grievance on this same issue? __yes__ If yes, what date __9-16-19__, facility __OCID__, grievance # __N/A__. You must submit this completed original within 15 days of the receipt of the response to the "Request to Staff". The "Request to Staff" must have been submitted within 7 days of the incident. Do not include/attach anything to this grievance except the "Request to Staff" including the response. You may quote from or make reference to statutes, operations, field, or administrative memoranda, department publications (time sheets, inventory forms, assessments, etc.). You will be permitted only one opportunity to correct any error(s) made in submitting your grievance.

1. The nature of your complaint. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per grievance. Use backside of this page only, if necessary. On August. 29-19 Echo Charlie 3 grievances was provided to mailroom Supervisor Ms. West for D.C.F Grievance Coordinator Ms. Underwood Verified August. 30, 2019 of delivery per OP-090124 no response in 14 day have been recieved I am being affected by Denial of my First Amendment Right by D.C.F Reviewing Authority See Affidavit attached No response in 30 days

2. Informal action taken (including dates) to resolve the complaint, as well as the names of those employees from whom you sought an answer to your grievance. Deputy Warden Gentry doorside on 9-13-19 Echo Charlie. Grievance Coordinator Ms. Underwood on 9-18-19 Echo Charlie doorside.

3. The action you believe the reviewing authority may lawfully take. Administrative Reviewing Authority may lawfully direct the Review Authority to respond to the Grievances submitted Justly as OP-090124

---

Grievance report sent to (warden/facility head/deputy director//correctional health services administrator):

| | | |
|---|---|---|
| Name   Mark Knutson Designee | | Title   D.D.D.C ARA |
| Signature of Grievant   James Ezell III | | Date Sent to Reviewing Authority   10-7-19 |

1. Original to file
2. Copy to inmate/offender

DOC 090124A (R 4/19)

EXHIBIT (14q) 8

SCOTT CROW
INTERIM DIRECTOR



J. KEVIN STITT
GOVERNOR

STATE OF OKLAHOMA
OKLAHOMA DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE REVIEW AUTHORITY

ARA 19-337

Date:        OCTOBER 25, 2019

To:          EZELL, JAMES #237370

Location:    DCF

From:        Mark Knutson, Director's Designee   *Mark Knutson*

**Your grievance/correspondence was filed improperly for the following reason(s):**

|   |     |                                                                                                                                                                                                              |
|---|-----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|   | 1.  | No reviewing authority response to the grievance.                                                                                                                                                            |
|   | 2.  | No informal action, Request to Staff response included.                                                                                                                                                     |
|   | 3.  | Out of time from date of alleged incident until filing Request to Staff.                                                                                                                                    |
|   | 4.  | Out of time from date of response to Request to Staff until filing the grievance with the reviewing authority.                                                                                               |
|   | 5.  | Received **out of time** from date of the reviewing authority's response.                                                                                                                                   |
|   | 6.  | You cannot appeal a non-response.  See OP-090124 section V.B.1.b.(8) (Request to Staff) or VI.C.4. (grievance).                                                                                              |
| X | 7.  | Inmate on grievance restriction and/or proper documentation **not** included.  See OP-090124, section X.B.2.a.                                                                                               |
|   | 8.  | Must be legibly written in blue or black ink.  No pencil or other color of ink is allowed. No doodling or writing in margins.                                                                                |
|   | 9.  | Attachments to the grievance/appeal (no additional pages allowed except affidavit if required).                                                                                                             |
|   | 10. | Not an issue grievable to Oklahoma Department of Corrections (**Private prison property**, misconduct, litigation pending, not within/under the authority/control of the Department of Corrections)           |
|   | 11. | More than one issue or the complaint and relief requested are not consistent on the Request to Staff and grievance.                                                                                          |
| X | 12. | Not of a sensitive/emergency nature.  You must follow the standard grievance process including giving the reviewing authority an opportunity to respond.                                                     |
|   | 13. | Requests for disciplinary action against staff or monetary compensation will not be addressed in the grievance process.                                                                                      |
|   | 14. | Appeal form not signed/dated.                                                                                                                                                                                |
|   | 15. | The ruling of the Administrative Review Authority or Director's Designee is final.                                                                                                                          |
|   | 16. | Facility grievance number not listed on the appeal form.                                                                                                                                                     |
|   | 17. | Additional issues submitted in the grievance appeal and not presented in the initial grievance to the reviewing authority for response will not be addressed by this office.                                 |
|   | 18. | You have failed to follow previous instructions from the **reviewing authority** or ARA for filing this grievance/appeal and/or properly resubmit.  **YOU ARE NOW OUT OF TIME.**                             |
|   | 19. | You did not provide the **date** that you received the reviewing authority's response on the appeal form.                                                                                                    |
|   | 20. | This grievance is unanswerable as there are no time frames specified for the alleged action(s) to have occurred                                                                                              |
|   | 21. | You failed to identify your grounds for an appeal by checking one, or both boxes on the appeal form.                                                                                                         |
|   | 22. | Your appeal must be written on the Misconduct/Grievance Appeal form (DOC060125Veffective **4/19**).                                                                                                          |
|   | 23. | You will be afforded **ONE FINAL** opportunity to properly resubmit your corrected grievance appeal which must be received in ARA within ten (10) days of receipt of this form. **DO NOT RETURN THIS FORM WITH YOUR CORRECTED APPEAL.** |
| X | 24. | Other:  RE: "SENSITIVE" GRIEVANCE.   YOUR AFFIDAVIT IS NOT ACCEPTABLE.                                                                                                                                        |

**THIS OFFICE WILL NOT PROCESS INCOMPLETE/INACCURATE/OUTDATED APPEAL FORMS**
NOTE: Abuse of the grievance process as explained in section IX of OP-090124, will result in restrictions being imposed.

I acknowledge receipt of this response: _/D - 30 - 19_
Inmate's signature and date

P.O. BOX 11400
OKLAHOMA CITY, OK.  73136-0400

NOTE: Affidavit is within Policy ——— & Evidentiary Hearing — EXHIBIT 14a) cont. 8

## DEPARTMENT OF CORRECTIONS OFFENSE REPORT

Name of Facility: DCF _____ Facility Computer Code

**Section I**

Inmate Name: James, ezell    DOC#: 237370    Date of Offense: 8/29/19    Time: 0810

Place of Offense: echo Charl'e _____ Housing Assignment: 102

Offense: (4-4233, b# 1, 2) _____ Offense Computer Code: 22

Class of Offense: A

Description of incident (to include any unusual inmate behavior): (4-4233, b#3)
Inmate ezell DOC# 237370 was Taken out of his cell To The holding cage for Law Library purposes at That time Inmate ezell stated he was not going back into his cell and that he wanted to be moved — Refusing housing

Staff or Inmate Witness (if any) (4-4233, b#4) N/A

Disposition of Physical Evidence (if any) (4-4233, b#5) N/A

Immediate Action Taken (to include the use of force and prehearing detention) (4-4233, b#6) Offence Report

Printed Name and Title of Reporting Employee (4-4233, b#7) _____ Signature of Reporting Employee
Name Andrew Smith _____ Andrew Smith
Title Corrections officer _____ Date 8/29/19 Time 0810

**Section II**

> To be referred within 24 hours from the time the violation is reported.
>
> _____ Informal Resolution
> _____ Dismissed
> _____ Referred for investigation
> Name _____ T. Nace
> Title _____ S/M
> Date 8/29/19 Time: 0915

## Section III Inmate should initial appropriate response

_____ I have received a copy of the written charge against me. I realize that I have a right to remain silent.

_____ I plead guilty and waive my right to an appeal.

JE I plead not guilty.

JE I plead not guilty and waive my right to 24 hours preparation time.

Inmate's Signature James ezell _____ DOC # 237370 Date 8/30/19 Time _____

_____ Inmate chose not to sign for a copy of the Offense Report at this time.

Offense Report Delivered to above inmate by (Print and Sign) _____ Date Delivered _____ Time Delivered
(4-4236, 4-4238)

ORIGINAL: Commitment Document Folder
FIRST COPY: Field File
SECOND COPY: Inmate

DOC 050125A (R 4/17)

EXHIBIT 15q1

NOTE: WITH RESPECT TO COURT THIS IS retaliatory behavior by D.C.F To DETER Plaintiff from Law Library Cages and grievances filed clear action of actual DISCRIMINATION by threats and discipline page 6 claim 4

# DISCIPLINARY COORDINATOR'S REPORT

Investigating Officer (Print): _S.co Key_   Date referred for investigation: _8-29-19_

Inmate Name and Number: _James   237320_   Date investigation completed: _8-30-19_

Offense: _Failure to obey_   Offense Code: _A22_   Date of Offense: _8-29-19_

Statement of inmate regarding offense: _I Had 6hr in law library cage, after those Hours I returned to EC-102 I told c/o Smith I was writing a ffadavit against him for retaliations video footage placing me in a) piss cage E_

☐ Inmate wishes to call witness/es   ☑ Inmate does not wish to present witness

Name: _____   Can testify to: _____

Name: _____   Can testify to: _____

---

|   | YES | NO | (One box should be checked for each statement) |
|---|-----|-----|---|
| 1. | ☐ | ☑ | Inmate provided documentary evidence to investigator. If yes, state evidence. |
| 2. | ☐ | ☑ | Statement(s) provided by witness/es attached (or document refusal to provide information). |
| 3. | ☐ | ☑ | Discretionary action taken regarding witness testimony. Documentation/justification attached. |
| 4. | ☑ | ☐ | Inmate has received photocopy/description of all evidence. |
| 5. | ☐ | ☑ | Written confidential witness testimony/evidence taken (not provided to inmate). |
| 6. | ☐ | ☑ | A staff representative will ONLY be appointed if inmate meets criteria specified in OP-060125 Section III. item A.  Assignment of a staff representative is warranted. If so, assigned representative is:_____ |
| 7. | ☑ | ☐ | Inmate requested documentary evidence. If yes, state evidence: _____ _Video Review_. If denied, state reason for denial: _____ _No Audio ← IT will show that piss cage were being cleane JE Court_ |
| 8. | ☐NA☐ | | CRC attached (front and back side) – not provided to the inmate |

Additional facts discovered by investigator not in incident reports, evidence, and/or witness statements: _None, I/M James was informed that he altered a legal documents_

Disciplinary hearings will normally be scheduled on a docket which will commence within seven days from the date the disciplinary hearing officer receives the "Offense Report" from the disciplinary coordinator.  Disciplinary dispositions for Class A & B offenses will be completed within seven days.

_8/31/19_   _0754/ EC102_   _S.co Key_
Date of   Time and Location of   Signature of Disciplinary
Hearing/Disposition   Hearing/Disposition   Coordinator

I acknowledge receipt of this report, all attachments, and the contents therein. (4-4238)

_J. James Jr R_   Date _8/30/19_
Inmate's Signature

Original:   Commitment Document Folder
First Copy:   Field File
Second Copy: Inmate

_156)_

**Record of Delivery of Copies of Evidence To Inmate**

Copies of the following items were delivered to _James_____ DOC# _237370_

Offense Code _A22_____   Date of Offense _8/29/19_

1. _Record of Delivery_
2. _Offense Report_
3. _Cordinators Report_
4. _Video Review — Denied No Audio_
5. _____
6. _____
7. _____
8. _____
9. _____
10. _____
11. _____
12. _____

_____          _5% Key_          _8 / 30 / 19 / 0958_
Inmate's Signature      Disciplinary   Coordinator's      Date          Time
                        Signature

**Distribution**
Original:  Commitment Document Folder with Offense Report
First Copy: Field File with Offense Report
Second Copy: Inmate with Offense Report

DOC 060125H (R 4/17)

EXHIBIT

15 bb)

64

*EC102*

Tracking #: 11-23730

EC 102

## DISCIPLINARY DISPOSITION REPORT
### (CLASS A & B OFFENSES AND CLASS X GUILTY PLEAS)

**I.** Name of Facility __DCF__    Facility Code __7E__   Date of Violation __8/29/19__

Name of Inmate __Ezell__    __James__                    ___

             Last Name                First Name                   M.I.

Violation __Failure to Obey__    Violation Code __22__   Class of Offense __A__

Disposition Date __9 / 3 / 19__   DOC # __237370__   Time __1132__   Place __EC 702__

**II.** I understand that I waive the opportunity of this case being appealed if I plead guilty to this offense.

X __James Ezell #__                              __237370__

    Inmate's Name                                   Number

PLEA: 1. Guilty _____ Inmate's Initials _____   2. Not Guilty __JE__ Inmate's Initials __JE__

Confidential Statements: I have independently reviewed the reliability statement and have found that it sufficiently supports the reliability of the confidential witness statement(s).

_____
Disciplinary Coordinator's Signature

12

**III.** Finding

  1. Guilty __✓__   2. Not Guilty _____

Evidence relied on for finding of Guilt: (include a brief description of the offending behavior)
__Based on C/O Smith statement that Im Ezelle did state__
__that he was not going back to his cell and that he wanted to be__
__moved__

**IV.** Discipline Imposed:

| Sanction | Code | Suspension |
|---|---|---|
| Phone 60 | AO1 | ___ for ___ days |
|  |  | ___ for ___ days |
|  |  | ___ for ___ days |
|  |  | ___ for ___ days |

Basis for discipline imposed: __To deter future rule violations__

Disciplinary Coordinator Printed Name and Signature __S Key   S Key__

**V.** As a result of conviction for subsequent offense prior to expiration of the suspended punishment, the previous suspended punishment is hereby revoked: to run consecutive to the new punishment.
Previous Violation: _____
Previous Punishment: 1. _____   2. _____   3. _____
Date of Imposition: ___ / ___ / ___

Facility Head Review __X__ Affirm _____ Dismissed _____ Modified _____ Remanded

Date __9/4/19__   Signature _____

**VI.** I have received a copy of the disposition.   Date __9 / 16 / 19__

Inmate's Signature and Number __James Ezell # 237370__

Inmates pleading not guilty may appeal to the facility head/district supervisor within 15 days.

ORIGINAL: Commitment Document Folder
FIRST COPY: Field File
SECOND COPY: Inmate
THIRD COPY: Records

EXHIBIT 15c)

DOC 060125C-1 (R 4/17)

FOR THE
EASTERN DISTRICT OF OKLAHOMA

State of Oklahoma )
                ) SS.  19-CV-302-JHP-SPS
County of Hughes )

Sworn Affidavit of JAMES EZELL

I JAMES EZELL     Being of lawful age duly sworn
according to LAW gives the following statement under oath
to-wit:

1) The affiant is housed at D.L.F on Echo Charlie and from
EC-102 on August. 28, 2019 seen a offender from 230 230 EC
in the Law Library Cages and I asked him what you doing?
I am moving to EC-104 today. Affiant further states that I
asked offender EC-104 are you refusing housing he said yeah
I'm trying to get down their with my homeboy in EC-104.
2) Affiant further states Echo Unit Memebers made offender
stay in those cages from at least 9am to abt. 5:45 pm 4/0
Smith moved offender to EC-104 from EC-230 on August. 28, 2019
a little after this offender pissed in that cage.
3) Affiant further asserts that on August. 29, 2019 4/0 Andrew Smith
placed affiant in that same pissed in Cage Aug. 29, 2019 for
Law Library at abt. 8:10 am, abr 9:45 am affiant notice his legal
papers were water and called 4/0 Smith to the Cage affiant stated
you knowingly and willingly placed me in this Cage intentionally
after that guy refused housing, and pissed in this cage yesterday
August. 28, 2019 on your shift move me out this cage finally
4/0 Smith moved me out the cage. ──→ IS/ James Ezell #II
Subscribed and Sworn to this 4 of september 2019
Notary Public IS/ Carla Hoover
My Commission 4-15-2023

**OFFENDER MISCONDUCT APPEAL FORM**
**FOR CLASS A & B MISCONDUCTS**

Appeal # 2019-1001-2373-D

I.   Name of Offender: _Ezell_              _James_                _____
                      Last Name            First Name           M.I.

Violation  _A-22_        Offense Date _08/29/19_        Disposition Date _09/03/19_           DOC # _237370_

II.   Review:

1. N/A   Offender provided written notice of the charge.

2. N/A   Offender provided at least 24 hours to prepare a response after receiving notice of the charge.

3 . N/A   Offender provided copies of evidence used. (except any confidential informant statements and only photocopies or written description of any physical evidence)

4. Yes   Offender afforded the opportunity to call witness/es.

5. Yes   Offender permitted to present documentary evidence.

6. N/A   Offender permitted to meet with disciplinary coordinator.  If not, is there documentation as to why not?

7. N/A   Was there a determination of the reliability of any confidential informant testimony?

8. N/A   Is there a written explanation of the evidence used for a determination of guilt?

9. Yes   Is there a written reason for the discipline imposed?

10. Yes   Is there "any/some" evidence of guilt?

11. N/A   If applicable, was a staff representative/mental health staff representative assigned?

12. Yes   No direct involvement in the alleged rule violation by the disciplinary coordinator?

Finding/Issues:

You allege you were not:

4.       permitted the opportunity to present relevant witness/es or to submit relevant written witness statements (You were permitted the opportunity to present relevant witness/es or to submit relevant written witness statements as evidenced by the Disciplinary Coordinator's Report.)
5.       permitted to present relevant documentary evidence (You were permitted to present relevant documentary evidence as evidenced by Number 1 on the Disciplinary Coordinator's Report.)
7.       provided a Disciplinary Coordinator who had no direct involvement in the alleged rule violation.  (You were provided a Disciplinary Coordinator with no direct involvement per OP 060125)

You allege there was no:
3.       written reason for the discipline imposed (There is a written reason for the discipline imposed is documented in Section IV of the Disciplinary Disposition Report.)
4.       evidence (A copy of all of the reports and attachments were provided to you prior to the hearing as evidenced by Number 4 on the Disciplinary Coordinator's Report and Record of Delivery of copies of Evidence to Inmate.)

Reviewer's Printed Name and Signature: _____ /10/7/2019
                                       Terry Underwood                Date

III.   Facility Head Action:
1. Affirm ☒          2. Dismissed ☐          3. Remand ☐          4. Modified ☐

Printed Name and Signature _____                        _10/8/19_
                           James Yates, Warden                          Date

IV.                    _____   _10-9-19_
                       Offender Signature/Number    Date

                       _____   _____/
                       Staff Witness               Date

Original:  Commitment Folder
First Copy:  Field File
Second Copy:  Offender

DOC 060125L-1
Page 2 of 2
(R 4/17)

EXHIBIT 15e)

203

2373

# OFFENDER'S MISCONDUCT APPEAL FORM FOR CLASS A & B MISCONDUCTS

Date: 8-16-19   Facility Housing Unit: Echo EC-102   Facility Where Offense Occurred: D.C F/Echo Mtx

Name: James Ezell III   DOC Number: 237310

Date of Offense: 8-29-19   Offense: Failure to obey   Class of Offense: A-22

Date of Disciplinary Decision: 9-3-19   Punishment Imposed: 60 days Phone Restriction

Appeal Form Sent To: James Yates   Title: Warden

You must file your appeal to the facility head/district supervisor within 15 calendar days of receipt of DOC 060125_, notifying you of finding of guilt and/or punishment. The appeal is a review and you are limited to those grounds below, you must identify which ground is the basis for your appeal. Any alleged failure to strictly follow department procedures is not grounds for appeal. You may use the back side of this form and, if necessary, no more than one 8½" x 11" page as an attachment. Do not attach copies of DOC or facility procedures or administrative memoranda, cases from law books, or any Department publication. Any issue not raised is waived. Appeals will be submitted in blue or black ink. Do not use highlighters. Do not write in the margins of this form.

## GROUNDS FOR APPEAL:

A.   I was not:

1. ☐ provided written notice of the charge
2. ☐ provided at least 24 hours to prepare a defense
3. ☐ provided copies of evidence and/or reports (except any confidential testimony/evidence)
4. ☑ permitted the opportunity to present relevant witness/es or to submit relevant written witness statements
5. ☑ permitted to present relevant documentary evidence
6. ☐ permitted to meet with the disciplinary coordinator prior to his/her decision
7. ☑ provided a disciplinary coordinator who had no direct involvement in the alleged rule violation

RECEIVED SEP 18 2019 BY: TU

B.   There was no:

1. ☐ determination of the reliability of any confidential witness testimony
2. ☐ written statement of the evidence utilized for a determination of guilt
3. ☑ written reason for the discipline imposed
4. ☑ evidence
5. ☐ staff representative assigned (if applicable)

9-11-19   James Ezell III
Date Sent   Signature of Offender

DOC 060125L-1
Page 1 of 2

EXHIBIT 15 f)

First see D.O.C OP-090124 III. D. Reprisals, Conspiracy by Ms. Patterson L.L Ms. Ade Echo U/m threaten me with misconduct and Ms. Hoover Access To Court related Deputy Warden Perez also threaten with Misconduct [based on Law Library].

[That alone violates Mr. Ezells First, Sixth and Fourteenth Amendment of U.S. Const].

A. offender Ezell was not permitted #4).
on 8-30-19 I requested to permitt other offender that actually refused housing on Echo Charlie one on 8-88-19 was in Echo L.L Cages and c/o Smith worked Echo Charlie [no misconduct written] by c/o Smith, c/m Pfaff and or U/m Ade, the investigator Sgt Key denied this request #4 relevant written witness affidavit" and #(5).

#5). permitted relevant documentary evidence. the video footage was denied by Sgt Key the investigator and disciplinary Coordinator S. c/o Key denys [substantial due process] pursuant to Wolff v. McDonnell, Waldron v. Evan, OP-060125.

#7).
S c/o Key was the investigator on 8-30-19 and S c/o Key was the disciplinary Coordinator on 9-3-19 violates offender Ezell #237370 Substantial Due process right pursuant to Wolff v. McDonnell;

NOTE: At doorside S. c/o Key stated to offender Ezell "you are a Bitch" on EC-102 reported to J.C. Colbert D.O.C contract monitor, and chief Brown [affidavits written] this is ongoing continue "retaliation" "discrimination" by Echo U/m Pfaff, Ade, Hoover c/o Smith

RECEIVED
SEP 1 8 2019
BY: .........................

B. There was no
#4. evidence
offender Ezell live in EC-102 at 8:30-9:00 am offender was was pulled from EC-102 for Echo Law Library on 8-29-19 for 6hrs after 2:00pm count offender Ezell was placed in EC-102 after Law Library time was up. If c/o Smith gave offender Ezell on Order after placing him in Law Library Cage it would be a violation of Mr. Ezells D.O.C OP-030115 and to write an Misconduct would be retaliation for filed grievances this deter offenders of First Amendment Right; S c/o Key used Evidence relied on c/o Smith Statement offender Ezell was placed in L.L. cage offender had 6hrs Deadline 030115 [Now for the discrimination] c/o Smith Statement written reason used by S c/o Key the investigator and disciplinary Coordinator denied (A. 4.) 5.) and 7.)

B. #4 and #3 violates offender [substantial Due Process] this Misconduct is nothing more then retaliatory action by c/m Pfaff U/m Ade and c/o Smith and clear Discrimination Affidavits" from other Offenders Ex.

NOTE: No Contract Monitor signature of approval on [9-4-19, 9-16-19]

J.E. 2 of 2 copy-EXHIBIT.

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

JAMES EZELL, III

Plaintiff,

v.

DAMON HININGER, *et al.,*

Defendants.

**Case No: 19-cv-302-JHP-SPS**

## APPLICATION TO STAY PROCEEDINGS AND REQUEST FOR ORDER REQUIRING SPECIAL REPORT AND BRIEF IN SUPPORT

**COME NOW** Defendants, by and through Assistant Attorney General Desiree D. Singer, and request this Court to stay the proceedings in the above styled matter and order the Oklahoma Department of Corrections ("ODOC") to submit a *Martinez* report, also known as a Special Report, pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). In support of this request, Defendants offer this brief.

### BRIEF IN SUPPORT

In *Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978), the Tenth Circuit approved the practice of a court-authorized investigation and report conducted by corrections officials "to undertake a review of the subject matter of the Complaint" in order to provide the court with additional information for the processing of the prisoner's claim. The *Martinez* Court deemed the investigation and report "to be not only proper but necessary" to fully consider the issues brought before the court. *Id.* The Tenth Circuit ultimately held that the district court properly dismissed the *Martinez* plaintiff's claim as being frivolous under 28 U.S.C. §1915 after ordering and reviewing such a report. *Id.*

The *Martinez* procedure has been regularly upheld and recommended. *See, Johnson v. Parke*, 642 F.2d 377, 378 (10th Cir. 1981); *Robinson v. Benton*, 579 F.2d 70 (10th Cir. 1978); *Martinez v. Chavez*, 574 F.2d 1043 (10th Cir. 1973) (review of county jail conditions); *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 817 (10th Cir. 1981) ("we suggest that the procedures, order and practice expressly approved by this Court in *Martinez v. Aaron*, [citation omitted] may be applicable").

This Court would similarly benefit from a Special Report that addresses the facts of the incidents alleged in Plaintiff Complaint and ODOC policies relevant thereto. Specifically, as a threshold matter, the Special Report would include all grievance records, thereby aiding the Court in its determination of whether Plaintiff exhausted administrative remedies prior to commencement of suit, as required by law. The Special Report would also contain all ODOC policies, administrative/facility records, and inmate-specific documentation relevant to Plaintiff's claims.

The Tenth Circuit has expressly approved the use of *Martinez* Reports for the purpose of developing a record for determining "which facts alleged in the Complaint were relevant, accurate, and subject to bona fide dispute." *Chavez*, 574 F.2d at 1046. *See also Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981), which noted that the facts of the incidents complained of by plaintiff inmates are often not before the Court in any sufficient degree, thus necessitating a *Martinez* Report. "The purpose of the *Martinez* report is to identify and clarify the issues plaintiff raises in his complaint." *Gutierrez v. Torres*, 416 F. App'x 764, 766 n. 4 (10th Cir. 2011) (unpublished opinion) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991). The

2

*Martinez* report assists in "develop[ing] a record sufficient to ascertain whether there are any factual or legal bases" for the alleged claims. *Breedlove v. Costner,* 405 F. App'x 338, 343 (10th Cir. 2010) (unpublished opinion) (citing *Hall,* 935 F.2d at 1109).

For the foregoing reasons, the Defendants urge this Court to issue an Order staying proceedings herein for at least sixty (60) days and requiring the Oklahoma Department of Corrections to submit a Special Report pursuant to the authority set forth above.

Respectfully submitted,

/s/ Desiree D. Singer
**DESIREE D. SINGER, OBA #33053**
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, Oklahoma 73105
Telephone: (405) 521-3921
Facsimile: (405) 521-4518
Email: desiree.singer@oag.ok.gov
*Attorney for Defendant*

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of January 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing a true and correct copy of the foregoing was sent via U.S. mail, postage prepaid to the following who is not an ECF registrant:

James Ezell, III # 237230
Davis Correctional Facility
6888 E. 133rd Road
Holdenville, OK 74848
Plaintiff *pro se*

/s/ Desiree D. Singer
Desiree D. Singer

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

JAMES EZELL, III,

     **Plaintiff,**

vs.           **Case No. CIV-19-302-JHP-SPS**

JAMES YATES, ET Al.,

     **Defendants.**

---

**DEFENDANTS' SECOND APPLICATION FOR ORDER DIRECTING PREPARATION OF *MARTINEZ* REPORT AND HOLDING IN ABEYANCE/SET DEADLINE FOR ANSWER AND/OR DISPOSITIVE MOTIONS**

---

   COME NOW Defendants Hininger, Yates, Gentry, Underwood, Perez, Patterson, Ade, Pfaff, Hoover, Keys, Bullock, Pierce and Smith by and through their attorney of record Darrell L. Moore, OBA 6332 of J. Ralph Moore, P.C., hereby making their second application to the Court for an Order holding in abeyance Defendants' time to Answer, setting an alternate deadline for filing an answer and/or dispositive motions, and, requiring the preparation and submission of a *Special Report*.  In support of this application, Defendants state as follows:

   1.  Plaintiff has filed an Amended complaint with this Court pursuant to <u>42 U.S.C. § 1983</u>.  Plaintiff James Ezell, III, ODOC # #237370, is a person in the custody of the Oklahoma Department of Corrections and is presently confined in a penal institution in the State of Oklahoma.  Plaintiff alleges in his complaint that Defendants violated his civil rights.  Specifically, Plaintiff asserts that the Defendants have violated his First, Eight and Fourteenth Amendment rights.

2.      The United States Court of Appeals for the Tenth Circuit, in <u>Martinez v.</u> <u>Aaron</u>, <u>570 F.2d 317</u> (10th Cir. 1978), held that in an inmate litigation case it was an appropriate step for the District Court to Order prison officials to prepare an administrative record reviewing a plaintiff's allegations so as to enable the Court to decide preliminary issues.  Several years later, in <u>Hall v. Bellmon</u>, <u>935 F.2d 1106, 1109</u> (10th Cir. 1991), the Tenth Circuit Court of Appeals stated: "When the pro se plaintiff is a prisoner, a court-authorized investigation and report by prison officials (referred to as a *Martinez* report) is not only proper, but may be necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims."

3.      CoreCivic, Inc., owns and operates the Davis Correctional Facility, Holdenville, Oklahoma.  Defendants Yates, Gentry, Underwood, Perez, Patterson, Ade, Pfaff, Hoover, Keys, Bullock, Pierce and Smith are currently, or were at the time they were served, employed by CoreCivic at Davis Correctional Facility.  The Oklahoma Department of Corrections and CoreCivic have contracted to house prisoners at the medium security/maximum security prison facility named "Davis Correctional Facility."

4.      Defendants have previously made a similar motion, on November 22, 2019.  That Motion [Doc# 44], was denied by the Court on December 18, 2019, Magistrate Shreder stated in his minute that while the motion was denied, Defendants were granted leave to re-urge the motions after service of the amended complaint.  [Doc# 53].   Defendants Keys, Bullock, Pierce, Smith were served on January 17, 2020.

5.      Defendants request the Court issue an Order directing officials responsible for the operation of Davis Correctional Facility to prepare an administrative report for submission to the Court, consistent with the <u>Martinez</u> and <u>Hall</u> holdings.  Defendants

request authority to obtain and review all pertinent records including, but not limited to, medical and psychiatric records.  Defendants further request the Court issue an Order holding in abeyance further discovery and their time to file an Answer and/or file dispositive motions until such time as a *Special Report* has been prepared and filed with the Court.

WHEREFORE, premises considered, Defendants hereby request the Court enter an Order requiring and authorizing Davis Correctional Facility prison officials to prepare and file a Special Report; and, an Order setting deadlines for the filing of an answer and/or dispositive motion; and, for any and all further relief to which the Defendants may be entitled.

Respectfully submitted,
Defendants Hininger, Yates, Gentry,
Underwood, Perez, Patterson, Ade, Pfaff,
Hoover, Keys, Bullock, Pierce and Smith

BY:_____
Darrell L. Moore, OBA #6332
J. Ralph Moore, PC
P.O. Box 368
Pryor, OK  74362
Tele: (918) 825-0332
Fax: (918) 825-7730
darrellmoore@jralphmoorepc.com

**C*ertificate of Service*

☐ I hereby certify that on January 21, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants: (insert names)

☑ I hereby certify that on January 21, 2020, I served the attached document by regular US Mail on the following, who are not registered participants of the ECF System:

James Ezell, III
237370
Davis Correctional Facility
6888 E 133rd Rd
Holdenville, OK 74848


_____
DARRELL L. MOORE

Please
return
Copy

COURT OF EASTERN DISTRICT OF
OKLAHOMA

FILED

JAMES EZELL III
    Plaintiff

JAN 27 2020

PATRICK KEANEY
Clerk, U.S. District Court

By_____
        Deputy Clerk

V.

(D.C. No 6:19-CV-00302-JHP-SPS)

(E.D. Okla.)

JAMES YATES Warden
DAMON HININGER et.al

Plaintiff MOTION REQUESTING RECONSIDERATION
OF MOTION For Appointment of Counsel

Comes now James Ezell plaintiff after Order issued by
this Court November 14, 2019 Denying Appointment of Counsel. Here and-
-after Order by Tenth Circuit # 19-7065 January 7, 2020 dismissing
Jurisdiction over November 14, 2019 ORDER.

(1.) Plaintiff request this court to reconsider base on The
U.S. Supreme Court in Bounds v. Smith, as specified by the U.S. Supreme
Court in Lewis v. Casey assistants services are limited to criminal
conviction or condition of confinement

(2.) The defendants [Low Library Supervisor] denied access to court
through D.C.F Law Library based on Case No. 6:19.CV-00302 and wrote (a)
misconduct for plaintiff filing of request to staff this threaten plaintiff
transfer from D.C.F and retaliates for his Complaint filed last it

214

Denys the access to courts plaintiff is entitle in <u>Bounds v. Smith</u>;

Hender plaintiff filed civil rights complaint pursuant to 42 U.S.C. § 1983 on September 9, 2019 and Amended filed December 18, 2019 in above case attached is the star exhibit A) appealed to D.C.F Warden James Yates Coordinator Terry Underwood defendants.

Shortly after [Law Library Supervisor] was serviced she retaliate Nov. 13, 2019 with a misconduct base of the Active litigation and denied access to court under a Active Deadline D.C.D.A PC-2018-819

Plaintiff ability to investigate crucial facts and the complexity of legal issues without the appointment of counsel, without threats and retaliation by defendants in a civil matter appointment is warranted

see exhibit A), B) i.d. at B) denial of access denys copy misconducts places plaintiff in fear of more retaliation by defendants

I declare on 1 of 1<u>th</u> 2020 I placed in mailroom hands the above with postages pursuant to 28 U.S.C § 1746 the above is true and correct under penalty of perjury |S| James Ezell III

Note class A misconduct are exhausted at this level per D.O.C. Defendant James Yates deny access to court to prevent legal victory

**OFFENDER MISCONDUCT APPEAL FORM**
**FOR CLASS A & B MISCONDUCTS**

Appeal # <u>2019-1001-3099-D</u>

I.  Name of Offender: <u>Ezell</u>                    <u>James</u>                 ___
                        Last Name                    First Name              M.I.

Violation <u>A-7</u>        Offense Date <u>11/13/19</u>        Disposition Date <u>11/21/19</u>        DOC # <u>237370</u>

II.   Review:

1. N/A   Offender provided written notice of the charge.

2. N/A   Offender provided at least 24 hours to prepare a response after receiving notice of the charge.

3 . N/A  Offender provided copies of evidence used. (except any confidential informant statements and only photocopies or written description of any physical evidence)

4. N/A   Offender afforded the opportunity to call witness/es.

5. N/A   Offender permitted to present documentary evidence.

6. N/A   Offender permitted to meet with disciplinary coordinator.  If not, is there documentation as to why not?

7. N/A   Was there a determination of the reliability of any confidential informant testimony?

8. Yes   Is there a written explanation of the evidence used for a determination of guilt?

9. N/A   Is there a written reason for the discipline imposed?

10. Yes  Is there "any/some" evidence of guilt?

11. N/A  If applicable, was a staff representative/mental health staff representative assigned?

12. N/A  No direct involvement in the alleged rule violation by the disciplinary coordinator.

Finding/Issues:

<u>You allege you were not:</u>

---

<u>You allege there was no:</u>
2.          written statement of evidence utilized for a determination of guilt (The written statement of evidence utilized for a determination of guilt is documented in Section III of the Disciplinary Disposition Report.)
4.          evidence (A copy of all of the reports and attachments were provided to you prior to the hearing as evidenced by Number 4 on the Disciplinary Coordinator's Report and Record of Delivery of copies of Evidence to Inmate.)

Reviewer's Printed Name and Signature: _____ /12/16/2019
                                        Terry Underwood                    Date

III.  Facility Head Action:
1. Affirm ☒          2. Dismissed ☐        3. Remand ☐                    4. Modified ☐

Printed Name and Signature _____        _____
                           James Yates, Warden                          Date

IV.                              _____ 237370  1-8-2020
                                 Offender Signature/Number    Date

                                 _____    _____
                                 Staff Witness                   Date

Original:  Commitment Folder                                    DOC 060125L-1
First Copy:  Field File                                         Page 2 or 2
Second Copy:  Offender                                          (R 4/17)         EXHIBIT A)

3099

## OFFENDER'S MISCONDUCT APPEAL FORM FOR CLASS A & B MISCONDUCTS

Date: **Dec. 9, 19**   Facility Housing Unit: **E A-219**   Facility Where Offense Occurred: **D.C.F EchoMax**

Name: **James Ezell III**   DOC Number: **237370**

Date of Offense: **11-4-19**   Offense: **Fraternizing w/staff**   Class of Offense: **A-7**

Date of Disciplinary Decision: **11/21/19**   Punishment Imposed: **Phone 60**

Appeal Form Sent To: **James Yates**   Title: **Warden**

You must file your appeal to the facility head/district supervisor within 15 calendar days of receipt of DOC 060125, notifying you of finding of guilt and/or punishment. The appeal is a review and you are limited to those grounds below, you must identify which ground is the basis for your appeal. Any alleged failure to strictly follow department procedures is not grounds for appeal. You may use the back side of this form and, if necessary, no more than one 8½" x 11" page as an attachment. Do not attach copies of DOC or facility procedures or administrative memoranda, cases from law books, or any Department publication. Any issue not raised is waived. Appeals will be submitted in blue or black ink. Do not use highlighters. Do not write in the margins of this form.

**GROUNDS FOR APPEAL:**

RECEIVED
DEC 1 1 2019
BY: _____

A.   I was not:

   1.  ☐  provided written notice of the charge

   2.  ☐  provided at least 24 hours to prepare a defense

   3.  ☐  provided copies of evidence and/or reports (except any confidential testimony/evidence)

   4.  ☐  permitted the opportunity to present relevant witness/es or to submit relevant written witness statements

   5.  ☐  permitted to present relevant documentary evidence

   6.  ☐  permitted to meet with the disciplinary coordinator prior to his/her decision

   7.  ☐  provided a disciplinary coordinator who had no direct involvement in the alleged rule violation

B.   There was no:

   1.  ☐  determination of the reliability of any confidential witness testimony

   2.  ☑  written statement of the evidence utilized for a determination of guilt

   3.  ☐  written reason for the discipline imposed

   4.  ☑  evidence

   5.  ☐  staff representative assigned (if applicable)

**Dec. 10, 2019**   **James Ezell III**
_____   _____
Date Sent   Signature of Offender

DOC 060125L-1
Page 1 of 2

EXHIBIT B)

On Nov. 1, 2019 offender asked C/O Ryan to call law library Supervisor about my law library deadline 1) D.C.f establish rule 2) O.D.O.C OP-03.0115 access to court policy with a Order from O.C.O.A P.C. 2018-819. Ms. Patterson told C/O Ryan to deny my request to be placed in library cages on EA"

On Nov. 4, 2019 per O.D.O.C OP-090124 offender Ezell submitted a R.T.S. to Jessica Patterson Law Library Supervisor concerning denying my access to court pursuant to OP-030115 deadline PC-2018-819 O.C.O.A Order Jan. 8, 2019 does not end until Jan. 8, 2020.

For Following D.O.C policy OP-090124 and OP-030115 offender Ezell # 237370 is being retaliated on by Law Library Supervisor Ms. Patterson after service of USM-285 form in Civ-19-302-JHP-SPS offender James Ezell #237370 prison condition DEC 1 1 2019

offender Ezell is being told that his deadline is not a deadline by Law Library Supervisor Patterson then written a misconduct report for Following D.O.C OP-090124 in retaliation for his complaint filed Sept. 9, 2019 and stated this based on plaintiff litigation denied Bounds v. Smith; Lewis v. Casey, deny plaintiff access to courts without any attorney"

B. There was no:

4. evidence that offender Ezell #237370 Fraternizing with Law Library S. Patterson by Following D.O.C. OP-090124 offender grievance process for violation of D.O.C OP-030115 access to court

B. 2. written statement of the evidence utilized for a determination of guilt

clearly shows offender Ezell followed D.O.C OP-090124 after being denied access to court per deadline OP-030115 does not give the Facility the right to deny my Constitutional Right based on Active litigation and New Denial".

NOTE: Reviewing Authority here at D.C.f write misconduct A" to deter offender From Filing condition of confinement complaint with the threat of keeping offenders SuperMax Administrative Reviewing Authority will not review Class A)
EXHIBIT

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES EZELL, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV 19-302-JHP-SPS |
| | ) | |
| DAMON HININGER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER DENYING
SECOND MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion for reconsideration of his previously-denied motion for appointment of counsel (Dkts. 32, 77). The Court construes the present motion as a second motion for appointment of counsel.

Plaintiff alleges the law library supervisor has denied him access to the prison law library and has written a misconduct against him for filing a Request to Staff. Plaintiff further asserts the defendants' threats and retaliation have interfered with his ability to investigate crucial facts and to litigate the complex legal matters in his case.

It is undisputed that access to the courts and the means to effectuate such access are fundamental constitutional rights. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). There is, however, no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies within the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit

to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).   It is not enough "that having counsel appointed would [assist the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

The Court again has carefully reviewed the merits of Plaintiff's claims, the nature of factual issues raised in his allegations, and his ability to investigate crucial facts. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)).   The Court concludes the issues are not complex, and Plaintiff appears capable of adequately presenting facts and arguments.

**ACCORDINGLY,** Plaintiff's second motion for appointment of counsel (Dkt. 77) is DENIED.

**IT IS SO ORDERED** this 7th day of February 2020.

James H. Payne
United States District Judge
Eastern District of Oklahoma

Stamp
File
Copy
Please

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

James Ezell III
        Plaintiff

                                        Case No. CW-19-302-JHP-SPS

V.

                                        **FILED**

DAMON HININGER et al
        Defendant                       FEB 21 2020

                                        PATRICK _____
                                        Clerk, U.S. _____ Court
                                        Deputy Clerk

        Objection to Denying Second Motion
        FOR Appointment of Counsel

    Comes Now plaintiff pursuant to 28 U.S.C. § 636 (b)(1)
Order entered February 7, 2020 recieved February 13, 2020

    Bounds v. Smith guarantee a prison the rights to
access to court which is protected by 14th Amendment due process
clause See also specified in Lewis v Casey assistants services
are limited to criminal conviction or conditions of confinement
in which prison access to court fall directly under to deny
access to court deny plaintiff Sixth Amendment in representing
himself.

    I Further declare under penalty of perjury Objection placed
in mailroom hands on 2 of 14 2020 pursuant to 28 U.S.C. 1746

                                        /S/ James Ezell

Please
Return
Filed Copy

In The United States District Court For The
Eastern District of Oklahoma

JAMES EZELL, III
        plaintiff

FILED

V.

MAY – 4 2020

PATRICK KEANEY
Clerk, U.S. District Court
        Deputy Clerk

DAMON HININGER et al.,
        Defendants.

Motion To Reconsider

No CIV-19-302-RAW-SPS

Comes now James Ezell pro se pursuant to Fed. R. CIV. P. Rule. _____ plaintiff submit this motion to reconsider November 7, 2019 Filed motion (docket. 27) plaintiff was advised that the motion did not clearly set forth reason for requesting permission to file amended complaint, stating it did not comply with Local Civil Rule 9.2c).

The court recognized on November 7, 2019 the plaintiff submitted an improper proposed amended complaint. Because the proposed amended complaint apparently was intended as a supplement to the original complaint, the Court rejected to consider it.

Therefore, directing plaintiff to amend the original complaint pursuant to Fed. R. CIV. P. 10(a), instead of directing a pro se litigant to Fed. R. CIV. P. 15(d) which governed plaintiff right to file a supplemental complaint

The Court did so recognize the proposed amended complaint apparently was intended as a supplement to the original complaint and now plaintiff this court to reconsider and consider it as justice so requires it.

I declare under the penalty of perjury that on 28th of April 2020 the above was placed in mailroom hands pursuant to 28. U.S.C. 1746 original |s| James Ezell III

In The United State District Court
For The Eastern District of Oklahoma



FILED

MAY 1 5 2020

PATRICK KEANEY
Clerk, U.S. District Court

Deputy Clerk

James Ezell, Plaintiff

VS

James Yates Warden
Acting Warden Gentry
DAMON HININGER et al
            Defendants

ORDER TO SHOW
CAUSE FOR A
PRELIMINARY
INJUNCTION
ORDER EVENTUALLY
AN PERMANENT
INJUNCTION
6:19-CV-302-RAW-SPS

Comes now Plaintiff pursuant to Fed. R. CIV. P. Rule 65a
pro se James Ezell must meet (1) the movant is substantially
likely to succeed on the merits (2) the movant will suffer irreparable
injury if the injunction is denied; (3) the movant threatened injury
outweights the injury the opposing party will suffer under the
injunction, and (4) the injunction would be adverse to public interest.

After complaint filed September 9, 2019 and amended December
13, 2019 upon the complaint the supporting affidavit plaintiff now
submits hereto pursuant to Rule 65 the defendants must show
cause (why) a PRELIMINARY INJUNCTION show not issue in room _____
of the United States Courthouse._____
_____ on the ___ day of ___ at ___ o'clock
enjoining the defendants their successors in office, agents and employee and
all other persons acting in concert and participation with them from

Note, plaintiff had 6 security points in June 2019 below medimum, plaintiff S/M
recommend plaintiff remain maximum security unit manager and case manager
until misconduct clear Deputy Warden Gentry had opportunity to recommend placement
on D.C.f medimum yard, after 1 year clear misconduct

1. Placing offenders/plaintiffs in Immient Donagerous situation based on a prison practice (a) labelling prisoner S.T.G using S.T.G members to control other prisoners (b) then once things in prison dont go as that offender and or plaintiff has control the situation that label S.T.G member or prison with any connection to any group of S.T.G. that prison is punished by prison official or discrimination by his classification.

2. Placing offenders/plaintiffs in Immient Danagerous situation based on (a) his decision not to provide information on other offenders, called working with the police prison official (b) by labeling offenders/plaintiff a snitch in prison for filing offender grievances challenging condition of confinements that violate prisoners constitutional rights (c) foundation prisoner access to courts denied here at D.C.F and within the Department of Correction (d) because when offenders challenge S.T.G. placement and or any Constitutional violation by any prison he is label a snitch because most prisoner represent theirselve as the plaintiff, and or label a management problem based on prison official word whom use S.T.G. as a tool to discriminate against prisoner and use this same tool attempting to control the population then punish those offenders/plaintiff by illegal transfer to Maximum Security/Super Max clear a prisoner with 12 security points up against one with 22 and up security points not placed on Max but the offender/plaintiff with 12 point.

3. Before this court is all the above discrimination clear, discrimination by classification in plaintiff case, plaintiff has been retaliated on for filing this complaint by misconducts that threaten plaintiff transfer from Max" a discriminatory classification placement on Max (example) on May.3, 2018 had plaintiff continue to be single cell at James Crabtree prison official could not have said plaintiff threaten his cellmate which is untrue, (example) on August.29, 2019 plaintiff recieved misconduct for refusal of housing in Echo Law Library Cage both offenders were label S.T.G. offenders if C/o Smith misconduct is true, then why did prison official place plaintiff back in Echo Charlie 102 on August.29, 2019 if refusal of housing misconduct was issue see EX A) and EX B) but see EX. F.-G-H)

4. Clearly plaintiff was placed in Echo Charlie Law Library Cage for access to prison Library at 8:10am % Smith wrote a misconduct on the same day August 29, 2019 for refusal of housing %M Pfaff on Echo Charlie incaurage this and %M Ade approved that misconduct that was wrote at 8:10am now either the Echo Unit Team was discriminating against plaintiff or intentionally placing plaintiff life in danager based on the deliberate assigned housing and forcing an offender that % Smith has said plaintiff refused housing.

5. Plaintiff %M Pfaff at that time recommendation on plaintiff transfer packet that plaintiff remain max until misconduct clear 6-2019; on August 29, 2019 plaintiff recieved above misconduct, on November 13, 2019 plaintiff was issued a misconduct by Ms. Patterson Law Library Supervisors based on plaintiff 6:19-CV-302 JHP-SPS which plaintiff was deliberate denied access November 1, 2019 in plaintiff effort to resolve by OP-090124 request to staff policy No grievance was attached, clearly the defendants are discriminating and retaliating because plaintiff filed grievances inwhich has lead lead to the complaint filed with merits; On January 2, 2020 plaintiff recieved a misconduct by % Phillips incauraged by %M Pfaff as relate back to August 29, 2019 relevant facts connected to October 25, 2019, and again on Febuary 22, 2020 plaintiff recieved another misconduct by % Phillips and % Duncan in retaliation for plaintiff reporting these officers for placing hair in plaintiff food trays continue patterns to deter plaintiff from filing grievances/complaint.

6. Plaintiff would further assert plaintiff January 2, 2020 misconduct uppealed eventually lead to the removal of %M Ade and replaced with %M Martinez Febuary 10, 2020 which this %M has supported and e incauraged officer to feed plaintiff and is presently holding a Class X-18 misconduct plaintiff was found not guilt Febuary 25, 2020 by hedring officer; the practice on withholding this disposition report is a pattern that James Crabtree used on May 3 2018 forging plaintiffs name D.O.C and under the penalty of perjury D.C.F has done just that to plaintiff before put a misconduct on plaintiff; and offender Antonio Ellis will be called as witness.

Plaintiff issue is prison official label offenders/plaintiff a snitch for filing grievances and or ofter complaint filed discrimination, retaliation us well as tampering with plaintiff food trays because plaintiff only way is the three meals daily. Plaintiff further assert the Immient Danager the defendants has placed plaintiff with S.T.G. placement plaintiff mental health records will support that also the continued placement in Immient Danagerous situation by S/m Pfaff U/m Ade then blocking mental health from helping plaintiff until plaintiff reported to D.O.C mental health manager his concerns U/m Ade and Chief of Security Brown intentionally and deliberately placed plaintiff in future Immient Danager

(For example) if a prisoner refuse housing that offender is usually moved to a different cell or to segregation but on August. 29 2019 plaintiff recieved a misconduct for "refused housing" but placed back in that S.T.G assigned housing, other facts very relevant that warrant a preliminary injunction and if any of the above continue and or one hair is touched on offenders whom provide testimony or plaintiff for labelling of being a snitch for what every attorney does to protect his party representing and the integrity..

Echo Charlie video footage an offender was placed in Immient Danager and got his head busted open another offender was placed in Immient Dangger and got his head busted; On Fox Unit and offender had request to be moved from assigned housing and was found dead all at D.C.f because he wasn't moved.

1. All Oklahoma Departments of Correction Prison label offender a snitch for filing grievances private prisons as well and has got killed.
2. All private prisons use S.T.G placement as a threat to offenders D.O.C transfer offenders to private prisons for punishment for filing grievances and lawsuits.

Wrote U/m Martinez newly appointed to Echo replacing U/m Ade was advised of the Immient Danager S/m Pfaff and U/m Ade has placed him in and has recently made directive to plaintiff of his intent to label plaintiff a management problem from the Immient Danager established..

Plaintiff would assert that from Febuary 25, 2020 the facility head disclinary hearing officer Echo Unit Manager had plenty of time to provide the disposition report were plaintiff was found not guilt without any evil motive its April. 24, 2020. Plaintiff has Knowledge of the newly assigned U/M to have incourage, supervise and participate in labelling offenders to be a snitch and or running from something or someone as a catch-out. This is intimidation a mental threat to deter offenders/ plaintiff in the present case.

The defendants at James Crabtree used excessive force, illegal transfer plaintiff to a Supermax prison because plaintiffs complaining of filing lawsuit of dc.f the law Library was inadequate on Echo Max since exposal the plaintiff has been restricted access to the court denied access deliberately by defendants and suffer a number of the above in plaintiff prose complaint labelling a snitch for filing grievances on conditions of confinement on Echo Max Unit" people in the real world get killed and or kill for being call a Snitch they do in prison too furtermore prisoner get assaulted for being label a catch-opt for example if plaintiff refuse housing prison official usually make a cell move or place an offender in segregation but on August. 29, 2019 the defendants C/M Pfaff and U/m Adc refuse to move plaintiff different housing assignment based on claims of gang offiliation but in 20 years plaintiff has never been in any roit/ gang participation ever.

Based on facts plaintiff has exhausted strong grievance 2019-1201-00170 and 2019-1001-00144, 2019-1001-00291 the proper way and grievance coordinator has either deliberately destory grievances and or directly made the D.O.C grievance process unavailable plaintiff request injunction before any behavior of maliciously and sadistically with the intent to cause harm like previous offenders (one) has die because prison official refused move him another offender name _Ramon Maciel_ # 606466 and a third offender name. Dante L. King  # 613540    whom prison official punched Kicked fear into him Plaintiff have recieved 6 misconduct 8-29-19, 11-13-19 and 1-2-2020 related to retaliation these dates 8-29-19, 10-35-19 and 1-2-2020 would show and support Imment Danger these misconduct play apart in denied favorable Commutation April 2020

## Certification of Mailing

I declare that on 13ᵗ of May 2020 a true original injunction from prose plaintiff mailed by U.S. postage fixed placing in D.C.F mailroom hands for mailing to U.S. District Court clerk. for fear of those acting in concert and denial of D.C.F Law access and or further retaliatory action by staff, under penalty of perjury pursuant to 28 U.S.C § 1746 |s| James Egell

Copy mailed to Attorney General office   and   Court Clerk at
313 N.E. 21ˢᵗ                                         P.O. Box 607
Okla City OK 73105                              Muskogee OK 74402-0607

Note:   Oklahoma Departments of Correction, recently expressed contraband phones are a security threat and public safety threat because inmates use them to commit crimes and plot violence both in and out of prison :

Correctional official, that transfer plaintiff illegally without due process to prevent lawsuit and punish plaintiff labelling management problem from medium security to Supermax private prison were plaintiff is label a snitch for filing grievances on condition of confinement is a security threat created by prison official :

Prison Official has established a security threat based on inmates crimes and plots of violence, now plaintiff has established Imminent Danger that is advise to public interet plaintiffs First Misconduct issued August. 29, 2019 was for Refuse Housing but on October 25, 2019 plaintiff was forced to move as plaintiff was forced to stay by defendants 8-29-19 by now every prison in Oklahoma Department of Correction knows plaintiff has been label a snitch and now a catch-out :

Plaintiff request his preliminary injunction be granted (1) plaintiff exhausted grievances (2) the defendant intentional attempted to block the courts by denial of required notary (3) plaintiff recieved 3 retaliatory misconducts Aug. 29, 19 , Nov. 13, 19 and Jan. 2, 2020 (4) plaintiff has been label a snitch for filing grievances as a prose plaintiff (5) Since defendants at D.C.F has created this Imminet Danger plaintiff should be order placement on D.C.f medium security without Maximum points (6) If plaintiff suffer any injury related to any of the above violations plaintiff be allowed to Amend preliminary to permanent injunction and each violation be set at$ 500⁻° one hair on his head injury.

/s/ James Egell

6

In The United States District Court
For The Eastern District of Oklahoma

James Ezell III

vs.

James Yates, Warden
DAMON HININGER et.al

DECLARTION OF
JAMES EZELL IN
6:19-CV-302-RAW-SPS

James Ezell hereby declares

I have been incorcerated at Davis Correctional Facility
since May. 3, 2018 housed on Echo Maximum Unit EC-101
until May. 14, 2019 when plaintiff returned from court and
housed in Echo Charlie 102 until June. 4, 2019 when plaintiff
was re-signed S.T.G cellmate again.

1. On August. 29, 2019 plaintiff was written a disciplinary
misconduct for refusal housing in Echo Charlie 102 as C/o
Smith, C/m Pfaff and C/m Ade all named defendants in complaint

2. Plaintiff was placed in Echo Law Library Cage for Law
Library Use on August 29, 2019 by C/o Smith at 8:10 am around
the same time plaintiff was written misconduct for refusal
of housing

3. On Echo Charlie C/m Pfaff and C/m Ade placed offenders
in different cell assignment in July 2019 whom was beaten
up shortly after move was made and again in October 2019
approved cell move with the intent of harm to happen
to those prisoners.

EXHIBIT 1

4. Plaintiff will not be threaten mentally of harm nor will plaintiff continue to be placed in threaten situation inorder intimidate and or retaliate because plaintiff file grievances.

5. After plaintiff was written refusal housing misconduct and forced back in Echo Charlie 102 on August. 29, 2019 plaintiff realized requested cell move the right way C/m Pfaff and C/m Ade refused on October. 4, 2019 plaintiff submitted <u>request for Health Service</u> after Mental Health Ms. Standford was addressed of concerns.

6. On October. 25, 2019 plaintiff was escorted to Medical for Mental Health by C/m Pfaff and C/m Ade and plaintiff was forced to move against his will because the Imminet Danger that would continue.

7. On January 2, 2020 C/m Pfaff and C/m Ade Continue to retaliate intimidate by leballing plaintiff a snitch assignment of S.T.G offender then issue misconduct plaintiff appeal on 1-22-2020 returned on 2-19-2020 with 10 days to resubmit on 2-24-2020 misconduct appeal resubmitted since then the facility grievance coordinator has destory to cover up Action of Retaliatory by defendants plaintiff Fear more threats, actual harm by assigned cellmate by facility.

I James Ezell declare under penalty of perjury pursuant to 28 U.S.C. § 1746 to the above and deposition would provide more material evidence /s/ <u>James Ezell</u> date <u>5-13-2020</u>



SCOTT CROW                                                                      J. KEVIN STITT
INTERIM DIRECTOR                                                               GOVERNOR

STATE OF OKLAHOMA
OKLAHOMA DEPARTMENT OF CORRECTIONS
MEDICAL SERVICES

November 5, 2019

James Ezell, DOC #237370
Davis Correctional Facility
6888 East 133rd Road
Holdenville, OK 74848-9033

**Re: Improperly Submitted Grievance Correspondence (MARA-19-105)**

Dear Mr. Ezell:

Your "Sick Call Request" (SCR) form, dated October 4, 2019, was received in the medical services office on October 9, 2019. In accordance with OP-090124, I am returning (a copy of) your appeal unanswered for the following reason(s):

1.  The complaint was not brought forth using the formal grievance process (i.e., SCR was used to address the offender's concerns).

**PLEASE NOTE**: It is your responsibility to submit your grievance correspondence properly in accordance with OP-090124. Please read this policy carefully before submitting any other correspondence. Contact your case manager if you have questions or need further assistance regarding the grievance process. A grievance restriction may be imposed upon an offender who, despite receipt of a restriction warning, continues to misuse/abuse the grievance process.

The appropriate method for addressing any health concern is via the facility's sick call process. Please document such concerns on a "Request for Health Services" form and submit it to the medical unit at your facility. If necessary, an appointment can then be scheduled for you to be examined by a qualified health care professional.

Sincerely,

Cheri Atkinson
Medical Services Manager

CA/rm

CC    Ray Larrimer
      James Yates
      Terry Underwood
      James Rudek (Kim Wells), Julie Rose
      Kerry Minyard, JC Colbert
      File

Dept of Corrections
Medical Administration

## OKLAHOMA DEPARTMENT OF CORRECTIONS
### REQUEST FOR HEALTH SERVICES

OCT 09 2019

Received

**TO BE COMPLETED BY OFFENDER**

Facility: _APA - D.C.F_   Date: _10-4-19_

Offender Name _James Ezell III_   DOC # _237376_   Unit _EC-112_

**I request the following service(s):** (Check appropriate box(s))

☐ **Medical**   ☑ **Mental Health**   ☐ **Dental**   ☐ **Optometry (eye)**   ☐ **Medication Renewal** (expired medications only)

Reason for service: _In August 2019 I spoke to mental Health Ms. Bause/ Standford about the long Mental Health issue, and "Imminent Danger" Ms. Standford, STG Mower 4m Ade 4m Pfoff i.d. specially Ms. Standford and 4m Ade Medical Mental Heath Ms. Standford contInue to neglect that the "Imminent Danger Exist" in my present situation Copy 1 of 2 on 10-4-19 I was in Echo Charlie Cage on Unit Ms. Standford refuse to speak or Help !!_ →

I understand that in accordance with operations memorandum OP-140117 entitled "Access to Health Care", I will be charged $4 for <u>each</u> medical service <u>I request</u> and a charge of $4 for <u>each</u> medication(s) dispensed to me, with the exceptions noted in the above-reference operations memorandum. There is <u>no charge</u> to the offender for mental health services and/or mental health medications.

Offender Signature _James Ezell III_   Date: _10-4-19_

| Date Received | Initials |
|---|---|
|  |  |

**TO BE COMPLETED BY HEALTH SERVICES**

Comment: _____

_____

_____

_____   _____
**Qualified Health Care Professional**        **Date**

<u>NOTE:</u>  All "Keep on Person" (KOP's) medication refill requests must be submitted to the facility's health services unit or to the medical host facility, using the "Medication Refill Slip" (DOC 140130M). "Medication Refill Slips" must be submitted within ten days of the date the medication expire or run out. "Medication Refill Slips" are readily available and accessible at designated locations within the facility.

DOC 140117A
(R 7/14)

NOTE: July Through August 2019 Plaintiffs addressed Mental Health Ms. Standford Issues Not Resolved D.C.F Official Blocking Mental Health Ms. Standford Plaintiff Submitted R.F.H.S To Cheri Atkinson whom Addressed The necessary staff (EXHIBIT B) 10-25-19 D.C.F Mel

232

Dept. of Corrections
Medical Administration

OCT 0 9 2019

Received

→ I was on a STG unit at L.C.F last 2015 late Oct. and removed and should have never been housed with anyone STG to force me is a violation of ~~my~~ many Right U.S.C and Imminent Danger Exist !
D.C.F need to Fix it.

Received: _____ Inmate Signature    Date



*EA 219*

## CORRECTIONS CORPORATION OF AMERICA

**MEMORANDUM**
**TO:**       Ezell, James, DOC No.: 237370 EA-219
**FROM:**   James Yates, Warden X _____
**DATE:**   February 13, 2020
**RE:**       Misconduct # 2020-0027D Appeal

---

☐   Your Appeal form is incomplete.  Please complete         .

☐   OP-060125 V.A.3. states that all instructions contained in the procedure and on the form will be followed by the offender, or the appeal will  be returned.

☐   You should have filed your appeal to the Warden within 15 calendar days of receipt of your sanctions.  Your appeal was received on         and your sanctions were signed or provided to you on       ; hence you are out of time.

☐   You may appeal the final decision of the warden within 15 calendar days of receipt of the Due Process Review by submitting it to:  Administrative Review, Department of Corrections, PO Box 11400, Oklahoma City, OK  73111-0400, using form DOC 060125V.

☐   This form (060125V) is to be submitted to:  Administrative Review, Department of Corrections, PO Box 11400, Oklahoma City, OK  73111-0400.

☐   Offenders will use the "Offender Misconduct Appeal Form" (DOC 060125L R/10)

☐   Pursuant to OP-060125.II.C.4 "The waiver or plea of guilty also constitutes a waiver of the appeal process by the offender".

☐   DOC 060125L states that you may use the back side of this for and, if necessary, no more than one 81/2 X 11" page as an attachment.

☐   The appeal has previously been responded to, i.e.,

☐   OP-060125 states that if the offender refuses to attend the hearing, it will be documented and the disciplinary officer will impose discipline without a hearing, as the refusal to attend constitutes a waiver by the offender to an opportunity for a hearing or an appeal.

☒   This misconduct was an A-22. You submitted your appeal for an "X" misconduct.

☐

☒   Pursuant to OP-060125 V.C. "The offender will be given only one opportunity by the Reviewing Authority to correct any procedural errors made by the offender when submitting the appeal. . . . If the offender fails to correct the error within 10 calendar days of receipt, when advised of such, the appeal will be deemed to have been waived by the offender."

**THE CCA WAY**
To be the best full service adult corrections company in the United States

*EXHIBIT F )*

## OFFENDER'S MISCONDUCT APPEAL FORM FOR CLASS X MISCONDUCTS

Date: _1-21-2020_   Facility Housing Unit: _EA-219_   Facility Where Offense Occurred: _D.C.F_

Name: _James Ezell_   DOC Number: _237370_

Date of Offense: _1-2-2020_   Offense: _Refusing Housing_   Class of Offense: _A-22_

Date of Disciplinary Hearing: _1-14-2020_  Punishment Imposed: _Phone 120 day denial All call_

Appeal Form Sent To: _James Yates_   Title: _Warden_

You must file your appeal to the facility head/district supervisor within 15 calendar days of receipt of DOC 060125C, notifying you of finding of guilt and/or punishment. The appeal is a due process review and you are limited to those grounds below, you must identify which ground is the basis for your appeal. Any alleged failure to strictly follow department procedures is not grounds for appeal. You may use the back side of this form and, if necessary, no more than one 8½" x 11" page as an attachment. Do not attach copies of DOC or facility procedures or administrative memoranda, cases from law books, or any Department publication. Any issue not raised is waived. Appeals will be submitted in blue or black ink. Do not use highlighters. Do not write in the margins of this form.

"I understand that in accordance with OP-060125, I will be charged $2 to submit a misconduct appeal to the administrative review authority, and that this form is also a request for disbursement of funds from my trust fund draw account. If I do not have enough funds to cover this cost, the amount will be collected as soon as funds become available."

### GROUNDS FOR APPEAL:

**RECEIVED JAN 22 2020 BY: TU**

A.   I was not:

1.   ☐   provided written notice of the charge

2.   ☐   provided at least 24 hours to prepare before the hearing

3.   ☐   provided copies of evidence and/or reports (except any confidential testimony/evidence)

4.   ☑   permitted the opportunity to present relevant witness/es or to submit relevant written witness statements

5.   ☑   permitted to present relevant documentary evidence

6.   ☑   permitted to attend the hearing

7.   ☐   provided a disciplinary hearing officer who had no direct involvement in the alleged rule violation

B.   There was no:

1.   ☐   determination of the reliability of any confidential witness testimony

2.   ☐   written statement of the evidence utilized for a determination of guilt

3.   ☐   written reason for the discipline imposed

4.   ☐   evidence

5.   ☐   staff representative assigned (if applicable)

_1-22-2020_   _James Ezell_
Date Sent   Signature of Offender

DOC 060125L
Page 1 of 2

EXHIBIT G)

235

On October 25,2019 D.O.C Documenter 01 Medical

Echo Unit C/mPfaff and V/m Ade escorted Mr. Ezell to medical based on the Imminet Danger reported to D.O.C Medical Services Manager cheri Atkinson Mental Health allowed V/m Ade to be present I refused to be moved from EL-102 by V/m Ade because the Imminet Danger this move would place my Life in; Cheif K. Brown was called to medical making this a security issue.)

First August. 29,2019 C/mPfaff and V/m Ade forced Mr. Ezell to stay EL-102 after misconduct written for refusal of housing

Second October. 25,2019 Mr. Ezell #373370 refuse to move from EL-102 by V/m Ade or Cheif Brown because further Imminet Danger would Exist prisoner get stabb and killed in prison

third Cheri Atkinson addressed Ray Larrimer, James Yates, Terry Underwood James Rudek (Kim wells), Julie Rose, Kerry Minyard, J.C. Colbert Nov. 5, 2019

Fourth assignment of S.T.G housing is what placed Mr. Ezell in Imminet Danger" V/m Ade forced Mr. Ezell to move from EL-102 on October 25,2019 C/mPfaff with knowledge of: Knowingly and willingly assigned another S.T.G offender on January 2, 2020 January 3, 2020 in violation of security.

A. V/m Ade denied my right to present relevant statement by refusal to make one concerning the Imminet Danger D.O.C cheri Atkinson made D.O.C mental Health address October 25,2019 cheif K. Brown present (and) S C/o Pelitier S.T.G officer did not fill his witness records out denying my right to present S.T.G documentary evidence

The facts surrounding the document submitted to D.O.C cheri Atkinson V/m Ade moving Mr. Ezell from EL-102 S.T.G assigned housing approved the offense report January 2, 2020. Written by C/o Phillips whom placed hair in my food that same day and threaten to Spray me because Mr. Ezell complain.

1 of 3 copy   236

## Inmate Request

Ex. (G2)

Issues relating to any of the following areas must be submitted to the Law Library on a "Request to Staff" form: Discrimination, Classification, Complaint Against Staff, Condition of Confinement, Disciplinary Process, Legal, Medical, Property, Records/Sentence Administration, and Religion.

This form is not utilized for exhaustion of administrative remedies; you must use the "Inmate/Offender Grievance Process Request to Staff" for those issues.

TO: _Grievance Coordinator_   Facility/Unit: _D.C.F_   Date: _3-19-2020_
(Name/Title of Staff Member)

SUBJECT: State completely, but briefly, the request on which you desire assistance. This statement must be specific as to the request, dates, place, personnel involved. Only one request or incident per "Inmate Request" is allowed. The requests addressed on this form are for routine administrative matters such as request for wake-up call, replacement clothing, phone calls, scheduling special/legal visit, hygiene items, etc. Your failure to specifically state your request may result in this Inmate Request being returned denied. _I resubmitted an appeal 2020-00270: 1-22-20, and it was held until 2-19-20_
_resubmitted on the correct form what is the hold up on response I would_
_appreciate it soon whatever the answer is its been since 2-24-2020_

Name: _James Ezell II_   DOC # _237370_   Unit & Cell # _EA-214_
(Print)
Signature: _James Ezell_   Work Assignment: _____

### DO NOT WRITE BELOW THIS LINE

DISPOSITION:
_I do not have an Appeal for you._

Staff Member _____   Date _3-19-2020_

Note: Grievance Coordinator do not have an appeal for plaintiff but
mailroom supervisor verfied placed in mailbox 2-24-2020

DOC 030101A
(R 4/19)

Ex (93)

## Inmate Request

Issues relating to any of the following areas must be submitted to the Law Library on a "Request to Staff" form: Discrimination, Classification, Complaint Against Staff, Condition of Confinement, Disciplinary Process, Legal, Medical, Property, Records/Sentence Administration, and Religion.

This form is not utilized for exhaustion of administrative remedies; you must use the "Inmate/Offender Grievance Process Request to Staff" for those issues.

TO: _Grievance Coordinator Hefner_ Facility/Unit: _D.C.F_ Date: _4-5-2020_
(Name/Title of Staff Member)

SUBJECT: State completely, but briefly, the request on which you desire assistance. This statement must be specific as to the request, dates, place, personnel involved. Only one request or incident per "Inmate Request" is allowed. The requests addressed on this form are for routine administrative matters such as request for wake-up call, replacement clothing, phone calls, scheduling special/legal visit, hygiene items, etc. Your failure to specifically state your request may result in this Inmate Request being returned denied.

_It is April 5, 2020 and I have still not recieved a copy of the resubmitt appeal by # 2020-00270 result I would appreciate that copy_

Name: _James Ezell_ DOC # _237370_ Unit & Cell # _EA-219_
(Print)
Signature: _James Ezell_ Work Assignment: _____

### DO NOT WRITE BELOW THIS LINE

DISPOSITION:
_I do not have An Appeal for you As I Already told you on 3/13/2020_

Staff Member _____   Date _4-9-20_

Note plaintiff requested copy of that appeal for preliminary injunction document to prove Imminent Danger labelling plaintiff a snitch evil intent to cause harm

DOC 030101A
(R 4/19)

## Misconduct/Grievance Appeal To Administrative Review Authority

Inmate Name: *James Ezell*          DOC Number: *237370*

Facility Where Offense/Grievance Occurred:          Offense Code: *A-22*
*D.C.F Echo*

Date of misconduct violation: *1-2-2020*

☑ Facility Misconduct Appeal Number          ☐ Facility Grievance Appeal Number
    *2020-0027 D*

I received the response of the reviewing authority at the facility on: *D.C.F refused to process one*

Fill out this form in blue or black ink. Writing must be legible. I wish to appeal the reviewing authority's response to the misconduct/grievance on the following ground(s) only. DO NOT ATTACH ANY OTHER PAGES. (Use ONLY the back side of this page, if necessary). Your appeal will be returned to you unanswered if any other pages are submitted.

☑ Newly discovered/available evidence not considered by the reviewing authority, relevant to the issue, necessary for a proper decision, and why the evidence was not previously available which if considered may alter the decision (you must clearly state the newly discovered/available evidence); or

☑ Probable error committed by the reviewing authority in the decision such as would be grounds for reversal (you must clearly state the error committed by the reviewing authority, including citing the part of procedures or statutes not followed by the reviewing authority).

Response:

_____

_____

_____

_____

_____

_____

_____

_____

I understand that in accordance with OP-060125/OP-090124, I will be charged $2 to appeal a misconduct/grievance to the Administrative Review Authority or Chief Medical Officer, and that this form is also a request for disbursement of funds from my trust fund draw account. If I do not have enough funds to cover this cost, the amount will be collected as soon as funds become available.

*James Ezell*                    *4-13-2020*
Signature of Inmate                  Date

DOC 060125V (R 4/17)

Note: D.C.F <u>Warden Gentry</u> violates plaintiff Due process on above date through acting Grievance Coordinator Hefner 4-12-20, <u>Underwood</u> returned due process already violated 4-20-2020 O.D.O.C Mark Knutson was advised of the <u>Imminent Danger</u> defendants placed plaintiff in S/M Pfaff H/U Pods

Ex.(G 4)

— evidence Merits — content of Probable cause committed —
on August. 24, 2019 S/m Pfaff directed C/o Phillips to write a
misconduct for refusing housing - A-22. but forced offender
back into Echo Charlie 102 <u>First event</u>

on October. 25, 2019 D.C.F Medical Mental Health was contacted
by D.O.C Medical Service Manager Cheri Atkinson based on MARA-19-105
S/m Pfaff, W/m Ade was present Chief of Security Mr. K. Brown was called
to medical to address the S.T.G Security issue. <u>Second event</u>

Attention: the above is relevant to A-22 issued on 1-2-2020

on January 2, 2020 S/m Pfaff directed C/o Phillips to write a
misconduct for refusing housing -A-22 of a S.T.G assigned
offender after previously directed to remove Mr. Ezell # 237320
from S.T.G assignment on October. 25, 2019 against James Ezell
will the Imminent Danger S/m Pfaff and W/m Ade had continued
to place me in. [<u>I will not be lebal a snitch</u>, then made to look like a
catch opt!

on <u>1-22-2020</u> First appeal submitted to Facility head D.C.F on
2-19-2020 it was returned with 10days to re-submit appeal on
2-24-2020 offender re-submitted appeal and it was verified placed
in grievance coordinator mailbox; And grievance coordinator acting
has destroy that misconduct appeal # 2020-00270. On March. 13, 2020
Hefner stated she do not have an appeal as Mr. Ezell was preparing
a motion and waiting on the response, other evidence will be
available.

W/m Ade approved misconduct on 1-2-2020 Mr. Ezell called W/m Ade
as witness because after October 25, 2019 she was in violation
(1) Not providing witness statement (2) continue threat to D.C.F
Security and Imminent Danger due process was violated Facility
attempt to cover up is clear S.T.G S/% Pelitier was called as
a witness as well refuse to provide one

I declare on 14th of April 2020 2 of 2 copy was made under penalty
of penury for offenders records same day pursuant to 28 U.S.C § 1746
/s/ James E Ezell

SCOTT CROW
DIRECTOR



J. KEVIN STITT
GOVERNOR

### STATE OF OKLAHOMA
### OKLAHOMA DEPARTMENT OF CORRECTIONS
ADMINISTRATIVE REVIEW AUTHORITY

DCF 20-270

Date:        APRIL 27, 2020

To:          EZELL, JAMES #237370

Location:    DCF

From:        Mark Knutson, Director's Designee    *Mark Knutson*

**Your appeal/correspondence was filed improperly for the following reason(s):**

| | | |
|---|---|---|
| | 1. | The decision of the director or designee is final |
| | 2. | You have not submitted the proper/current appeal form to ARA. (DOC060125V effective 4/17). |
| | 3. | Appeal form not signed and/or dated. |
| | 4. | You entered a guilty plea, thereby forfeiting the opportunity to appeal (OP-060125 IV.D) |
| | 5. | You waived/refused to attend the hearing, thereby forfeiting the opportunity to have a hearing and to participate in the appeal process (OP-060125 VII.C.3.). |
| | 6. | Received out of time. You have forfeited the opportunity to file an appeal (OP-060125 VIII.B.1). |
| | 7. | Rehearing ordered by the facility or ARA. You must first appeal to the facility head after the rehearing prior to filing an appeal to ARA. |
| | 8. | You cannot appeal a non-response from the reviewing authority. See OP-060125, section VIII.A.7.. |
| | 9. | Documentation from the facility indicates that your appeal was returned unanswered (out of time, attachments, etc.). **You have waived the opportunity to appeal.** |
| | 10. | This issue cannot be addressed through the Inmate Disciplinary Procedures (OP-060125). This issue should be addressed by utilizing the Inmate Grievance Process (OP-090124). |
| | 11. | Attachments submitted and/or multiple appeal forms submitted in one envelope. |
| | 12. | You failed to complete the appeal form thoroughly no (**complete offense code, date of violation, where the offense occurred, facility appeal number, check the box(es) identifying grounds for an appeal**) |
| | 13. | You must first properly submit your appeal to the facility within time frames per OP-060125. Once you have received their response, you may then appeal to ARA within fifteen (15) days. |
| X | 14. | Class A and B offenses without restitution imposed are not appealable to ARA (effective 11/01/2015). |
| | 15. | You failed to provide the date that you received the reviewing authority's response on the appeal form. |
| | 16. | You have failed to follow previous instructions from this office and/or have improperly resubmitted the appeal and have waived your opportunity for an appeal. See OP-060125 section VIII. |
| | 17. | You will be afforded ONE FINAL opportunity to properly resubmit your appeal which must be received in ARA within ten (10) days of receipt of this form. **DO NOT RETURN THIS FORM WITH YOUR CORRECTED APPEAL.** |
| | 18. | Other: |

**THIS OFFICE WILL NOT PROCESS INCOMPLETE/INACCURATE/OUTDATED APPEAL FORMS.**

I acknowledge receipt of this response: *James Ezell*   4-29-2020
Inmate's signature and date

Note: *Imminent Danger Mental Health issue deliberately shown by defendants*
*J.D.O.C supports D.C.F behavior*

 OKLAHOMA
Corrections

PO BOX 11400    OKLAHOMA CITY, OKLAHOMA 73136    405-425-2682 (OFFICE)    405-425-2683 (FAX)    http://doc.ok.gov

Ex. (G5)

**OFFENDER MISCONDUCT APPEAL FORM**
**FOR CLASS A & B MISCONDUCTS**

Appeal # <u>2020-1001-0027-D</u>

I.    Name of Offender: <u>Ezell</u>          <u>James</u>          ____
                        Last Name          First Name          M.I.

Violation  <u>A-22</u>     Offense Date <u>01/02/2020</u>     Disposition Date <u>01/14/2020</u>     DOC # <u>237370</u>

II.    Review:

1. N/A   Offender provided written notice of the charge.

2. N/A   Offender provided at least 24 hours to prepare a response after receiving notice of the charge.

3. N/A   Offender provided copies of evidence used. (except any confidential informant statements and only photocopies
         or written description of any physical evidence)

4. Yes   Offender afforded the opportunity to call witness/es.

5. Yes   Offender permitted to present documentary evidence.

6. Yes   Offender permitted to meet with disciplinary coordinator.  If not, is there documentation as to why not?

7. N/A   Was there a determination of the reliability of any confidential informant testimony?

8. N/A   Is there a written explanation of the evidence used for a determination of guilt?

9. N/A   Is there a written reason for the discipline imposed?

10. Yes  Is there "any/some" evidence of guilt?

11. N/A  If applicable, was a staff representative/mental health staff representative assigned?

12. N/A  No direct involvement in the alleged rule violation by the disciplinary coordinator?

Finding/Issues:

<u>You allege you were not:</u>

4.      permitted the opportunity to present relevant witness/es or to submit relevant written witness statements (You were permitted the opportunity
to present relevant witness/es or to submit relevant written witness statements as evidenced by the Disciplinary Coordinator's Report.)
5.      permitted to present relevant documentary evidence (You were permitted to present relevant documentary evidence as evidenced by Number
1 on the Disciplinary Coordinator's Report.)
6.      permitted to meet with the Disciplinary Coordinator prior to his/her decision. (You met with the Disciplinary Coordinator as evidenced on the
DOC Offense Report Section III.)

<u>You allege there was no:</u>

Reviewer's Printed Name and Signature: _____     /5/5/2020
                                       Terry Underwood                Date

III. Facility Head Action:
1. Affirm ☒          2. Dismissed ☐          3. Remand ☐          4. Modified ☐

Printed Name and Signature _____     /5/5/2020
                          Mark Gentry, Warden             Date

IV.    _____, 5-7-2020
       Offender Signature/Number     Date

       _____     /
       Staff Witness                 Date

Original:  Commitment Folder
First Copy:  Field File
Second Copy:  Offender

*Note this appeal was re-submitted on 2-24-20
Grievance Coordinator did not want to process it
due 3-24-20 anything after 4-24-20 violates plaintiff
due process time frames Warden Gentry, Underwood.*

DOC 060125L-1
Page 2 of 2
(R 4/17)

Ex. (H)

   tilt

*2020-27D resubmitted*

## OFFENDER'S MISCONDUCT APPEAL FORM FOR CLASS A & B MISCONDUCTS

*1-21-2020*
Date: ~~12-2-21-20~~ Facility Housing Unit: *EA-314*   Facility Where Offense Occurred: *DCF*

Name: *James Ezell*   DOC Number: *237370*

Date of Offense: *1-2-2020*  Offense: *Refusing Housing*  Class of Offense: *A-22*

Date of Disciplinary Decision: *1-14-20*  Punishment Imposed: *Phone 120 day denial Att. Call*

Appeal Form Sent To: *James Yates*   Title: *Warden*

You must file your appeal to the facility head/district supervisor within 15 calendar days of receipt of DOC 060125, notifying you of finding of guilt and/or punishment. The appeal is a review and you are limited to those grounds below, you must identify which ground is the basis for your appeal. Any alleged failure to strictly follow department procedures is not grounds for appeal. You may use the back side of this form and, if necessary, no more than one 8½" x 11" page as an attachment. Do not attach copies of DOC or facility procedures, or administrative memoranda, cases from law books, or any Department publication. Any issue not raised is waived. Appeals will be submitted in blue or black ink. Do not use highlighters. Do not write in the margins of this form.

### GROUNDS FOR APPEAL:

*RECEIVED APR 20 2020 BY:*

A.   I was not:

1.   ☐  provided written notice of the charge

2.   ☐  provided at least 24 hours to prepare a defense

3.   ☐  provided copies of evidence and/or reports (except any confidential testimony/evidence)

4.   ☑  permitted the opportunity to present relevant witness/es or to submit relevant written witness statements

5.   ☑  permitted to present relevant documentary evidence

6.   ☑  permitted to meet with the disciplinary coordinator prior to his/her decision

7.   ☐  provided a disciplinary coordinator who had no direct involvement in the alleged rule violation

B.   There was no:

1.   ☐  determination of the reliability of any confidential witness testimony

2.   ☐  written statement of the evidence utilized for a determination of guilt

3.   ☐  written reason for the discipline imposed

4.   ☐  evidence

5.   ☐  staff representative assigned (if applicable)

*2-24-2020*                *James Ezell*
Date Sent                Signature of Offender

DOC 060125L-1
Page 1 of 2

*Note: Misconduct appeal was recieved 2-26-2020 clearly violating plaintiff due process 5-2-2020 per D.O.C 060125 4+5 are relevant to Imminent Danger statement of 4/m Aller present at Mental Health 10-25-19 and connected to 8-29-19 refusal of housing Misconduct*

*RECEIVED FEB 26 2020 BY:*

*Ex. (H)*

On October 25, 2019 D.C.F Mental Health called me Mr. Ezell #237370.
Echo Unit C/m Pfaff and Y/m Ade escortted Mr. Ezell to medical based in
the Imminet Danger reportted to D.O.C medical Service Manager Cheri Atkinson
[In 2013 D.C.F removed me From this living assignment and Ms. Rowe
was aware Mental Health".] Mental Health allowed Y/m Ade to be present
I refused to be moved from EC-102 by Y/m Ade because the Imminent
Danger this move would place my life in; Cheif K. Brown was called
to medical making this a security issue.)

<u>First</u> August 29, 2019 C/m Pfaff and Y/m Ade forced Mr. Mr. Ezell to stay in
EC-102 after misconduct written for refusal of housing
<u>Second</u> October 25, 2019 Mr. Ezell #237370 refuse to move from EC-102 by Y/mAde
or chief Brown ~~because further Imminet Danger would Exist prisoner get stabb~~
and killed ~~in prison or be force~~ to Kill in self-defense"
<u>Third</u> Cheri Atkinson addressed Ray Larrimer, James Yates, Terry Underwood
James Rudek ("Kim" wells) Jodie Rose Kerry Minyard, J.C. Colbert Nov. 5, 2019
<u>Fourth</u> assignment of S.T.G housing is what placed Mr. Ezell in Imminet Danger
Y/m Ade forced Mr. Ezell to move from EC-102 on October 25 2019 C/m Pfaff with
Knowledge of: Knowingly and willingly assigned another S.T.G. offender on
January 2, 2020 January 3, 2020 in violation of security.

[A.] (Y/m Ade) denies my right to present relevant statement by refusal to make
one concerning the Imminent Danger D.O.C cheri Atkinson made DcF mental
Health address October 25 2019 cheif K. Brown present
(and) (S % Politier) S.T.G officer did not fill his witness records our denying
my right to present S.T.G documentary evidence

The Facts surrounding the document submitted to D.O.C cheri Atkinson
Y/m Ade moving Mr. Ezell From EC-102 S.T.G assigned housing approved the
offense report January 2, 2020, written by C/o Phillips whom placed hair
in my food that same day and threaten to spray me because Mr. Ezell
Complain.


RECEIVED
FEB 26 2020
By: ..................

2 of 2

# Witness Discretionary Action Record

Investigating Officer (print) _S°⁄° Ky_

The following action has been taken with regards to witness testimony:

1. ✓ I have elected to take a written statement from _U/m ADE_ (Print)(witness) in lieu of allowing live testimony at the disciplinary hearing. Reasons: _Scheduling Conflict between disposition & Witness_

2. I have disqualified as a witness(Print) _____ because the testimony is not ___relevant/material, ____ is repetitive/duplicative, ____ the witness did not witness the incident and has no direct knowledge of the facts. Reasons given for this determination:

3. I have disallowed the reporting staff member as a witness, because he/she has completed a written report documenting the incident/requested information.

4. (N) ✓ Witness/es refused to make a statement.

5. _____ Other _____

6. Statement

Witness' Signature _Ade_   Disciplinary Coordinator's Signature _S°⁄°K_   Date _1 18 120_   Time _1130_

Distribution
Original: Commitment Document Folder with Offense Report
First Copy: Field File
Second Copy: Inmate with Offense Report

Note U/m Ade was present at Mental Health and approved misconduct c/m Pfaff direct %0 Phillips to write, denied due process witness statement.

DOC 06012SI (R 4/17)

EXHIBIT E)

245

# Witness Discretionary Action Record

Investigating Officer (print) _5% Key_

The following action has been taken with regards to witness testimony:

1. ✓ I have elected to take a written statement from _5% Pelitier_ (Print)(witness) in lieu of allowing live testimony at the disciplinary hearing.  Reasons: _Scheduleing Conflict between disposition & Witness_

2. _____ I have disqualified as a witness(Print) _____ because the testimony is not ___relevant/material, _____ is repetitive/duplicative, _____ the witness did not witness the incident and has no direct knowledge of the facts.  Reasons _____ given for this determination: _____.

3. _____ I have disallowed the reporting staff member as a witness, because he/she has _____ completed a written report documenting the incident/requested information.

4. _____ Witness/es refused to make a statement.

5. _____ Other _____

6. Statement

_I 5% Key talked with 5% Pelitier via Telephone where he refused to write a statement_

Witness' Signature _____    Disciplinary Coordinator's Signature _5% Key_    Date _1 8 120_    Time _1135_

_Note 5% Pelitier ST-G refuse to give statement of assigned housing on 1-2-2020_

DOC 060125I (R 4/17)

EXHIBIT D )

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

JAMES EZELL, III

Plaintiff,

v.

DAMON HININGER, *et al.,*

Defendants.

**Case No: 19-cv-302-RAW-SPS**

## DEFENDANTS' RESPONSE AND OBJECTION TO PLAINTIFF'S MOTION
## FOR PRELIMINARY INJUNCTION AND BRIEF IN SUPPORT

Defendants Scott Crow, Mark Knutson, David Cincotta, Jason Bryant, Kevin Hodgson, James Nall, Austin Parks, and Bradley Walker, in their official and individual capacities, by and through their counsel of record, Assistant Attorney General Desiree D. Singer, and respectfully request this Court deny Plaintiff's "Order to Show Cause for a Preliminary Injunction Order Eventually An Permanent Injunction (sic)" [Doc. 97] (hereinafter "Motion for Preliminary Injunction." In support of this objection, Defendants submit the following brief.

## BRIEF IN SUPPORT

## STATEMENT OF THE CASE

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections ("ODOC"), brings this suit under 42 U.S.C. § 1983 alleging violation of his rights under the First, Sixth, Eighth and Fourteenth Amendments to the United States Constitution by numerous employees of ODOC and Core Civic, the operator of the private prison where he is currently housed, Davis Correctional Facility. Specifically, Plaintiff alleges denial of access

1

to the court and retaliation for filing grievances and lawsuits related to conditions of confinement. He also alleges excessive force. Plaintiff's Amended Complaint does not clearly state what type of relief he is seeking.

## STANDARD OF REVIEW

To obtain a preliminary injunction, Plaintiff must establish (1) "a substantial likelihood of success on the merits;" (2) "irreparable harm to the movant if the injunction is denied;" (3) "the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party;" and (4) "the injunction, if issued, will not adversely affect the public interest." *General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007). A preliminary injunction is an "extraordinary remedy that is granted only when the movant's right to relief [is] clear and unequivocal." *First W. Capital Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1145 (10th Cir. 2017) (alteration in original) (citation and internal quotation marks omitted).

## ARGUMENT AND AUTHORITY

## PROPOSITION I: PLAINTIFF FAILS TO ESTABLISH A LIKELIHOOD OF SUCCESS ON THE MERITS.

*First Amendment Access to Courts*

The right to access the courts is part of the First Amendment right to petition the government for redress and "guarantees the right to present to a court of law allegations concerning the violation of constitutional rights" protected by the Due Process Clause. *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990). With regard to the rights of inmates, the Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal

2

papers." *Bounds v. Smith*, <u>430 U.S. 817</u> (1977). However, this right does not guarantee "the right to a law library or to legal assistance," but merely to "the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis v. Casey*, <u>518 U.S. 343</u>, (1996) (quoting *Bounds*, <u>430 U.S. at 825</u>). Further, the right to access to courts is "only [the right] to present. . . grievances to the courts." *Id.* at 354. It does not require prison administrators to supply resources guaranteeing inmates' ability "to *litigate effectively* once in court" or to "conduct generalized research." *Id.* at 360. Instead, the right "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Id.* at 356.

Here, Plaintiff has clearly been allowed access to the courts. In the present action alone, he has filed an original and amended complaint [Docs. 1 and 56]; has moved for appointment of counsel several times [Docs. 31 and 42]; and has even filed appeals [Docs. 49, 86 and 93]. In addition, he has filed numerous lawsuits in the past regarding conditions of his confinement. [<u>Doc. 56</u>] at 15. While Plaintiff may be unhappy with the quality of the law library assistance he has access to, he cannot show that he has been unable to seek redress for any alleged wrongs.

As to the present Defendants, Plaintiff fails to allege any facts (either in his Amended Complaint or in the present Motion) as to any of these Defendants supporting a claim of denial of access to courts. At most, Plaintiff asserts that other defendants failed to contact Defendant Cincotta to get case law that Plaintiff requested. This does not give rise to liability

3

for a violation of Plaintiff's First Amendment rights, and Plaintiff's heavy burden is not satisfied.

*First Amendment Retaliation*

"Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights." *Dawson v. Audet*, 636 F. App'x 753, 755 (10th Cir. 2016) (quoting *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)) (internal quotation marks omitted). Specifically, "officials may not retaliate against prisoners for filing administrative grievances." *Id.* (citing *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010). To establish liability for First Amendment retaliation, Plaintiff must show: (1) that he was "engaged in constitutionally protected activity," (2) that Defendants caused him "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity," and (3) that Defendants' "action was substantially motivated as a response to Plaintiff's exercise of his constitutionally protected activity." *Id.* at 755-56 (quoting *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007) (internal quotation marks omitted). To satisfy the third prong, Plaintiff must show that but for the retaliatory motive, the incidents to which he refers. . . would not have taken place." *Id.* at 756 (quoting *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)) (internal quotation marks omitted).

Here, Plaintiff claims that Defendants Hodgson, Parks and Walker used excessive force against him in retaliation for filing grievances and lawsuits. He also claims that Defendants Bryant and Nall illegally facilitated his transfer to DCF in retaliation for him exercising his First Amendment rights. Plaintiff's Motion for Preliminary Injunction, however, does not

4

show that he will be able to satisfy the third prong, rather he essentially regurgitates the facts he alleged in his Amended Complaint. There are numerous legitimate justifications for use of force as well as transfer of inmates. These would have nothing to do with Plaintiff's grievance history. Because Plaintiff's Motion fails to satisfy his heavy burden, his Motion must be denied.

*Sixth Amendment*

The Sixth Amendment to the United States Constitution sets forth rights of criminal defendants in the course of criminal prosecution. U.S. CONST. AMEND. VI. Plaintiff has already been convicted and his claims in this civil suit are not governed by the Sixth Amendment. Therefore, Plaintiff cannot show any likelihood of success on this claim and his Motion for Preliminary Injunction must be denied.

*Eighth Amendment*

"[A]n excessive force claim involves two prongs: (1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind. An official has a culpable state of mind if he uses force "maliciously and sadistically for the very purpose of causing harm," rather than "in a good faith effort to maintain or restore discipline." *Redmond v. Crowther,* 882 F.3d 927, 936–37 (10th Cir. 2018) (citations omitted).

Plaintiff's Motion for Preliminary Injunction fails to establish his likelihood of success on this claim. Rather, he simply makes the legal conclusion that "[t]he Defendants at James Crabtree used excessive force, illegal transfer plaintiff (sic) to a supermax prison because

5

plaintiff complaining (sic) of filing lawsuit[.]" [Doc. 97] at 5. Plaintiff fails to suggest that any force used was applied absent "a good faith effort to maintain or restore discipline." *Redmond,* 882 F.3d at 936–37 (citations omitted). Plaintiff's Amended Complaint implies that correctional officers were attempting to remove Plaintiff from his cell and that he refused, thus requiring a use of force. [Doc. 56] at 9. Thus, Plaintiff is unable to establish that his right to relief is "clear and unequivocal." *First W. Capital Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1145 (10th Cir. 2017). The Motion should be denied.

*Fourteenth Amendment*

The Fourteenth Amendment bars the deprivation of any person of life, liberty or property without due process of law, as well as the denial of any person equal treatment of the laws.   U.S. CONST. AMEND. XIV. It is not entirely clear whether Plaintiff asserts both due process and equal protection claims against these Defendants, therefore, both will be addressed herein.

**Due Process**

As the Court is well aware, there are two (2) types of "due process" to which plaintiffs typically point in asserting a violation of their "due process" rights: substantive due process and procedural due process. Because Plaintiff fails to articulate which type of due process right he is alleging, if any, both are addressed herein.

6

To the extent that Plaintiff asserts that he was entitled to any form of process prior to his transfer from James Crabtree Correctional Center to DCF, he cannot establish a likelihood of success on this claim. The Supreme Court has held that

> the Due Process Clause in and of itself [does not] protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose. That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules.

*Meachum v. Fano*, 427 U.S. 215, 225 (1976). Because Plaintiff will be unable to state a claim for a due process violation, his present Motion should be denied for failure to establish his likelihood of success on the merits.

**Equal Protection**

 "Equal protection is essentially a direction that all persons similarly situated should be treated alike." *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) (internal quotation marks omitted). It is not enough for Plaintiff to allege that he was treated differently from other inmates or citizens. Further, because Plaintiff does not "claim that the defendants treated him differently because of any suspect classification, to prevail on his equal protection claim he would have to prove that the distinction between himself and other inmates was not reasonably related to some legitimate penological purpose." *Id.* (internal quotation marks omitted). In the case at bar, in neither his Amended Complaint nor his Motion for Preliminary Injunction, Plaintiff does not even allege that he was treated differently from anyone with regard to any actions taken by any of these Defendants. Therefore,

to the extent that Plaintiff attempts to state a claim for an equal protection violation, that claim will fail and no preliminary injunction should be issued.

## CONCLUSION

Because, for the foregoing reasons, Plaintiff has not shown a likelihood of success on the merits, Defendants respectfully request that this Court deny Plaintiff's Motion for Preliminary Injunction and grant any other such relief as the Court deems just and proper.

Respectfully submitted,

/s/ Desiree D. Singer
**DESIREE D. SINGER, OBA #33053**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, Oklahoma 73105
Telephone: (405) 521-3921
Facsimile: (405) 521-4518
Email: desiree.singer@oag.ok.gov
*Attorney for Defendants*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of May 2019, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing a true and correct copy of the foregoing was sent via U.S. mail, postage prepaid to the following who is not an ECF registrant:

James Ezell, III # 237230
Davis Correctional Facility
6888 E. 133rd Road
Holdenville, OK 74848
Plaintiff *pro se*

/s/ Desiree D. Singer
Desiree D. Singer

Please
Return
Copy

In The United States District Court
For EASTERN DISTRICT of Oklahoma

James Ezell III
Plaintiff

**FILED**

V.

JUN 12 2020

Case No 19-CV-302-
RAW-SPS

DAMON HININGER et.al
Defendants

PATRICK KEANSY
Clerk, U.S. District Court

By _____
Deputy Clerk

Plaintiff Response To Defendants OBJECTION To
MOTION FOR PRELIMINARY INJUNTION

Comes now Plaintiff housed at Davis Correctional Facility
since May 3, 2018 the same day of alleged incident at O.D.O.C
James Crabtree Correctional Center whereas the alleged excessive
force happened medium yard.

1. Plaintiff is force to use this paper without ink-pen to even
timely responded because defendant Ms. Patterson refuse to provide
all the required access to court per OP030115 D.O.C policy
(defendant) David Cincotta has been removed from D.O.C General
Council (defendant) James Yates has been removed from D.C.F Warden

2. Defendant at D.C.F deny OP-030115 access to court to provide
legal victory defendant Ms. Patterson retaliated based on plaintiff
filed 19-CV-302 in attempt to block (grievance process) already
intentionally denied by defendants Yates, Underwood and directly
by Ms Hoover

3. O.D.O.C population is over-crowded has been at that peak
since 2002 in 2008 my sister son was Killed, murder in D.O.C
custody not for the alleged reason given by D.O.C spokesmen
plaintiff has a block in his jacket from D.O.C, O.S.R after
2008 D.O.C continue attempts to injury cause harm and the
threat that expose of the corruption within D.O.C and private
prison places plaintiff in Immient Danager.

See Bounds v Smith 430 U.S. 817 (1977) has been well established in OP-030115 what prisoner in custody of O.D.O.C in Lewis v Casey 518 U.S. 343 (1995) (quoting Bounds, 430 U.S. at 825).

Plaintiff would argue and have establish that Core Civic Law Library is inadequate in [exhausted grievances] and the assigned Law Library Clerk denied access to court because plaintiff filed grievances inwhich he was allowed to continue threats of reballing plaintiff a snitch with Core Civic employee defendants.

See D.O.C OP-030115 guarantee prisoner right to a law library per deadline also guarance prisoners right to a train Law Clerk Supervise by a train Law Library Supervisor Defendant Patterson (here plaintiff) was clearly denied Law Library per deadline then retaliated by Patterson on Nov. 1, 2019 and misconduct issued Nov. 13, 2019 based on plaintiff complaint Filed in 19-CV-302, this would support a First Amendment retaliation claim See Smith v Mosley 532 F.3d 1270, 1277 (11th Cir 2008). Once Defendants was served by U.S.M

Plaintiff exhibit 1 Declartion of patterns by W/u Ade S/M Pfaff leading up to more harm threats intimidation and Imminent Danager defendant Ms Hoover has worked at D.C.F since opening of CCA D.C.F 1996) whom intentional denied plaintiff Notary to required grievances quoting Bounds 430 U.S. at 825

As to plaintiff used of excessive force by Defendants at James Crabtree and illegal transfer of plaintiff on 5-3-18 to a supermax prison at D.C.F instead of O.S.P Maxium security here plaintiff is transfered to Core Civic were the Law Library is inadequate preventing plaintiff from legal victory by the Defendants, and Reviewing Authority, Administrative Reviewing Authority grievances exhausted That was available.

Note the affidavit from Kameron Mayes plaintiff cellmate at James Crabtree on May 3, 2018 will support plaintiff likely to meet the requirement defendants allege can not be meant.

James Crabtree defendant violated plaintiff Due process plaintiff cellmate has discharge from D.O.C and will give his testimony he was never threaten by plaintiff and he gave the plaintiff his name to be called as witness and street address because knowledge of D.O.C corruption.

See. Wolff v. McDonnell, 418 U.S. 539 (1974). Sandin v. Conner 515 U.S. 472 (1995).

Defendants denied all requirement in Wolff on 5-3-18 and transferred plaintiff the same day to D.C.F without hearing and without a impartial decision-maker in the hearing that was in a corrupt fashion. See Kistn v. Seiverling 229 F.3d 220 (3rd cir 2000). O.D.O.C used transfer to restrict plaintiff access to courts and here at D.C.F plaintiff has realized and proven grievances exhausted.

See The Supreme Court considered transfer to a Supermax in Wilkinson v. Austin 545 U.S. 209 (2005) The conditions were so harsh at the Supermax no human contact 24-hour lighting the court found a liberty interest. However, even in this situation the court held that not all the Wolff protections were required.

Core Civic D.C.F defendants can not explain how plaintiff can refuse housing with another prisoner but be force back into that housing 8-29-19 D.O.C Mental Health had to make Defendant move plaintiff placing plaintiff in Imminet Danager if this Court dont Order To Show Cause For A PRELiminary Injunction and plaintiff is injury or harm, after plaintiff respectfully request the Courts Help plaintiff believe he has met the requirement of Rule 65 and Imminet Danager Exist within Oklahoma Department of Correction labelling a plaintiff a snitch, catch-out for filing grievances on condition of confinement pro se representing himself requires a prison to tell - Bof as motion for appointment of counsel has been Denied Law Library Denied by Ms Patterson and retaliatory misconduct.

## Certification of Mailing

I declare that on ___ of JUNE 2020 a true original injunction from pro se plaintiff mailed by U.S. postage fixed placing in D.C.F mailroom hands for mailing to U.S. District Court clerk. For fear of those acting in concert and denial of D.C.F Law access and or further retaliatory action by staff under penalty of perjury pursuant to 28 U.S.C. § 1746 [s] James Ezell

/s/ James Ezell

In The United States District Court

For The Eastern District of Oklahoma

FILED

James Ezell

    Plaintiff

V.

JUN 1 5 2020

PATRICK KEANEY
Clerk, U.S. District Court

By _____
Deputy Clerk

6:19-CV-302-RAW-SPS

DAMON HININGER et.al

    Defendants

<u>Plaintiff Third</u> MOTION FOR APPOINTMENT OF
COUNSEL

Pursuant to 28 U.S.C § 1915(e)(1) plaintiff moves for an
order appointing counsel to represent him in this case.
In support of this motion plaintiff states:

1. Plaintiff is unable to afford counsel. Plaintiff has
requested leave to proceed in forma pauperis

2. Plaintiff's imprisonment will greatly limit his ability
to litigate. Since <u>November 1, 2019</u> defendants has denied
access to court pursuant to D.O.C OP-030115 policy the
issues involved in this case are complex, and will require
significant research and investigation, especially when
defendants are fleeing from one prison to another to
avoid served U.S.M service.
Plaintiff has limited access to the law library and
limited knowledge of the law. (A)

   Defendants Mr. Vance and <u>Mr. Adkin</u> whom was
employee in O.D.O.C—O.S.P before he fled to D.C.F
now fled again.

260

3. A trial in this case will likely involve conflicting testimony and counsel would better enable plaintiff to present evidence (see) attachment offender/plaintiff restricted from video recording viewing, and appointment of counsel would save plaintiff from future injury from defendants labelling plaintiff a snitch for filing grievances and cross examine witnesses are very complex and crucial

4. Plaintiff has made repeated effort to obtain a lawyer (B) personally and requested Pro Bono Net http://www.lawhelp.org through prison law Library and was denied.

   WHEREFORE plaintiff request that the court appoint Michael Arnett _____ a member of the Oklahoma — Bar as counsel in this case (C)

   6-10-2020
   James Ezell
   D.C-F EA-219
   6888 E 133rd Rd
   Holdenville OK 74848

   I declare on ____ of _____ 20___ the above was submitted to court clerk for filing under penalty of perjury pursuant to 28 U.S.C § 1746
                                                    /s/ James Ezell





**CORRECTIONS CORPORATION OF AMERICA**
**Davis Correctional Facility**

To:    ALL CONCERNED
From:  Kevin Brown, Chief of Security
Date:  Jan, 24, 2018
   Ref:   Viewing of CCTV by offenders

---

   Offenders will be restricted from viewing any video recorded on our camera
system at Davis Correctional Facility. This restriction is to maintain the integrity of our
system and not to disclose any blind spots of field of view to offenders. When utilized as
evidence for an offence report, the investigator is to view the video and complete the
appropriate paperwork for viewing the evidence. A copy of the memo should be attached
to any offense report in which video footage is utilized as evidence.

attachment

Please
Provide
Copy

In The United State District Court

For The Eastern District of Oklahoma

FILED

James Ezell
         Plaintiff

JUN 1 5 2020

PATRICK A. KEARNEY
Clerk, U.S. District Court

By_____ Deputy Clerk

V

DAMON HININGER et. al
         Defendants

6:19-CV-302-RAW-SPS

Comes now James Ezell pro se to show cause as
directed by court Order on 6-1-20 WHY defendants
Mr. Vance and Mr. Adkin should not be dismissed for
plaintiff failure to serve them within 90 days after
filing the complaint pursuant to Fed. R. CIV. P. 4(m)

First, plaintiff would assert he is a prisoner whom has
been deliberately denied access To court by the facility
Law Liberay Supervior defendant Ms. Patterson her bases
the provide documentted Court Order was not a Order
this supports the inadequate Law Library required in
Lewis v. Casey quoting Bounds v. Smith, 430 U.S. 817
(1977).

Secondly, defendants denial resuulted in a retaliatory
disciplinary misconduct based on plaintiff 6:19-CV-302
filed only after Ms. Patterson was served U.S.M in Oct.
2019.]

   all of the about came at a time that violated
plaintiff right to 0.D.O.C OP-030115 access To court which
guanrantee prisoner access To court and adequate Law
Clerks trained for legal assitance.

<u>Third</u> and <u>Last</u> this would help explain WHY plaintiff failure to serve Defendants <u>Mr. Vance</u> <u>Mr. Adkin</u> after they fled <u>D.C.F</u> once the first set of defendants were served.

Plaintiff is pro se prisoner asking the <u>facility head</u> was dead ends for plaintiff at D.C.F, plaintiff ability to find fleeding defendants is very crucial and complex especially when defendants deny Law Library Access disreguard of <u>OP-030115</u> and the court Deny plaintiff Motion for Appointment of Counsel

Plaintiff request respectfully not to dismissed <u>Mr Adkin</u> without access to Law book, computer based on D.C.F defendants denial to prevent legal victory.

I declare on <u>10th</u> of June 2020 the above was submitted to court clerk for filing under penalty of perjury pursuant to 28 U.S.C. § 1746

/s/ James Ezell

James Ezell III

*Please return copy*

In The United States District Court

For The Eastern District of Oklahoma

**FILED**

James Ezell

      Petitioner

V,

DAMON HININGER

      Respondent

JUN 2 4 2020

PATRICK KEANEY
Clerk, U.S. District Court

By_____

Deputy Clerk

Case No. 6:19-CV-302-RAW-SPS

<u>Amended Plaintiff Reply To Defendants</u>

Comes now Petitioner/Plaintiff James Ezell pro se in response to defendants <u>Objections</u> to Plaintiff's MOTION FOR PRELIMINARY INJUNCTION

As plaintiff would like to specifically the Supreme Court established that prisoners have a fundamental right to access the courts in a series of important cases, including <u>Ex parte Hull</u>, 312 U.S. 546 (1941), <u>Johnson v. Avery</u>, 383 U.S. 483 (1969) and <u>Bounds v. Smith</u>, 430 U.S. 817 (1977) This right allows you to file a Section 1983 or Bivens claim habeas petitions or to work on your criminal case. The right is so fundamental that it requires a prison to fund a way for you to have meaningful access to the courts (1) by giving prisoners access to a decent law library or hire people to help

Here at Core Civic Davis Correctional Facility they provide Lexis computer and assistance of prisoner But deny access to court but denial of access to Law Library on each Unit EA, EB, EC on Echo Maxium Unit

See <u>Lewis v. Casey</u>, 518 U.S. 343 (1996) This case state that a prisoner cannot claim he was denied his right of access to courts

265

unless plaintiff shows "actual injury". To show actual injury the plaintiff must prove that prison official or prison policy stopped him from being able to assert a non-frivolous claim."

Plaintiff has exhausted grievances related to James Crabtree alleged excessive force claim on May 3 2018 and the illegal transfer which relates to Case No. 5:20-CV-00226-G W.D., plaintiff also exhausted grievance based on Davis Correctional Facility denied access to courts by a "prisoner," and Case No. 2018-34 also relating to the above case no. See James Ezell v. James Nall filed 6-1-20 ORDER TO SHOW CAUSE.

As Core Civic [Davis Correctional facility] prison decided to let Don G Pope go attorney at Law as plaintiff has filed previously a lawsuit here at D.C.F/CCA that resulted in a Law Library provided on Echo Maximum Unit 3 cages were built out of steal on all 3 Echo Unit computer Lexis as legal library the "size of a (out-back bathroom)" with an asigned prison Law clerk Mr. Tommy Raven

Plaintiff has exhausted a grievance connected to (1) case no 2018-34 based on plaintiff being unable to locate cases cite with help from the assigned legal Law clerk Tommy Raven and for thus could not respond to his adversary as plaintiff was transfered back and forward to court representing himself pro se the defendants refused to update Lexis plaintiff filed grievance on Echo Maximum Unit Law Library for failure to provide cases citing; In Benjamin v. Kerik, 102 F. Supp 2d 157 (S.D.N.Y. 2000)

At that point the untrain legal law clerk started retaliating for grievance filed by not pulling plaintiff for law library access because he was unsupervised the Echo Unit team defendants supported this retaliation by threats of misconducts, hair in plaintiff food trays as Mr. Tommy Raven spreads that plaintiff is a snitch with prison official defendants

Note: Echo law library deliberately denied plaintiff access to library Nov. 1, 2019 and issued disciplinary misconduct based on 6:19-cv-302 Nov. 13, 2019

Federal courts have also required that prison libraries provide tables
and chairs, be of adequate size and be open for inmates to use for
a reasonable amount of time. Limitations that are too restrictive
may constitute a denial of your rights of access to the courts, but
only if show that these problems caused actual injury.

D.O.C policy OP-030115 guarantee offenders access to court
the defendants has denied with or without deadline access to
prison law library plaintiff exhausted grievance # D.C.F-19-00170-G
support that and the fact of actual injury caused and ongoing
cf-2018-34 alfalfa county related to 5:20-cv-00226-G, affecting
cf-1998-4298, cf-2000-2768 post-conviction, hebeas petition Order
that would have ended Jan. 2020 but defendant deliberately
denied on Nov.1, 2019 and retaliate by misconduct Nov.13, 2019
evidence before the court.
        The question that Bounds Is after D.C.F-19-00170-G
grievance exhausted Is the law library adequate? and or
was the prison law library inadequate to hurt plaintiff non-
frivolous lawsuit or habeas Lewis v. Casey;

        While the defendants alleged plaintiff is unhappy with the
help provided plaintiff is unhappy with his condition of confinement
that prevents his legal victory of relief on his Constitutional Rights.
    The most common are of litigation around court access
include plaintiff right to;(1) File legal paper and to seek and
meet with lawyers and legal workers (2) Get reasonable access
to law books; (3) Obtain legal help from other prisoners or help;
and (4) Be free from retaliation base on legal activity.

    See Plaintiff was housed in EA-214 offender Known Mr. Ricky Green
very respectful Jailhouse lawyer in EA 113 Echo Unit has done every
this to Keep plaintiff from help first motion for appointment of
counsel was by help of Green Since then Memorandum/made up Rules
See Johnson v. Avery;

yes plaintiff is unhappy with the pro se prepare documents before the courts specially when he prepare them from his cell" without what doc policy OP-030115 and OP-090124 and the fact of being lebal a snitch in prison by prison officials and asigned Echo law library Clerk, defendant allowed and incourage it.

Placing plaintiff in <u>Imminent Danger</u> for life in prison 7 of 10 killing in prison is base on snitches being lebal catch-out and doc official play a part as well as private prisons evidence of 8-29-19 misconduct and mental Health 10-25-19 show a prove of the retaliatory <u>Imminent Danger</u> "unaddress by defendants, exhibit 1) Declartion.

Certification of Mailing

I declare that on <u>16th of June</u> 2020 a true copy was mailed to U.S District Court Clerk E.D. under penalty of perjury pursuant to 28 U.S.C § 1746 by <u>James Egele</u>

[Legal Mail]

James Ezell 331310
D.C.F E A 2:19
1888 E 133rd Rd
Holdenville OK 74848



R E C E I V E D

JUN 24 2020

PATRICK KEANEY
Clerk, U.S. District Court

By _____
Deputy Clerk

74402-060707

CLERK, UNITED STATES DISTRICT COU...
EASTERN DISTRICT OF OKLAHOMA
PO BOX 607
MUSKOGEE OK 74402-0607

OKLAHOMA CITY OK 73...

22 JUN 2020 PM 4 L

U.S. POSTAGE >> PITNEY BOWES

ZIP 74848
02 4W
0000365149 JUN 22 2020
$ 000.50⁰

269

This correspondence is from an inmate under the custody of the Oklahoma Department of Corrections (ODOC). For specific information about the inmate sending this correspondence such as offense, pro- jected release date, photo, etc, refer to our web- site at http //www ok.gov/doc Click on the "Inmates" link then the "Inmate Lookup" link or contact Davis Correctional Facility 405-379-6400 Further the ′ r Cori.... responsible for the substan ′ ce sent to the facility cility is n... ...material may be ....ned to the facility Objectionab.. .... ... and facility head at Davis Co....

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JAMES EZELL, III,** | |
| **Plaintiff,** | |
| **vs.** | **Case No. CIV-19-302-RAW-SPS** |
| **JAMES YATES, et al.,** | |
| **Defendants.** | |

---

## DEFENDANTS' RESPONSE IN
## OPPOSITION TO PLAINTIFF'S MOTION FOR
## APPOINTMENT OF COUNSEL [DOC# 104]

---

COME NOW Defendants Ade, Bullock, Gentry, Hininger, Hoover, Keys, Patterson, Perez, Pfaff, Pierce, Smith, Underwood, and Yates by and through their attorney of record Darrell L. Moore, OBA 6332, of J. Ralph Moore, P.C., hereby responding in opposition to the Plaintiff's Motion for Appointment of Counsel [Doc. No. 104]. In support of their opposition and objection to Plaintiff's Motion, Defendants state, as follows:

1.      Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections. He appears pro se and *in forma pauperis*. He has filed with this Court a civil complaint alleging Defendants violated his constitutional rights.

2.      The federal statute providing for *in forma pauperis* complaints, 28 U.S.C. §1915(d), states the Court may request an attorney represent any person unable to employ counsel. However, the law does not *require* an attorney be appointed by this Court to represent Plaintiff.

1

3.      The appointment of counsel under section §1915(d) is within the sound

discretion of the District Court. *See* McCarthy v. Weinberg, 753 F.2d 836 (10th

Cir.1985); Blankenship v. Meachum, 840 F.2d 741, 743 (10th Cir.1988); Miller v. Glanz,

948 F.2d 1562, 1572 (10th Cir. 1991).

4.      In Rucks v. Boergemann, 57 F.3d 978, 979 (10th Cir. 1995), the Court

identified several factors to be considered in evaluating a request for appointment of

counsel - the merits of the litigant's claims, the nature of the factual issues raised in the

claims, the litigant's ability to present his claims, and the complexity of the legal issues

raised by the claims. The Court also cited to Tabron v. Grace, 6 F.3d 147 (3rd Cir. 1993),

wherein general standards regarding the appointment of counsel for inmates pursuing a

civil action *in forma pauperis* were carefully discussed by the Third Circuit Court of

Appeals.  In Tabron, at 156, the Third Circuit also identified a number of factors to be

considered - The plaintiff's capacity to present his or her case (i.e., the plaintiff's

education, literacy, prior work experience, and prior litigation experience; the plaintiff's

ability to understand English; the restraints placed upon him or her by confinement); the

difficulty of the particular legal issues; the degree to which factual investigation will be

required and the ability of the indigent plaintiff to pursue such investigation; whether the

case is likely to turn on credibility determinations; and, whether the case will require

testimony from expert witnesses.

5.      This case, though it is a 2019 filing, remains in the early stages of

development.  On January 21, 2020, these responding Defendants requested an Order

issue from this Court directing a stay and for the preparation and filing of a *Special*

*Report* [Doc. No. 76]. Subsequent to that filing, Plaintiff began an appeal of the District

Court's denial of his second application for appointment of counsel.

    6.      If this Honorable Court does issue an Order for the preparation of a

*Special Report* in this case, such would provide guidance as to what claims are before the

Court and whether or not the Plaintiff exhausted administrative remedies as to those

claims.

    7.      Contrary to the Plaintiff's assertion, this case does not appear to be legally

nor factually complex.  Using the factors previously articulated by the Tenth Circuit

Court of Appeals, Plaintiff has not demonstrated an inability to litigate without the

assistance of an attorney.  In fact, a simple review of Plaintiff's current and previous

filings show that Plaintiff is familiar with the procedures to navigate the Court system.

Plaintiff's Third Motion for Counsel is document number 104 in this action.   He has

filed numerous motions and other pleadings.  He has additionally litigated several

previous cases with the United States District Courts in Oklahoma - Eastern District

Court Case No. CIV-12-133 and Western District Court Case Nos. CIV-10-1382, 11-390,

11-1130 and a habeas corpus action, CIV-20-226.

    8.      Plaintiff has not presented to the Court circumstances warranting the

appointment of counsel and has not demonstrated an exhaustion of his abilities to

prosecute this civil matter.

    9.      Appointment of counsel under §1915(d) may be made at any point during

litigation.  If this Honorable Court denies Plaintiff's request at this time, nothing in that

denial would prevent the Plaintiff from making application for appointment of counsel at

a later date.

WHEREFORE, premises considered, Defendants ask that this Honorable Court deny Plaintiff's motion for appointment of counsel and grant Defendants such other and further relief as the Court may deem just and equitable.

Respectfully submitted, Defendants
Ade, Bullock, Gentry, Hininger, Hoover, Keys, Patterson, Perez, Pfaff, Pierce, Smith, Underwood, and Yates

By:_____
Darrell L. Moore, OBA #6332
J. Ralph Moore, P.C.
P.O. BOX 368
PRYOR, OK  74362
(918) 825-0332/7730 fax
Attorney for Defendants

### Certificate of Service

☐  I hereby certify that on June 29, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

☑  I hereby certify that on June 29, 2020, I served the attached document by regular US Mail on the following, who are not registered participants of the ECF System:

James Ezell, III
DOC# 237370
Davis Correctional Facility
6888 E 133rd Rd
Holdenville, OK 74848-9033

s/Darrell L. Moore_____
DARRELL L. MOORE

4

In The United States District Court
For The Eastern District of Oklahoma

FILED

JUL 20 2020

PATRICA KEANEY
Clerk, U.S. District Court

Deputy Clerk

James Ezell

    plaintiff

VS.

              Case No. CIV-19-302-JFH-SPS

James Yates et al

    Defendants

## Plaintiff Motion The Court Pursuant To Fed. R.C.P.

Comes now plaintiff James Ezell prose motion the honorable court with a request to approach the bench by way of conference call due to additional layer of recent events sure to add to the complexity The United States Court of Appeals For The Tenth CIRCUIT 660 F.3d 1249; 2011 U.S. App. LEXIS 22535 TUCKEL V. GROVER, citing Turner, 541 F.3d at 1085

1. Plaintiff files this Motion as it relates to Letter to Judge Ronald A. White the material is threating, intimidating and life in prison in this case Imminent Danger will be forever without appointment of counsel the defendants has allowed this most recent events by a correctional officer under investigation by defendants spread throughout Echo Max, prison, prisoner and guards

I James Ezell declare under penalty of perjury the above was placed in mailroom hands for mailing to Court Clerk pursuant to 28 U.S.C § 1746 /s/ James Ezell

State of Oklahoma

No. CIV-19-302-JFH-SPS

County of Hughes

## Sworn Affidant James Ezell

I James Ezell being of lawful age duly sworn according to law gives the following statement under oath to-wit:

1. The affiant states on July 14, 2020 I recieved another Kite speaking about what %/o Lindsay had spreaded on 7-10-20, 7-11-20 and 7-12-20 to other %/o's as well

2. The affiant states on July 14, 2020 I wrote a Kite back asking who was saying it five names were provided 2 of those very relevant inmates to affiant's sworn affiant provided on 7-13-20 and %/o Lindsay, %/o Odom and %/o Parish names was added

3. The affiant further states that before 7-13-20 affiant never wrote a statement unrelated to misconduct incident so for %/o Lindsay to make those serious allegations to other prisoners is Immenent Danger D.C.F official Know of this fact. %/o Lindsay just put a hit on my Life
        attached evidence Kites
    James Ezell,

I declare under penalty of persury pursuant to 28 U.S.C. § 1746 the above true and correct ISI James Ezell 7-15-20

1 of 2 copy

Ezel

Hey dawg These Niggas is speaking
Real Bad on you saying you
a informant Lindsay And a
couple other C'os saying you
a informant Bro i believe you
Though i Appreciate the trays
To good looking i heard she
wrote you up again Thats
crazy you gotg put a end
to that cause ive seen And
heard Two people saying
That shit dawg so let
me know whats up How
much time you got Bro?
And what you in For This
Time? get Back at me

Yeah well i know Bro Colby
and triple C was The Two
people who was saying This
And Lindsay, Odom, Parish all
These mF talking Bro And
im the same way Bro
motherfuckers hate me cause
im JUST To Real i call
shit. as i see it i Beat

# CoreCivic

## MEMORANDUM

To:  **All Concerned**

From:  Karen Hefner, Warden's Secretary

Date:  July 1, 2020

Re:  Attorney call

Attorney, Michael Arnett, OBA# 12071 will be calling on
Thursday, July 2, 2020 at 2:00 pm to talk with offender
James R. Ezell III, DOC# 237370. Who is housed on Echo
Alpha Unit.

This call will take place in the office of Case Manager Amy
Kemp. Phone # 405-379-6400 Ext#22270

Note, this attorney has stated he can not represent plaintiff
for free July 2, 2020 he made appointment to talk by contacting
Warden Secretary at 405-379-6400 that call was never allowed
call by conference could be set by clerk

In The United States District Court
For The Eastern District of Oklahoma

**FILED**

James Ezell
　　　Plaintiff

JUL 3 0 2020

V.

PATRICK KEANEY
Clerk, U.S. District Court

By———— Deputy Clerk

Case No. 6:19-CV-302 JFH-SPS

Damon Hininger, et.al
　　　Defendants

Plaintiff moves for a matter of Summary Judgment
pursuant to Fed. R. Civ. P 56 (c)(2)

Comes now plaintiff in the above case no. moves for
Judgment as a matter of law pursuant to 42 U.S.C. § 1997
e(a)

See <u>Tuckel v. Grover</u>, 660 F.3d 1249; 2011 U.S. App.
Lexis 22535

[HN1] A plaintiff with an objectively reasonable fear
of retiation from prison officials may show that
administrative remedies were unavailable to him and
thereby be excused from exhausting such remedies

Civil Rights Law > Prisoner Rights > Prison Litigation
Reform Act > Exhaustion

1. Warden James Yates placed plaintiff on grievance
restriction per D.O.C OP-090124 IX.B. 2(a) on Aug. 7, 2019
on August.13,19 Grievance Coordinator Terry Underwood
returned grievances to plaintiff, on August. 14, 2019 the
mailroom supervior Ms.West delivered the grievance
restriction notice from August 7, 2019 by Warden Yates
requiring an offender to obtain a Notary per OP-090124IX.B.
2(a).

2. On Aug. 20th 2019 Echo housing Unit assigned Notary Corla Hoover refused Notary per OP-030115 and OP-090124 grievance restriction affidavit again on Aug. 21, 2019 under direction of Ms. Underwood, direct connections to grievance # 2019-1001-00344-G , 2019-1001-00343 and 2019-1001-00342 the 3 grievances submitted on Aug. 29th 2019 through mailroom supervisor, returned in mail regalur mail Sept. 12, 2019 unlogged to plaintiff.

## Facts

See [Doc 56] amended complaint filed Dec. 18, 2019, see. [doc 56-4] page 8 and page 10 grievance 00344-G dated see stamped received date Sept. 17, 2019 , inwhich stated above 00342, 00343, [00344] after being submitted Aug 29, 2019 through mailroom and returned unlogged to plaintiff verified by Unit C/o Kinner logged in Unit log book and on Sept. 12, 2019; plaintiff addressed mailroom supervisor with proof of her verify delivery of grievances returned unlogged" re-submitted on Sept. 16, 2019 by mailroom.

See also Turner v. Burnside, 541 F.3d 1077; 2008 U.S. App. Lexis 18510
   The PLRA requires that inmates exhaust their available administrative remedies 42 U.S.C. § 1997 e(a) It does not require inmates to craft new procedures when prison officials demonstrate-- and here we mean that word literally-- that they will refuse to abide by the established ones. Cf. Dole v. Chandler 438 F.3d 804 811 (7th Cir 2006) Prison authorities may not employ their own mistake to shield them from

possible liability, relying upon the likelihood that a
prisoner will not know what to do when a timely appeal
is never received

See also Second Circuit noted in Hemphill
  Threats or other intimidation by prison officials may
well deter a prisoner... from filing an internal grievance
but not from appealing directly to individuals in positions
of greater authority within the prison system, or to
external structures of authority such as state or federal
courts... because seeking a criminal investigation or
filing a civil rights complaint may enable an inmate
to draw outside attention to his complaints thereby
neutralizing threatened retaliatory conduct from prison
employees.

See Tuckel v. Grover; and Turner v. Burnside fits plaintiff
case like a glove the only thing holding plaintiff up
is deposition, copies of prison logged books, video footage
continue retaliatory misconduct by prison official to
prevent plaintiff a pro se litigate from obtaining affidavits
from other prisoner under Federal Rule 56(f)
  See Jones v. Blanas, 393 F.3d 918 (9th cir 2004) this court
has the power to issue any other just order pursuant to Rule 56(f)
sure as this particular practice is clearly in violation of
policy and illegal.

As emergency grievance was filed and without help from courts
plaintiff can't not filed papers after this food tray are being
tamper with staff intentional provided false statement to

3

retaliate presently plaintiff's in Seg" video footage will support a number of emploiee falsely provided statements. which authority within the prison system support and incourage.

Plaintiff provides exhibits not to amended or supplement only to support Hemphill, Graver and Turner in hopes of this court considering Judgement" in respects to Rule 56(c)(4) and Rule 56(F) as well as Motion for appointment of cansil whereas, First Amendment violation retaliation claims involving the grievance process will be exempt from exhaustion, Such claims do, however, add an additional layer of complexity. See McCarthy v. Weinberg 753 F.2d 836, 838 (10th cir 1985) Adopting the reasoning of Seventh Circuit opinion of Maclin v. Freake 650 F.2d 885 (7th cir 1981)

Exhibit 1 Emergency Grievance to D.O.C 7-10-20
See Dole v. Chandler
Exhibit 2 Sworn Affidavit by James Ezell
see. Hemphill.
Exhibit 3 Sworn Affidavit
Exhibit 4 Sworn Affidavit

I James Ezell declare on ___ of ___ 2020 under penalty of perjury pursuant to 28 U.S.C §1746 the above was mailed to eastern district court clerk by U.S. postage placed in mailroom hand true and correct b/ James Ezell

4

## INMATE/OFFENDER GRIEVANCE

Grievance no. _____

Grievance code: _____

Response due: _____

*Emergency Grievance*
*+*
*Sensitive Grievance*

**DO NOT WRITE ABOVE THIS LINE**

Date  *7-10-20*

Name  *James Ezell*
(Print)

DOC Number  *237370*

Facility or Unit  *Echo*

Facility Housing Unit  *Echo AIF*

Date "Request to Staff" response received:  *N/A*

Have you previously submitted a grievance on this same issue? *No*  If yes, what date *N/A*, facility *N/A*, grievance # *N/A*. You must submit this completed original within 15 days of the receipt of the response to the "Request to Staff". The "Request to Staff" must have been submitted within 7 days of the incident. Do not include/attach anything to this grievance except the "Request to Staff" including the response. You may quote from or make reference to statutes, operations, field, or administrative memoranda, department publications (time sheets, inventory forms, assessments, etc.). You will be permitted only one opportunity to correct any error(s) made in submitting your grievance.

1. The nature of your complaint. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per grievance. Use backside of this page only, if necessary. *On 7-10-20 Echo Maximum Unit Unit C/o Lindsay was pulled off Unit after 10am count did not return until around after 3pm to Echo AIF at abt. 4:30pm C/o Shelby brought offender Ezell a sack lunch to EA-219; shortly after I could hear foodports I know for a fact that at abt. 5:58pm-6pm at EA-218-EA-220 -EA-221 C/o Lindsay put her face in EA-218 foodport and told them EZELL in 219 was snitching, when C/o Lindsay got to ⟶*

2. Informal action taken (including dates) to resolve the complaint, as well as the names of those employees from whom you sought an answer to your grievance. *On 6-17-2020 C/c Golden doorside EA On 6-18-2020 V/m Martinaz doorside EA On 7-1-2020 Mental Health Ms. Standford referring to V/M Martinaz i.d. "Mental Health" On 7-1-2020 chief of Security K. Brown doorside On 6-29-20 Appeal -2020-1001-2020-D On 7-9-20 I signed received 2089-D — See 7-10-20*

3. The action you believe the reviewing authority may lawfully take. *C/o Lindsay was under investigation by this facility for this facility to have acknowledge of that any and all incidents considering her investigation she could easily put a hit on my life, favor for favor or used by this administration to intimidate for other reasons. Allow her to cause a riot in prison system lebelling offender snitches ⟶*

Grievance report sent to (warden/facility head/deputy director//correctional health services administrator):

Name  *Scott Crow*

Signature of Grievant  *James Ezell III*

Title  *Director*

Date Sent to Reviewing Authority  *7-13-20*

DOC 090124A (R 4/19)

1. Original to file
2. Copy to inmate/offender

*EXHibit 1*

STATE OF OKLAHOMA )
                   )
                   ) SS.
COUNTY OF Hughes   )                    6:19-CV-302 JFH-SPS

## SWORN AFFIDAVIT  James Ezell

I James Ezell _____ being of lawful age duly sworn according to law gives the following statement under oath to-wit:

1. The affiant states on 7-10-20 C/O Lindsay returned to Echo Alf Unit as she served sacks at dinner at about 4:40pm starting time she went door to door placing her face in offenders food port telling them offender Ezell was writting statements on her with fake kites; and once C/O Lindsay made it to Echo Alf EA-218 she opened the food port placed her face level spoke these words snitch in 219 is all I made out she said more; time at about 5:58pm at 218 7-10-20, Once C/O Lindsay made it to EA-221 she was bold she said in response to questions their is a snitch on Unit, the offender asked who S/S? C/O Lindsay said no 219 at about 6pm by this time Sgt. Runna walked up.

2. The affiant states now the above is his first statement written that does not relate to a misconduct concerning C/O Lindsay and has never provided a Fake Kite, as she told

I declare on 13th of July 2020 the above statement is wrote is true and correct under penalty of perjury pursuant to 28 U.S.C. § 1746 by /s/ James Ezell 7-13-2020

                                    Exhibit 2
                                    2 of 2 copied

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF OKLAHOMA

STATE OF OKLAHOMA )
                  )  SS.
COUNTY of  Hughes  )

SWORN AFFIDAVIT OF  JAMES EZELL

  I  JAMES EZELL    being of lawful age duly sworn according to law gives the following statement under oath to-wit:

1. The affiant states that on August 20, 2019 Echo Clerk Ms. Hoover come to EC-102 for Notary request per OP-030115 affiant provided Complaint 1983 and attached affidavits Ms. Hoover reviewed those documents and stated I will not Notary this because the paper it was on, then she suggested to affiant the only way she would notarize is if she could take the document to show someone else.
  Ms. Hoover took papers at abt. 11:15am came back abt. 1:50pm Notarized those documents, [Denied required Affidavit to offender grievance process]
  2. Affiant provided a grievance restriction affidavit per OP-090124 on August. 21, 2019 abt. 11:20 am at EC-102 Ms. Hoover refused to do her job and Notarize affiant grievance restriction affidavit prepared contain a list by grievance number, date, description, and disposition at each level of all grievances previously submitted by the offender within the last 12 months OP-090124 B. 2)(a) Ms. Hoover denied stating Ms Underwood told me not to Notary.
  affiant call % Foy To witness it /s/ James Ezell

     Subscribed and Sworn to this 4 of SEPTEMBER 20 19
  Notary Public /s/ Carla Hoover
  My Commission  4-15-2023

EXHIBIT 7e
EXHIBIT 285

61

STATE OF OKLAHOMA )
                  ) SS.
COUNTY OF _Hughes_ )

SWORN AFFIDAVIT OF _James Ezell_

I _James Ezell_ being of lawful age duly sworn accordingly to law gives the following statement under oath to-wit:

1. The affiant was denied Notary on August 27, 2019 by Ms. Hoover she stated Ms. Underwood told her not to Notary, the affiant prepare one Emergency Grievance and to other grievances due, and the affiant placed all 3 grievances in Mailroom Ms. West hands addressed to Ms. Underwood August 29, 2019, per grievance procedure process 090124.

2. On September 12, 2019 at mail pass on Echo Charlie C/o passed 3 grievances at regular mail returned unprocess by Terry Underwood G.C. date from August 27.19 August 28, 19 that was submitted through the mailroom on August 29, 2019 affiant advised Unit Officer 9-12-19 to log-in-log book of this incident a violation.

3. On September 13, 2019 at abt 8am affiant spoke to Capt. Riddle at doorside about L.L. not coming to Echo Charlie to pick up Copy C/o Foy call, C/o Vance called and affiant addressed Deputy Warden Gentry about G.C. Underwood returning offenders grievances submitted on August 29, 2019 through mailroom without properly ~~exhausting~~ exhuastion per OP 090124 and in violation of procedure on returning grievances, G.C. Ms. Underwood and Ms. Hoover has Conspirer together disregaurd of D.O.C policy.

@/ _James Ezeutt_

Subscribed and Sworn to this __19__ of __September 2019__
Notary Public _Carla Hoover_   My Commission   4-15-2023

[Notary seal: CARLA HOOVER NOTARY #11003473 EXP. 04/15/23 STATE OF OKLAHOMA PUBLIC]

EXHIBIT (7) F
EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

JAMES EZELL, III

Plaintiff,

v.

DAMON HININGER, *et al.,*

Defendants.

**Case No: 19-cv-302-JFH-SPS**

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Defendants Scott Crow, David Cincotta, Mark Knutson, Jason Bryant, Kevin Hodgson, Austin Parks, Bradley Walker and James Nall, in their official and individual capacities, by and through their attorney of record, Assistant Attorney General Desiree D. Singer, and pursuant to Fed. R. Civ. P. 56, respectfully submit the following response in opposition to Plaintiff's Motion for Summary Judgment [Doc. 113]. In support of their response, Defendants submit the following brief.

## BRIEF IN SUPPORT

## STATEMENT OF THE CASE

Plaintiff brings claims pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the First, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution for occurrences taking place while in custody of the Oklahoma Department of Corrections ("ODOC"). [Doc. 56]. It appears that Plaintiff seeks only preliminary injunctive relief. *Id.* at 15. No Answer or dispositive motion has been filed by any Defendant in response to Plaintiff's Amended Complaint.

## STANDARD OF REVIEW

Summary judgment shall be granted when the moving party demonstrates that it is entitled to judgment as a matter of law because there is no evidence – considering the pleadings, depositions, answers to interrogatories, along with affidavits – to support the claims of the nonmoving party or that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). An issue is "genuine" only if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit." *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Although a plaintiff is entitled to all reasonable inferences from the record, she must still marshal sufficient evidence requiring submission of the matter to the jury in order to avoid summary judgment. *Piercy v. Maketa*, 480 F.3d 1192, 1197 (10th Cir. 2007). Thus, if the plaintiff bears the burden of persuasion on a claim at trial, then summary judgment may be warranted if (a) Defendants point out a lack of evidence to support an essential element of that claim, and (b) Plaintiff cannot identify specific facts that would create a genuine issue. *Water Pik, Inc. v. Med-Systems, Inc.*, 726 F.3d 1136, 1143-44 (10th Cir. 2013).

## ARGUMENT AND AUTHORITY

## PROPOSITION I: SUMMARY JUDGMENT SHOULD BE DENIED AS PREMATURE.

Plaintiff's present motion for summary judgment is procedurally inappropriate. Because a party moving for summary judgment must demonstrate the absence of any issue of material fact, a court should only grant summary judgment after the parties have been given an adequate opportunity for discovery. *See, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (observing that summary judgment is appropriate only "after adequate time for discovery"); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5, 257 (1986) (noting that summary judgment should be refused "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition," and that the nonmoving party should have "a full opportunity to conduct discovery").

Defendants have not yet filed an Answer or other dispositive motion. Rather, due to the nature of Plaintiff's claims, Defendants have moved this Court to order a Special Report pursuant to *Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978) in order to provide the Court with additional information to process Plaintiff's claims prior to the opening of the discovery period. [Doc. 58]. This Motion remains pending.

Plaintiff incorporates by reference each and every fact alleged in his 160-page Amended Complaint [Doc. 56], purportedly as undisputed and genuinely material to the disposition of his case. [Doc. 113] at 2. Certainly not all of Plaintiff's alleged facts are material to his claims, nor are they all undisputed. At this point, without at the very least a Special Report, Defendants are unable to determine which of these facts are undisputed and material, nor what facts exist

tending to support a position that Defendants are not liable to Plaintiff for any of his alleged claims. Further, it will take a significant amount of time to complete a full investigation and report on Plaintiff's claims, notwithstanding the complications that will undoubtedly arise in doing so given the current global COVID-19 pandemic. Thus, dismissal of Plaintiff's motion for summary judgment at this stage is appropriate.

<div align="center">

**CONCLUSION**

</div>

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion for Summary Judgment and grant any other such relief as the Court deems just and proper.

Respectfully submitted,

/s/ Desiree D. Singer
**DESIREE D. SINGER, OBA #33053**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, Oklahoma 73105
Telephone: (405) 521-3921
Facsimile: (405) 521-4518
Email: desiree.singer@oag.ok.gov
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of August 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing a true and correct copy of the foregoing was sent via U.S. mail, postage prepaid to the following who is not an ECF registrant:

James Ezell, III # 237230
Davis Correctional Facility
6888 E. 133rd Road
Holdenville, OK 74848
Plaintiff *pro se*

/s/ Desiree D. Singer
Desiree D. Singer

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

**JAMES EZELL, III,**

**Plaintiff,**

**vs.**                                                    **Case No. CIV-19-302-JFH-SPS**

**JAMES YATES, et al.,**

**Defendants.**

---

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.**

---

COME NOW Defendants Ade, Bullock, Gentry, Hininger, Hoover, Keys, Patterson, Perez, Pfaff, Pierce, Smith, Underwood, and Yates by and through their attorney of record, Darrell L. Moore, OBA #6332, and submit this Response in opposition to Plaintiff's Motion for Summary Judgment [Doc# 113]. Plaintiff's filing does not comply with the clear requirements of LCivR56.1. As set out in LCivR56.1(b), a brief in support of a motion for summary judgment (or partial summary judgment) shall begin with a section stating the material facts to which the movant contends no genuine dispute exists and the facts shall be set forth in concise, numbered paragraphs.

There are no material facts pled by Plaintiff that would support an award of Summary Judgment. Instead Plaintiff simply asserts that he has exhausted administrative remedies as to the claims he has brought forward in his Amended Complaint and, presumably, Plaintiff seeks an order excusing him from having had to exhaust administrative remedies. Even in that regard, Plaintiff's pleading is wide of the mark since the Court does not have before it the Plaintiff's grievance record. Defendants have sought from the Court an Order directing the preparation and

1

filing of a *Special Report* that could fully discuss Plaintiff's proper use, or non-use, of the administrative remedies process.  Additionally, neither the CoreCivic-named Defendants nor the ODOC-named Defendants have filed answers in this case.

Clearly, this matter is not ripe for consideration of a Motion for Summary Judgment.

## STATEMENT OF THE CASE

Plaintiff James Ezell, ODOC #237370, is an inmate under the care and custody of the Oklahoma Department of Corrections.  He is housed by the Oklahoma Department of Corrections at the Davis Correctional Facility, Holdenville, Oklahoma pursuant to a contract between CoreCivic and the Oklahoma Department of Corrections.  CoreCivic owns and operates the Davis Correctional Facility.  The CoreCivic Defendants named herein are either employed by CoreCivic at Davis Correctional Facility or at the corporate headquarters.  The remainder of the named Defendants are employed by the Oklahoma Department of Corrections.

## RESPONSE TO PLAINTIFF'S "STATEMENT OF FACTS"

Plaintiff's filing does not comply with the clear requirements of LCivR56.1.  Defendants are unable to determine what *material facts* to which Plaintiff contends no genuine dispute exists since Plaintiff has not set forth any facts in concise, numbered paragraphs.  Instead Plaintiff attempts to incorporate by reference each and every *fact* alleged in his 160-page Amended Complaint [Doc. 56].

Additionally, Plaintiff does not cite to "facts," but instead makes reference to case law that discusses the administrative remedies process and suggests that this Court should make a preliminary ruling on the issue of exhaustion of administrative remedies prior to any Defendant even asserting his failure to exhaust as an affirmative defense.

2

## SUMMARY JUDGMENT SHOULD BE DENIED AS PREMATURE

Plaintiff's present motion for summary judgment is procedurally inappropriate.

Because a party moving for summary judgment must demonstrate the absence of any issue of material fact, a court should only grant summary judgment after the parties have been given an adequate opportunity for discovery. *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5, 257 (1986).

CoreCivic Defendants have not yet filed an Answer or other dispositive motion. More appropriately, due to the nature of Plaintiff's claims, Defendants have moved this Court to order preparation of a *Special Report* pursuant to Martinez v. Aaron, 570 F.2d 317, 319 (10th Cir. 1978) in order to provide the Court with necessary information with which to assess Plaintiff's claims prior to the opening of discovery. These Motions by Defendants remain pending.

At present, without a *Special Report*, Defendants are unable to determine whether any of the *facts* somewhat pled by Plaintiff are undisputed, and/or material, or whether such facts even exist. Once the Court Orders the preparation of a *Special Report*, it will take time to complete a and investigation and prepare a report on Plaintiff's claims, and to do so may also encounter some complications due to the current impacts of COVID-19 of prison operations.

Dismissal of Plaintiff's motion for summary judgment as premature at this stage is appropriate.

## CONCLUSION

Under the F.R.C.P., Rule 56(c), the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

3

Plaintiff has wholly failed to meet his "initial responsibility" of demonstrating to the Court that no genuine issue of material fact exists and that he is entitled to summary judgment as a matter of law. As a result, Plaintiff's Motion for Summary Judgment should be denied by this Court as premature.

WHEREFORE, premises considered, CoreCivic Defendants pray that this Court deny Plaintiff's Motion for Summary Judgment.

Respectfully submitted, Defendants
Ade, Bullock, Gentry, Hininger, Hoover, Keys, Patterson, Perez, Pfaff, Pierce, Smith, Underwood, and Yates

By:_____
Darrell L. Moore, OBA #6332
J. Ralph Moore, P.C.
P.O. BOX 368
PRYOR, OK  74362
(918) 825-0332/7730 fax
Attorney for CoreCivic Defendants

## Certificate of Service

☑  I hereby certify that on August 13, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:  Desiree Singer    desiree.singer@oag.ok.gov, becky.sunderland@oag.ok.gov, docket@oag.ok.gov, riskdocket@omes.ok.gov

☑  I hereby certify that on August 13, 2020, I served the attached document by regular US Mail on the following, who are not registered participants of the ECF System:

James Ezell, III, DOC# 237370
Davis Correctional Facility
6888 E 133rd Rd
Holdenville, OK 74848-9033

_____
DARRELL L. MOORE

4

295

In The United States District Court
For The Eastern District of Oklahoma

FILED

AUG 26 2020

PATRICK KEANEY
Clerk, U.S District Court

By_____
Deputy Clerk

James Ezell III
        Plaintiff

V,                                    Case No 19-CV-302-JFH-SPS

Damon Hininger, et al
        Defendants


           PLAINTIFFS' REPLY TO DEFENDANTS
         RESPONSE FOR SUMMARY JUDGEMENT


   Comes now plaintiff James Ezell prose sentence to
Oklahoma Department of Corrections [O.D.O.C] whom is housed
at Davis Correctional Facility [D.C.F] a private prison under contract
with [O.D.O.C] governed by [D.O.C] Policy OP-090124 inmate/offender
grievance procedures pursuant to Fed.R. Civ. P. 56 plaintiff
respectfully submit the following Reply in support of
Summary Judgment [Doc 113]
              STATEMENT OF THE CASE


   Plaintiff brings claims pursuant to 42 U.S.C. § 1983 alleging
civil rights violations under the first, Sixth, Eighth and
Fourteenth Amendments of the United States of Constitution
for occurrences taking place while in custody of the
Oklahoma Department of Corrections [O.D.O.C] thereafter, transferred to
Davis Correctional Facility [D.C.F]. [Doc 56-4] It appears that plaintiff
seeks only preliminary injunctive relief.

see also [Doc 97] plaintiff seek preliminary injunction possibly
an permanent injunction But see also [Doc 104] plaintiff third
Motion for Appointment of Counsel.

## The Legal Standard

The plaintiff may move for Summary Judgment in a case where
everyone agrees that the prison is following a particular
policy and the only question for the court is whether that
policy is legal. Plaintiff must have some proof Sworn Statements
(affidavit or declaration), photographs, deposition, transcripts
interrogatory responses etc could be use to support "a genuine
issue"

## U.D.O.C Policy

Oklahoma Department of Correction [O.D.O.C] OP-090124 X. B(1)(2)(a).
states:

The inmate/offender will submit a duly verified affidavit
made under penalty of discipline for lying to staff attached
to the grievance and appeal stating that all contents of the
grievance are true and correct to the best of the inmates/
offenders Knowledge. The affidavit will also contain a
complete accurate and legible list by grievance number date
description and disposition at each level of all grievances
previously submitted by the inmate/offender within the last
12 months. Each page of the affidavit must be legible
and signed verified and notarized at the end of the text.
Copies of notaries will not be accepted.

see also OP-090124 IX.

### Emergency or Sensitive Grievance

DP-090124 IX A.(1)

A complaint of an Emergency nature is one in which the complaint alleges irreparable harm or personal injury will occur and which the grievance process will be unable to address in a timely preventive manner. The word "emergency" must be written at the top of the grievance before submission

Memorandum

The plaintiff was placed on grievance restriction by [D.C.F] Reviewing Authority warden James Yates August 7, 2019, on August 13, 2019 Grievance Coordinator returned 2 grievances to plaintiff without any Notice of the actual letter by Mr. Yates of [8-7-19], on August 14 or 15th 2019 mailroom supervors provided the Notice of grievance restriction by Warden James Yates from August 7, 2019. The plaintiff then submitted a [inmate request] to Echo Unit assigned Notary Ms. Carla Hoover on August 15, 2019 and Ms. Hoover came to Echo Charlie 102 August 20th 2019 refused to provide Notary on plaintiff prepared grievance restriction affidavit that is required per [D.O.C 090124 B. i. 2. (a)] under directions from Grievance Coordinator Terry Underwood, the plaintiff then rewrote the affidavit inorder to please Ms Carla Hoover resubmitted [inmate request] to her requesting Notary on August 27, 2019 and was Denied the required grievance restriction affidavit by Ms Carla Hoover on Echo at Echo Charlie 102 housing after she went into Case Manager Pfaff office and made a phone call Ms Hoover was directed not to provide Notary.

Plaintiff then prepared and filed 3 grievances (1) Emergency base
on Ms. Carla Hawer denying the required Notary for grievance
restriction grievance # 00342. But see [Doc 56-4] page 8-14 i.d.
at 13 and 14] see also [Doc 113] Summary Judgment attached
affidavits, [Doc 56-4] page 8 grievance # 2019-1001-00344
appealed to [Reviewing Authority] and [Administrative Review
Authority] Director Scott Crow and designe Mark Knutson

## Question of Law

Pursuant to the PLRA requires that inmates exhaust their
available administrative remedies 42 U.S.C. § 1997 e(a)

Surely the plaintiff and defendants agree that D.O.C OP-090124
is the inmate/offender grievance procedure that must be
exhausted, "if available" to exhaust."
Question
1. Did the [D.C.F] defendants make the D.O.C OP-090124
policy unavailable by denying the required Notary stated
OP-090124 X. B.(1)(2)(a) on August. 20, 2019 and on August.
21, 2019
2. furthermore, Did [D.C.F] defendants deny the inmate/offender
grievance procedures by returning grievances [Doc 56-4] page
14] unlogged on September 12, 2019 00342, 00343 and 00344
verified by mailroom supervisors and Echo Unit S/o Kinner upon return logged
in logg book, the above facts. [D.O.C 113]

## Summary Judgment Should Be Granted as to

Plaintiff question is it legal for the defendants to place plaintiff on grievance restriction which requires a Notaries affidavit to proceed with any grievance see OP-090124 X.B. (1). (2). (4), thereafter the defendants refuse to provide plaintiff with Notary of his personally prepared grievance restriction affidavit?

Furthermore, and reason plaintiff motion for summary judgment is not premature and answer of as matter of Law pursuant to <u>PLRA</u> in the event give more time under Rule 56(f) by granting a continuance" and consider whereas pending [DOC 104] plaintiff third Motion for Appointment of Counsel plaintiff is unable to investigate fraudulent conversation by prison official, as recently a prison official told prisoners that plaintiff was writing statements placing a prose litigate life in danger all of the above is twisted as snitching by prison official

## Conclusion

Grant plaintiff requested answer as matter of Law and continuance under Rule 56(f), respectfully

I James Ezell declare under penalty of perjury the above motion reply was mailed to Court Clerk on 21 of Aug. 2020 pursuant to 28 U.S.C. § 1746

/s/ James Ezell

# FILED

SEP 1 0 2020

PATRICK KEANEY   9-3-2020
Clerk, U.S. District Court

By_____
Deputy Clerk

From James Ezell do to recent events:

Re: Letter to Judge in 6:19-CV-00302-JFH-SPS

<u>All lives matter</u> even in prison if you're not sentence to death
why should you have to live in fear because currupt prison official?

<u>Black lives matter 2</u>
This attorney <u>Michael Arnett</u> set up a call July 2, 2020 prison
official pervent it, the call I have write this attorney in August 2020
unlike him to set up a call

I wrote another letter on 9-2-2020 to <u>Michael Arnett</u> legal letters
are mail free I am indigent prison official has took my Level
I get no money please see attachment (2) the response a
stamp was provide for <u>Hininger</u> CEO letter. See also attachment (1)(3)

<u>Mr. Arnett</u> wanted me to keep him updated on 5:20-CV-00326-G
which support my Eighth Amendment violation and illegal transfer to DLf
Supermaximum Security Prison

As a prose prisoner I am unable to investigate fraudulent
conversation between prison official

        I beg the court for Help appointment of counsel
lack of it in this case is fundamental unfair
                                        /s/ James Ezell

Note: Washington Affidavit not attached)

[District Judge Honorable John F. Heil III, M.J. Steven P. Shreder]

MY Attachment to [6:19-CV-302 JFH-SPS]

9-1-2020

**Part 1**

_James Ezell_

Mr. Washington after you have provide your affidavit" I just thought to ask you if you would be willing to write a Letter addressing the court because your affidavit is Serious threats upon all prisoner subject to that type of threat from prison official that also could be consider as intimidation please express what could happen to a person/prisoner that dirty correctional officers such as Ms % Lindsay her own personal —
Investigation is with motive:
Mr. Washington what happens to a real snitches and those that are label that in prison?         /s/ James Ezell
                                                            Plaintiff

**Part 2**

_T. Washington_

Well a lot of things could happen to an inmate labeled a snitch, One thing for certain their a high chance of death, Could be beat or stabbed to death, you will be extorted as long as your under the label of a snitch, Could be raped as in gang raped loss of self-dignity, manhood, will be set up on any yard an inmate touches and anyone of these things could happen including police brutality due to the fact everyone (prison worker) isn't clear.

Respectfully Submitted
on the behalf of Plaintiff
above   Date Sep. 2 2020

I declare under penalty of perjury that _Taquumun Washington_
                                              print name
Wrote part 2 pursuant to 28 U.S.C § 1746  /s/ _Taquumun Washington_

(1)
302

Attachment (2)

## Inmate Request

Issues relating to any of the following areas must be submitted to the Law Library on a "Request to Staff" form: Discrimination, Classification, Complaint Against Staff, Condition of Confinement, Disciplinary Process, Legal, Medical, Property, Records/Sentence Administration, and Religion.

This form is not utilized for exhaustion of administrative remedies; you must use the "Inmate/Offender Grievance Process Request to Staff" for those issues.

TO: _Mailroom_ _____ Facility/Unit: _D.C.F_ ___ Date: _9-2-2020_ _____
(Name/Title of Staff Member)

SUBJECT: State completely, but briefly, the request on which you desire assistance. This statement must be specific as to the request, dates, place, personnel involved. Only one request or incident per "Inmate Request" is allowed. The requests addressed on this form are for routine administrative matters such as request for wake-up call, replacement clothing, phone calls, scheduling special/legal visit, hygiene items, etc. Your failure to specifically state your request may result in this Inmate Request being returned denied.

_Mail my disbursement Legal to Michael Arnett 3133 N.W 63rd Street lodge_
_also letter to CEO of Core Civic Mr. Damon Hininger_
_____
_____
_____

Name: _James Ezell_ _____ DOC # _237370_ ___ Unit & Cell # _E.B. 111_ ____
      (Print)
Signature: _James Ezell_ _____ Work Assignment:_____

### DO NOT WRITE BELOW THIS LINE

DISPOSITION: _Legal mail_      (_.55¢_)

_This is not legal Mail_
_Must provde stamp_ _9/2/2020_
_B Bailey_ _____
Staff Member _____ Date

DOC 030101A
(R 4/19)

EA-219



# MEMORANDUM

To:   **All Concerned**

From: Karen Hefner, Warden's Secretary

Date:  July 1, 2020

Re:    Attorney call

_____

Attorney, Michael Arnett, OBA# 12071 will be calling on
Thursday, July 2, 2020 at 2:00 pm to talk with offender
James R. Ezell III, DOC# 237370. Who is housed on Echo
Alpha Unit.

This call will take place in the office of Case Manager Amy
Kemp. Phone # 405-379-6400 Ext#22270

In The United States District Court For
The Eastern District Court of Oklahoma FILED

James Ezell
    Plaintiff

SEP 24 2020

PATRICK KEANEY
Clerk, U.S. District Court
By_____  Deputy Clerk

V.

6:19-cv-00302-JFH-SPS

Damon Hininger et.al
    Defendants

Plaintiff First Issuance of Preliminary Injunction, And
Order To Show Cause (Why) A PERMANENT INJUNCTION
Should Not issue Pursuant To Fed. R. CIV. P. Rule 65a

Comes Now Plaintiff James Ezell with limited Knowledge of law (prose)
requesting this Honorable Court issuance of the above, and upon
considering Fed. R. CIV. P. 65(d)(6) granting plaintiff a Permanent
Injunction See [doc 99] filed 5-15-2020. Preliminary Injunction/Permanent

PRELIMINARY STATEMENT OF FACTS

Part 1      There is basis for "Plaintiff's" request of this Honorable Court
today, tomorrow and every year after on July, 8, 2020 % Kinner
conducted a cell search on "Echo Alpha" plaintiff housing cell EA-219
on July 9, 2020 plaintiff recieves a misconduct appeal back from
named defendant newly assigned Warden Mark Gentry and Ms. Underwood G.C
as disciplinary coordinator % Sgt. keys all actual defendants D.C.F see.
Exhibit (A-1) relevant (A-3) See. Exhibit (B) 1, (B) 2 and plaintiff affidavit
(B) 3.         Note:    Exhibit (B) 1 Emergency Grievance

305

After % Lindsay was returned from high ranking official questioning on 7-10-2020 she went door to door on Echo Alpha telling other offenders that plaintiff was a "Snitch" and writing statements on her / fake Kites this is what the (prison official) now days use and incourage to protect their patterns of practice threats and intimidation. The % Lindsay move is a 'Permanent issue' that the plaintiff has to deal with the rest of his prison time 'serious injury or death' which the "PLRA" is very clear plaintiff a prisoner do understand that the above alone could deter and or make any administrative remedy ~~unt~~ unavailable plaintiff request for ~~as~~ issuance of preliminary injunction should be granted on those threats, See [doc 99] filed [5-15-2020]. The Imminent Danger that 4/m Ade chef of Security K.Brown 4/m Pfaff and Smith pose, Mental Health etc.

Plaintiff addressed % Lindsay action on 7-11-2020 with Chef of Security K. Brown on Echo Alpha rounds and on 7-12-2020 with Deputy Warden Perez on Echo Alpha round as well as Warden Gentry on 7-13-2020 on Echo Alpha rounds. Pursuant to Fed. R. Civ. P. 65(d)(2) plaintiff must make a showing of active concert and or participation.

## Relevant to Part 1 and Part 2

Furthermore, after plaintiff filed his Motion for Summary Judgment [doc 113] and respondent response at [doc 116] plaintiff Reply only to be specifically on point with Summary Judgment as matter of law providing affidavit to facts undisputed in support [doc 56-4] pages 10-14] i.d. at 14] grievance # 2019-1001-00344, 00343 and [00342] very relevant to Ms. Hoover denying Notary under direction

Ms Underwood those (3) grievance was returned unlodged in regular mail after Mailroom Supervisor Ms. West had verified by (inmate request) provided August. 29, 2019, all grievances ind. at see [doc 56-4] page 14] returned on Sept. 13, 2019 ⅄ officer lodged in Unit lodge back, upon Ms. West return from trainning plaintiff show Ms. West mailroom supervior and she tak those grievances back, with authority."

Part 2                          PRELIMINARY STATEMENT

See  Exhibit 1 Affidavit

On August. 7, 2020 almost a year later plaintiff provided (5) grievances to Mailroom supervior to place in Ms. Underwoods mailbox August 10, 2020 due too see [doc 56-4] page 14] (2) of those (5) grievances were left unstaple sa Ms West mailroom supervior would have to go to F.B. desk to staple those (2) grievance on video to protect my first amendment right have "proof" at least (2) grievances were turned in by plaintiff on August. 7, 2020 from F.B. 111 to Ms. West for ms Underwoods mailbox August. 10, 2020, See Exhibit C-1 (inmate request) provided to Ms. West August. 7, 2020 signed by Ms. Under wood August 25, 2020, But see Exhibit C-2 (inmate request) dated August. 24, 2020 to mail room, Ms. West responded, See also August. 20, 2020 (1) grievance was returned in regular mail unlodge again however it went to F.B. 114 offender Ricky White on August. 21, 2020 Mr. White sent that grievance by C/o Crow to plaintiff in his housing assign cell F.B. 111 See Exhibit C-3 affidavit by Ricky White. See also affidavit by Jeremy Shomaker Exhibit D see affidavit by Taquarian Washington exhibit E

Pursuant to Fed. R. Civ. P. (d)(2). A plaintiff must make such a showing that requires proof of alter ego, collusion, or identity of interest.

The O.D.O.C, James Crabtree Correctional Center and CEO of Core Civic Davis Correctional Facility are all parties to this action. See also Western District of Oklahoma Case # 5:20-CV-00226-G at [doc 18] the disciplinary coordinator/ and hearing officer James Nall defendant in both CV-00226-G, E.D 6:19-CV-00302   combined relevant to part 1 and 2]
See. Reliance Ins Co. v. Mast Constr. Co., 54 F.3d 372, 377 (10th Cir 1996)

Plaintiff also refers to [Doc 104] Third Motion for Appointment of Counsel   see McCarthy v. Weinberg 753 F.2d 836; 1985 citing Maclin v. Freake 650 F.2d at 889  the court in Maclin i.d. at 887-88; Peterson v. Nadler, 452 F.2d 754 (8th Cir 1971) (plaintiff, a prisoner was unable to investigate claim for fraudulent conversion); Shield v. Jackson, 570 F.2d 284 (8th Cir 1978) (appointment of counsel would assit in investigation and advance proper administration of justice).

Plaintiff would hope the court ~~the~~ See threats of a prisoners life, (pro se) litigate intimidation of witness a denial of preliminary injunction issuance is ~~necessary~~ unnecessary (a) denial of counsel would result in fundamental unfairness, impinging on due process rights.

Plaintiff Relief Requested

1. Warden Yates and Ms. Underwood should have both been unemployee from Core Civic Davis Correctional Facility, in the above events

4

Warden Yates was removed, from D.C.F Core Civic.

2. The now New Warden Gentry and Ms Underwood should be both unemployee removed Immediately for the continue pattern of constitutional violation deliberately related to grievance process

3. The D.C.f Law Library must make rounds Mon-Friday per OP030115 by escort of trained law clerk to directly assist offender; the grievance coordinator must have a grievance/appeal mailbox posted on every unit for coordinator personel pick up per OP090124 XI. Confidentiality and Use. C/o C. Lindsay threats intimidation should be unemployee Immediately for Imminent Danger she pose" allowed by Warden Gentry.

4. The Oklahoma Department of Correction OP.060125 has allowed [J.C.C.C] Jason Bryant, James Nall disciplinary hearing officer to violate plaintiff constitutional right a pattern followed by [D.C.F] Warden disciplinary hearing officer G. Robinson must be removed as well as a thorough investigation of nepotism within the system".

5. [O.D.O.C] addressed the (S.T.G) at (D.C.F) which was express Imminent Danger in Original Preliminary Injunction concerning Phrase Unit still has not ended," and form general population Unit".

6. C/o Sgt. Key disciplinary coordinator, C/c McConnell disciplinary coordinator both gave false testimony statement unsupport by video footage here at (D.C.F); V/M Martinez, directed C/o Morgan to write a misconduct unsupported by video which C/o Odum wrote a false statement unsupported by video must stop James Nall has placed plaintiff Supermax preventing his communtion.

## Conclusion

Plaintiff request for issuance of a preliminary injunction permanent injunction / the defendant be Ordered to place plaintiff

<u>Certification of Mailing</u>

I declare that on ____ of ____ 2020 a true original injunction from prose plaintiff mailed by U.S. postage fixed placing in D.C.F mailroom hands for mailing to U.S. District Court clerk. For fear of those acting in concert and denial of D.C.F Law access and or further retaliatory action by staff, under penalty of perjury pursuant to 28 U.S.C § 1746 [s] James Egell

Copy mailed to <u>Attorney General Office</u> and <u>Court Clerk</u>
313 N.E. 21st                    P.O. Box 607
Okla City ok. 73105          Muskogee ok. 74402-0607

[s] James Egell III

Note:   <u>Oklahoma Departments of Correction</u>, recently expressed contraband phones are a security threat and public safety threat because inmates use them to commit crimes and plot violence both in and out of prison:

<u>Correctional official</u>, that transfer plaintiff illegally without due process to prevent lawsuit and punish plaintiff labelling management problem from medimum security to Supermax private prison were plaintiff is label a snitch for filing grievances on condition of confinement is a security threat created by prison official:

<u>Prison Official</u> has established a security threat based on inmates crimes and plots of violence, now plaintiff has established Imminet Danger that is adverse to public interest plaintiffs First Misconduct issued August. 29, 2019 was for Refuse Housing but on October 25, 2019 plaintiff was forced to move as plaintiff was forced to stay by defendants 8-29-19 by now every prison in Oklahoma Department of Correction knows plaintiff has been label a snitch and now a catch-out:

Plaintiff request his preliminary injunction be granted (1) plaintiff exhausted grievances (2) the defendant intentional attempted to block the courts by denial of required notary (3) plaintiff recieved 3 retaliatory misconducts Aug. 29, 19 ; Nov. 13, 19 and Jan. 2, 2020 (4) plaintiff has been label a snitch for filing grievances as a prose plaintiff (5) Since defendants at D.C.F has created this Imminet Danger plaintiff should be order placement on D.C.f medimum security without Maximum points (6) If plaintiff suffer any injury related to any of the above violations plaintiff be allowed to Amend preliminary to permonent injunction and each violation be set at $500: one hair on his head injury

[s] James Egell

6

on (D.C.F) medimum security yard Immediately! D.O.C population transfer plaintiff from [J.C.C.C] on May 3, 2018 based on W.D. Case No. CIV.-20-226-G See [doc 18] Order August. 20, 2020 all misconduct should be ordered expungement from May. 3, 2018 they would have never happened.

## Certification of Mailing

I James Ezell declare that on 21th day of Sept. 2020 (a) true original copy of above was mailed to [Court Clerk P.O. Box 607 Muskogee OK. 74402-0607] by U.S postage fix placed in mailroom hands also (i) copy provided for purpose of a returned process copy as well as a exact copy be provided to [Office of Attorney General] this document includes a total of 20 page Exhibits, (D) and (E) affidavits must be attached to all copies to make complete.

/s/ James Ezell III

Note: Mailroom Supervior Ms West see [doc 56-4] and mailroom Staff, C/o Kinner and C/o Parish should be issued Preliminary Injunction protection as well as all prisoner that has provided affidavits.
Note: Ms. Polkinhorn Kept original page 3 of 3 affidavit after mix up on dates. corrected

In The United States District Court For
The Eastern District Court of Oklahoma FILED

James Ezell
    Plaintiff

SEP 24 2020

PATRICK KEANEY
Clerk, U.S. District Court

By_____ Deputy Clerk

V.

6:19-cv-00302-JFH-SPS

Damon Hininger et.al
    Defendants

Plaintiff First Issuance of Preliminary Injunction, And
Order To Show Cause(Why) A PERMANENT INJUNCTION
Should Not issue Pursuant To Fed.R.CIV.P. Rule 65a

Comes Now Plaintiff James Ezell with limited Knowledge of law(prose)
requesting this Honorable Court issuance of the above, and upon
considering Fed.R.CIV.P. 65(d)(2) granting plaintiff a Permanent
Injunction See[doc 99] filed 5-15-2020. Preliminary Injunction/Permanent

PRELIMINARY STATEMENT OF FACTS

Part 1    There is basis for"Plaintiff's" request of this Honorable Court
today, tomorrow and every year after on July. 8, 2020 % Kinner
conducted a cell search on "Echo Alpha" plaintiff housing cell EA-219
on July 9, 2020 plaintiff recieves a misconduct appeal back from
named defendant newly assigned Warden Mark Gentry and Ms Underwool G.C
as disciplinary coordinator % Sgt. keys all actual defendants D.C.F See.
Exhibit (A-1) relevant (A-3)  See. Exhibit (B) 1, (B) 2 and plaintiff affidavit
(B) 3.          Note:  Exhibit (B) 1 Emergency Grievance

312

After C/o Lindsay was returned from high ranking official questioning on 7-10-2020 she went door to door on Echo Alpha telling other offenders that plaintiff was a "Snitch" and writing statements on her / fake kites this is what the (prison official) now days use and incourage to protect their patterns of practice threats and intimidation. The C/o Lindsay move is a 'Permanent issue' that the plaintiff has to deal with the rest of his prison time 'serious injury or death' which the "PLRA" is very clear plaintiff a prisoner do understand that the above alone could deter and or make any administrative remedy unavailable plaintiff request for the issuance of preliminary injunction should be granted on those threats, See [doc 99] filed [5-15-2020]. The Imminent Danger that 4/m Ade chef of Security K. Brown 4/m Pfaff and Smith pose, Mental Health etc.

Plaintiff addressed C/o Lindsay action on 7-11-2020 with Chef of Security K. Brown on Echo Alpha rounds and on 7-12-2020 with Deputy Warden Perez on Echo Alpha round as well as Warden Gentry on 7-13-2020 on Echo Alpha rounds. Pursuant to Fed. R. Civ. P. 65(d)(2) plaintiff must make a showing of active concert and or participation.

<u>Relevant to Part 1 and Part 2</u>

Furthermore, after plaintiff filed his Motion for Summary Judgment [doc 113] and respondant response at [doc 116] plaintiff Reply only to be specifically on point with Summary Judgment as matter of law providing affidavit to facts undisputed in support [doc 56-4] pages 10-14] i.d. at 14] grievance # 2019-1001-00344, 00343 and [00342] Very relevant to Ms. Hoover denying Notary under direction

Ms Underwood those (3) grievance was returned unlodged in regular
mail after Mailroom Supervisor Ms. West had verified by (inmate request)
provided August. 29, 2019, all grievances id. at see [doc 56-4] page 14]
returned on Sept. 13, 2019 Y officer lodged in Unit lodge book, upon Ms. West
return from trainning plaintiff show Ms. West mailroom supervisor and she
tok those grievances back, with authority"

Part 2                             PRELIMINARY STATEMENT

See    Exhibit 1 Affidavit

On August. 7, 2020 almost a year later plaintiff provided (5)
grievances to Mailroom supervisor to place in Ms. Underwood's mailbox
August 10, 2020 due too see[doc 56-4] page 14] (2) of those (5)
grievances were left unstaple sa Ms West mailroom super visor
would have to go to F.B. desk to staple those (2) grievance
on video to protect my first amendment right have "proof" at
least (2) grievances were turned in by plaintiff on August. 7, 2020
from F.B. 111 to Ms. West For ms Underwoods mailbox August. 10, 2020.
See Exhibit C-1 (inmate request) provided to Ms. West August. 7, 2020
signed by Ms. Under wood August 25, 2020, But see Exhibit C-2
(inmate request) dated August. 24, 2020 to mail room, Ms. West responded,
See also August. 20, 2020 (1) grievance was returned in regular mail
unlodge again however it went to F.B. 114 offender Ricky White
on August. 21, 2020 Mr. White sent that grievance by C/o Crow
to plaintiff in his housing assign cell F.B. 111 See Exhibit C-3
affidavit by Ricky White. See also affidavit by Jeremy Shomaker
Exhibit D  see affidavit by Taquarian Washington exhibit E

3                                                           314

Pursuant to Fed. R. Civ. P. (d)(2). A plaintiff must make such a showing
that requires proof of alter ego, collusion, or identity of interest.

The O.D.O.C, James Crabtree Correctional Center and CEO of Core Civic
Davis Correctional Facility are all parties to this action. See also
Western District of Oklahoma Case # 5:20-CV-00226-G at [doc 18] the
disciplinary coordinator/ and hearing officer James Nall defendant in
both CV-00226-G, E.D 6:19-CV-00302   combined relevant to part 1 and 2]
See. Reliance Ins Co. v. Mast Constr. Co., 54 F.3d 313, 377 (10th Cir 1996)

Plaintiff also refers to [Doc 104] Third Motion for Appointment of
Counsel  see McCarthy v. Weinberg 753 F.2d 836; 1985 citing
Maclin v. Freake 650 F.2d at 889  the court in Maclin i.d. at 887-88;
Peterson v. Nadler, 452 F.2d 754 (8th Cir 1971) (plaintiff, a prisoner
was unable to investigate claim for fraudulent conversion); Shield
v. Jackson, 570 F.2d 284 (8th Cir 1978) (appointment of counsel would
assit in investigation and advance proper administration of justice).

Plaintiff would hope the court See threats of a prisoners life,
(pro se) litigate intimidation of witness a denial of preliminary
injunction issuance is unnecessary (a) denial of counsel would
result in fundamental unfairness, impinging on due process rights.

## Plaintiff Relief Requested

1. Warden Yates and Ms. Underwood should have both been unemployee
from Core Civic Davis Correctional Facility, in the above events

Warden Yates was removed, from D.C.F Core Civic.

2. The now New Warden Gentry and Ms Underwood should be both unemployee removed Immediately for the continue pattern of constitutional violation deliberately related to grievance process

3. The D.C.f Law Library must make rounds Mon-Friday per OP030115 by escort of trained law clerk to directly assist offender; the grievance coordinator must have a grievance/appeal mailbox posted on every unit for coordinator personel pick up per OP090124 XI. Confidentiality and Use.  C/o C. Lindsay threats intimidation should be unemployee Immediately for Imminent Danger she pose" allowed by Warden Gentry.

4. The Oklahoma Department of Correction OP-060125 has allowed [J.C.C.C] Jason Bryant, James Nall disciplinary hearing officer to violate plaintiff constitutional right a pattern followed by [D.C.F] Warden disciplinary hearing officer G. Robinson must be removed as well as a thorough investigation of nepotism within the system".

5. [0.D.O.C] addressed the (S.T.G) at (D.C.F) which was express Imminent Danger in Original Preliminary Injunction concerning Phrase Unit still has not ended," and form general population Unit".

6. C/o Sgt. Key disciplinary coordinator, C/o McConnell disciplinary coordinator both gave false testimony statement unsupport by video footage here at (D.C.F); U/M Martinez, directed C/o Morgan to write a mis- conduct unsupported by video which C/o Odum wrote a false statement unsupported by video must stop James Nall has placed plaintiff Supermax preventing his commutation.

## Conclusion

Plaintiff request for issuance of a preliminary injunction permanent injunction / the defendant be Ordered to place plaintiff

## Certification of Mailing

I declare that on ___ of ___ 2020 a true original injunction from prose plaintiff mailed by U.S. postage fixed placing in D.C.F mailroom hands for mailing to U.S. District Court clerk. For fear of those acting in concert and denial of D.C.F Law access and or further retaliatory action by staff, under penalty of perjury pursuant to 28 U.S.C § 1746 [s] James Ezell Copy mailed to *Attorney General Office* and Court Clerk
    313 N.E. 21st          P.O. Box 607
    Okla City Ok. 73105    Muskogee ok. 74402-0607
                                    [s] James Ezell III

Note:  OKlahoma Departments of Correction, recently expressed contraband phones are a security threat and public safety threat because inmates use them to commit crimes and plot violence both in and out of prison:

Correctional official, that transfer plaintiff illegally without due process to prevent lawsuit and punish plaintiff labelling management problem from medimum security to Supermax private prison were plaintiff is lobel a snitch for filing grievances on condition of confinement is a security threat created by prison official:

Prison Official has established a security threat based on inmates crimes and plots of violence, now plaintiff has established Imminet Danger that is adverse to public interest plaintiffs First Misconduct issued August. 29, 2019 was for Refuse Housing but on October 25, 2019 plaintiff was forced to move as plaintiff was forced to stay by defendants 8-29-19 by now every prison in Oklahoma Department of Correction Knows plaintiff has been label a snitch and now a catch-out:

Plaintiff request his preliminary injunction be granted (1) plaintiff exhausted grievances (2) the defendant intentional attempted to block the courts by denial of required notary (3) plaintiff recieved 3 retaliatory misconducts Aug. 29, 19 ; Nov. 13, 19 and Jan. 2, 2020 (4) plaintiff has been label a snitch for filing grievances as a prose plaintiff (5) Since defendants at D.C.F has created this Imminet Danger plaintiff should be order placement on D.C.f medimum security without Maximum points (6) If plaintiff suffer any injury related to any of the above violations plaintiff be allowed to Amend preliminary to permonent injunction and each violation be set at $500: one hair on his head injury

                                    /s/ James Ezell

6

317

on (D.C.F) medimum security yard Immediately! D.O.C population
transfer plaintiff from [J.C.C.C] on May. 3, 2018 based on W.D.
Case No. CIV.-20-226-G See [doc 18] Order August. 20, 2020 all
misconduct should be ordered expungement from May. 3, 2018
they would have never happened.

## Certification of Mailing

I James Ezell declare that on 21th day of Sept. 2020 (a) true
original copy of above was mailed to [Court Clerk P.O. Box 607
Muskogee Ok. 74402-0607] by U.S postage Fix placed in mailroom hands
also (1) copy provided for purpose of a returned process copy as well
as a exact copy be provided to [Office of Attorney General] this document
includes a total of 20 page Exhibits, (D) and (E) affidavits must
be attached to all copies to make complete.

/s/ James Ezell III

Note: Mailroom Supervisor Ms West see [doc 56-4] and mailroom staff,
C/o Kinner and C/o Parish should be issued Preliminary Injunction
protection as well as all prisoner that has provided affidavits.
Note: Ms. Polkinhorn kept original page 3 of 3 affidavit after mix up
on dates. corrected

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

JAMES EZELL, III,

                  **Plaintiff,**

vs.                              **Case No. CIV-19-302-JFH-SPS**

JAMES YATES, et al.,

                  **Defendants.**

---

**DEFENDANTS' RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF
COUNSEL [DOC# 121]**

---

COME NOW Defendants Ade, Bullock, Gentry, Hininger, Hoover, Keys, Patterson, Perez, Pfaff, Pierce, Smith, Underwood, and Yates by and through their attorney of record Darrell L. Moore, OBA 6332, of J. Ralph Moore, P.C., hereby responding in opposition to the Plaintiff's Motion for Appointment of Counsel [Doc. No. 121]. In support of their opposition and objection to Plaintiff's Motion, Defendants state as follows:

1.      Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections. He appears pro se and *in forma pauperis*. He has filed with this Court a civil complaint alleging Defendants violated his constitutional rights.

2.      The federal statute providing for *in forma pauperis* complaints, 28 U.S.C. §1915(d), states the Court may request an attorney represent any person unable to employ counsel. However, the law does not *require* an attorney be appointed by this Court to represent Plaintiff.

3.     The appointment of counsel under section §1915(d) is within the sound discretion of the District Court. *See* McCarthy v. Weinberg, 753 F.2d 836 (10th Cir.1985); Blankenship v. Meachum, 840 F.2d 741, 743 (10th Cir.1988); Miller v. Glanz, 948 F.2d 1562, 1572 (10th Cir. 1991).

4.     In Rucks v. Boergemann, 57 F.3d 978, 979 (10th Cir. 1995), the Court identified several factors to be considered in evaluating a request for appointment of counsel - the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims. The Court also cited to Tabron v. Grace, 6 F.3d 147 (3rd Cir. 1993), wherein general standards regarding the appointment of counsel for inmates pursuing a civil action *in forma pauperis* were carefully discussed by the Third Circuit Court of Appeals – i.e., the plaintiff's capacity to present his or her case (his education, literacy, prior work experience, prior litigation experience, ability to understand English, and the restraints placed upon him or her by confinement); the difficulty of the particular legal issues; the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation; whether the case is likely to turn on credibility determinations; and, whether the case will require testimony from expert witnesses.

5.     This case remains in the early stages of development.  On January 21, 2020, these responding Defendants requested an Order issue from this Court directing a stay and for the preparation and filing of a *Special Report* [Doc. No. 76]. Subsequent to that filing, Plaintiff began an appeal of the District Court's denial of his second

application for appointment of counsel.  That appeal has since been dismissed by the appellate court. [Doc. No. 90]

6.      In support of Plaintiff's current application for appointment of counsel, Plaintiff seems to suggest that his ability to communicate with an attorney (Mike Arnett) has been thwarted.  Though Plaintiff contends he had a call with an attorney on July 2, 2020, Plaintiff does not contend that the attorney has agreed to or intends to enter an appearance on Plaintiff's behalf.  Instead, Plaintiff simply seems to suggest that he has been unable to keep an attorney (who has not entered an appearance on his behalf) updated on this case.

7.      Using the factors previously articulated by the Tenth Circuit Court of Appeals, Plaintiff has not demonstrated an inability to litigate without the assistance of an attorney.  In fact, a simple review of Plaintiff's current and previous filings show that Plaintiff is familiar with the procedures necessary to navigate the Court system. Plaintiff's Third Motion for Counsel is document number 104 in this action.   Plaintiff has filed numerous motions and other pleadings.  Plaintiff has also litigated previous cases with the United States District Courts in Oklahoma - Eastern District Court Case No. CIV-12-133 and Western District Court Case Nos. CIV-10-1382, 11-390, 11-1130 and a habeas corpus action, CIV-20-226.

8.      Plaintiff has not presented to the Court circumstances warranting the appointment of counsel and has not demonstrated an exhaustion of his ability to prosecute this civil matter.

9.      Appointment of counsel under §1915(d) may be made at any point during litigation.  If this Honorable Court denies Plaintiff's request at this time, nothing in that

denial would prevent the Plaintiff from making application for appointment of counsel at

a later date.

      WHEREFORE, premises considered, Defendants ask that this Honorable Court

deny Plaintiff's motion for appointment of counsel and grant Defendants such other and

further relief as the Court may deem just and equitable.

                    Respectfully submitted, Defendants
                    Ade, Bullock, Gentry, Hininger, Hoover,
                    Keys, Patterson, Perez, Pfaff, Pierce, Smith,
                    Underwood, and Yates

                    By:_____
                    Darrell L. Moore, OBA #6332
                    J. Ralph Moore, P.C.
                    P.O. BOX 368
                    PRYOR, OK  74362
                    (918) 825-0332/7730 fax
                    Attorney for Defendants

### *Certificate of Service*

☐  I hereby certify that on September 24, 2020, I electronically transmitted the
attached document to the Clerk of Court using the ECF System for filing.  Based on the
records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to
the following ECF registrants:

☑  I hereby certify that on September 24, 2020, I served the attached document by
regular US Mail on the following, who are not registered participants of the ECF System:

James Ezell, III, DOC# 237370
Davis Correctional Facility
6888 E 133rd Rd
Holdenville, OK 74848-9033

                    *s/Darrell L. Moore*_____
                    DARRELL L. MOORE

In The United States District Court For
The Eastern District Court of Oklahoma **FILED**

James Ezell
    Plaintiff

SEP 28 2020

PATRICK KEANEY
Clerk, U.S. District Court

By_____
    Deputy Clerk

V.

6:19-cv-00302-JFH-SPS

Damon Hininger et.al
    Defendants

Plaintiff First Issuance of Preliminary Injunction, And
Order To Show Cause (Why) A PERMANENT INJUNCTION
Should Not issue Pursuant To Fed. R. CIV. P. Rule 65a

Comes Now Plaintiff James Ezell with limited knowledge of law (prose)
requesting this Honorable Court issuance of the above, and upon
considering Fed. R. CIV. P. 65(d)(2) granting plaintiff a Permanent
Injunction See [doc 99] filed 5-15-2020, Preliminary Injunction/Permanent

PRELIMINARY STATEMENT OF FACTS

Part 1    There is basis for "Plaintiff's" request of this Honorable Court
today, tomorrow and every year after on July. 8, 2020 % Kinner
conducted a cell search on "Echo Alpha" plaintiff housing cell EA-219
on July 9, 2020 plaintiff recieves a misconduct appeal back from
named defendant newly assigned Warden Mark Gentry and Ms Underwood G.C
as disciplinary coordinator % Sgt. keys all actual defendants D.C.F see.
Exhibit (A-1) relevant (A-3)  See. Exhibit (B) 1 (B) 2 and plaintiff affidavit
(B)3.      Note:   Exhibit (B)1 Emergency Grievance

After % Lindsay was returned from high ranking official questioning on 7-10-2020 she went door to door on Echo Alpha telling other offenders that plaintiff was a "Snitch" and writing statements on her / fake Kites this is what the (prison official) now days use and incurage to protect their patterns of practice threats and intimidation. The % Lindsay move is a 'Permanent issue' that the plaintiff has to deal with the rest of his prison time 'serious injury or death' which the "PLRA" is very clear plaintiff a prisoner do understand that the above alone could deter and or make any administrative remedy unit unavailable plaintiff request fur issuance of preliminary injunction should be granted on those threats. See [doc 99] filed [5-15-2020]. The Imminent Danger that 4/m Ade chief of Security K.Brown %m Pfaff and Smith pose, Mental Health etc,

Plaintiff addressed % Lindsay action on 7-11-2020 with Chief of Security K.Brown on Echo Alpha rounds and on 7-12-2020 with Deputy Warden Perez on Echo Alpha round as well as Warden Gentry on 7-13-2020 on Echo Alpha rounds, Pursuant to Fed.R.Civ.P. 65(d)(2) plaintiff must make a showing of active concert and or participation.

              Relevant to Part 1 and Part 2

Furthermore, after plaintiff filed his Motion for Summary Judgment [doc 113] and respondent response at [doc 116] plaintiff Reply only to be specifically on point with Summary Judgment as matter of law providing affidavit to facts undisputed in support [doc 56-4] pages 10-14] i.d. at 14] grievance # 2019-1001-00344, 00343 and [00342] very relevant to Ms.Hoover denying Notary under direction

Ms Underwood those (3) grievance was returned unlodged in regular mail after Mailroom Supervior Ms. West had verified by (inmate request) provided August. 29, 2019, all grievances i.d. at see [doc 56-4] page 14] returned on Sept. 12, 2019 4/ officer lodged in Unit lodge back, upon Ms. West return from trainning plaintiff show Ms. West mailroom supervior and she tuck those grievances back, with authority".

Part 2                            PRELIMINARY STATEMENT

See    Exhibit 1 Affidavit

On August. 7, 2020 almost a year later plaintiff provided (5) grievances to Mailroom supervior to place in Ms. Underwoods mailbox August 10, 2020 due too see [doc 56-4] page 14] (2) of those (5) grievances were left unstaple so Ms West mailroom super vior would have to go to F.B. desk to staple those (2) grievance on video to protect my first amendment right have "proof" at least (2) grievances were turned in by plaintiff on August. 7, 2020 from F.B. 111 to Ms. West For ms Underwoods mailbox August. 10, 2020. See Exhibit C-1 (inmate request) provided to Ms. West August. 7, 2020 signed by Ms. Underwood August 25, 2020, But see Exhibit C-2 (inmate request) dated August, 24, 2020 to mail room, Ms. West responde). See also August. 20, 2020 (1) grievance was returned in regular mail unlodge again however it went to F.B. 114 offender Ricky White on August. 21, 2020 Mr. White sent that grievance by 4/. Crow to plaintiff in his housing assign cell F.B. 111 See Exhibit C-3 affidavit by Ricky White. See also affidavit by Jeremy Shomaker Exhibit D see affidant by Taquarian Washington exhibit E

3                                                                              325

Pursuant to Fed. R. Civ. P. (d)(2). A plaintiff must make such a showing that requires proof of alter ego, collusion, or identity of interest.

The O.D.O.C, James Crabtree Correctional Center and CEO of Core Civic Davis Correctional Facility are all parties to this action. See also Western District of Oklahoma case # 5:20-CV-00226-G at [doc 18] the disciplinary coordinator/ and hearing officer James Nall defendant in both CV-00226-G, E.D 6:19-CV-00302   combined relevant to part 1 and 2]
     See. Reliance Ins Co. v. Mast Constr. Co., 84 F.3d 372, 377 (10th Cir 1996)

Plaintiff also refer to [Doc 104] Third Motion for Appointment of Counsel   see McCarthy v. Weinberg 753 F.2d 836 885; 1985 citing Maclin v. Freake 650 F.2d at 889  the court in Maclin i.d. at 887-88; Peterson v. Nadler, 452 F.2d 754 (8th Cir 1971) (plaintiff, a prisoner was unable to investigate claim for fraudulent conversion); Shield v. Jackson, 570 F.2d 284 ( 8th Cir 1978) (appointment of counsel would assit in investigation and advance proper administration of justice).

Plaintiff would hope the court see threats of a prisoners life, (pro se) litigate intimidation of witness a denial of preliminary injunction issuance' is unnecessary (a) denial of counsel would result in fundamental unfairness, impinging on due process rights.

### Plaintiff Relief Requested

1. Warden Yates and Ms. Underwood should have both been unemployee from Core Civic Davis Correctional Facility, in the above events

4

Warden Yates was removed, from D.C.F Core Civic.

2. The now New Warden Gentry and Ms Underwood should be both unemployee removed Immediately for the continue pattern of constitutional violation deliberately related to grievance process

3. The D.C.F Law Library must make rounds Mon- Friday per OP030115 by escort of trained law clerk to directly assist offender; the grievance coordinator must have a grievance/appeal mailbox posted on every unit for coordinator personel pick up per OP090124 XI. Confidentiality and Use.  C/o C. Lindsay threats intimidation should be unemployee Immediately for Imminent Danger she pose" allowed by Warden Gentry.

4. The Oklahoma Department of Correction OP.060125 has allowed [J.C.C.C] Jason Bryant, James Nall disciplinary hearing officer to violate plaintiff constitutional right a pattern followed by [D.C.F] Warden disciplinary hearing officer G. Robinson  must be removed as well as a thorough investigation of nepotism within the system".

5. [O.D.O.C] addressed the (S.T.G) at (D.C.F) which was express Imminent Danger in Original Preliminary Injunction concerning Phrase Unit still has not ended," and form general population Unit

6. C/o Sgt Key disciplinary coordinator, C/c McConnell disciplinary coordinator both gave false testimony statement unsupport by video footage here at D.C.F) U/m Martinez directed C/o Morgan to write a mis conduct unsupported by video which C/o Odum wrote a false statement unsupported by video must stop James Nall has placed plaintiff Supermax preventing his commutation

## Conclusion

Plaintiff request for issuance of a preliminary injunction permanent injunction / the defendant be Ordered to place plaintiff

## Certification of Mailing

I declare that on 2nd of Sept. 2020 a true original injunction from prose plaintiff mailed by U.S. postage fixed placing in D.C.F mailroom hands for mailing to U.S. District Court clerk. For fear of those acting in concert and denial of D.C.F Law access and or further retaliatory action by staff, under penalty of perjury pursuant to 28 U.S.C § 1746 [s] James Ezell

Copy mailed to Attorney General Office   and   Court Clerk   by way of Court Clerk

313 N.E. 21st                P.O. Box 607
Okla City OK. 73105          Muskogee OK. 74402-0607

[s] James Ezell III

Note:  Oklahoma Departments of Correction, recently expressed contraband phones are a security threat and public safety threat because inmates use them to commit crimes and plot violence both in and out of prison :

Correctional official, that transfer plaintiff illegally without due process to prevent lawsuit and punish plaintiff labelling management problem from medium security to Supermax private prison were plaintiff is label a snitch for filing grievances on condition of confinement is a security threat created by prison official :

Prison Official has established a security threat based on inmates crimes and plots of violence, now plaintiff has established Imminet Danger that is adverse to public interest plaintiffs First Misconduct issued August. 29, 2019 was for Refuse Housing but on October 25, 2019 plaintiff was forced to move as plaintiff was forced to stay by defendants 8-29-19 by now every prison in Oklahoma Department of Correction knows plaintiff has been label a snitch and now a catch-out :

Plaintiff request his preliminary injunction be granted (1) plaintiff exhausted grievances (2) the defendant intentional attempted to block the courts by denial of required notary (3) plaintiff recieved 3 retaliatory misconducts Aug. 29, 19 , Nov. 13, 19 and Jan. 2, 2020 (4) plaintiff has been label a snitch for filing grievances as a prose plaintiff (5) since defendants at D.C.F has created this Imminet Danger plaintiff should be order placement on D.C.f medium security without Maximum points (6) If plaintiff suffer any injury related to any of the above violations plaintiff be allowed to Amend preliminary to permanent injunction and each violation be set at $500 : one hair on his head injury

/s/ James Ezell

6

328

on (D.C.F) medium security yard Immediately! D.O.C population transfer plaintiff from [J.C.C.C] on May 3, 2018 based on W.D. Case No. CIV.-20-226-G See [doc 18] Order August 20, 2020 all misconduct should be ordered expungement from May. 3, 2018 they would have never happened.

## Certification of Mailing

I James Ezell declare that on 21th day of Sept 2020 (a) true original copy of above was mailed to Court Clerk P.O. Box 607 Muskogee OK. 74402-0607 by U.S postage fix placed in mailroom hands also (1) copy provided for purpose of a returned process copy as well as a exact copy be provided to [Office of Attorney General] this document includes a total of 18 pages Exhibit (D) and (E) affidavits must be attached to all copies to make complete 20 pages

B/ James Ezell III

Note: Mailroom Supervisor Ms. West see [doc 56-4] and mailroom staff C/o Kinner and C/o Parish should be issued Preliminary Injunction protection as well as all prisoner that has provide affidavits.
Note: Ms. Polkinhorn Kept original page 3 of 3 affidavit after mix up on dates corrected.

STATE OF Oklahoma }
County of Hughes    } SS.

SWORN AFFIDAVIT OF James Ezell

I James Ezell                being of lawful age duly sworn according to law gives the following statement under oath to-wit:

1. The affidavit, affiant never wrote a statement for the O.C.F internal affairs on C/o Lindsay however did make statements on (3) issued misconduct by her (one)of was appeal exhibit A-1)-(A-3) recieved back on 7-9-2020, and on 7-10-2020 C/o Lindsay came to Echo Alpha going door to door telling offenders the affiant was a "Snitch", on 7-11-2020 affiant address cheif of security Brown and on 7-12-2020 affiant address Deputy Warden Perez, affiant further states 7-13-2020 Warden Gentry was advise as well, "Emergency Grievance" filed 7-13-2020

2. The affiant further states that Jeremy Shomaker mail Emergency Grievance out in his name, on 7-16-2020 Shomaker was placed in Fox Bravo Segregation by noon per Deputy Warden Perez and by 3:11pm the affiant was placed in Segregation by 4/M Martinez for allegingly Running from or Resisting X-23 (3) days after Emergency Grievance filed video footage 7-16-2020 affiant asserts that the request of video footage is always requested, concerning C/o Lindsay exhibit (B-3) is affiant First statement that does not relate to a misconduct however Mental Health on 7-1-2020 Ms. Standford further affiant was told by Deputy Warden Perez on 7-12-2020 and on 7-14-2020 that the investigator would be to talk to plaintiff whom

page 1 of 3

Exhibit 1 affidavit    330

has never questioned affiant plaintiff.

3. The affiant states that Jeremy Shomaker, provide affidavit exhibit.
(D) affiant further states Taquarian Washington provide affidavit exhibit.
(E) as it concerns threats and intimidation "Imminent Danger" % Lindsay
poses to any (O.DO.C) offenders housed at (D.C.F), affiant would assert
and express that any employee that provides another offenders paper-
work / information that could be used to threaten a prisoner life is
another % Lindsay.

4. The affiant would assert that those that have provided affidavit
has been transfer and or retaliated on by DCF issued misconducts
Shomaker and Washington as well as Ricky White, Whites affidavit
exhibit (C-3), affiant now states that on August 7, 2020 affiant
also plaintiff in above case no. provide (5) grievances to mailroom
supervisor Ms. West (2) of those grievances were unstaple intentionally
by plaintiff so Ms. West would be on video footage at Fox Bravo
desk stapling those grievances picked up from F.B 111 plaintiff
on August. 7, 2020 Friday provided to Ms West by (inmate request)
dated August. 10, 2020 stating please place in Ms. Underwoods mailbox
on 8-10-2020 Five Grievances attachments Thank you exhibit (C-1)
Ms. West took all grievances toward fox Bravos desk, affiant further
states that on August. 20, 2020 (1) of the grievances provided to
Ms West came back in regular mail and went to F.B. 114
Ricky White cell and on August. 21, 2020 White provided plaintiff
grievance to unit % Crow to give James Ezell in F.B. 111 affiant
recieved that grievance at 5:48pm August. 21, 2020 Ms. West
had already did mail pick up for that day affiant asked

page 2 of 3

331

c/o Crow to sign stated that she could not do that, request video it will show.

5. The offiant prepared a (inmate request) on August. 21, 2020 for August. 24, 2020 mailroom explicitly about August. 7, 2020 (5) grievances "declared" and on August. 25, 2020 Notary Ms. Polkinghorn provided notary of (copied) originals the (originals) was not returned later Ms. West mailroom Supervisor came to F.B. 111 mail pick up and to address exhibit (C-2) with also exhibit (C-1) confused as affiant explain that (2) of these grievance was not staple to protect from what happened before (3) grievances you returned before from August. 29, 2019 on September 16, 2019 this the grievance that came back and went to F.B. 114 offiant then stated you went to desk to staple this one August 7, 2020 video footage "proof" affiant further states plaintiff [Reply] to Respondant Response at [Doc 116] citing [Doc 56-4] at pages 10,] c/o Parish, i.d. at 14] c/o Kinner and Ms. West lodging returned grievance 9-12-19 West returning 2019-1001-00344, 2019-1001-00343 and 2019-1001-00342 grievance on Ms. Hoover for denied Notary in Support of plaintiff Summary Judgment as matter of Law concerning PLRA" making offenders grievance process unable/ unavailable the above caused retaliation against employee's that lodge, verify and or don't agree with High Ranking Official Sexually harassing female officer I James Ezell III   declare that the above is true and correct under penalty of perjury to the best of my knowledge to add c/o Sgt. McConnell has provided false testimony in plaintiff disciplinary process here at U.c.f X-18 pursuant to 28 U.S.C § 1746 By James Ezell III
                                                                9-16-2020

                                        page 3 of 3



Plaintiff 1 of 3 pages back Notary /s/ offender James Ezell 9-16-2020

Subscribed and Sworn to this, day 16th of SEPT 2020
Notary Public /s/ Eugina R. Polkinhorn
# 18012228
exp date 12/10/2022                it of Sept verified 2020

EUGINA R. POLKINHORN
NOTARY
# 18012228
EXP. 12/10/22
STATE OF OKLAHOMA
PUBLIC

OFFENDER MISCONDUCT APPEAL FORM
FOR CLASS A & B MISCONDUCTS

Appeal # 2020-1001-2029-D

I.    Name of Offender: Ezell                          James                          _____
                         Last Name                     First Name                     M.I.

Violation  A-22        Offense Date 06/13/2020      Disposition Date 06/18/2020       DOC # 237370

II.    Review:

1.  N/A    Offender provided written notice of the charge.

2.  N/A    Offender provided at least 24 hours to prepare a response after receiving notice of the charge.

3.  Yes    Offender provided copies of evidence used. (except any confidential informant statements and only photocopies
           or written description of any physical evidence)

4.  Yes    Offender afforded the opportunity to call witness/es.

5.  Yes    Offender permitted to present documentary evidence.

6.  N/A    Offender permitted to meet with disciplinary coordinator.  If not, is there documentation as to why not?

7.  N/A    Was there a determination of the reliability of any confidential informant testimony?

8.  N/A    Is there a written explanation of the evidence used for a determination of guilt?

9.  N/A    Is there a written reason for the discipline imposed?

10. Yes    Is there "any/some" evidence of guilt?

11. N/A    If applicable, was a staff representative/mental health staff representative assigned?

12. N/A    No direct involvement in the alleged rule violation by the disciplinary coordinator?


Finding/Issues:

You allege you were not:

3.         provided copies of evidence and/or reports (except any confidential testimony/evidence) (You were provided copies of evidence and/or reports
as evidenced by Number 4 on the Disciplinary Coordinator's Report and Record of Delivery of copies of Evidence to Inmate. )
4.         permitted the opportunity to present relevant witness/es or to submit relevant written witness statements (You were permitted the opportunity
to present relevant witness/es or to submit relevant written witness statements as evidenced by the Disciplinary Coordinator's Report.)
5.         permitted to present relevant documentary evidence (You were permitted to present relevant documentary evidence as evidenced by Number
1 on the Disciplinary Coordinator's Report.)

You allege there was no:
4.         evidence (A copy of all of the reports and attachments were provided to you prior to the hearing as evidenced by Number 4 on the Disciplinary
Coordinator's Report and Record of Delivery of copies of Evidence to Inmate.)

Reviewer's Printed Name and Signature: _____   /7/8/2020
                                        Terry Underwood                   Date

III.   Facility Head Action:
1.  Affirm ☒          2.  Dismissed ☐        3.  Remand ☐           4.  Modified ☐

Printed Name and Signature  X _____          /7/8/2020
                               Mark Gentry, Warden                      Date

IV.                    _____ , 7-9-20
                       Offender Signature/Number        Date


                       _____ , _____
                       Staff Witness                      Date

                                                                    (A-1)

2029

## OFFENDER'S MISCONDUCT APPEAL FORM FOR CLASS A & B MISCONDUCTS

Date: 6-28-2020   Facility Housing Unit: EA-219   Facility Where Offense Occurred: DCF /Echo

Name: James Ezell III   DOC Number: 237370

Date of Offense: 6-13-20   Offense: Failure to obey   Class of Offense: A-02

Date of Disciplinary Decision: 6-18-20   Punishment Imposed: Phone 100 Attorney # block

Appeal Form Sent To: M. Gentry   Title: Warden

You must file your appeal to the facility head/district supervisor within 15 calendar days of receipt of DOC 060125, notifying you of finding of guilt and/or punishment. The appeal is a review and you are limited to those grounds below, you must identify which ground is the basis for your appeal. Any alleged failure to strictly follow department procedures is not grounds for appeal. You may use the back side of this form and, if necessary, no more than one 8½ x 11" page as an attachment. Do not attach copies of DOC or facility procedures or administrative memoranda, cases from law books, or any Department publication. Any issue not raised is waived. Appeals will be submitted in blue or black ink. Do not use highlighters. Do not write in the margins of this form.

## GROUNDS FOR APPEAL:

RECEIVED
JUL 01 2020
BY:

A.   I was not:

1.   ☐  provided written notice of the charge

2.   ☐  provided at least 24 hours to prepare a defense

3.   ☑  provided copies of evidence and/or reports (except any confidential testimony/evidence)

4.   ☑  permitted the opportunity to present relevant witnesses or to submit relevant written witness statements

5.   ☑  permitted to present relevant documentary evidence

6.   ☐  permitted to meet with the disciplinary coordinator prior to his/her decision

7.   ☐  provided a disciplinary coordinator who had no direct involvement in the alleged rule violation

B.   There was no:

1.   ☐  determination of the reliability of any confidential witness testimony

2.   ☐  written statement of the evidence utilized for a determination of guilt

3.   ☐  written reason for the discipline imposed

4.   ☑  evidence

5.   ☐  staff representative assigned (if applicable)

6-28-2020
_____   _____
Date Sent                          Signature of Offender

DOC 060125L-1
Page 1 of 2

(A-2)
back
(A-3)
335

First offender Ezell would like to bring to Facility Head attention this 9/0 Lindsay had suggested that I take a few misconduct to make her look good I told 9/0 Lindsay I was not down with that she referred to her "investigation". Second she would even write the misconduct to reflect Class A's

Sec. offense report by 9/0 Lindsay offense A-22, but D.O.C Acts constituting rule violation is very clear X-23 is the Language of offense report which should have been corrected to reflect (OP-060125 11.D.) Section 11 of (offense report) D.C.F Supervisor X-23 Sgt. Keys did not amend X-23 to A-22, because he is without authority that argument is material to offenders right to have D.O.C review rule violations per policy.

Sec. also (OP-060125 11. B.) Occurrence of disciplinary Infraction, Constituting rule violation Normally, only one offense report will be written per incident as Infraction continue the above offense report argument written offender must refuse restraints First to not allow a search i.e of rule violation X-23 a offense appealable to D.O.C. But see offense report A-08 offense and (OP-060125.111. 6. b.) states:
An investigation will be performed by speaking to the accused inmate, and any witness who has not yet provided a written statement or whose statement is not understandable or legible — the offense report written by 9/0 Lindsay is written as a A-22 but no way does the language support A-22 when rule violation is X-23; 9/0 Sgt. Keys did not provide witness statement from (1) 9/0 Lindsay (2) 9/0 LT. Siemens nor did this Sgt Keys, return affidavit prepared by offender Ezell provided to him on June 16, 2020 See. 060125B Disciplinary Coordinator Report on June. 17, 2020 his additional Facts of lies —
Disciplinary coordinator Keys also the hearing officer refused to provided

But see.
Grounds For Appeal Class X offenses are appealable to P.O.C 060125

Acts constituting rule violation X-23

A. I was not:

#3 provided copies of evidence
See OP-060125.111. 6. b.) proof copy of disciplinary coordinator report

#2
H/s Siemen statement
9/0 Lindsay statement
offender affidavit was not returned
#4 permitted the opportunity to present relevant witnesses or to submit relevant written witness statement
#5 documentary evidence of 6-13-20 (no restraints was produce)

B. There was no:

#4 evidence
See (investigator coordinator report) 060125.B. at #2
intentionally done by Key because offender express he never refused to submit to restraints 9/0 Lindsay never verbally submitted any restraints nor did L.T. Siemen give a verbal directive or produce video would have shown no restraints produced.

Copy 1 of 2   (A-3)

## INMATE/OFFENDER GRIEVANCE

Grievance no. _____

Grievance code: _____

Response due: _____

*Emergency Grievance*
*+*
*Sensitive Grievance*

**DO NOT WRITE ABOVE THIS LINE**

Date __7-10-20__   Facility or Unit __Echo__

Name __James Ezell__   Facility Housing Unit __Echo AIF__
(Print)

DOC Number __237370__   Date "Request to Staff" response received: __N/A__

Have you previously submitted a grievance on this same issue? __No__ If yes, what date __N/A__, facility __N/A__, grievance # __N/A__. You must submit this completed original within 15 days of the receipt of the response to the "Request to Staff." The "Request to Staff" must have been submitted within 7 days of the incident. Do not include/attach anything to this grievance except the "Request to Staff" including the response. You may quote from or make reference to statutes, operations, field, or administrative memoranda, department publications (time sheets, inventory forms, assessments, etc.). You will be permitted only one opportunity to correct any error(s) made in submitting your grievance.

1. The nature of your complaint. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per grievance. Use backside of this page only, if necessary. On 7-10-20 Echo Maximum Unit Unit 4/o Lindsay was pulled off Unit after 10am count did not return until around after 3pm to Echo AIF at abt. 4:30pm 4/o shelby brought offender Ezell a sack lunch to EA-219; shortly after I could hear foodports I know for a fact that at abt. 5:58pm-6pm at EA-218-EA-220-EA-221 4/o Lindsay put her face in EA-218 foodport and told then EZELL in 219 was snitching. when 4/o Lindsay got to ⟶

2. Informal action taken (including dates) to resolve the complaint, as well as the names of those employees from whom you sought an answer to your grievance.
on 6-17-2020 4/c Golden doorside EA
on 6-18-2020 4/m Martinez doorside EA
on 7-1-2020 Mental Health Ms. Standford referring to 4/m Martinez i.d. "Mental Health"
on 7-1-2020 chief of Security K. Brown doorside
on 6-24-20 Appeal 2020-1031-2029-D
on 7-9-20 I signed received 2099-0 — See 7-10-20

3. The action you believe the reviewing authority may lawfully take. for this facility to have acknowledge 4/o Lindsay was under investigation by this facility of that any and all incidents considering her investigation she could easily put a hit on my life, favor for favor or used by this administration to intimidate for other reasons Allow her to cause a riot in prison system Labeling offender snitches ⟶

Grievance report sent to (warden/facility head/deputy director/correctional health services administrator):

Name __Scott Crow__   Title __Director__

Signature of Grievant __James Ezell III__   Date Sent to Reviewing Authority __7-13-20__

DOC 090124A (R 4/19)

1. Original to file
2. Copy to inmate/offender

(B) 1

→ EA-221 Offender asked a question ? C/o Lindsay stated man it a Snitch on Unit then
that offender said who on officers C/o Lindsay said 219, "and how were I affected"
Mentally to label a prisoner is a threat on his life, a form of intimidation after
that some prisoners turn against offender Ezell <u>Sensitive</u> to Ranking official conspirer in
intimidation, <u>Emergency Grievance</u> base on the Imminent Danger this C/o pose to
security and threat on anyone she labels a <u>Snitch</u> !!

→ is serious,

(B)2

STATE OF OKLAHOMA )
)
) ss.
COUNTY OF Hughes )

### SWORN AFFIDAVIT   James Ezell

I James Ezell being of lawful age duly sworn according to law gives the following statement under oath to-wit:

1. The affiant states on 7-10-20 C/o Lindsay returned to Echo Alf Unit as she served sacks at dinner at about 4:40pm starting time she went door to door placing her face in offenders food port telling them offender Ezell was writing statements on her with fake kites; and once C/o Lindsay made it to Echo Alf EA-218 she opened the food port placed her face level spoke these words snitch in 219 is all I made out she said more; time at about 5:58pm at 218 7-10-20. Once C/o Lindsay made it to EA-221 she was bold she said in response to questions their is a snitch on Unit, the offender asked who C/o's? C/o Lindsay said no 219 at about 6pm by this time Sgt. Bunna walked up.

2. The affiant states now the above is his first statement written that does not relate to a misconduct concerning C/o Lindsay and has never provided a Fake Kite, as she told

I declare on 13th of July 2020 the above statement is wrote is true and correct under penalty of perjury pursuant to 28 U.S.C. § 1746 by /s/ James Ezell 7-13-2020

2 of 2 copied (B)3

## Inmate Request

Issues relating to any of the following areas must be submitted to the Law Library on a "Request to Staff" form: Discrimination, Classification, Complaint Against Staff, Condition of Confinement, Disciplinary Process, Legal, Medical, Property, Records/Sentence Administration, and Religion.

This form is not utilized for exhaustion of administrative remedies; you must use the "Inmate/Offender Grievance Process Request to Staff" for those issues.

TO: *Ms. West*  Facility/Unit: *D.C.P*  Date: *8-16-2020*
(Name/Title of Staff Member)

SUBJECT: State completely, but briefly, the request on which you desire assistance. This statement must be specific as to the request, dates, place, personnel involved. Only one request or incident per "Inmate Request" is allowed. The requests addressed on this form are for routine administrative matters such as request for wake-up call, replacement clothing, phone calls, scheduling special/legal visit, hygiene items, etc. Your failure to specifically state your request may result in this Inmate Request being returned denied.

*Please place in Ms. Underwood mailbox on ~~8-16-2020~~ five Grievances attachments*
*Thank you*

Name: *James Ezell*  DOC # *237370*  Unit & Cell # *F.B. 111*
(Print)
Signature: *James Ezell*  Work Assignment: _____

### DO NOT WRITE BELOW THIS LINE

DISPOSITION:
*Received 4 grievances not 5.*
*Ms Underwood*  *8/25/2020*
Staff Member   Date
*On 8/25/2020.*

DOC 030101A
(R 4/19)

340

## Inmate Request

Issues relating to any of the following areas must be submitted to the Law Library on a "Request to Staff" form: Discrimination, Classification, Complaint Against Staff, Condition of Confinement, Disciplinary Process, Legal, Medical, Property, Records/Sentence Administration, and Religion.

This form is not utilized for exhaustion of administrative remedies; you must use the "Inmate/Offender Grievance Process Request to Staff" for those issues.

TO: _Mailroom_____ Facility/Unit: _D.c.f_ Date: _8-24-2020_____
(Name/Title of Staff Member)

SUBJECT: State completely, but briefly, the request on which you desire assistance. This statement must be specific as to the request, dates, place, personnel involved. Only one request or incident per "Inmate Request" is allowed. The requests addressed on this form are for routine administrative matters such as request for wake-up call, replacement clothing, phone calls, scheduling special/legal visit, hygiene items, etc. Your failure to specifically state your request may result in this Inmate Request being returned denied.

On August 7, 2020 I provided you with 5 grievances to place in Ms. Underwood mailbox on August 10, 2020 verified all (5) you even staple 2 of the need attachment for me I never received that inmate request back"                                                        Thanks

Name: _James Ezell III_  DOC # _237370_  Unit & Cell # _F.B.111_
(Print)
Signature: _James Ezell_  Work Assignment: _____

### DO NOT WRITE BELOW THIS LINE

DISPOSITION:

picked up (1) grievance 8/26/20

_____        _____
Staff Member            Date

I James Ezell declare under penalty of perjury pursuant to 28 U.S.C § 1746 on above dates (and) dated this inmate request was placed in mailroom hands on 24 of Aug 2020 1s/ James Ezell III copy of 1 of 2

DOC 030101A
(R 4/19)

STATE OF OKLAHOMA COUNTY OF _Hughes_

**AFFIDAVIT**

I, _Ricky White_, residing at _DAVIS CORRECTIONAL_
_Facility_, do hereby under oath and penalty
of perjury, aver, affirm, state, and depose that:

ON THE ABOVE DATE 8-20-20 Thursday EVENING AT 7:00 OR 7:30
Oclock AT THE LOCATION CELL ON FOX BRAVO UNIT CELL-114
THIS UNKNOWN NAME FEMALE C/O OFFICER SHE WAS COMING AROUND
PASSING OUT MAIL AND SHE STOP AT MY CELL OPEN THE BEAN HOLE
AND SHE GAVE MY MAIL TO ME. SO LATER ON THAT NIGHT I
START LOOKING AT ALL MY MAIL I SAW SOME OTHER INMATE
NAME WITH MY MAIL HIS NAME WAS JAMES EZELL #237370
HIS MAIL WAS WITH MY MAIL. SO HOWEVER, IT WAS A GRIEVANCE
PROCESS Form that WAS WITH MY MAIL OF JAMES EZELL.
SO ON 8-21-20 FRIDAY EVENING THIS OTHER OFFICER C/O NAME
MRS. CRAW I GAVE HER MR. EZELL MAIL TO HER TO GIVE TO JAMES EZELL.
I DON'T KNOW WHY THIS UNKNOWN FEMALE OFFICER PUT J. EZELL
MAIL WITH MY MAIL I GUESS IT WAS A MISTAKE BUT ANYWAY
this WILL DELAY JAMES EZELL TO GET HIS GRIEVANCE
APPEAL TO THE ADMINISTRATIVE REVIEW AUTHORITY. I'M R. WHITE
IN CELL FB-114 IS A WITNESS OF INMATE JAMES EZELL MAIL
BEEN SO DELAY BECAUSE HIS GRIEVANCE PROCESS FORM WITH TO THE WRONG
CELL. THIS INFORMATION IS CONTRUE BY OTHER WITNESS TOO.

Affiant saith further: [ ] Yes; [ ] No.

_Ricky White_    8-25-20
(Affiant's Signature)

Subscribed and sworn to before me this 25th day of Aug. , 20 20

12/10/2022

(Comm. Expr. Date)

_Emparia R. Polkinghorn_
(Notary Public Signature)

(c) 3
342

THERE FORE, THE OTHER WITNESS IS OFFICER MRS.CRAW
SHE CAN VERIFY AND PROVED IT THAT SHE CAN
CONTRUE, IT THAT SHE DID GET A "GRIEVANCE PROCESS
FORM FROM CELL-FB-114.

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

JAMES EZELL, III,                                    )
                                                     )
                              Plaintiff,             )
                                                     )
v.                                                   )          No. CIV 19-302-JFH-SPS
                                                     )
DAMON HININGER, et al.,                              )
                                                     )
                              Defendants.            )

### OPINION AND ORDER

On September 9, 2019, Plaintiff, a pro se state prisoner, filed a civil rights complaint

pursuant to 42 U.S.C. § 1983 (Dkt. No. 1).  He alleged his constitutional rights were

violated while he was incarcerated at Davis Correctional Facility ("DCF"), a private prison

in Holdenville, Oklahoma.  On December 18, 2019, Plaintiff filed an amended complaint,

naming 23 defendants, including Correctional Officers Mr. Vance ("Vance") and Mr.

Adkins ("Adkins") (Dkt. No. 56).  All the defendants except Vance and Adkins were

served.

On June 1, 2020, the Court entered an Order directing Plaintiff to show cause why

Defendants Vance and Adkins should not be dismissed from this action for Plaintiff's

failure to serve them within 90 days after filing the complaint, pursuant to Fed. R. Civ. P.

4(m) (Dkt. No. 101).  Plaintiff filed a response on June 12, 2020, alleging these defendants

"fled" Davis Correctional Facility when the other defendants were served (Dkt. No. 105).

He further asserted he had been denied access to the courts, and he had received a

retaliatory misconduct. *Id.* He did not, however, explain how this denial prevented him from serving Defendants Vance and Adkins. Nonetheless, the Court found that Plaintiff had shown cause for his failure to serve Defendants Vance and Adkins. (Dkt. No. 110).

In an attempt to locate and serve Defendants Vance and Adkins, on July 17, 2020, the United States Marshals Service was directed to obtain the last known addresses for Defendants Vance and Adkins (Dkt. No. 111). Service then was attempted on these two defendants at their last known addresses (Dkt. Nos. 114, 115). According to the unexecuted summonses, Vance's summons was not accepted by the addressee (Dkt. No. 120), and Adkins could not be located (Dkt. No. 119).

Although service is ultimately Plaintiff's responsibility, the record shows he has made no additional attempts to serve these defendants. Further, the fact that the Marshals Service has been unable to effect service on Defendants Vance and Adkins does not amount to "good cause" for purposes of Fed. R. Civ. P. 4(m). *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007). While Plaintiff is entitled to service assistance from the Marshals Service, it is his responsibility to provide the Marshals Service with the information required to locate and serve each defendant. *Id.* After careful review, the Court finds that dismissal of Defendants Vance and Adkins is proper, because Plaintiff has failed to show good cause for his failure to serve them pursuant to Fed. R. Civ. P. 4(m).

**THEREFORE,** Defendant Vance and Defendant Adkins are DISMISSED WITHOUT PREJUDICE from this action.

**IT IS SO ORDERED** this 29th day of September, 2020.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

3

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JAMES EZELL, III,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIV-19-302-JFH-SPS** |
| | ) | |
| **DAMON HININGER, et al,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER STAYING PROCEEDINGS AND REQUIRING SPECIAL REPORT

The court has determined that an investigation and report would be helpful in determining whether there are any factual or legal bases for Plaintiff's claims. *See Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991); *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

(1) Officials responsible for the institution(s) involved in the alleged civil rights violation shall undertake a review of the subject matter of the complaint:

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution(s) or other appropriate officials to resolve the subject matter of the complaint; and

(c) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be taken up and considered together.

(2) In the conduct of the review, a written report shall be compiled and filed with

the court.   Authorization is granted to interview all witnesses including Plaintiff and appropriate officers of the institution(s).   Wherever appropriate, medical or psychiatric examinations shall be made and included in the written report.   Any rules and regulations pertinent to the subject matter of the complaint shall be included in the written report.

(3)     All pending motions in this case are hereby stricken without prejudice.   No applications, motions, or discovery should be filed or considered until the steps set forth in this Order have been completed, except as the court further orders.

(4)     It is desired that the report made in the course of this investigation be attached to and filed with Defendants' answer or dispositive motion.   **The report and Defendants' answer or dispositive motion, shall be filed no later than sixty days from this date.**

**IT IS SO ORDERED** this 29th day of September, 2020.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**

2

348

In The United States District Court
For The Eastern District of Oklahoma

James Ezell III
   Plaintiff

vs.          Case No CIV-19-JFH-SPS

James Yates et al
Mark Gentry Warden
    Defendants

FILED

OCT 15 2020

PATRICK KEANEY
Clerk, U.S. District Court
By_____ Deputy Clerk

Plaintiff Objection to ORDER
Pursaunt to 28 U.S.C § 636 (b) (1)
ORDER from (DKT 126)

Comes now plaintiff specifically identifing the portions
of his objection is made pursaunt Order issued September 29, 2020
(DKt No 119) and (DKt No 120) Vance and Adkins Dismissal. plaintiff
is a prisoner confined to 23hrs lockdown in no position to executed
summonses and or service before complaint was even Amended to Add
they had Fleed inwhich plaintiff has request appointment of Counsel
at (DKt 31) at (DKt. 77) and at (DKt. 104) plaintiff is in No position to
investigate or locate defendants.

I James Ezell declare under penalty of perjury on _7th_ of _Oct_ 2020
the above is true and placed in mailrooms hands for mailing to Court
Clerk of E.D. /S/ ___ ful Ezell ___