United States Court of Appeals
For The Tenth Circuit Court

James Ezell III
  Plaintiff

v.

DAMON HININGER
  Defendants

No. 23-7007
D.C 6:19-CV-00302-JFH-JAR
        E.D. OKLA

## Petitioner Notice the Instructions

If you proceed on appeal prose the court will accept a properly completed form A-12 in lieu of a formal brief. The plaintiff respectfully request accept this <u>Brief</u> as all of the arguements that petitioner wishes the court to consider in connection with this case.

New issues raised for the first time on appeal generally will not be considered. An appeal is not a retrial but rather a review of the proceedings in the district court.

The (prose) petitioner understand the form is intended to guide in presenting appellates issues and arguments to the court.

Now invoking <u>Hall v. Bellman</u>

Appellant's/Petitioner's Opening BRIEF

1. Statement of the Case (This should be a brief summary of the district court proceedings)

Plaintiff brings claims pursuant to 42 U.S.C.§1983 alleging violation of his rights under First, Sixth, Eighth and Fourteenth Amendment of the United States Constitution for occurrences taking place while in custody of the ODOC at JCCC before being transferred to DCF Davis Correctional facility. While exhausting Administrative Remedies against High Ranking Officials. See W.D CIV-20-226-G. But see W.D CIV-23-608-D filed July 13, 2023 in relation to both W.D CIV-20-226-G and E.D 6:19-CV-302-JFH-JAR.

2. Statement of facts Relevant to the Issue Presented for Review

On May 3, 2018 an alleged incident was reported in which later resulted that JCCC High Ranking Officials violated Plaintiff procedural due process by fraudulent conduct by forging Plaintiff signature on disciplinary misconduct. Recently On May 9, 2023 O.D.O.C revised that disciplinary action by the dismissal of an X-13 offense in which both should have been dismissed H-22 offense as Plaintiff Due Process was violated. The Plaintiff was transferred the same day to maximum security when the plaintiff had a medium security transfer packet already prepared for transfer continued to violated Plaintiff Due Process restricting Plaintiff access to court. On June 1, 2018 criminal charges was filed for the same offense X-13, April 26, 2019 it was dismissed.

3 Statement of Issue

(a) First Issue

The O.D.O.C defendants violated plaintiff First Amendment by retaliations for his engagement in protected activity

In connection to the May 3, 2018 alleged incidents X-13 offense of Throwing Bodily Fluids on staff and A-22 for refusal of Orders leading up to excessive use of force.
After the alleged incident the plaintiff verbally expressed to name (O.D.O.C) at (JCCC) that appeals will be filed and 1983, that same day the plaintiff original medium security transfer packet prepared [Doc 135-4] was changed to Maxium Security transfer and plaintiff was assigned to (DCf) Echo Max Unit see [Doc 135-11]
See Olim v. Wakinekona 460 U.S. 238 (1983) (issue put into administrative segregation solely to punish) But see also Cleggett v. Pate 229 F. Supp 818 (N.D. Ill 1964) (nor can you be transferred to punish you

Furthermore, once plaintiff logged offender grievance process by R.T.S at (JCCC) law library on May 21, 2018 as it relates to handheld video footage not being "used" in the use of force, excessively the (JCCC) chief of security Jesse Barker named in Amended Complaint [Doc 56] provided an affidavit to the District Attorney of Alfalfa County on May 31, 2018 to file criminal charges in cf-2018-34 see [Doc 135-18] pg 2] as more arguement found in issues related to fourteenth Amendment in constitutional nature of malicious prosecution substantive due process as well as fruelent conduct deprivement of procedural due process

by High Ranking Officials within D.O.C. See [Doc 135-14] the actual warden that was moved from (J.C.C.) after May 3, 2019 incident was assigned at Classification and Population throughout Plaintiff exercise of his First Amendment Right. D.O.C. continued to place Plaintiff in Imminent Dangerous housing assignments which Plaintiff refused housing in fear for his life See [Doc-135-14] notice iv). During the Plaintiff opportunity to amend complaint plaintiff was in segregation from July 16, 2020 until May 19, 2021 transfer to L.C.F. were his placement was on S.T.G. restricted housing in order to intimidate threaten and or cause harm. See W.D. LIV-23-608-D since Plaintiff was attacked on House 1 restricted housing unit January 13, 2023 See Lewis v. Casey 518 U.S. 343 (1996), that in order to get an injunction a prisoner must show actual or imminent injury.

The Plaintiff direct placement comes around the D.O.C. defendants offered Settlement Agreement in W.D.LIV-20-726-G Plaintiff was placed on House 1 restricted housing November 17, 2022 about January 13, 2023 that Plaintiff was transfer to G.P.C.C. in Hinton ok placed on S.T.G. restricted housing unit May 24, 2023 under direction of [D.O.C.] Plaintiff has not been involved in any attacks on other offenders or gang related incidents just continued exercise of his First Amendment Constitutional Right of the United States Constitution. See also Wilkinson v. Austin 545 U.S. 209 (2005), transfer to Maximum Security Facility, where conditions are way harsher than most prison (Emphasis added) Plaintiff continued to be placed on restricted housing unit restricting Plaintiff access to the courts) as well as to cause harm as D.O.C. deliberate

placement on gang unit restricted housing, the Discovery of video footage from May. 3, 2018 is protected conduct in which cheif of security Jesse Barker gave sworn testimony in CF-2015-34 that video footage was reviewed by him his responsiblity per OP 050108 [Doc 135-15] pg 14 Compliance B.1, B.4.(a)(b)]

Plaintiff respectfully request injunction relief from all S.T.G placement as its used to intimidate and threat eventually cause harm and restrict access to courts furthermore fact that affect the PLRA remedies unavailable also be consider as the threat plaintiff faced made amending complaint unavailable by tactic of (O.D.O.C).

(b) Second Issue

The O.D.O.C defendants violated plaintiff Eighth Amendment Right prohibited cruel and unusual punishment under the United States Constitution

On May 3, 2018 alleged incidents in connection to plaintiff disciplinary misconducts found at [Doc 135-6, 7 and 9-10] i.d. at [Doc 135-10]. But see [Doc 135-18] use of force as plaintiff alleged in Amended Complaint events actions of named O.D.O.C defendants excessive force the plaintiff bootstrapped his actual injury within [Doc 135-18] pg 6] right wirst nerve damage scares since then plaintiff has been on pain medication But see [Doc 135-18] pg 8, 9 and 10] none is supported by video footage from actual camera

mounted on (SHU) segregation walls expressed in plaintiff motion to compel at [Doc 186] the district court mistakly misunderstood the difference between handheld video footage and wall mounted cameras video that cheif of security gave sworn testimony that was perserved by plaintiff But see Kounelis v. Sherrer 529 F. Supp 2d 503, defendants duty to preserve video footage has already been established in OP 050108 [Doc-135-15] pg 14] and Kounelis v. Sherrer even pending disciplinary proceedings are consider as pending litigation that triggers Duty to preserve video footage Evidence.

That after plaintiff was "subdued" [Doc 135-18] pg 9] however plaintiff right arm/wirst was pulled out of the foodslot accross to his left and handcuffed to the doorhandle while his body was inside the cell at that point plaintiff was subdued. Upon returning the defendants uncuffed plaintiff right arm and started pulling twisting and bending the plaintiff arm to cause harm video footage from wall mounted cameras in segregation as well as plaintiff representing himself in cf-2018-34 preserving testimony of Jesse Barker to be used at Discovery of the actual reviewed video footage that would support plaintiff showing of objective intent and subjective of state of mind defendants had at time of incidents Court of Appeal may address either prong of the qualified immunity inquiry

As the plaintiff was subdue and done nothing wrong and it was unreasonable for the defendants to return twisting bending plaintiff right arm/wirst all over again through the foodslot destroyed video footage would prejudice plaintiff see Motion to compel [Doc 186]

On May. 3, 2018 the plaintiff was allegedly accused of a disciplinary rule violation of X-13 Throwing Bodily Fluids on staff and A-22 refusal of Orders See [Doc 135-6-7] see also [Doc 135-10] But see WDCIV-20-226-G pending evidentiary hearing

However, the (O.D.O.C) defendants learned of plaintiff refusal of offered Settlement Agreement to actually dismiss the X-13 Offense after an handwriting expert conducted and prepared a report in which plaintiff continued to push to review video footage from that day in order to support the deliberate intent of O.D.O.C defendants deprivement of signature. See Kounelis v. Sherrer, ( Before sanctions for spoliation can be imposed, it must be determined whether the duty to preserve evidence has been triggered.)

B. Duty to Preserve Evidence

First, there can be no question that the surveillance footage was relevant, not only to the current litigation, but also to the pending disciplinary proceedings. The surveillance footage is the most cited objective evidence in this highly contested Dispute over who instigated the altercation in SHU segregation unit on May 3, 2018 furthermore, defendants were aware that a disciplinary hearing was imminent. As well as objective and subjective intent of officers as it relates to plaintiff Eighth Amendment claim videofootage of the "excessive force", use of force usually captured by handheld cameras however disciplinary proceedings are capture by wall mounted cameras See [Doc 135-15] pg 14 B.1, B. 4 (a)(b), the Oklahoma Attorney General Office are responsible for obtain all video footage as that office also represent (O.D.O.C) defendants in the present litigation at hand. See Motion to Compel [Doc 18 E]

for the district court to dismiss defendants without proper discovery see Celotex Corp v. Catrett 477 U.S. 317, 322 (1986) ("observing that summary judgement is appropriate only after adequate time for discovery"); Anderson v. Liberty Lobby, Inc 477 U.S. 242, 250 n.5, 251 (1986) noting that summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition, and that the nonmoving party should have a full opportunity to conduct discovery").

Whether the force used against the plaintiff in a particular case is excessive the ultimate question is whether the officers actions are objectively reasonable in light of the facts and circumstances. The O.D.O.C defendants was dismissed before Discovery as plaintiff had exhausted the PLRA requirements see [Doc 135-18].

Plaintiff respectfully request injunction relief from all STG placement if transfer plaintiff request to be transferred to Joseph hart correction, last injunction relief against all deprivement from access to court.

(C) Third Issue

The plaintiff was deliberately deprived of procedural due process protected under the Fourteenth Amendment Right of the United States Constitution Due Process clause as well as substantive due process in constitutional nature of malicious prosecution as it relates to G-2018-34

The plaintiff was being deprived of his First Amendment Right of access to court and Fourteenth Amendment Due Process of Law of the United States Constitution.

The plaintiff was transferred to PCF placed on Echo Maximum Security Unit were plaintiff are required to attend Law Library in a out-back like setting (cage), not adequate nor is a Law Library Supervisor present to supervise. never the less are any required form ready available as those are required-ment to exhausting grievances per PLRA requirements as well as adequate assistance from person trained in the law. See Bounds v. Smith, 430 U.S. 817 n.1 n.1. But see Lewis v. Casey, 518 U.S. 343 n.4 n.5.

In the present case the plaintiff threaten by legal research assistance because (1) plaintiff complained about being denied access to "Law library cage computer" (2) being denied return ready available papers (3) the necessary case law. See Amended Complaint [Doc 58] PCF Echo Max Unit Legal Research Assistance Tommy Rowen. See [Doc 226] pg 9-10] grievance # 2019-1694 See also [Doc 226] pg 11] grievance # 2019-170 the plaintiff exhausted that grievance.

As Bounds has stated how fundamentally Constitutional right of access to court is and it requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from person trained in the law.

The actual Law Library Supervisor J. Patterson was involved filed for having a situation with one of her law clerk

on Sept. 29, 2020. In this situation for a plaintiff to go one more step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. The plaintiff exhausted a grievance concerning Assistance Research Legal was retaliating as well as the threat of labeling plaintiff a snitch for using grievance process <u>First Amendment</u>.

The inadequacy of D.C.F Law Library with retaliation/threat by nepotism within Echo Unit Case Manager <u>Pfaff</u> Unit Manager <u>Ade</u> and Ms. <u>Hoover</u> furthermore <u>Ms Underwood</u> returning grievances that was timely.

The plaintiff continued placement on S.T.G. deprived and restricted his access to court as well as issues related to <u>Tuckel v. Grover</u>

Something plaintiff can not say for fear of being attacked by placement of assigned housing. Plaintiff now invokes Houston v. Lack

### Certification of Mailing

I James Ezell declare under penalty of perjury that the above is true and correct as to placement of legal document in mailroom hands with proper postages for mailing to court clerk /s/ J. Ezell 8-21-23 pursuant to 28 U.S.C § 1746

4. Do you think the district court applied the wrong law? If so, what law do you want applied.

Yes, See. Hall v. Bellman,
See also Tuckel v. Grover, 660 F.2d 1249; 2011 U.S. App
But See Sperry, City of Grove, 510 F.3d 1196, 1203 (10th Cir 2007)
See also Turner v. Burnside, 541 F.3d 1077, 1085 (11th Cir 2008)

5. Did the district court incorrectly decide the facts? If so, what facts

Yes, the district court incorrectly decided the fact (only) because facts was unclear however, the plaintiff was threaten, used restricted housing (gang unit) to intimidate and cause harm. On 1/13/23 the Plaintiff was attacked. See W.D. 5:23-CV-00008-D filed 7/18/23

6. Did the district fail to consider important grounds for relief. If so, what grounds

1. The PLRA requirements on exhaustion of grievances
Lawrence v. Dunbar 919 F.2d 1525 1525-29 (11th Cir 1990)
See also Roberts v. Barreras 484 F.3d 1236, 1240 (10th Cir 2007)

7. Do you feel that there are any other reasons why the district courts judgment was wrong? If so what?

1. District court dismissed D.O.C defendants before Discovery
2. District Court refused to grant Plaintiff Preliminary Injunction relief
3. Appointment of Counsel

8. What action do you want this court to take in your case? (I) would remand with instruction base on plaintiff Due Process claim as it relates to the procedural due process violation.

I believe the district court should get directives to address <u>PLRA</u> and <u>Discovery Issue</u> clearly plaintiff was threaten and the <u>restricted housing</u> placement was used to intimidated and or cause harm. preliminary injunction issue.

9. Do you think the court should hear oral argument in this case? If so, why?

Yes, Oral argument should be heard, the plaintiff feared for his life as defendants continue to abuse authority that make plaintiff fear complex as plaintiff is a prisoner sentenced to the Oklahoma Department of Correction continued to be placed on STG <u>restricted housing</u> units the feared of being attack for filing as the defendant directly deliberately violated plaintiff rights and did whatever they wanted to plaintiff for 5 years.

Date August 21, 2023          (S) James Ezell



IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE STATE OF
OKLAHOMA SITTING IN AND FOR ALFALFA COUNTY

THE STATE OF OKLAHOMA,
    Plaintiff,

vs.

Case No. CF-2018-34

**JAMES EZELL**

SSN: \*\*\*-\*\*-3741
DOB: May, 1972
DOC#: 237370
    Defendant(s).

**FILED**

JUN 01 2018

ALFALFA COUNTY, OKLAHOMA
TAMMI MILLER, COURT CLERK

BY _____ DEPUTY

**INFORMATION**

FOR:

COUNT 1:    PRISONER PLACING BODY FLUID ON GOVERNMENT EMPLOYEE ~ 21 O.S. § 650.9, a FELONY

STATE OF OKLAHOMA, COUNTY OF ALFALFA:

I, Christopher M. Boring, the undersigned District Attorney of said County, in the name and by the authority of the State of Oklahoma, give information that in said County of Alfalfa and in the State of Oklahoma, **JAMES EZELL** did then and there unlawfully, willfully, knowingly and wrongfully commit the crime(s) of:

COUNT 1:    **PRISONER PLACING BODY FLUID ON GOVERNMENT EMPLOYEE ~ a FELONY**, on or about the 3rd day of May, 2018, by throwing Urine and Feces on one Lieutenant Austin Parks without justifiable or excusable cause, while said officer was performing his duties as an employee of the Oklahoma Department Of Corrections, James Crabtree Correctional Center, Helena, OK.

This crime is punishable by imprisonment up to 2 years and a fine up to $1,000.00.

CHRISTOPHER M. BORING
DISTRICT ATTORNEY

By: _____
Megan Hickman
Assistant District Attorney

**WITNESSES ENDORSED FOR THE STATE OF OKLAHOMA**

Jesse Barker, Department of Corrections, James Crabtree Correctional Center, Helena, OK 73741
Austin Parks, Department of Corrections, James Crabtree Correctional Center, Helena, OK 73741

(1)

EX. A

STATE OF OKLAHOMA,                )
                                  ) ss:
COUNTY OF ALFALFA.                )

   I, the undersigned affiant, being duly sworn, on oath, state that I have read the foregoing Information and know the contents thereof, and the allegations set forth therein are true and correct, so help me God.

_____
Affiant

Subscribed and sworn to before me this 31 day of May, 2018.

_____
Judge of the District Court

Appeal No: ARA 18-190

E.D. of Okla
6:19-cv-00352 JFH-JAR

## RESPONSE FROM DIRECTOR OR DESIGNEE

**Name of Facility:** JCCC      **Facility Code:** 22

**Name of Inmate:** Ezell, James      **ODOC Number:** 237370

**Offense Date:** 5/3/2018      **Offense:** X-13, THROWING BODILY FLUIDS ON STAFF      **Hearing Date:** 5/3/2018

___ Concur with the decision of the Facility Head      **X** Reverse/Expunge

___ Rehearing Ordered/remanded with Instructions

**DIRECTOR OR DESIGNEE'S DIRECTIVE: X-13, THROWING BODILY FLUIDS ON STAFF HAS BEEN DISMISSED (SEE OP-060125 SECTION XI. AND XIII.A.).**

The charge against Inmate Ezell #237370 for Throwing Bodily Fluids on Staff (X-13) on 5/3/2018 has been dismissed. The offender's Consolidated Record Card shall be updated to reflect any changes as a result of the dismissal and all copies of the offense report will be expunged in compliance with "Inmate/Offender Disciplinary Procedures" (OP-060125) Section XI. The offender's earned credit level will be restored/adjusted in compliance with "Sentence Administration" (OP-060211) Section IV.B.3. Also, any restitution or fines imposed and collected will be refunded.

Review Date: 5/9/2023
MWK

_____
Mark Knutson, Director's Designee

ORIGINAL COPY      Director
FIRST COPY      Facility Where Violation Occurred
SECOND COPY      Confining Facility
THIRD COPY      Inmate

Exhibit B

Missing E and F Exhibits

F. exhibit
incident/staff report



Court Clerk
U.S. Courts of Appeals
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257

LEGAL MAIL 8-22-23

Ezell III 237870
- Hinton
700
OK 73047
AD-205

v. Lack



This correspondence is from an inmate under the custody of the ODOC. For specific information about the inmate sending this correspondence, such as: release, projected release date, photo, etc., refer to our website at: www.doc.state.ok.us. Click on the "Offender Information" link then the "Offender Lookup" link or contact GPCC Records at (405)542-3711. Further, the facility is not responsible for the substance or content. Objectionable material may be returned to the facility head at Great Plains Correctional Center.

