**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

**March 14, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

JAMES RICKY EZELL, III,

      Plaintiff - Appellant,

v.

DAMON HININGER, CEO of Core Civic;
JAMES YATES, Warden, Davis
Correctional Facility; DEPUTY WARDEN
GENTRY; (FNU) PEREZ, Deputy
Warden, Davis Correctional Facility;
TERRY UNDERWOOD, Grievance
Coordinator, Davis Correctional Facility;
JESSICA PATTERSON, Law Library
Supervisor, Davis Correctional Facility;
TIFFANY ADE, Echo Maximum Unit
Manager, Davis Correctional Facility;
S. PFAFF; CARLA HOOVER, a/k/a Carl
Hoover; SCOTT CROW, Interim Director,
Oklahoma Department of Corrections;
MARK KNUTSON, Designee, Oklahoma
Department of Corrections; DAVID A.
CINCOTTA, General Counsel, Oklahoma
Department of Corrections; JASON
BRYANT, Warden, Joseph Harp
Correctional Center; R. HODGSON,
Captain, James Crabtree Correctional
Center; LT. AUSTIN PARKS, Lt., James
Crabtree Correctional Center; SERGEANT
WALKER, Correctional Officer, James
Crabtree Correctional Center; JAMES
NALL, Captain, James Crabtree
Correctional Center; MS. PIRECE,
Correctional Officer; MR. VANCE;
MR. BULLOCK, Correctional Officer;
MR. KEYS; MR. ADKINS, Correctional
Officer; ANDREW SMITH,

No. 23-7007
(D.C. No. 6:19-CV-00302-JFH-JAR)
(E.D. Okla.)

Defendants - Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **MATHESON**, **EID**, and **CARSON**, Circuit Judges.

---

James Ricky Ezell III is confined in the Oklahoma Department of Corrections (ODOC). He filed this 42 U.S.C. § 1983 lawsuit against ODOC officials (the ODOC defendants) and employees of a privately owned facility that houses ODOC inmates (the Core Civic defendants). The district court dismissed some claims and granted summary judgment to the defendants on the remaining claims. We affirm.

## I.

Mr. Ezell's filings are difficult to follow, and our first task is to identify the issues properly before us. Because Mr. Ezell represents himself, we construe his filings liberally. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we can go only so far. We may not take on an advocate's role by searching the record and crafting arguments. *See id.* Even pro se litigants must give us more than generalized assertions of error. *See id.* at 840–41. Like all

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

litigants, they must provide their contentions and the reasons for them, with citations to the legal authority and the parts of the record supporting the contentions. *See id.* Falling short of this standard will waive an issue. *See id.* at 841.

Mr. Ezell has waived any challenge to the district court's decision to dismiss several claims against the ODOC defendants for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). The district court dismissed claims against ODOC defendants alleging violations of the First Amendment (access to courts), the Sixth Amendment, and the Fourteenth Amendment. Mr. Ezell's briefs present no coherent challenge to the dismissal of these claims.

Mr. Ezell has also waived any challenge against summary judgment for the Core Civic defendants. He never responded to their motion for summary judgment in district court. And so we would review any challenge to the district court's granting the motion only for plain error. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011). Because Mr. Ezell does not argue for plain-error review, he has waived any argument against summary judgment for the Core Civic defendants. *See id.* at 1130–31.

Mr. Ezell makes various allegations of error that are too perfunctory to warrant review. In single-sentence assertions without any citations, for example, he suggests the district court erred when it denied his motions to appoint counsel and his request for a preliminary injunction. *See* Opening Br. at 11. This insufficient briefing amounts to waiver. *See Garrett*, 425 F.3d at 841.

3

Mr. Ezell has waived one final argument.  He argues that the district court should not have granted summary judgment without allowing him to obtain additional evidence through discovery.  But if he needed more discovery to respond to a motion for summary judgment, then he should have filed an affidavit saying so. *See* Fed. R. Civ. P. 56(d).  By failing to file an affidavit under Rule 56(d), he waived any argument that we should set aside summary judgment for insufficient discovery. *See Campfield v. State Farm Mut. Auto. Ins.*, 532 F.3d 1111, 1124 (10th Cir. 2008).

## II.

We now turn to the two issues Mr. Ezell has properly presented:  Did the district court err when it granted summary judgment to ODOC defendants on Mr. Ezell's claims that they violated his rights under the Eighth Amendment (excessive force) and the First Amendment (retaliation)?

We review the summary judgment rulings de novo, viewing the evidence in the light most favorable to Mr. Ezell and drawing any reasonable inferences in his favor.  *See Doe v. Univ. of Denver*, 952 F.3d 1182, 1189 (10th Cir. 2020).  Courts will grant summary judgment if there is no genuine dispute over any material fact and "the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). If no reasonable juror could return a verdict for the nonmovant, then there is no need for a trial, and summary judgment is proper.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–56 (1986).

The material facts (described favorably to Mr. Ezell) are straightforward.  One day Mr. Ezell stuck his arm through the food slot in his cell door.  He refused orders

4

to remove it, and then refused orders to stick his other arm through the slot so that prison officials could handcuff him.  He demanded that the officials obtain a video camera, presumably to record their interaction with him.  The officials decided to handcuff the arm Mr. Ezell had put through the food slot to the handle on the outside of the cell door.  As they tried to secure his arm, they twisted and bent it.  At some point, Mr. Ezell used a cup to throw urine and feces on the officials.  The officials sprayed him with pepper spray.

Before this conflict, officials at Mr. Ezell's facility had recommended that he be transferred to a medium-security facility.  After the conflict, however, officials recommended he be transferred to maximum-security housing, citing his failure to comply with security directives and his violent history.

Mr. Ezell argues that prison officials violated his Eighth Amendment rights by using excessive force during the conflict near his cell door.  And he argues that his transfer to maximum-security housing amounted to retaliation for his threatening to file grievances and a lawsuit over the officials' conduct during the conflict.

## A.

An excessive-force claim has two elements:  (1) an objective element requiring that the alleged wrongdoing be harmful enough to establish a constitutional violation; and (2) a subjective element requiring the plaintiff to show that the officials acted with a sufficiently culpable state of mind.  *Redmond v. Crowther*, 882 F.3d 927, 936 (10th Cir. 2018).  An official's state of mind is sufficiently culpable "if he uses force maliciously and sadistically for the very purpose of causing harm, rather than in a

good faith effort to maintain or restore discipline." *Id.* (internal quotation marks omitted).

The district court correctly granted summary judgment to the ODOC defendants on the excessive-force claim. No reasonable juror could conclude that prison officials acted with a sufficiently culpable state of mind during their conflict with Mr. Ezell. They acted with a legitimate purpose—getting Mr. Ezell under control after he refused to comply with orders and threw human waste on them. And they used a level of force proportionate to their legitimate purpose.

## B.

A First Amendment retaliation claim has three elements: (1) the plaintiff engaged in constitutionally protected activity; (2) the defendant caused an injury to the plaintiff that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) responding to the plaintiff's protected activity was a substantial motive for the defendant's action. *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

The district court correctly granted summary judgment on the retaliation claim too. No reasonable juror could find that Mr. Ezell's threats to file grievances and a lawsuit substantially motivated the recommendation that he be placed in maximum-security housing.[1] After all, Mr. Ezell cites no evidence showing that the

---

[1] In addition to pursuing his claim that officials retaliated against him in changing their housing recommendation, Mr. Ezell suggests that an ODOC official named Jesse Barker retaliated against him by giving an affidavit to the local district attorney (leading to a criminal charge for throwing human waste on an ODOC

officials who made the housing recommendation even knew about his threats to file grievances and a lawsuit. At bottom, Mr. Ezell relies on the temporal proximity between his threats and the change to his housing recommendation (these events occurred on the same day). But temporal proximity alone cannot prove a retaliatory motive. *See VDARE Found. v. City of Colo. Springs*, 11 F.4th 1151, 1174 (10th Cir. 2021). That is especially true here because Mr. Ezell's behavior gave officials a legitimate reason to reconsider the appropriate level of security for him.

III.

The district court's judgment is affirmed.

Entered for the Court

Joel M. Carson III<br>Circuit Judge

---

official). *See* Opening Br. at 3. But although Mr. Ezell mentioned Mr. Barker in his complaint, he did not name him as a defendant, we see no indication that Mr. Barker was served, and he is not a party to this appeal. And so we do not consider the argument about his conduct.